# EXHIBIT A

S/P:001485/000256

Inst#

Cumber...

Recording requested by: LSI
When Recorded return to :
Custom Recording Solutions
2550 N. Redhill Ave.
Santa Ana, CA. 92705
800-756-3524 Ext. 5011

Prepared By:
WELLS FARGO BANK, N.A.

3476 STATEVIEW BLVD,, FORT
MILL, SC   297150000

——————————————————[Space Above This Line For Recording Data]——————————————————

# MORTGAGE

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated DECEMBER 31, 2009 together with all Riders to this document.
(B) "Borrower" is
DIANNE L. FITCH

Borrower is the mortgagor under this Security Instrument.
(C) "Lender" is WELLS FARGO BANK, N.A.

Lender is a NATIONAL ASSOCIATION
organized and existing under the laws of THE UNITED STATES

0126876228

RHODE ISLAND - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3040  1/01  (rev. 11/02)
Wolters Kluwer Financial Services
VMP®-6(RI) (0811)     Page 1 of 15
NMFL #3040CR (RRICIRev 1/2009  Initials

01/13/2010 09:41AM
B/P:001485/000257
Inst#:00039379
Cumberland, RI

Lender's address is P.O. BOX 11701, NEWARK, NJ 071014701

Lender is the mortgagee under this Security Instrument.

(D) "Note" means the promissory note signed by Borrower and dated DECEMBER 31, 2009
The Note states that Borrower owes Lender NINETY SIX THOUSAND SIX HUNDRED FORTY EIGHT AND 00/100                                                                      Dollars
(U.S. $*****96,648.00    ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than JANUARY 01, 2040

(E) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(F) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(G) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

(H) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(I) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(J) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(K) "Escrow Items" means those items that are described in Section 3.

(L) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(M) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(N) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(O) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

RHODE ISLAND - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®-6(RI) (0811)                        Page 2 of 16     Initials: ____     Form 3040 1/01 (rev. 11/02)

```
01/13/2010 09:41AM
B/P:001485/000269
Inst#:00039379
Cumberland, Ri
```

'BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____      _Dianne L Fitch_ _____ (Seal)
Joyce A. Rundle               DIANNE L FITCH         -Borrower

_____      _____ (Seal)
                           KENNETH P FITCH       -Borrower
                           NoN VEsted Spouse

_____ (Seal)    _____ (Seal)
                -Borrower                          -Borrower

_____ (Seal)    _____ (Seal)
                -Borrower                          -Borrower

_____ (Seal)    _____ (Seal)
                -Borrower                          -Borrower

01/13/2010 09:41AM
B/P:001485/000271
Inst#:00039379
Cumberland, RI




Order ID: 7751606
Loan No.: 0116876228

**EXHIBIT A**
**LEGAL DESCRIPTION**

The following described property:

That certain lot or parcel of land with all the buildings and other improvements thereon, situated on the northwesterly side of Kay Street in the Town of Cumberland, bounded and described as follows: Beginning at a point in the northwesterly line of Kay Street at the southerly corner of the parcel herein described which point is the easterly corner of land now or formerly of Rita LaFlamme et al,; thence running northwesterly bounded southwesterly by said Laflamme land one hundred (100) feet to a point for a corner at land now or formerly of Rose M. Cunningham; thence turning and running northeasterly bounded northwesterly by said Cunningham land now hundred (100) feet to a point for a corner at land now or formerly of Pierre P. Vaude-Velde et ux; thence turning and running southeasterly bounded northeasterly by said Vaude-Velde land one hundred (100) feet more or less, to a point in the northwesterly line of Kay Street for a corner; thence turning and running southwesterly along the northwesterly line of Kay Street one hundred (100) feet to the point or place of beginning. Said Premises May be further identified as being lot numbered five hundred seventy (570) as at present shown on plat fifty-four (54) on file in the office of the Tax Assessor in said Town of Cumberland, County of Providence, State of Rhode Island

Assessor's Parcel Number:      0540570000

**RHODE ISLAND**
**OPEN-END MORTGAGE TO SECURE PRESENT**
**AND FUTURE LOANS UNDER CHAPTER 25 OF TITLE 34**

THIS OPEN-END MORTGAGE TO SECURE PRESENT AND FUTURE LOANS UNDER CHAPTER 25 OF TITLE 34 is made on JUNE 25, 2011.

The mortgagor is DIANNE L FITCH whose address is 73 KAY ST , CUMBERLAND, RI 02864.

This Mortgage is given to Sovereign Bank whose address is 480 Penn Street. Reading, PA 19602.

    AFTER RECORDING, RETURN TO:
        AMERICAN TITLE, INC.
        P.O. BOX 641010
        OMAHA, NE 68164-1010
    AT# _201100130417_    *First: PLAT; 54; LOT: 570*

    Pursuant to a Home Equity Line of Credit Agreement dated the same date as this Mortgage ("Agreement"), you may incur maximum unpaid loan indebtedness (exclusive of interest thereon) in amounts fluctuating from time to time up to the maximum principal sum outstanding at any time of Fifteen Thousand and no/100 Dollars (U.S. $ 15,000.00). The Agreement provides for a final scheduled installment due and payable not later than 05/25/2036. You agree that this Mortgage shall continue to secure all sums now or hereafter advanced under the terms of the Agreement including, without limitation, such sums that are advanced by us whether or not at the time the sums are advanced there is any principal sum outstanding under the Agreement. The parties hereto intend that this Mortgage shall secure the advances and future advances made under the Agreement, and unpaid balances thereunder, and all other amounts due to us hereunder and under the Agreement.

    This Mortgage secures to us: (a) the repayment of the debt evidenced by the Agreement, with interest, and all refinancings, renewals, extensions and modifications of the Agreement; (b) the payment of all other sums, with interest, advanced under this Mortgage to protect the security of this Mortgage; and (c) the performance of your covenants and agreements under this Mortgage and the Agreement. For this purpose, you hereby mortgage, grant and convey to us and our successors and assigns, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the property located in PROVIDENCE County, Rhode Island, and more fully described below:

**PROPERTY DESCRIPTION**
That certain piece or parcel of land, and the buildings and improvements thereon:
In the Town of: CUMBERLAND    *SEE EXHIBIT 'A'*
County of: PROVIDENCE
and State of: RHODE ISLAND
and being more particularly described in a deed recorded in
Book _849_
Page _352_
of PROVIDENCE County, City of CUMBERLAND
which property is more commonly known as "1 KAY ST , CUMBERLAND, RI 02864, ("Property Address");

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Mortgage. All of the foregoing is referred to in this Mortgage as the "Property."

    YOU COVENANT that you are lawfully seized of the estate hereby conveyed and have the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. You warrant and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

    YOU AND WE covenant and agree as follows:

039.mdf                                        1                                        99083

07/21/2011 12:04PM
B/P:001540/000378
Inst#:00050457
Cumberland, RI



16.     **Acceleration; Remedies.** We may declare a default if (1) any payment required by the Agreement or this Mortgage is not made when it is due; (2) we discover that you have committed fraud or made a material misrepresentation in connection with the Agreement; or (3) you take any action or fail to take any action that adversely affects our security for the Agreement or any right we have in the Property. If we declare a default (other than one arising under Section 13 hereof, unless applicable law provides otherwise), we will give you notice specifying: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to you, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage and sale of the Property. The notice shall further inform you of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense you may have to acceleration and sale. If the default is not cured on or before the date specified in the notice, we, at our option, may require immediate payment in full of all sums secured by this Mortgage without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by applicable law. We shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 16, including, but not limited to, reasonable attorneys' fees as permitted by law, but not to exceed 20% of the amount of principal and interest owed, and costs of title evidence. If we invoke the STATUTORY POWER OF SALE, we shall mail a copy of a notice of sale to you as provided in Section 11. We shall publish the notice of sale, and the Property shall be sold in the manner prescribed by applicable law. We or our designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of sale, including, but not limited to, attorneys' fees in the amount specified above; (b) to all sums secured by this Mortgage; and (c) any excess to the person or persons legally entitled to it.

17.     **Discontinuance of Enforcement.** Notwithstanding our acceleration of the sums secured by this Mortgage under the provisions of Section 16, we may, in our sole discretion and upon such conditions as we in our sole discretion determine, discontinue any proceedings begun to enforce the terms of this Mortgage.

18.     **Release.** Upon your request and payment of all sums secured by this Mortgage, we shall discharge and satisfy this Mortgage. You shall pay any recordation costs.

19.     **Additional Charges.** You agree to pay reasonable charges as allowed by law in connection with the servicing of this loan including, without limitation, the costs of obtaining tax searches and subordinations. Provided, however, that nothing contained in this section is intended to create and shall not be construed to create any duty or obligation by us to perform any such act, or to execute or consent to any such transaction or matter, except a release of the Mortgage upon full repayment of all sums secured thereby and termination of the Agreement.

20.     **Waivers.** When applicable, and as permitted by law, you hereby waive all rights of homestead in the Property and relinquish all rights of dower and curtesy in the Property. No waiver by us at any time of any term, provision or covenant contained in this Mortgage or in the Agreement secured hereby shall be deemed to be or construed as a waiver of any other term, provision or covenant or of the same term, provision or covenant at any other time.

21.     **Riders to this Mortgage.** If one or more riders are executed by you and recorded together with this Mortgage, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Mortgage as if the rider(s) were part of this Mortgage.

☐ Condominium Rider                    ☐ 1-4 Family Rider

☐ Planned Unit Development Rider       ☐ Other(s) [specify]

4

BANK COPY

07/21/2011 12:04PM
B/P:001540/000379
Inst#:00050457
Cumberland, RI



Notice:  You have paid the following brokerage fees, loan fees, points, finder's fees, origination fees or similar charges in connection with the loan secured by this Mortgage:

| | $ |
|---|---|
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |

As provided in R.I.G.L. § 34-23-6, none of these fees will be refunded in the event the loan is prepaid in whole or in part.

BY SIGNING BELOW, you accept and agree to the terms and covenants contained in this Mortgage and in any rider(s) executed by you and recorded with it.

Witnesses:

_____          _Dianne L Fitch_____ (SEAL)
                                                          DIANNE L FITCH

_____          _____ (SEAL)

_____          _____ (SEAL)

_____          _____ (SEAL)


STATE OF RHODE ISLAND, COUNTY OF    _Bristol_    , to wit:

On JUNE 25, 2011, before me personally appeared DIANNE L FITCH to me known to be the person(s) described in and who executed the foregoing instrument, and acknowledged that he/she/they executed the same as his/her/their free act and deed.

COLEEN M. BOWLER
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
MY COMMISSION EXPIRES 04/12/2013

Notary Public _____
Print Name:  _Coleen M Bowler_

My commission expires: _4/12/13_

Clerk: After recording, please return to: Sovereign Bank, Mail Stop 10-421-CP2, 450 Penn Street, Reading, PA 19602

5
BANK COPY

07/21/2011 12:04PM
B/P:001540/000380
Inst#:00050457
Cumberland, RI

**EXHIBIT "A"**

THAT CERTAIN LOT OR PARCEL OF LAND WITH ALL THE BUILDINGS AND OTHER
IMPROVEMENTS THEREON, SITUATED ON THE NORTHWESTERLY SIDE OF KAY STREET IN
THE TOWN OF CUMBERLAND, BOUNDED AND DESCRIBED AS FOLLOWS

BEGINNING AT A POINT IN THE NORTHWESTERLY LINE OF KAY STREET AT THE
SOUTHERLY CORNER OF THE PARCEL HEREIN DESCRIBED WHICH POINT IS THE
EASTERLY CORNER OF LAND NOW OR FORMERLY OF RITA LAFLAMME ET AL.; THENCE
RUNNING NORTHWESTERLY BOUNDED SOUTHWESTERLY BY SAID LAFLAMME LAND ONE
HUNDRED (100) FEET TO A POINT FOR A CORNER AT LAND NOW OR FORMERLY OF ROSE
M. CUNNINGHAM; THENCE TURNING AND RUNNING NORTHEASTERLY BOUNDED
NORTHWESTERLY BY SAID CUNNINGHAM LAND NOW HUNDRED (100) FEET TO A POINT
FOR A CORNER AT LAND NOW OR FORMERLY OF PIERRE P. VAUDE-VELDE ET UX.; THENCE
TURNING AND RUNNING SOUTHEASTERLY BOUNDED NORTHEASTERLY BY SAID
VAUDE-VELDE LAND ONE HUNDRED (100) FEET MORE OR LESS, TO A POINT IN THE
NORTHWESTERLY LINE OF KAY STREET FOR A CORNER; THENCE TURNING AND RUNNING
SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF KAY STREET ONE HUNDRED
(100) FEET TO THE POINT OR PLACE OF BEGINNING. SAID PREMISES MAY BE FURTHER
IDENTIFIED AS BEING LOT NUMBERED FIVE HUNDRED SEVENTY (570) AS AT PRESENT
SHOWN ON PLAT FIFTY-FOUR (54) ON FILE IN THE OFFICE OF THE TAX ASSESSOR IN SAID
TOWN OF CUMBERLAND.

BEING THE SAME PREMISES CONVEYED BY WARRANTY DEED FROM PETER F. SMITH ET
UX, DATED OCTOBER 6, 1972, AND RECORDED IN THE LAND RECORDS OF SAID TOWN OF
CUMBERLAND IN BOOK 234 AT PAGE 369.
SUBJECT TO RESTRICTIONS, RESERVATIONS, EASEMENTS, COVENANTS, OIL, GAS OR
MINERAL RIGHTS OF RECORD, IF ANY.

ASSESSORS PARCEL NUMBER:        PLAT: 54; LOT: 570

ATI ORDER NUMBER:        201106130417

