**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **KENNETH FITCH and**<br>**ESTATE OF DIANNE L. FITCH,**<br><br>     Plaintiffs,<br><br>v.<br><br>**FEDERAL HOUSING FINANCE**<br>**AGENCY,**<br>**FEDERAL NATIONAL**<br>**MORTGAGE ASSOCIATION,**<br>**WELLS FARGO BANK, N.A.,**<br>**HARMON LAW OFFICES, P.C., and**<br>**266 PUTNAM AVENUE, LLC,**<br><br>     Defendants. | C.A. No. 1:18-cv-00214-JJM-PAS |

## HARMON LAW OFFICES, P.C.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Harmon Law Offices, P.C. ("Harmon") provides this memorandum of law in support of its motion to dismiss. Of the eight counts set forth in the complaint, only Count VI (violation of the FDCPA) is directed at Harmon. For the reasons set forth herein, the complaint should be dismissed as to Harmon because plaintiffs have not plausibly alleged that they have been the subject of collection activity on a consumer debt, have not plausibly alleged that Harmon is a debt collector with regard to its representation of the mortgagee in non-judicial foreclosure proceedings, and have not plausibly alleged that Harmon has engaged in prohibited conduct. Moreover, to the extent the Estate intends to bring forward any claims that Dianne L. Fitch, individually,

was the victim of FDCPA violations during her lifetime, those claims are barred by the act's one year statute of limitations.

## RELEVANT FACTS

For the purposes of this motion to dismiss, the following relevant facts are taken from plaintiff's complaint or are otherwise appropriately inferred from the record:

1. On or about December 31, 2009, Dianne L. Fitch executed a note evidencing a $96,648.00 loan. Complaint, ¶ 48.

2. Mr. Fitch was not a party to the loan transaction and did not sign the note. Complaint, ¶ 48. A copy of the referenced note is attached as Exhibit 1.

3. On or about December 31, 2009, Ms. Fitch executed a mortgage pledging her property at 73 Kay Street, Cumberland, Rhode Island as security for the note. Complaint, ¶ 48.

4. At the time the mortgage was granted, Ms. Fitch was the sole owner of the property and only Ms. Fitch executed the mortgage as mortgagee.[1] Complaint, ¶ 48; a copy of the mortgage is attached as Exhibit 2.

5. On April 7, 2014, Ms. Fitch passed away. Complaint, ¶ 13.

6. At some point thereafter, the loan went into default for non-payment and on or about March 31, 2017, Wells Fargo referred Ms. Fitch's account to Harmon to "exercise the statutory power of sale and foreclose on [the property]." Complaint, ¶ 52.

---

[1] Mr. Fitch appears to have executed the mortgage, but only in his capacity as "non vested spouse," presumably to protect against this precise situation, where Mr. Fitch, who had no interest in the property or no obligation on the loan nevertheless attempted to thwart the plain intent of the lender and Ms. Fitch to secure the loan with the lien on the property.

7. On April 20, 2017, on behalf of its client, Harmon sent a notice of foreclosure sale regarding the property. Complaint, ¶ 53 and Complaint Exhibit D.

8. Plaintiffs allege that they never received any notice of mediation in accordance with RIGL 34-27-3.2.[2] Complaint, ¶ 54-55.

9. On July 28, 2017, the property was sold at foreclosure auction. Complaint, ¶ 56.

10. On December 15, 2017, Mr. Fitch was appointed administrator of the estate. A copy of the appointment is attached as Exhibit 3.

## STANDARD OF REVIEW

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atlantic*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff . . . is . . . required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Era v. Morton Cmty. Bank*, 8 F. Supp. 3d 66, 69 (D.R.I. 2014) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st. Cir. 1988)).

Even though the Court is required to view well-pleaded facts in the in the light most favorable to plaintiffs, "[t]he court's assessment of the pleadings is context-specific, requiring the court 'to draw on its judicial experience and common sense.'... Where the

---

[2] There is no reason plaintiffs would have received 3.2 notices as they were not entitled to mediation. Pursuant to 34-27-32.2, mediation is available to the ***mortgagor***. For the purposes of 34-27-3.2, a mortgagor is the person who signed the mortgage to secure the debt (Ms. Fitch only). Under the statute, the right to mediation only inures to the heirs of the mortgagor if (a) the heir occupies the property as his primary residence AND (b) the heir has record title or an administrator of the mortgagor's estate has been appointed. Mr. Fitch did not have record title and was not appointed as administrator of the Estate until December 15, 2017—more than four months ***after*** the foreclosure sale had occurred. Since he did not meet both criteria, Mr. Fitch was not entitled to mediation.

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief." *Mayfields v. Fair Isaac Corp.*, 2015 WL 566444 (D.R.I., Feb.10, 2015), citing *Camilo v. Nieves,* Civ. No. 10–2150(DRD), 2013 WL 6632801, *6 (D.P.R. Dec. 16, 2013) (quoting *Iqbal*, 556 U.S. at 680) (internal quotations and alterations omitted).

A plaintiff seeking to recover under the FDCPA must plead facts sufficient to show that: "(1) they have been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the [Act]." *Moore v. Mort. Elec. Reg. Sys., Inc.,* 848 F.Supp.2d 107, 124 (D.N.H. 2012). Because plaintiffs' complaint does not allege facts that plausibly satisfy these elements, Harmon is entitled to dismissal.

### I. **Plaintiffs have not plausibly alleged that they have been the object of collection activity arising from a consumer debt.**

The FDCPA provides a cause of action for "consumers" injured by prohibited practices in the collection of "debt." Both the term "consumer" and the term "debt" are defined under the FDCPA. Under the FDCPA, "[t]he term 'consumer' means any ***natural person*** obligated or allegedly obligated to pay a debt." 15 U.S.C. 1692a(3). (Emphasis added.) Under the FDCPA, "[t]he term 'debt' means any obligation or alleged obligation ***of a consumer*** …." 15 U.S.C. 1692a(5). (Emphasis added.)

Although the FDCPA does not further define the term "natural person," the common understanding of that term is of a living, human being, as distinguished from "legal persons," which is commonly understood to include organizations, corporations, estates or other that might otherwise be recognized at law. See Black's Law Dictionary

4

(6th ed. 1990)(Person. In general usage, a human being (*i.e.* **natural person**))(emphasis added).

Here, the plaintiff Estate of Dianne L. Fitch is not a natural person, thus not a consumer as defined under the FDCPA, and thus the mortgage debt complained of cannot be an obligation of a consumer. Because the Estate is not a consumer, it has no standing to sue as a consumer under the FDCPA. Because the mortgage debt is not a debt of a consumer, the debt at issue here is not governed by the FDCPA at all.

Similarly, although the plaintiff Mr. Fitch is a natural person, he is still not a consumer under the FDCPA because he is not obligated to pay the mortgage debt. Mr. Fitch did not sign the note or the mortgage securing the note in any capacity obligating himself to repay the loan, nor is there any allegation in the complaint that Mr. Fitch is obligated to repay the loan. Because Mr. Fitch is not a consumer, he has no standing to sue as a consumer under the FDCPA. Because the mortgage debt is not a debt of a consumer, the debt at issue here is not governed by the FDCPA at all.

Whether or not Harmon's activity—as attorneys representing their client in foreclosure of a voluntary mortgage lien—qualifies as debt collection activity (which Harmon denies), the fact of the matter is that the mortgage at issue is not a consumer debt because neither plaintiff is a consumer as defined by the FDCPA and because the mortgage loan at issue is not a debt as defined by the FDCPA.

As a result, plaintiffs have not plausibly alleged that they have been the object of collection activity by Harmon arising from **consumer debt**. Plaintiffs' complaint as to Harmon must be dismissed.

## II. **Plaintiffs have not plausibly alleged that Harmon is a debt collector for the purposes of plaintiffs' 15 U.S.C. 1692e claim, as the allegations against Harmon relate solely to foreclosure of a mortgage.**

Plaintiffs claim that Harmon has violated Section 1692e of the FDCPA. This section relates to prohibited conduct of defined debt collectors. However, as the complaint alleges, Harmon's actions were limited to the representation of Fannie Mae in the enforcement of a security interest on the plaintiffs' property. Such conduct does not satisfy the definition of debt collector for the purposes of plaintiffs' Section 1692e claim.

Plaintiffs make clear in their complaint that their allegations against Harmon factually concern communications and conduct leading up to and regarding "non-judicial foreclosure to effect dispossession of the Plaintiff of his property …." Count VI expressly alleges violation of 15 U.S.C. 1692e(5) of the FDCPA, but "an enforcer of a security interest is only subject to § 1692f(6) and not to any other section of the FDCPA." *Derisme v. Hunt Leibert Jacobson P.C.*, 880 F. Supp. 2d 339, 362-363 (D. Conn. 2012).

Section 1692e does not apply to the enforcement of a security interest. See *id.*; *Speleos v. BAC Home Loans Servicing, L.P.*, 824 F. Supp. 2d 226, 232 (D. Mass. 2011); see also*, e.g., Enriquez v. Red Rock Fin. Servs., LLC*, No. 2:14-CV-02118-GMN, 2015 WL 1186570, at *4 (D. Nev. Mar. 16, 2015) ("[T]he FDCPA provides that activities undertaken in connection with a nonjudicial foreclosure do not constitute debt collection under the FDCPA.").

"Under Section 1692a, 'debt collector' is defined as 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Derisme*, 880 F. Supp. 2d at 361(quoting 15 U.S.C. 1692a(6)). "In addition, Section

6

1692a(6) 'places limits' on the term 'debt collector' by providing that '[t]he term does not include' six specific classes of debt collectors. Law firms who initiate foreclosures of mortgages on real property are not included among the *six excluded* classes.'" *Id.* (brackets added by court) (quoting *Chomilo v. Shapiro,Nordmeyer & Zielke, LLP*, No. 06-3103(RHK/AJB), 2007 WL 2695795, at *3 (D. Minn. Sept. 12, 2007) (quoting 15 U.S.C. § 1692a(6)) (emphasis in original). "Lastly, Section 1692a(6) states that 'for the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the *enforcement of security interests*.'" *Id.* (quoting 15 U.S.C. 1692a(6)) (emphasis added).

"Since Section 1692a(6) expressly includes enforcers of security interests only in reference to Section 1692f(6), courts have held that an enforcer of a security interest is therefore not a debt collector for purposes of the other sections of the FDCPA." *Id.* Because "'the statute specifically says that a person in the business of enforcing security interests is a 'debt collector' for the purposes of § 1692f(6)' that 'reasonably suggests that such a person is not a debt collector for purposes of the other sections of the Act.'" *Id.* at 361-62 (quoting *Warren v. Countrywide Home Loans, Inc.*, 342 Fed. Appx. 458, 460 (11th Cir. 2009)). "The Eleventh Circuit explained that this conclusion was in line with the interpretive cannon of '*expressio unius est exclusion alterius*, which provides that the expression of one thing implies the exclusion of another.'" *Id.* at 362 (quoting *Warren*, 342 Fed. Appx. at 460) (internal quotation marks and citation omitted).

Indeed, "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress

7

acts intentionally and purposely in the disparate inclusion or exclusion' and therefore it appeared that Congress intended an enforcer of a security interest to fall outside the ambit of the FDCPA except for the provisions of § 1692f(6).'" *Montgomery v. Huntington Bank*, 346 F.3d 693, 700-01 (6th Cir. 2003) (quoting *Jordan*, 731 F. Supp. 2d at 657) (internal quotation marks omitted) (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)). "The *Jordan* court further indicated that § 1692f(6) when viewed in conjunction with the FDCPA's legislative history 'provides the key to understanding the reason Congress drew a distinction between a debt collector and an enforcer of a security interest.'" *Id.* (quoting *Jordan*, 731 F. Supp. 2d at 658). "It explained that the 'FDCPA was enacted in order to prevent the 'suffering and anguish' which occur when a debt collector attempts to collect money which the debtor, through no fault of his own, does not have.'" *Id*. (quoting *Jordan*, 731 F. Supp. 2d at 658) (citation omitted):

> In contrast to a debt collector, an enforcer of a security interest with a 'present right' to a piece of secured property attempts to retrieve something which another person possesses but which the holder of the security interest still owns. Unlike the debtor who lacks the money sought, the possessor of secured property still has control of the property. Any failure to return the property to the rightful owner occurs not through misfortune but through a deliberate decision by the present possessor to avoid returning the property. Accordingly, the evil sought to be regulated by the FDCPA, i.e., harassing attempts to collect money which the debtor does not have due to misfortune, is not implicated by the actions of an enforcer of a security interest with a 'present right' to the secured property. Thus the legislative history confirms that Congress intended an enforcer of a security interest . . . to fall outside the ambit of the FDCPA for all purposes except for the prohibitions described in § 1692f(6).

*Id*. (quoting *Jordan*, 731 F. Supp. 2d at 658).

"The *Jordan* Court also noted that the Federal Trade Commission ('FTC'), who is empowered by Congress to enforce the FDCPA issued a 'Commentary on the Fair Debt Collection Practices Act' in which the FTC expressed its view that enforcers of security

8

interests only fall within the ambit of § 1692f(6)." *Id*. (citing *Jordan*, 731 F. Supp. 2d at 658). Thus, "the legislative history, plain meaning, statutory construction, and the FTC's guidance [all] support the conclusion that an enforcer of a security interest is only subject to Section 1692f(6) and not to any other section of the FDCPA." *Id*. at 362-63.

Adding "judicial experience and common sense" to this analysis, it becomes clear that plaintiffs have not satisfied their requirement to demonstrate the plausibility of their claim against Harmon. Plaintiffs have acknowledged the existence of the note and mortgage, but have not alleged that the loan account was current. At best plaintiffs have alleged defects in the manner of enforcement of the security instrument, but they have not alleged any facts in support of their baseless allegation that there was no present right to possession of the property.

In light of these facts, "judicial experience and common sense" reveal that Harmon was not collecting a debt, but was merely enforcing its client's security interest in the property. Because Harmon was merely enforcing a security interest in this matter, it was not acting as a debt collector for the purposes of Sections 1692e. Plaintiffs' complaint against Harmon must be dismissed.

### III. **Plaintiffs have not plausibly alleged that Harmon has engaged in prohibited conduct under the FDCPA.**

Plaintiffs baldly allege that Harmon violated 15 U.S.C. 1992e(5) by threatening to take legal action which it could not take, but there are no factual allegations supporting that conclusion. See *Rowe v. Seterus, Inc.*, 2017 WL 1396016, slip opinion, (D.Mass. 2017)(complaint against Harmon by heirs of debtor dismissed: "the complaint contains no plausible allegations that Harmon threatened anyone with arrest, imprisonment, garnishment, attachment or any other action that could not be legally taken").

9

Nor have plaintiffs alleged any collection activity by Harmon. The only correspondence or other communication plaintiffs allege to have received from Harmon was an April 20, 2017 notice of foreclosure sale (attached to plaintiffs' complaint as pages 5-9 of ECF Document 1-4). That notice merely advises of the date of the scheduled foreclosure sale. There is factual allegation of any demand for payment of a debt.

Because plaintiffs have not plausibly alleged that Harmon has engaged in prohibited conduct under the FDCPA, plaintiffs' complaint against Harmon must be dismissed.

**IV.    To the extent the plaintiffs seek to assert claims on behalf of Dianne L. Fitch, individually, those claims are barred by the one year statute of limitations under the FDCPA.**

Given that neither plaintiff in this action has standing to assert FDCPA claims for themselves, to the extent that plaintiffs seek to assert claims on behalf of Dianne L. Fitch, those claims would be barred by the one year statute of limitations under the act. See 15 U.S.C. 1692k(d).

Ms. Fitch passed away on April 7, 2014. There are no allegations of any conduct by Harmon within the one year period prior to Ms. Fitch's passing. The complaint in this action was not filed until April 19, 2018, more than 4 years after Ms. Fitch died.

Whether or not the plaintiffs are attempting to assert individual claims on behalf of Ms. Fitch, any such claims would be time barred.

## CONCLUSION

For the foregoing reasons, Harmon requests that plaintiffs' claims against Harmon be dismissed. Moreover, given the complete lack of merit to plaintiffs' claims against

Harmon, Harmon requests a finding that plaintiffs' action against Harmon was brought in bad faith and for the purpose of harassment, solely in retaliation for Harmon's representation of its clients in the foreclosure action; as such, Harmon requests the Court award Harmon its attorneys' fees and costs pursuant to 15 U.S.C. 1692k(3).

Respectfully submitted,<br>
**DEFENDANT**<br>
**HARMON LAW OFFICES, P.C.,**<br>
By its attorney,<br>
<br>
*/s/ Scott C. Owens*<br>
Scott C. Owens, Esq., #654406<br>
HARMON LAW OFFICES, P.C.<br>
150 California Street<br>
Newton, MA 02458<br>
Telephone: (617) 558-0738<br>
Fax: (617) 243-4038<br>
sowens@harmonlaw.com

Dated: June 25, 2018

## CERTIFICATE OF SERVICE

I, Scott C. Owens, hereby certify that on June 25, 2018 a true and accurate copy of this document was filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Scott C. Owens*<br>
Scott C. Owens