**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

|  |  |  |
|---|---|---|
| _____ | ) | |
| KENNETH FITCH and | ) | |
| ESTATE OF DIANNE L. FITCH | ) | |
|  | ) | |
| Plaintiffs, | ) | |
|  | ) | |
| V. | ) | Civil Action No. 1:18-cv-00214 |
|  | ) | |
| FEDERAL HOUSING FINANCE | ) | |
| AGENCY, FEDERAL NATIONAL | ) | |
| MORTGAGE ASSOCIATION, | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| HARMON LAW OFFICES, P.C., and | ) | |
| 266 PUTNAM AVENUE, LLC | ) | |
|  | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANT 266 PUTNAM AVENUE, LLC'S**
**ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIM**
**<u>AS TO PLAINTIFFS' COMPLAINT</u>**

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant 266 Putnam Avenue, LLC ("266 Putnam") hereby answers the Complaint of Plaintiffs, Kenneth Fitch and the Estate of Dianne L. Fitch (together, "Plaintiffs") as follows:

1.      266 Putnam denies the averment that the Estate of Dianne L. Fitch and Kenneth Fitch are the owners of real property located at 73 Kay Street, Cumberland, Rhode Island.  As to the remaining allegations of paragraph 1, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 1 of the Complaint.

2.      266 admits the averment that Kenneth Fitch currently resides at 73 Kay Street, Cumberland, Rhode Island.  As to the remaining allegations of paragraph 2, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint is a characterization of Plaintiffs' Complaint and the relief sought therein to which no response is required.  Further answering, 266 Putnam states that the allegations of paragraph 3 are directed to Defendants Federal National Mortgage Association ("FNMA"), Federal Housing Finance Agency ("FHFA"), Wells Fargo Bank, N.A. ("Wells Fargo"), and Harmon Law Offices P.C. ("Harmon"). As such, no response is required by 266 Putnam.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 3 of the Complaint.

4.      The second sentence of paragraph 4 of the Complaint contains a characterization of Plaintiffs' Complaint and the relief sought therein to which no response is required.  The remaining allegations of paragraph 4 set forth legal conclusions to which no response is required; however, to the extent a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      Paragraph 5 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, 266 Putnam denies the allegations.

6.      Paragraph 6 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, 266 Putnam denies the allegations.

7.      Paragraph 7 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, 266 Putnam denies the allegations.

8.      Paragraph 8 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, 266 Putnam denies the allegations.

9.      Paragraph 9 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, 266 Putnam denies the allegations.

10.     Paragraph 10 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, 266 Putnam denies the allegations.

11.     Paragraph 11 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, 266 Putnam denies the allegations.

12.     266 Putnam admits the allegation that Kenneth Fitch resides at 73 Kay Street, Cumberland, Rhode Island 02917, but denies that Kenneth Fitch resides there legally.  As to the remaining allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 12 of the Complaint.

13.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, 266 Putnam denies the allegations.

15.     Paragraph 15 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, 266 Putnam denies the allegations.

16.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 16 of the Complaint.

17.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 17 of the Complaint.

18.     266 Putnam admits that it is a limited liability company in the State of Rhode Island.

## GENERAL FACTUAL ALLEGATIONS

### *The Conservatorship of FHFA over Fannie Mae*

19.     Paragraph 19 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, 266 Putnam states that it lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 19 of the Complaint.

20.     Paragraph 20 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, 266 Putnam states that it lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 20 of the Complaint.

21.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 21 of the Complaint.

22.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 22 of the Complaint.

23.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 23 of the Complaint.

24.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 24 of the Complaint.

25.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 25 of the Complaint.

26.      266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 26 of the Complaint.

27.      266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 27 of the Complaint.

28.      Paragraph 28 of the Complaint sets forth conclusions of law to which no response is required.  Further responding, to the extent paragraph 28 contains factual allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 28 of the Complaint.

29.      266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 29 of the Complaint.

30.      266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 30 of the Complaint.

31.      Paragraph 31 of the Complaint sets forth conclusions of law to which no response is required.  Further responding, to the extent paragraph 31 contains factual allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 31 of the Complaint.

32.      Paragraph 32 of the Complaint sets forth conclusions of law to which no response is required.  Further responding, to the extent paragraph 32 contains factual allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 32 of the Complaint.

33.      266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 33 of the Complaint.

34.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 34 of the Complaint.

35.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 35 of the Complaint.

36.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 36 of the Complaint.

37.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 37 of the Complaint.

38.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 38 of the Complaint.

39.     Paragraph 39 of the Complaint sets forth conclusions of law to which no response is required.  Further responding, to the extent paragraph 39 contains factual allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 39 of the Complaint.

### *The Agency Relationship between FHFA and Fannie Mae and Wells Fargo*

40.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 40 of the Complaint.

41.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 41 of the Complaint.

42.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 42 of the Complaint.

43.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 43 of the Complaint.

44.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 44 of the Complaint.

45.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 45 of the Complaint.

46.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 46 of the Complaint.

47.     The allegation that non-judicial foreclosure procedures "authorize the seizure of property without a pre-deprivation hearing as required by the Due Process Clause of the Fifth Amendment" is a legal conclusion to which no response is required.  266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 47 of the Complaint.

48.     The allegations in paragraph 48 of the Complaint, in part, reference or are evidenced by a document titled "Note," a document titled "Mortgage," a portion of which Plaintiffs purport to attach to the Complaint as Exhibit A, and certain land records of the Town of Cumberland.  The Note, Mortgage, and said land records are documents that speak for themselves, and any characterizations thereof are denied.  To the extent that the allegations contained in paragraph 48 contradict the written documents, they are also denied.  As to the remaining allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 48 of the Complaint.

49.     The allegations in paragraph 49 of the Complaint, in part, reference or are evidenced by a document referred to as an assignment, which Plaintiffs purport to attach to the Complaint as Exhibit B.   The assignment  is a document that speaks for itself, and any characterizations thereof are denied.  To the extent that the allegations contained in paragraph 49

contradict any written documents, they are denied.  As to the remaining allegations, 266 Putnam

lacks knowledge or information sufficient to form a belief as to the truth of the averments set

forth in paragraph 49 of the Complaint.

50.    266 Putnam lacks knowledge or information sufficient to form a belief as to the

truth of the averments set forth in paragraph 50 of the Complaint.

51.    The allegations in paragraph 51 of the Complaint, in part, reference or are

evidenced by a document referred to as the notice of sale of mortgage loan, which Plaintiffs

purport to attach to the Complaint as Exhibit C.   The notice of sale of mortgage loan is a

document that speaks for itself, and any characterization thereof is denied.  To the extent that the

allegations contained in paragraph 51 contradict the written documents, they are denied.  As to

the remaining allegations, 266 Putnam lacks knowledge or information sufficient to form a belief

as to the truth of the averments set forth in paragraph 51 of the Complaint.

52.    266 Putnam lacks knowledge or information sufficient to form a belief as to the

truth of the averments set forth in paragraph 52 of the Complaint.

53.    The allegations in paragraph 53 of the Complaint, in part, reference or are

evidenced by a document referred to as notice of foreclosure sale ("Notice"), which Plaintiffs

purport to attach to the Complaint as Exhibit D.   The Notice is a document that speaks for itself,

and any characterization thereof is denied.  To the extent that the allegations contained in

paragraph 53 contradict the written documents, they are denied.  As to the remaining allegations,

266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the

averments set forth in paragraph 53 of the Complaint.

54.    266 Putnam lacks knowledge or information sufficient to form a belief as to the

truth of the averments set forth in paragraph 54 of the Complaint.

55.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 55 of the Complaint.

56.     266 Putnam denies the allegation in the first sentence of paragraph 56 that on July 28, 2014, Fannie Mae conducted a foreclosure sale of the Property.  266 Putnam admits that Paul Balay made a bid in the amount of $188,000.00 to purchase the property and thereafter assigned said bid to 266 Putnam.  The remaining allegations contained in paragraph 56 of the Complaint reference or are evidenced by written documents, the terms of which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 56 contradict the written documents, they are denied.  As to the remaining allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 56 of the Complaint.

57.     The allegations in paragraph 57 of the Complaint, in part, reference or are evidenced by a document referred to as the foreclosure deed ("Foreclosure Deed"), which Plaintiffs purport to attach to the Complaint as Exhibit E.   The Foreclosure Deed is a document that speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 57 contradict the written documents, they are denied.

58.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 58 of the Complaint.

59.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 59 of the Complaint.

60.     266 Putnam admits the allegations of paragraph 60.

61.     266 Putnam lacks denies the allegation that Plaintiffs will suffer irreparable harm if the eviction action is not enjoined.  As to the remaining allegations, 266 Putnam lacks

knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 61 of the Complaint.

## COUNT I – DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS

62.     266 Putnam incorporates its responses to paragraphs 1 through 61 of this Answer as if set forth fully herein.

63.     The allegations in paragraph 63 set forth legal conclusions to which no response is required. To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 63 of the Complaint.

64.     The allegations in paragraph 64 set forth legal conclusions to which no response is required. To the extent that a response is required, the allegations in paragraph 64 are denied.

65.     The allegations in paragraph 65 set forth legal conclusions to which no response is required. To the extent that a response is required, the allegations in paragraph 65 are denied.

66.     The allegations in paragraph 66 set forth legal conclusions to which no response is required. To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 66 of the Complaint.

67.     The allegations in paragraph 67 set forth legal conclusions to which no response is required. To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 67 of the Complaint.

68.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 68 of the Complaint.

69.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 69 of the Complaint.

70.     The allegations in paragraph 70 set forth legal conclusions to which no response is required. To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 70 of the Complaint.

71.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 71 of the Complaint.

72.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 72 of the Complaint.

73.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 73 of the Complaint.

74.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 74 of the Complaint.

75.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 75 of the Complaint.

76.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 76 of the Complaint.

## COUNT II – VIOLATION OF THE PROVISIONS OF RHODE ISLAND GENERAL LAWS § 34-27-3.2

77.     266 Putnam incorporates its responses to paragraphs 1 through 76 of this Answer as if set forth fully herein.

78.     The allegations in paragraph 78 set forth legal conclusions to which no response is required. To the extent that a response is required, 266 Putnam lacks knowledge or

information sufficient to form a belief as to the truth of the averments set forth in paragraph 78 of the Complaint.

79.     The allegations in paragraph 79 set forth legal conclusions to which no response is required.  To the extent that the allegations  contained in paragraph 79 of the Complaint reference or are evidenced by written documents, the terms of such documents speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 79 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 79 of the Complaint.

80.     266 Putnam denies the allegation that the foreclosure sale that occurred on July 28, 2017 was void.  The remaining allegations contain conclusions of law to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 80 of the Complaint.

81.     266 Putnam denies the allegation that the foreclosure sale that occurred on July 28, 2017 was void.    The remaining allegations contain conclusions of law to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 81 of the Complaint.

82.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 82 of the Complaint.

83.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 83 of the Complaint.

## COUNT III – BREACH OF CONTRACT AND BREACH OF GOOD FAITH AND FAIR DEALING

84.     266 Putnam incorporates its responses to paragraphs 1 through 83 of this Answer as if set forth fully herein.

85.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 85 of the Complaint.

86.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 86 of the Complaint.

87.     The allegations in paragraph 87 set forth legal conclusions to which no response is required.  To the extent that the allegations  contained in paragraph 87 of the Complaint reference or are evidenced by written documents, the terms of such documents speak for themselves and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 87 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 87 of the Complaint.

88.     The allegations in paragraph 88 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 88 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 88 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 88 of the Complaint.

89.     The allegations in paragraph 89 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 89 of the Complaint

reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 89 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 89 of the Complaint.

90.     The allegations in paragraph 90 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 90 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 90 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 90 of the Complaint.

91.     The allegations contained in paragraph 91 of the Complaint reference or are evidenced by a document referred to as a default notice, which Plaintiffs purport to attach to the Complaint as Exhibit F.  The default notice is a document that speaks for itself, and any characterizations thereof are denied.  To the extent that the allegations contained in paragraph 91 contradict the written document, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 91 of the Complaint.

92.     The allegations in paragraph 92 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 92 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in

paragraph 92 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 92 of the Complaint.

93.     The allegations in paragraph 93 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 93 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 93 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 93 of the Complaint.

94.     The allegations in paragraph 94 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 94 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 94 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 94 of the Complaint.

95.     The allegations in paragraph 95 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 95 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 95 contradict the written documents, they are denied.  To the extent that a further

response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 95 of the Complaint.

96.     The allegations in paragraph 96 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 96 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 96 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 96 of the Complaint.

97.     The allegations in paragraph 97 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 97 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 97 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 97 of the Complaint.

98.     The allegations in paragraph 98 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 98 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 98 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 98 of the Complaint.

99.     The allegations in paragraph 99 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 99 of the Complaint.  Further responding, 266 Putnam denies the allegation in paragraph 99 that the sale at issue in this case is void.

100.     The allegations in paragraph 100 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 100 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 100 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 100 of the Complaint.

101.     The allegations in paragraph 101 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 101 of the Complaint.

102.     The allegations in paragraph 102 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 102 of the Complaint.

104.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 104 of the Complaint.[1]

---

[1] Plaintiffs skipped from paragraph 102 to paragraph 104 in the Complaint; therefore, there is no paragraph 103 in the Complaint to which to respond.

105.    266 Putnam lacks denies the allegation that it was a "purported purchaser."  As to the remaining allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 105 of the Complaint.

106.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 106 of the Complaint.

## COUNT IV – VIOLATIONS OF REGULATION X AND REGULATION Z

107.    266 Putnam incorporates its responses to paragraphs 1 through 106 of this Answer as if set forth fully herein.

108.    Paragraph 108 of the Complaint is a characterization of certain claims in Plaintiffs' Complaint and the relief sought therein to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 108 of the Complaint.

109.    Paragraph 109 of the Complaint is a characterization of certain claims in Plaintiffs' Complaint and the relief sought therein to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 109 of the Complaint.

110.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 110 of the Complaint.

111.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 111 of the Complaint.

112.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 112 of the Complaint.

113.    The allegations in paragraph 113 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 113 of the Complaint.

114.    The allegations in paragraph 114 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 114 of the Complaint.

115.    The allegations in paragraph 115 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 115 of the Complaint.

116.    The allegations contained in paragraph 116 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 116 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 116 of the Complaint.

117.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 117 of the Complaint.

118.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 118 of the Complaint.

119.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 119 of the Complaint.

120.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 120 of the Complaint.

121.    The allegations contained in paragraph 121 of the Complaint reference or are evidenced by a written document referred to as the "Notice of Error," which Plaintiffs purport to attach to the Complaint as Exhibit G.  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 121 of the Complaint.

122.    The allegations in paragraph 122 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 122 of the Complaint.

123.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 123 of the Complaint.

123.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in the second paragraph 123 of the Complaint.

124.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 124 of the Complaint.

125.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 125 of the Complaint.

126.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 126 of the Complaint.

**COUNT V – COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TRUTH IN LENDING ACT BY FANNIE MAE FAILURE TO SEND THE PLAINTIFFS A MONTHLY MORTGAGE STATEMENT EACH MONTH PURSUANT TO THE PROVISIONS OF 12 C.F.R. 1026.41 AND 15 U.S.C. 1638**

127.    266 Putnam incorporates its responses to paragraphs 1 through 126 of this Answer as if set forth fully herein.

128.    Paragraph 128 of the Complaint is a characterization of certain claims in Plaintiffs' Complaint and the relief sought therein to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 128 of the Complaint.

129.    Paragraph 129 of the Complaint is a characterization of certain claims in Plaintiffs' Complaint and the relief sought therein to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 129 of the Complaint.

130.    Paragraph 130 of the Complaint sets forth conclusions of law to which no response is required.

131.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 131 of the Complaint.

132.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 132 of the Complaint.

133.    Paragraph 133 of the Complaint sets forth conclusions of law to which no response is required. To the extent that a response is required, 266 Putnam lacks knowledge or

information sufficient to form a belief as to the truth of the averments set forth in paragraph 133 of the Complaint.

134.     Paragraph 134 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 134 of the Complaint.

135.     Paragraph 135 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 135 of the Complaint.

136.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 136 of the Complaint.

137.     Paragraph 137 of the Complaint sets forth conclusions of law to which no response is required.  Further answering, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 137 of the Complaint.

138.     Paragraph 138 of the Complaint sets forth conclusions of law to which no response is required.  Further answering, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 138 of the Complaint.

139.     Paragraph 139 of the Complaint sets forth conclusions of law to which no response is required.  Further answering, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 139 of the Complaint.

140.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 140 of the Complaint.

## COUNT V[2] – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY HARMON LAW OFFICES, P.C.

141.    266 Putnam incorporates its responses to paragraphs 1 through 140 of this Answer as if set forth fully herein.

142.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 142 of the Complaint.

143.    Paragraph 143 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 143 of the Complaint.

144.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 144 of the Complaint.

145.    Paragraph 145 of the Complaint sets forth conclusions of law to which no response is required.

146.    Paragraph 146 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 146 of the Complaint.

147.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 147 of the Complaint.

148.    Paragraph 148 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or

---

[2] Plaintiffs' Complaint contains two causes of action labeled "Count V."

information sufficient to form a belief as to the truth of the averments set forth in paragraph 148 of the Complaint.

149.     Paragraph 149 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 149 of the Complaint.

150.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 150 of the Complaint.

151.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 150 of the Complaint.

162.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 162 of the Complaint.[3]

## COUNT VII – DECLARATORY JUDGMENT

163.     266 Putnam incorporates its responses to paragraphs 1 through 162 of this Answer as if set forth fully herein.

164.     Paragraph 164 of the Complaint sets forth conclusions of law to which no response is required.

165.     266 Putnam denies that the foreclosure was void.  As to the remaining allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 165 of the Complaint.

---

[3] Plaintiffs skipped from paragraph 151 to paragraph 162 in their Complaint, thereby omitting paragraphs 152 through 161.

166.    266 Putnam denies that the foreclosure was void.  As to the remaining allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 166 of the Complaint.

167.    The allegations in paragraph 167 are denied.

168.    The allegations in paragraph 168 are denied.

169.    The allegations in paragraph 169 are denied.

170.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 170 of the Complaint.

## COUNT VIII – CLAIM FOR INJUNCTIVE RELIEF AND PRELIMINARY AND PERMANENT INJUNCTION

171.    266 Putnam incorporates its responses to paragraphs 1 through 170 of this Answer as if set forth fully herein.

172.    To the extent that the allegations of paragraph 172 suggest that the sale should or must be voided, 266 Putnam denies said allegation.  The remaining allegations of paragraph 172 set forth legal conclusions to which no response is required; however, to the extent a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 172 of the Complaint.

173.    The allegations of paragraph 173 set forth legal conclusions to which no response is required; however, to the extent a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 173 of the Complaint.

174.    266 Putnam denies that the foreclosure was void.  The remaining allegations of paragraph 174 set forth legal conclusions to which no response is required; however, to the

extent a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 174 of the Complaint.

175.    266 admits the averment that Kenneth Fitch currently resides at 73 Kay Street, Cumberland, Rhode Island.  As to the remaining allegations of paragraph 175, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 175 of the Complaint.

176.    The allegations of paragraph 176 set forth legal conclusions to which no response is required; however, to the extent a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 176 of the Complaint.

177.    The allegations of paragraph 177 set forth legal conclusions to which no response is required; however, to the extent a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 177 of the Complaint.

178.    266 Putnam denies that the foreclosure is void.  As to the remaining allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 178 of the Complaint.

179.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 179 of the Complaint.


**WHEREFORE**, Defendant 266 Putnam Avenue, LLC denies that Plaintiffs are entitled to any relief requested from, or involving, 266 Putnam Avenue, LLC and respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint as to 266 Putnam Avenue, LLC, with

prejudice, and award Defendant 266 Putnam Avenue, LLC any and all further relief that this Court deems just and appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs are not entitled to any relief from 266 Putnam because 266 Putnam is a bona fide purchaser for value without notice.

### THIRD DEFENSE

Plaintiffs' claims are barred by the doctrines of estoppel, laches and/or waiver.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to mitigate their alleged damages.

### FIFTH DEFENSE

Plaintiffs' claims are barred because any harm to Plaintiffs was caused by intervening and superseding actions of Plaintiffs and/or third persons.

266 Putnam  reserves the right to assert additional affirmative defenses, counterclaims, cross-claims, or third-party claims as may be revealed through discovery or otherwise.

**WHEREFORE**, Defendant 266 Putnam Avenue, LLC, demands that Plaintiffs' Complaint be dismissed with prejudice and with costs.

## CROSS-CLAIM

Defendant 266 Putnam Avenue, LLC ("266 Putnam") for its Cross-Claim against Defendant Federal National Mortgage Association ("FNMA"), states:

## PARTIES, JURISDICTION, AND VENUE

1.       266 Putnam is a limited liability company in the State of Rhode Island.

2.       FNMA is an entity that conducts business in the State of Rhode Island.

3.       This action and the instant Cross-Claim concern real property located at 73 Kay Street, Cumberland, Rhode Island and therefore venue is proper in this district.

## FACTUAL BACKGROUND

4.       The Plaintiffs in the above captioned action, Kenneth Fitch and the Estate of Dianne L. Fitch ("Plaintiffs"), filed a Complaint in this action in which they allege, *inter alia*, that as a result of the acts and/or omissions of FNMA, Federal Housing Finance Agency ("FHFA"), Wells Fargo Bank, N.A. ("Wells Fargo"), and Harmon Law Offices, P.C., a certain mortgage foreclosure sale that occurred on or about July 2017, which resulted in 266 Putnam taking title to real property located at 73 Kay Street, Cumberland, Rhode Island (the "Property"), is void and without legal effect.

5.       On or about July 2017, FNMA conducted a foreclosure sale of the Property ("Sale"), where an individual named Paul Balay made a bid to purchase the Property in the amount of $188,000.00, which was accepted by FNMA.

6.       Thereafter, Paul Balay validly assigned his bid to purchase the Property to 266 Putnam.

7.     Thereafter, by way of foreclosure deed, FNMA transferred its interest in and marketable title to the Property to 266 Putnam in exchange for 266 Putnam's payment of $188,000.00.

8.     In connection with FNMA's sale of the Property to 266 Putnam, FNMA represented that it had marketable title to the Property and that it had authority to convey the Property to 266 Putnam.

9.     266 Putnam has been named a defendant in the above-captioned action as a result of the fact that it is the current owner of the Property and Plaintiffs have requested declaratory relief concerning the Property.

10.     266 Putnam denies that Plaintiffs are entitled to declaratory relief in this action and denies that the Sale of the Property is void.  266 Putnam maintains that it is the rightful owner of the Property and that it was at all relevant times a bona fide purchaser of the Property for value without notice.

11.     For the purpose of this Cross-Claim only, the averments of Plaintiffs' Complaint, to the extent they pertain to FNMA, are incorporated by reference herein, *without* admission or adoption by 266 Putnam.

12.     In the event that it is judicially determined that Plaintiffs are entitled to declaratory relief in this action, 266 Putnam seeks to recover all fees paid to FNMA in connection with its purchase of the Property and to recover all other damages arising from FNMA's acts and omissions.

## <u>COUNT I – UNJUST ENRICHMENT</u>

13.     266 Putnam realleges and incorporates paragraphs 1 through 12 of its Cross-Claim.

14.     266 Putnam paid $188,000.00 to FNMA in exchange for the Property.

15.     FNMA accepted the money paid by 266 Putnam, appreciated the benefit thereof, and knew that it received such payment as valuable consideration for 266 Putnam's purchase of the Property.

16.     In the event that this Court or a jury determines that the Sale of the Property conducted on or about July 2017 is void and without legal effect, it would be inequitable for FNMA to retain the benefit of the money that 266 Putnam paid to FNMA without 266 Putnam ever having received actual ownership of the Property.

17.     Equity and good conscience require that FNMA fully pay 266 Putnam for the benefit that it received from 266 Putnam, in an amount to be proven at trial based on the facts alleged herein, but no less than $188,000.00  and including but not limited to any additional damages, interest, and costs, including attorneys' fees.

## COUNT II – INDEMNIFICATION

18.     266 Putnam realleges and incorporates paragraphs 1 through 17 of its Cross-Claim.

19.     266 Putnam has incurred, and will continue to incur, significant costs and legal fees in defending a lawsuit that is directly caused by FNMA's actions.

20.     To the extent that it is found that the Sale of the Property conducted on or about July 2017 is void and without legal effect, 266 Putnam will suffer significant damages due to the ineffective conveyance by FNMA.

21.     FNMA is required to indemnify 266 Putnam from the claims and demands alleged by the Plaintiffs herein.

22.     This duty to defend arises regardless of the outcome of the Plaintiffs' claims herein, and FNMA is responsible for 266 Putnam's costs and attorneys' fees associated with defending against Plaintiffs' lawsuit.

## RELIEF REQUESTED

1.     Should the Court determine that the Sale is void and without legal effect, with respect to Count I, that the Court find and adjudge that FNMA has been unjustly enriched and adjudge that FNMA is liable for the damages 266 Putnam has sustained as a result, in an amount to be determined, together with interest, costs, and attorneys' fees;

2.     Should the Court determine that the Sale is void and without legal effect, with respect to Count II, that the Court find and adjudge that FNMA is required to indemnify 266 Putnam in this litigation, and adjudge that FNMA is liable for the damages 266 Putnam has sustained as a result, in an amount to be determined, together with interest, costs, and attorneys' fees;

3.     That the Court award 266 Putnam its attorneys' fees; and

4.     That the Court grant such other and further relief as it deems just and appropriate.

## JURY DEMAND

266 Putnam hereby demands a trial by jury on all claims so triable.

266 PUTNAM AVENUE, LLC

By its attorney,

 /s/ Zachary W. Berk
Zachary W. Berk (RI Bar No. 7453)
SAUL EWING ARNSTEIN & LEHR LLP
131 Dartmouth Street, Suite 501
Boston, MA 02116
T: (617) 912-0927
F: (617) 723-4151
DATED: December 5, 2018          Zachary.Berk@saul.com

## <u>CERTIFICATE OF SERVICE</u>

I, Zachary W. Berk, counsel for Defendant 266 PUTNAM AVENUE, LLC, hereby certify that I served a true copy of the within document upon counsel of record by ecf on the date set forth below.

| 12/5/18 | /s/ Zachary W. Berk |
|---------|---------------------|
| Date | Zachary W. Berk |