IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| KENNETH FITCH and<br>ESTATE OF DIANNE L. FITCH<br><br>Plaintiffs,<br><br>V.<br><br>FEDERAL HOUSING FINANCE<br>AGENCY, FEDERAL NATIONAL<br>MORTGAGE ASSOCIATION,<br>WELLS FARGO BANK, N.A.,<br>HARMON LAW OFFICES, P.C., and<br>266 PUTNAM AVENUE, LLC<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:18-cv-00214<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT 266 PUTNAM AVENUE, LLC'S
FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO
PLAINTIFFS, KENNETH FITCH AND THE ESTATE OF DIANNE L. FITCH**

Pursuant to Rule 34 of the Federal Rules Civil Procedure, Defendant 266 Putnam Avenue, LLC ("266 Putnam") requests that Plaintiff Kenneth Fitch ("Kenneth Fitch") and Plaintiff Estate of Dianne L. Fitch ("Dianne Fitch") produce the following documents and electronically stored information at the offices of Saul Ewing Arnstein & Lehr LLP, within 30 days from the date hereof, for the purposes of inspection and copying.

**DEFINITIONS**

1. As used herein, the terms "You" or "Your" refer to both of the Plaintiffs, namely, Kenneth Fitch and the Estate of Dianne Fitch, including their agents and representatives.

2. "Kenneth Fitch" refers to Kenneth Fitch, including his agents and representatives.

3. "Dianne Fitch" refers to Dianne L. Fitch, including her agents and

representatives, which includes *inter alia* the executor, administrator, and/or representative of the Estate of Dianne L. Fitch.

4. "266 Putnam" refers to 266 Putnam Avenue, LLC, including its predecessors and successors, and its managers, members, officers, employees, servants or representatives.

5. "FHFA" refers to the Federal Housing Finance Agency, including its predecessors and successors, and its managers, members, officers, employees, servants or representatives.

6. "Fannie Mae" refers to the Federal National Mortgage Association, including its predecessors and successors, and its managers, members, officers, employees, servants or representatives.

7. "Wells Fargo" refers to Wells Fargo Bank, N.A., including its predecessors and successors, and its managers, members, officers, employees, servants or representatives.

8. "HLO" refers to Harmon Law Offices, P.C., including its predecessors and successors, and its managers, members, officers, employees, servants or representatives.

9. The "Property" refers to the property that it at issue in the above-captioned lawsuit, namely, 73 Kay Street, Cumberland, Rhode Island.

10. "Complaint" refers to the complaint filed by the Plaintiffs in the above-captioned action on April 19, 2018.

11. The "Mortgage" refers to the mortgage on the Property, as described in Paragraph 48 of the Complaint.

12. The "Sale" refers to the foreclosure sale of the Property on or about July 28, 2017, as described in Paragraph 3 of the Complaint.

13. The "Eviction Action" refers to the eviction proceeding captioned <u>266 Putnam</u>

Ave, LLC v. Kenneth Fitch, Rhode Island District Court, 6th Division, Case No. 6CA-2017-11437.

14. "Documents" shall refer to and include all written, electronically stored information ("ESI"), or graphic material or other tangible medium of reproduction of every kind and description, however produced or reproduced, including, but not limited to correspondence, emails, texts, statements, memoranda, audio or video recordings, notes, films, x-rays, recordings of any type, transcripts, photographs, slides, drawings, sketches, forms, letters, reports, medical reports, financial statements, telegrams, abstracts, and any other material similar to any of the foregoing, however denominated, by whomever prepared, to whomever addressed, that are in your (as defined herein) custody or to which you have had or can obtain access. This request for documents seeks production of all documents described, including all drafts of whatever date, and all non-identical copies or originals.

15. "Communication" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, notes, or any other form of oral or written exchange.

16. "Concerning" means relating to, referring to, describing, discussing, evidencing, or constituting.

17. "Person" includes any individual, corporation, partnership, proprietorship or any other collective organization or entity unless the context expressly indicates reference to solely an individual person.

18. As used herein, the term "any" shall be construed to include the word "all" and the word "all" shall be construed to include the word "any."

19. As used herein, the terms "and" and "or" shall be construed conjunctively or

disjunctively as necessary to make the sentence inclusive rather than exclusive.

## INSTRUCTIONS

1. In producing documents in response to this request, You are required to furnish all documents, including electronic media, in Your possession, custody or control that are known or available to You, regardless of whether those documents are possessed by You, or by any agent, attorney, representative, affiliate, employee of You. You must make a diligent search of Your records and of other papers and materials in Your possession or available to You or Your attorneys or other representatives.

2. When responding to this request for production of documents, You are requested to respond in writing and state as to each of the requests:

    (a) that there are documents responsive to the request, and that they will be produced;

    (b) that there are documents responsive to the request, but that Manning refuses to produce them because of a claim of privilege or for some other reason; or

    (c) that there are no documents responsive to the request.

3. If You assert any privilege in responding to this request, specify in each instance the type of privilege asserted, specify the basis for the assertion, state all facts relied upon in support of the claim of privilege or related thereto and identify, to the fullest extent short of waiver, all communications and documents as to which You claim a privilege.

4. With respect to each document withheld from production on any basis whatsoever, state or identify the following: (a) the date of the document; (b) the document's author(s) or originator(s); (c) all recipients of the document and all persons coming into possession of the document; (d) the subject matter(s) of the document; (e) the number of pages

-5-

of the document; and (f) the precise basis, in detail, for the privilege claimed or the objection made with respect to the document.

    5.    As to any document called for in this request which no longer exists, but which You were aware existed at one time, please identify such document(s) and, in addition, state: (a) the last known location and the reason such document(s) is no longer in existence; (b) whether the document is missing or lost; (c) whether the document has been destroyed; (d) whether it has been transferred voluntarily or involuntarily; or (e) whether it has been otherwise disposed of, and, in each instance, please explain in detail the circumstances surrounding any such disposition thereof.

    6.    The making of any request is not and shall not be deemed an admission of any statement contained therein.

    7.    In producing documents pursuant to this request, please indicate to which numbered request such document is responsive. If a document or any other item is produced pursuant to more than one request, please so designate.

    8.    The document requests contained herein shall be deemed to be continuing; that is, You must supplement Your responses if You obtain any additional documents between the time the responses to these requests are served and the time of trial. Such additional responses shall be served and additional documents produced from time to time, but no later than fourteen (14) days after such additional documents are discovered, obtained or received.

## DOCUMENT REQUESTS

    1.    All non-privileged documents concerning Your ownership of the Property.

    2.    All non-privileged documents concerning mortgage payments on the Property from January 1, 2016 to the present.

3. All non-privileged documents concerning Kenneth Fitch's and/or Dianne Fitch's alleged default on the Mortgage loan on the Property from January 1, 2016 to the present.

4. All communications between Kenneth Fitch and/or Dianne Fitch, on one hand, and FHSA, Fannie Mae, and/or Wells Fargo, on the other hand, concerning any alleged default on the Mortgage loan on the Property from January 1, 2016 to the present.

5. All non-privileged documents concerning Your allegation that on or about March 22, 2017, Wells Fargo purported to assign its interest in the Mortgage to Fannie Mae.

6. All non-privileged documents concerning Your allegation that Fannie Mae transferred its interest in the Mortgage to Rushmore Loan Management Group.

7. All non-privileged documents concerning Your allegation that Fannie Mae transferred its interest in the Mortgage to an affiliate of Rushmore Loan Management Group.

8. All non-privileged documents concerning Fannie Mae transferring its interest in the Mortgage to any other person or entity in 2017.

9. All non-privileged documents concerning Your allegation that on or about July 26, 2017, U.S. Bank National Association, as trustee for the RMAC Trust, series 2016-CTT, became owner of the Mortgage loan.

10. All non-privileged documents concerning the Sale of the Property in 2017.

11. All non-privileged documents concerning any foreclosure mediation or potential foreclosure mediation relative to the Property in 2017.

12. All non-privileged documents concerning Paul Balay's bid on the Property in July 2017.

13. All non-privileged documents concerning Paul Balay's assignment of bid on the Property to 266 Putnam.

14. All non-privileged documents concerning Fannie Mae's execution of a foreclosure deed relative to the Property or about August 24, 2017.

15. All non-privileged documents concerning Your allegation that Fannie Mae and/or FHFA violated Rhode Island General Laws § 34-27-4.

16. All non-privileged documents concerning Your allegation that Fannie Mae and/or FHFA violated Rhode Island General Laws §§ 34-27-3.2(h) and 34-27-3.2(i).

17. All non-privileged documents concerning Your allegation that Fannie Mae lacked the statutory power of sale of the Property on July 28, 2017.

18. All non-privileged documents concerning Your allegation in Paragraph 169 of the Complaint that "[t]here is no such conveyance as an Assignment of Bid, which is not valid. The mortgagee can only convey the property to the bidder, not to an assignee of the bidder."

19. All non-privileged documents concerning Your allegation that the Property is Kenneth Fitch's sole residence.

20. All non-privileged documents reflecting Kenneth Fitch's current residence(s).

21. All non-privileged documents reflecting Your ownership of real estate, other than Your alleged ownership of the Property.

22. All non-privileged documents concerning Your allegation that a foreclosure of the Property would cause Kenneth Fitch and/or the Estate of Dianne Fitch irreparable harm.

23. All non-privileged communications between You and any person or entity, other than Your attorney, concerning the Eviction Action.

24. All non-privileged documents concerning rent You have paid to 266 Putnam as a result of Your residing at the Property.

25. All non-privileged documents supporting any claim by You that 266 Putnam did not pay fair value for the Property.

26. All non-privileged documents supporting any claim by You that 266 Putnam was on notice (actual or constructive) of Your claim that the Sale of the Property was invalid at the time it tendered value for the Property.

27. All non-privileged documents supporting any claim by You that 266 Putnam was on notice (actual or constructive) that the Sale of the Property was invalid at the time it tendered value for the Property.

28. All communications between Kenneth Fitch and/or Dianne Fitch, on one hand, and 266 Putnam, on the other, from January 1, 2016 to the present.

29. All communications between Kenneth Fitch and/or Dianne Fitch, on one hand, and FHFA, on the other, from January 1, 2016 to the present.

30. All communications between Kenneth Fitch and/or Dianne Fitch, on one hand, and Fannie Mae, on the other, from January 1, 2016 to the present.

31. All communications between Kenneth Fitch and/or Dianne Fitch, on one hand, and Wells Fargo, on the other, from January 1, 2016 to the present.

32. All communications between Kenneth Fitch and/or Dianne Fitch, on one hand, and Rushmore Loan Management Group, on the other, from January 1, 2016 to the present.

33. All communications between Kenneth Fitch and/or Dianne Fitch, on one hand, and U.S. Bank National Association, as trustee for the RMAC Trust, on the other, from January 1, 2016 to the present.

34. All communications between Kenneth Fitch and/or Dianne Fitch, on one hand, and HLO, on the other, from January 1, 2016 to the present.

35. All non-privileged communications between You and any person or entity, other than Your attorney, concerning the above-captioned lawsuit.

|  |  |
|---|---|
| | Defendant, |
| | 266 PUTNAM AVENUE, LLC |
| | |
| | By its attorney, |
| | |
| | */s/ Zachary W. Berk* |
| | Zachary W. Berk (RI Bar No. 7453) |
| | SAUL EWING ARNSTEIN & LEHR LLP |
| | 131 Dartmouth Street, Suite 501 |
| | Boston, MA 02116 |
| | T: (617) 912-0927 |
| | F: (617) 723-4151 |
| DATED: April 4, 2019 | Zachary.Berk@saul.com |

## CERTIFICATE OF SERVICE

I, Zachary W. Berk, counsel for Defendant 266 PUTNAM AVENUE, LLC, hereby certify that I served a true copy of the within document upon Plaintiffs' counsel by first class mail on the date set forth below, and also served a true copy of the within document upon all other counsel of record by e-mail.

|  |  |
|---|---|
| 04/04/19 | */s/ Zachary W. Berk* |
| Date | Zachary W. Berk |