# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **KENNETH FITCH and ESTATE OF DIANNE L. FITCH,**<br><br>　　Plaintiffs,<br><br>v.<br><br>**FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION, WELLS FARGO BANK, N.A., HARMON LAW OFFICES, P.C., and 266 PUTNAM AVENUE, LLC,**<br><br>　　Defendants. | C.A. No. 1:18-cv-00214-JJM-PAS |

## HARMON LAW OFFICES, P.C.'S REPLY TO MEMORANDUM OF LAW IN RESPONSE TO MOTION TO DISMISS

Defendant Harmon Law Offices, P.C. ("Harmon") provides this Reply memorandum of law in further support of its motion to dismiss. While Harmon maintains that the *Obduskey v. McCarthy & Holtus LLP* decision controls the outcome of this case, even if the Supreme Court had not issued this decision Harmon would still be entitled to dismissal of the complaint.

A. Background

This action was commenced by the plaintiffs on April 19, 2018. The eight count complaint consists of 179 factual allegations. Most of the allegations are not directed towards Harmon, but plaintiff's have incorporated into Count VI (labeled Coutn V) all of their prior allegations whether pertinent to the FDCPA claim or not. For purpose of this

Reply and in an attempt to focus its argument, Harmon has extracted the following general allegations that are contained in Paragraphs 1-140 or in exhibits attached to the complaint.

1. On or about December 31, 2009, Diane L Fitch borrowed $96,648 from Wells Fargo and granted to it a note and mortgage, which mortgage was recorded on January 29, 2007 with the town of Cumberland at book 1485 page 256. (See plaintiff's complaint paragraph 48 and Exhibit A, herein after referred to as Comp. ¶ _)

2. At the time, Kenneth Fitch did not sign the note and was not an owner of the property. He signed the mortgage as a non-vested spouse to release any homestead right that he may have had in the property by virtue of being married to Diane. (Comp, Exhibit A)

3. On or about April 7, 2014, Ms. Fitch died. (Comp. ¶ 2)

4. According to the plaintiff, as of June 13, 2014, Kenneth Fitch was the owner of the property by virtue of a deed recorded in the Land Evidence Record for the Town of Cumberland in Book 1650 Page 550.

5. On August 16, 2016, Wells Fargo sent a default notice to the mortgagor, Diane Fitch. (Comp. Ex F)

6. On June 26, 2016, Rhode Island Housing issued a mediation certificate of compliance to Wells Fargo, which at the time was the servicer and record holder of the mortgage. (Comp. Ex. B)

7. On or about March 22, 2017, Wells Fargo assigned the mortgage to Fannie Mae. (Comp ¶ 49)

8. On or about April 20, 2017 Harmon sent a notice of sale to the plaintiffs regarding a foreclosure sale that was scheduled to take place on June 13, 2017. The sale was subsequently postponed to July 28, 2017. (Comp ¶ 53)

9. On or about May 22, 2017 and from week to week until July 27, 2017, a Notice of Sale was published in the Pawtucket Times. (Comp. Ex. B, Affidavit of Timothy Larson)

10. According to the complaint, plaintiff's never received a mediation notice directly from Fannie Mae. (Comp ¶ 55)

11. On July 28, 2017, Harmon conducted a foreclosure on behalf of its clients Wells Fargo Bank NA and Federal National Mortgage Association. (Comp ¶ 56)

12. On August 24, 2017, Fannie Mae recorded a foreclosure deed. (Comp ¶ 57) (Comp.

13. It is undisputed that at the time of the foreclosure Fannie Mae was the record mortgagee.

14. On August 25, 2017, after the foreclosure sale had been conducted, a notice was sent to Diane L Fitch notifying her that her mortgage loan had been sold to a new party. (Comp Ex. C)

15. Paragraphs 141 through 151 and 162 consists of a series of conclusory statements that set forth the basis for the FDCPA claim.

**B. The factual allegations do not support a traditional FDCPA claim against Harmon.**

Count VI of the complaint, which is the only one directed at Harmon consists of 12 conclusory statements that fail to set forth any specific facts that identify any collections communications or activities that violate the FDCPA. Instead, plaintiff's incorporate the

prior 140 paragraphs of the complaint most of which have nothing to do with Harmon. Plaintiff's complaint and the arguments in his memorandum of law in response to Harmon's motion to dismiss recite no specific facts related to conduct that implicates violation of the fair debt collection practices act. The statements ignore the elements of a fair debt claim, the statute of limitations on such claims and who is protected by the statute.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). While the court must accept all factual allegations in the complaint as true and construe all reasonable inferences in the plaintiff's favor. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993), this tenet is inapplicable to legal conclusions and "threadbare recitals of the elements of a cause of action." Iqbal, 556 U.S. at 678. The court "need not, however, credit bald assertions, subjective characterizations, optimistic predictions, or problematic suppositions," and "[e]mpirically unverifiable conclusions, not logically compelled, or at least supported, by the stated facts, deserve no deference." Shore Corp. v. Sullivan, 158 F.3d 51, 54 (1st Cir. 1998) A reviewing court must conduct a "context-specific" assessment of the pleadings by drawing on "its judicial experience and common sense." Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009) (quoting Iqbal, 556 U.S. at 663–64). A complaint must be dismissed for failure to state a claim when it lacks "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997).

Plaintiffs are not "consumers" under the definitions contained in the FDCPA.  15 U.S. Code § 1692a. provides:

Definitions:  **(3)**    The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.

**(5)** The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

The Court does not need to look past the definitions contained in Section § 1692a of the FDCPA to determine that plaintiff's are not entitled to relief.  The complaint does not allege that the Plaintiff's are consumers subject the FDCPA or that they were involved in a transaction that resulted in a debt.  Neither the estate nor Kenneth Fitch meets the definition of consumers under the act.  In addition, particularly as the case pertains to Mr. Fitch, there is no debt as he has never had an obligation to pay money to the note or mortgage holder.  The FDCPA by its terms applies to a natural person obligated to pay any obligation or alleged obligation arising from a transaction the subject of which is primarily for personal, family, or household purposes.  In the context of this case the only such natural person who could have qualified would have been Diane Fitch.  However, Ms. Fitch died in 2014 and none of the alleged wrongful conduct occurred within one year of her death.  The FDCPA contains a one-year statute of limitations. Jones v. FMA Alliance Ltd., 978 F.Supp.2d 84 (D.Mass.2013); *see also* 15 U.S.C. § 1692k(d) (FDCPA action "may be brought ... within one year from the date on which the violation occurs").

The Estate of Ms. Fitch is not a "natural person" and even if it were, there were no factual allegations that Harmon attempted to collect any money from the estate other than through the conduct of a non-judicial foreclosure, which conduct is covered by the *Obduskey* decision as discussed below. Kenneth Fitch is not an obligor on the note that underlies the mortgage. He was not an owner of the property at the time the mortgage was granted. The only recourse against Mr. Fitch by the mortgagee was the foreclosure of its mortgage, not because he was an obligor or mortgagor, but because he obtained ownership of the property through a deed.

The record supports the fact that Harmon did not attempt to collect anything other than through the foreclosure of the secured property in compliance with state law. As such, its conduct did not fall within the traditional framework of the FDCPA. A plaintiff seeking to recover under the FDCPA must plead facts sufficient to show that: "(1) they have been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the [Act]." Moore v. Mort. Elec. Reg. Sys., Inc., 848 F.Supp.2d 107, 124 (D.N.H. 2012). Because plaintiffs' complaint does not allege facts that plausibly satisfy these elements, Harmon is entitled to dismissal. Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S.at 681; Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.

The only section that Plaintiff's claim a violation of in their complaint is 15 U.S.C. 1692e(5). (Comp. ¶149) In *Obduskey*, the Supreme Court of the United States held that

"[a] business engaged in no more than non-judicial foreclosure proceedings is not a 'debt collector' under the FDCPA." <u>Obduskey v. McCarthy & Holthus LLP</u>, 139 S.Ct. 1029, 1030 (March 20, 2019) (where the court held that the defendant, who "was hired to carry out a nonjudicial foreclosure," was not subject to the Act's main coverage). There is nothing in complaint to support a claim other than that Harmon pursued a non-judicial foreclosure against the plaintiff's property, because that is all that Harmon did in this case.

**C. Harmon's conduct did not violate 15 USC §1692f(6).**

In *Obduskey*, the Supreme Court refers to the limited purpose definition of the FDCPA, which applies to entities engaged in enforcing security interests. The general provisions of the FDCPA do not apply to entities non-judicially enforcing security interests, but they are prohibited from illegitimately enforcing security interests. *See* 15 U.S.C. § 1692f(6) (prohibiting the taking of any nonjudicial foreclosure action without a present right to possession of the property claimed as collateral). While the plaintiffs have not made a specific allegation under this section of the FDCPA, Harmon's conduct based upon the facts alleged did not violate 15 USC §1692f(6). There is nothing improper in any of the conduct engaged in by Harmon in pursuit of its client's interest. Harmon representing its clients Wells Fargo and Fannie Mae pursued a legal procedure in which it provided all of the required notices, published the time and place of the sale and conducted a foreclosure sale on a mortgage that was in default. Harmon could reasonably rely upon the documentation provided by its client, which demonstrated the default, showed that it complied with the mediation statute and that at all times relevant to the foreclosure, it held the

mortgage. All of the Harmon's conduct in pursuit of the foreclosure occurred prior to the purported sale of the mortgage loan. At the time that the foreclosure sale was conducted, Fannie Mae was the record holder and there is nothing to suggest that Harmon had any knowledge that the loan had been transferred or sold. In fact, the record shows that the first knowledge that the plaintiffs had of any transfer of the mortgage loan was a month after the completion of the foreclosure sale.

### D. The foreclosure is not subject to challenge based upon a violation of RIGL 34-27-3.2

Although not directly related to the FDCPA claim against Harmon, plaintiffs allege in Paragraph 149 of the complaint that Harmon conducted a foreclosure in violation of the Rhode Island foreclosure statute. Harmon did not send nor was it required to provide the mediation notices. The notice was sent by Wells Fargo on behalf of Fannie Mae, which is allowed by the statute, which provides in relevant part:

> **§ 34-27-3.2 Mediation conference.** *(c) Definitions.* (8) "Mortgagee" means the holder of a mortgage, or its agent or employee, including a mortgage servicer acting on behalf of a mortgagee.

The Certificate of Compliance, which plaintiffs contend was invalid, is attached to plaintiff's complaint. The statute states as follows: Such certification shall be valid until the earlier of: (1) The curing of the default condition; or (2) The foreclosure of the mortgagor's equity of redemption. The plaintiff's complaint does not state that either of these two conditions occurred.

More importantly, any action seeking to invalidate the foreclosure based upon the failure to send this notice or a defective notice is time-barred. RIGL § 34-27-3.2(p) provides:

*(p) Limitations on actions.* Any person who claims that a foreclosure is not valid due to the mortgagee's failure to comply with the terms of this section shall have one year from the date that the first notice of foreclosure was published to file a complaint in the superior court for the county in which the property is located and shall also file in the records of land evidence in the city or town where the land subject to the mortgage is located a notice of lis pendens, the complaint to be filed on the same day as the notice of lis pendens, or within seven (7) days thereafter. <u>Failure to file a complaint, record the notice of lis pendens and serve the mortgagee within the one-year period shall preclude said mortgagor, or any other person claiming an interest through a mortgagor, from subsequently challenging the validity of the foreclosure.</u>

The present action does not comply with the requirements of the statute set forth above. The affidavit of sale attached to plaintiff's complaint states that, the notice of sale was first published on May 22, 2017. Thereafter, plaintiffs are required to file a complaint in the Superior Court, file a *lis pendens* within seven days of such filing and serve said complaint within one year. There is no evidence that any of these were done. While, it may be argued that the filing of the action in the Federal District Court within the one-year timeframe is equivalent and meets the statutory requirement, none of the other required activities were completed timely. A review of this court's docket reveals that service was completed on Wells Fargo on 6/25/2018, on Harmon on 6/26/2018 and on 266 Putnum, LLC on 5/31/2018. All are outside of the year limitation. It is unclear from the docket, if service was completed on the other named parties prior to May 22, 2018. There is also no indication that a Memorandum of Lis Pendens was filed with the Land Records office for the Town of Cumberland. While not in the court record, Harmon has performed a title search and was not able to locate a recorded lis pendens.

## CONCLUSION

For the reasons set forth in Harmon's Motion to Dismiss, Memorandum and Reply Memorandum, Harmon requests that plaintiffs' claims against it be dismissed.

                    Respectfully submitted,
                    **DEFENDANT**
                    **HARMON LAW OFFICES, P.C.,**
                    By its attorney,

                    */s/ Thomas J. Walsh*
                    Thomas J. Walsh, #5697
                    HARMON LAW OFFICES, P.C.
                    150 California Street
                    Newton, MA 02458
                    Telephone: (617) 558-0738
                    Fax: (617) 243-4038
Dated: September 6, 2019    twalsh@harmonlaw.com

## CERTIFICATE OF SERVICE

I, Thomas J. Walsh, hereby certify that on September 6, 2019 a true and accurate copy of this document was filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                    *Thomas J. Walsh*
                    Thomas J. Walsh