**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| KENNETH FITCH and<br>ESTATE OF DIANNE L. FITCH<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL HOUSING FINANCE<br>AGENCY, FEDERAL NATIONAL<br>MORTGAGE ASSOCIATION,<br>WELLS FARGO BANK, N.A.,<br>HARMON LAW OFFICES, P.C., and<br>266 PUTNAM AVENUE, LLC<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action No. 1:18-cv-00214 |

## DEFENDANT 266 PUTNAM AVENUE, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO JOIN A NECESSARY PARTY OR, ALTERNATIVELY, FOR FAILURE TO PROSECUTE

Plaintiff Estate of Dianne Fitch (the "Estate"), through its administrator, Kenneth Fitch, filed this case on April 19, 2018 seeking to void a foreclosure sale of the real property located at 73 Kay Street in Cumberland, Rhode Island (the "Property")—which was sold to Defendant 266 Putnam Avenue, LLC ("Putnam")—because of various alleged deficiencies with the foreclosure process. Since filing this case, the Estate has done nothing to prosecute it claims. On the contrary, the Estate has taken every opportunity to drag this case out, which, not coincidently, has prevented Putnam, a bona fide purchaser of the Property for value, from evicting Mr. Fitch and taking possession of its real estate. The Estate's inaction is underscored by its failure to add an indispensable party in this case, Rushmore Loan Management Group ("Rushmore"), who the Estate alleges was the mortgagee at the time of the foreclosure. Indeed, the Estate received **four** extensions of the deadline to amend its Complaint to add Rushmore as a party, the last of which

passed on February 4, 2019, yet the Estate has still not filed an amended complaint. Ultimately, because the Estate has failed to add Rushmore as a party, this case should be dismissed pursuant to Fed. R. Civ. P. 12(h)(2) and 19.[1] *See, e.g., Potter v. Bennett*, 826 F.Supp. 62, 64 (D.R.I. 1993) ("If absent parties are indispensable, the entire action . . . must be dismissed."). Alternatively, this case should be dismissed pursuant to Fed. R. Civ. P. 41(b) for the Estate's failure to prosecute because there is no justification for its substantial delay in filing an amended complaint, which has prejudiced, and continues to prejudice, Putnam.

## STATEMENT OF MATERIAL FACTS

The Estate's decedent, Dianne Fitch, executed a promissory note in favor of Wells Fargo on December 31, 2009, in the principal amount of $96,648.[2] (Compl., Ex. A at p. 2.) At the same time, Ms. Fitch also executed a mortgage concerning the Property in favor of Wells Fargo as security for the loan (the "Mortgage"). (*Id.*, Ex. A.) Ms. Fitch's husband, Kenneth Fitch, signed the Mortgage as a non-vested spouse and thus had no ownership interest in the Property. (*Id.*, Ex. A at p. 14.)

The Estate's Complaint alleges that Wells Fargo purported to assign its interest in the Mortgage to Federal National Mortgage Association ("Fannie Mae") on March 22, 2017. (*Id.*, ¶ 49.) The Estate further alleges that Wells Fargo referred the Mortgage account to foreclosure counsel to exercise the statutory power of sale and foreclose on the Property on or about March 31, 2017. (*Id.*, ¶ 52.) The Complaint states that "[u]pon information and belief, Fannie Mae

---

[1] Putnam's motion to dismiss for failure to join an indispensable party is brought pursuant to Fed. R. Civ. P. 12(h)(2), which permits the issue to be raised either as a Rule 12(c) motion for judgment on the pleadings or at trial. Putnam's Answer to the Complaint (Docket Entry No. 36) did not raise failure to join an indispensable party as an affirmative defense. Putnam did not move to amend its Answer, however, in reliance upon Plaintiffs' representations, as described herein, that it was going to file an amended complaint to add the indispensable party. Accordingly, if the Court deems it procedurally necessary, Putnam requests that it be granted leave to file an amended answer to add the affirmative defense of Plaintiffs' failure to add a necessary party.

[2] Ms. Fitch died on April 7, 2014 (Compl., ¶ 13), and Mr. Fitch was appointed administrator of her estate.

2

transferred its interest in the Mortgage to Rushmore Loan Management Group, or an affiliate by an assignment which is not recorded before July 26, 2018." (*Id.*, ¶ 50.) Furthermore, the Complaint alleges that "[o]n July 26, 2017, U.S. Bank National Association, not in its individual capacity, but solely as trustee the RMAC Trust, series 2016-CTT became owner of the mortgage loan." (*Id.*, ¶ 51.)

The Estate claims that Fannie Mae then conducted a foreclosure sale on July 28, 2017, and that "Fannie Mae, by Wells Fargo as Attorney in Fact, signed a [Foreclosure Deed]" on August 24, 2017 conveying the Property to Putnam. (*Id.*, ¶¶ 56-57, Ex. E.) Among other alleged deficiencies with the foreclosure process, the Estate asserts that "[h]ad the Plaintiff had an opportunity for a hearing, he could have presented evidence to challenge the foreclosure . . . [because] Fannie Mae was not the mortgagee on the date of the foreclosure sale." (*Id.*, ¶ 59.)

Despite alleging that Fannie Mae had transferred its interest in the Mortgage to Rushmore and, therefore, was not the mortgagee on the date of the foreclosure sale, the Estate failed to name Rushmore as a party in this case when it filed the Complaint on April 19, 2018. (*See* Docket Entry ("Dkt.") 1.) In anticipation of the Estate filing an amended complaint to add Rushmore as a party, the Estate granted several extensions for defendants to file responses to the Complaint. (*See* Dkt. 19, 23, 26, 30, 32, and 34.) Then, during the parties December 7, 2018 telephone conference with the Court, the parties explained that the Estate needed to, and planned to, add Rushmore as a party in the case and, therefore, it did not make sense for the defendants to have to respond to the Complaint until it was amended. As a result, the Court entered a text order on December 7, 2018 providing that "Plaintiff shall file an Amended Complaint to add new defendants within 30 days." (Dkt. 12/7/2018.)

3

Thereafter, the Estate filed requests for, and obtained, **four** extensions of the deadline to amend its Complaint. (*See* Dkt. 38-41.) The Court granted each extension, which ultimately resulted in a deadline of February 4, 2019 for the Estate to file an amended complaint. (Dkt. 1/31/2019.) Defense counsel even followed up with the Estate's counsel after the deadline, on February 21, 2019, regarding the status of the amended complaint. (Declaration of Zachary W. Berk, Esq. ("Berk Dec."), submitted herewith, at ¶ 2, Ex. A.) The Estate's counsel replied that he would "have it filed this week." (*Id.*) Despite the extensions and assurances of the Estate's counsel, nine months have now passed beyond the deadline for the Estate to file its amended complaint, and it is four months after the close of fact discovery, and the Estate still has never filed or sought to file an amended complaint to add Rushmore, or any other parties, to this case.

In the meantime, Putnam has been unable to evict Mr. Fitch from the Property. Specifically, after purchasing the Property, Putnam filed a complaint to evict Mr. Fitch on October 20, 2017. (Berk Dec. at ¶ 3, Ex. B.) However, due to this case, for more than two years, Putnam has been unable to conclude the eviction action and take possession of its property. Indeed, Mr. Fitch has continued to reside at the Property for free while Putnam has paid the real estate taxes and other property related expenses.

## ARGUMENT

### A. The Estate's Case Should be Dismissed Because It Has Failed to Add an Indispensable Party.

Pursuant to Fed. R. Civ. P. 19(a), an entity subject to service of process "*must* be joined" as a party in the action if: (1) complete relief cannot be awarded to the existing parties unless that entity is joined; *or* (2) the entity claims an interest related to the subject of the action and is so situated that disposing of the action without that entity would impair or impede its ability to protect that interest *or* subject any of the existing parties to a risk of double relief or otherwise

4

inconsistent obligations. Rule 19(b) then provides for "the dismissal of suits when the court determines that the joinder of the 'necessary' parties is not feasible, but that they are, nonetheless, so 'indispensable' that the suit must not be litigated without them." *Picciotto v. Cont'l Cas. Co.*, 512 F.3d 9, 15 (1st Cir. 2008).

The question of whether a party is indispensable depends on "whether in equity and good conscience" an action can proceed without the absent party. *B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc.*, 516 F.3d 18, 23 (1st Cir. 2008). Rule 19(b) sets forth four factors to be considered in this analysis:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
> > (A) protective provisions in the judgment;
> > (B) shaping the relief; or
> > (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). Courts have "considerable discretion to assess the importance and weight of all relevant factors" regarding dismissal for failure to join a party and, thus, whether a party is indispensable "largely depends upon the specific circumstances of a case." *Potter*, 826 F.Supp. at 64. "If absent parties are indispensable, the entire action . . . must be dismissed." *Id.* Lastly, the issue of non-joinder may be raised at any time, including by the court *sua sponte*. *See Picciotto*, 512 F.3d at 23 n.21.

This Court need not look far for examples of foreclosure-related cases that have been dismissed due to plaintiffs' failures to add indispensable parties. In analyzing Rhode Island's

corollary to the Declaratory Judgment Act, in *Rosano v. Mortgage Elec. Registration Sys., Inc.*, 91 A.3d 336, 339 (R.I. 2014), the Rhode Island Supreme Court affirmed the dismissal of claim for declaratory relief in a residential foreclosure action finding that the plaintiff's failure to join an alleged title holder was "fatal" to the plaintiff's case. Specifically, the Court noted that "[i]t is difficult to imagine a scenario in which the complete relief sought—the quieting of title to the property—could be accorded to plaintiff where the current title holder is not named as a party." *Id.* at 340. *See also Orlando v. Mortgage Elec. Registration Sys., Inc.*, 99 A.3d 989, 989 (R.I. 2014) (affirming dismissal of case alleging deficiencies with foreclosure process where the plaintiff failed to join the current title holder).

Likewise, in federal cases, mortgagees have been determined to be necessary parties in foreclosure suits, and at least one court has ordered dismissal for nonjoinder of an indispensable party under Rule 19(b) where the plaintiff failed to join the mortgagee. *See Republic Realty Mortgage Corp. v. Eagson Corp.*, 68 F.R.D. 218, 221-222 (E.D. Penn 1975) (finding that foreclosure suit could not proceed "in equity and good conscience" without joinder of mortgagee); *see also Manning v. Manning*, 304 F.R.D. 227, 230 (S.D. Miss. 2015) (allowing motion to dismiss for failure to join a required party where plaintiff failed to join bank-mortgagee in reclamation of land case because "the Bank's absence may impair or impede its ability to protect its interest, and may leave the existing parties subject to a substantial risk of double, multiple or inconsistent obligations").

Here, this Court is presented with the exact same situation. The Estate alleges that Rushmore is the mortgagee of the Property that was improperly foreclosed upon. The Estate has had 18 months since this action was filed and the benefit of four extensions to add Rushmore as a party, but it has inexplicably failed to do so. Disposing of this case in the absence of Rushmore,

*i.e.*, the alleged mortgage holder, may impede Rushmore's ability to protect its interest because it is unknown whether Rushmore would take the position that the foreclosure was proper or not. Rushmore's absence could also expose the Estate, Putnam, or other parties in this case, to multiple or inconsistent obligations with regard to the Property. For example, if the Estate fails to void the conveyance to Putnam in this case, it could potentially file a new action against Rushmore (or Rushmore could file an action on its own) claiming that the foreclosure sale to Putnam is void. For this reason, a judgment rendered in Rushmore's absence would prejudice Putnam and such prejudice cannot be lessened or avoided.  Accordingly, the Court should, in its discretion, conclude that the action cannot in "equity and good conscience" proceed without the joinder of Rushmore and order its dismissal. *See* Rule 19(b); *Republic Realty Mortgage Corp.*, 68 F.R.D. at 221-222.

### B.      The Estate's Case Should be Dismissed For Failure to Prosecute.

Alternatively, this case should be dismissed due to the Estate's failure to prosecute. Pursuant to Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it" and such a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "A court has 'the authority to dismiss a case with prejudice for want of prosecution [because] this power is necessary to prevent undue delays in the disposition of pending cases, docket congestions, and the possibility of harassment of a defendant.'" *Figueroa v. Dinitto*, No. 03-186ML, 2005 WL 1924204, at *2 (D.R.I. Aug. 11, 2005) (quoting *Zavala Santiago v. Gonzaloa Rivera,* 553 F.2d 710, 712 (1st Cir. 1977)). "In dismissing a complaint for failure to prosecute, the Court may consider, among other factors, 'the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the

misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.'" *Id.* (quoting *Robson V. Hallenbeck*, 81 F.3d 1, 2 (1st Cir. 1996)).

Ultimately, the Estate has had more than enough time prosecute its claims and, specifically, to amend its Complaint to add Rushmore as a party in this case. The Estate has no excuse for its failure to amend the Complaint in accord with the Court's December 7, 2018 text order, and it has repeatedly sought and been granted extensions of its deadline to do so. Now, without explanation, the Estate has allowed nine additional months to pass without any action on its part, and fact discovery has closed. In such circumstances, dismissal is appropriate. *See, e.g.*, *Burrell v. AT & T*, 63 F. App'x 588, 589 (2d Cir. 2003) (affirming grant of Rule 41(b) motion where plaintiffs "over the course of an entire year, . . .  were granted extensions to comply with the court order to file a complaint, but they continuously failed to comply with the order" and "offer[ed] no explanation for the failure to comply"); *Pladsen v. Wall*, No. C.A. 07-323S, 2008 WL 4366015, at *2 (D.R.I. Sept. 16, 2008) (dismissing case with prejudice under Rule 41(b) where fact discovery had closed and plaintiff failed respond to discovery requests for 8 months after requesting an extension, failed to request an additional extension, and did not object to the discovery).

Moreover, the Estate's failure to amend its Complaint can only be seen as a delay tactic to extend Mr. Fitch's free stay in the Property at Putnam's expense. For more than two years, Putnam has been prevented from concluding its eviction action due to the Estate's allegations in this case. Every month this case continues, Mr. Fitch lives in the Property while Putnam pays the real estate taxes and other property related expenses, and is prevented from taking possession of the Property and using it to generate income. Unquestionably, Putnam has been prejudiced by the

Estate's inexcusable delay in seeking to amend its complaint and failure to prosecute its case. *Dodson v. Runyon*, 957 F. Supp. 465, 470 (S.D.N.Y. 1997), *aff'd*, 152 F.3d 917 (2d Cir. 1998) (stating that "prejudice to defendant may be presumed where a delay in prosecution is neither moderate not excusable"); *Dunn v. Kmart Corp.*, No. 3:00-CV-00723-JO, 2015 WL 4920782, at *1 (D.Or. Aug. 17, 2015) (stating, in ruling on a Rule 41(b) motion, "whether actual prejudice exists may be an important factor in deciding whether a given delay is 'unreasonable'"). The Estate should not be permitted to cause further delay for its own benefit through the filing of an amended complaint at this time, which would add a new party and necessarily require an additional discovery period. Accordingly, the Estate's case should be dismissed with prejudice. *See Sedgwick v. Unknown K9 Handler,* 2013 WL 2396155 (S.D. Cal. 2013) (dismissal with prejudice for failure to prosecute ordered because plaintiff's dilatory conduct was willful and in bad faith).

## CONCLUSION

For the reasons set forth herein, this motion should be granted and the Estate's Complaint should be dismissed with prejudice.

266 PUTNAM AVENUE, LLC

By its attorney,

/s/ Zachary W. Berk
Zachary W. Berk (RI Bar No. 7453)
SAUL EWING ARNSTEIN & LEHR LLP
131 Dartmouth Street, Suite 501
Boston, MA 02116
T: (617) 912-0927
F: (617) 723-4151
Zachary.Berk@saul.com

DATED: November 8, 2019

## **<u>CERTIFICATE OF SERVICE</u>**

I, Zachary W. Berk, counsel for Defendant 266 PUTNAM AVENUE, LLC, hereby certify that I served a true copy of the within document upon all counsel of record through the Court's electronic filing system.

| | |
|---|---|
| 11/08/19 | */s/ Zachary W. Berk* |
| Date | Zachary W. Berk |