UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KENNETH FITCH and ESTATE OF DIANNE L. FITCH, Plaintiffs, v. FEDERAL HOUSING FINANCE AGENCY; FEDERAL NATIONAL MORTGAGE ASSOCIATION; WELLS FARGO BANK, N.A.; HARMON LAW OFFICES, P.C.; and 266 PUTNAM AVENUE, LLC, Defendants. | C.A. No. 18-214-JJM-PAS |

MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

Defendant Harmon Law Offices, P.C. ("Harmon") moves to dismiss the single claim in Count VI that Kenneth Fitch and the Estate of Dianne L. Fitch[1] levels against it for violating the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 42. Because the Court agrees with Harmon that it did not act as a debt collector in representing the mortgagee in the non-judicial foreclosure of the Fitch's property, Harmon's motion is GRANTED.

---

[1] In opposing Harmon's motion, Plaintiffs agree to remove the Estate of Dianne L. Fitch from Count VI; when the Court uses the term "Plaintiff" in this Order, it is referring to Mr. Fitch only.

I. BACKGROUND

The Court takes the allegations in Plaintiff's Complaint as true for the purposes of Harmon's motion.

Ms. Fitch executed a note on a $96,648.00 loan on December 31, 2009 on a property in Cumberland, Rhode Island, and a mortgage as security for the note. ECF No. 1 at ¶ 48. She was the sole owner of the property; Mr. Fitch was not a party to the loan transaction and did not sign the note. *Id.* Mr. Fitch appears to have executed the mortgage but only in his capacity as a non-vested spouse. Ms. Fitch passed away on April 7, 2014. *Id.* at ¶ 13.

On or about March 31, 2017, the loan went into default for nonpayment. Wells Fargo hired Harmon to bring foreclosure proceedings. *Id.* at ¶ 52. On April 20, 2017, Harmon sent a notice of foreclosure sale. *Id.* at ¶ 53. Harmon advertised the notice of sale during May, June, and July 2017 in the *Pawtucket Times* newspaper. On July 28, 2017, the Kay Street property was sold at foreclosure auction. *Id.* at ¶ 56. Months later in December 2017, Mr. Fitch was appointed administrator of Ms. Fitch's estate. The Estate of Ms. Fitch and Mr. Fitch filed an eight count Complaint against Federal Housing Finance Agency, Federal National Mortgage Association ("Fannie Mae"), Wells Fargo Bank, N.A., Harmon, and 266 Putnam Avenue, LLC, alleging violations of various statutes and due process.

II. STANDARD OF REVIEW

To survive a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim

2

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility inquiry necessitates a two-step pavane." *García-Catalán v. United States*, 734 F.3d 100, 103 (1st Cir. 2013). "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *Id.* (quoting *Morales–Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *García-Catalán*, 734 F.3d at 103 (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011)). "In determining whether a complaint crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.'" *García-Catalán*, 734 F.3d at 103 (quoting *Iqbal*, 556 U.S. at 679).

III. DISCUSSION

Harmon conducted a nonjudicial foreclosure proceeding on behalf of Wells Fargo and Fannie Mae to enforce their security interests in the Fitch's property after the Fitch's failure to make payments. In Count VI[2] of the Complaint, the only count to address Harmon's alleged conduct, Mr. Fitch alleges that Harmon sent a notice of sale to him on April 20, 2017 about a foreclosure sale to take place that summer.

---

[2] The Complaint lists the FDCPA claim as Count V, but numerically it should be Count VI. ECF No. 1 at 27.

3

Harmon conducted the foreclosure sale on July 28, 2017 after publishing notices of sale in the *Pawtucket Times* from May 22, 2017 until July 27, 2017.

The Complaint allegations are not particularly pointed, rendering a decision on a motion to dismiss tricky. Harmon levels several arguments in support of its motion to dismiss but emphasizes its argument that Harmon is not a "debt collector" as defined in the FDCPA. Because the Court finds that Harmon's conduct did not put it in the category of an FDCPA debt collector, it will address Harmon's conduct in executing the foreclosure on Wells Fargo and Fannie Mae's behalf first.

According to the FDCPA, a "debt collector" is defined as a person in any business "the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The United States Supreme Court dealt with the parameters of this definition in *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1036–38 (2019). The Supreme Court noted that Congress wrote a primary definition, which it recognized would include a business, like Harmon, engaged in nonjudicial foreclosure proceedings. *Id.* at 1036 (quoting § 1692a(6)) ("[F]oreclosure is a means of collecting a debt. And a business pursuing nonjudicial foreclosures would, under the capacious language of the Act's primary definition, be one that 'regularly collects or attempts to collect, directly or indirectly, debts.'").

The Supreme Court also noted that Congress included a "limited-purpose definition," that explains "'[f]or the purpose of section 1692f(6)'[3] a debt collector 'also includes' a business, ..., 'the principal purpose of which is the enforcement of security interests'" *Id.* at 1037 (quoting § 1692a(6)). Focusing on the addition of the word "also" and giving it its full effect, the Supreme Court concluded that "the limited-purpose definition narrows the primary definition, so that the debt-collector-related prohibitions of the FDCPA (with the exception of § 1692f(6)) do *not* apply to those who, . . ., are engaged in no more than security-interest enforcement." *Id.* at 1037. In conclusion, the *Obduskey* Court was convinced "that, but for § 1692f(6), those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act." *Id.* at 1038; *see also King v. Wells Fargo Home Mortg.*, Civil Action No. 11-10781-GAO, 2013 WL 1196664, at *3 (D. Mass. Mar. 25, 2013); *Speleos v. BAC Home Loans Serv., L.P.*, 824 F. Supp. 2d 226 (D. Mass. 2011).

Given the *Obduskey* Court's definitive ruling on this issue under similar factual circumstances, the Court applies that holding to Mr. Fitch's case. Harmon was engaged by Wells Fargo and Fannie Mae to begin foreclosure proceedings to protect their security interest in the Fitch's property therefore it was not a debt

---

[3] Subsection 1692(f)(6) prohibits a debt collector from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property ...; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." This section thus does not provide an additional definition for debt collector; it merely lists additional prohibitions on a debt collector's acts.

5

collector under the FDCPA.[4] Mr. Fitch's claims in Count VI for violating the FDCPA must be dismissed.

## IV. CONCLUSION

Mr. Fitch does not state a claim for a violation of the FDCPA on which he is entitled to relief. The Court GRANTS Harmon's motion to dismiss Count VI. ECF No. 42.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.
John J. McConnell, Jr.
United States District Judge

December 16, 2019

---

[4] The Court also considered that Congress decided to treat "security interest enforcement differently from ordinary debt collection in order to avoid conflicts with state nonjudicial foreclosure schemes" that provide protections and benefits to debtors. *Obduskey*, 139 S. Ct. at 1037.