# EXHIBIT G

# John B. Ennis
*Attorney at Law*
**1200 Reservoir Avenue**
**Cranston, Rhode Island 02920**

Tel. (401) 943-9230                                       Fax (401) 679-0035

October 26, 2017
Wells Fargo Home Mortgage
Attn: Request for Information & Notice of Errors
P.O. Box 10335
Des Moines, IA 50306



Client: Estate of Dianne L. Fitch
Address: 73 Kay Street
Cumberland, RI 02864
Loan No.: 0116876228

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding mortgage loan servicing. Under these amendments, you must acknowledge receipt of this Notice within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise me of your responses to this notice within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays).

The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Under Section 1024.35(b) of Amended Regulation X, the term "error" means the following categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the borrower to follow in making payments.
(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law.
(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in violation of the prompt crediting provisions in 12 CFR 1026.36(c)(1).
(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as required by the escrow provisions of § 1024.34(a), or to refund an escrow account balance as required by § 1024.34(b).
(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the consumer, which includes, for example, a late fee for a payment that was not late, a charge you





imposed for a service that was not provided, a default property-management fee for consumers who are not in a delinquency status that would justify the charge, or a charge for force-placed insurance provisions.
(6) Failure to provide an accurate payoff balance amount upon a borrower's request pursuant to 12 CFR 1026.36(c)(3).
(7) Failure to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.39.
(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.
(9) Making the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).
(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).
(11) Any other error relating to the servicing of the consumer's mortgage loan. Please note "servicing" is defined in § 1024.2(b).

**The consumer in this case believes that you committed an error by sending the consumer a Notice of Sale and conducting what you claim to be a foreclosure sale without sending the consumer an acceleration letter and despite never having accelerated the mortgage loan and despite not having sent the consumer a default letter pursuant to the terms of the mortgage or a Notice of Mediation from Federal National Mortgage Association pursuant to RIGL 34-27-3.2. In addition, you conducted a sale on July 28, 2017 despite the fact that on July 26, 2017 the mortgage loan and note had been sold by Federal National Mortgage Association. Thus this sale on behalf of Federal National Mortgage Association could not have occurred since on July 238, 2017 it had no interest in the note or the mortgage. A copy of this purported foreclosure deed is attached along with the Notice of Sale of Mortgage Loan sent by the new loan servicer, Rushmore Loan Management Services, LLC**

**Thus any legal fees, costs or charges arising from this notice of sale and purported foreclosure should be removed from the consumer's mortgage loan account along with any prior foreclosure related expenses.**

Please correct all of these errors and provide me with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrower through my firm with a notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information for further assistance.

Please be advised that for 60 days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to § 1024.35(i).
Sincerely,

*/s/ John B. Ennis*

John B. Ennis, Esq.

Case 1:18-cv-00214-JJM-PAS   Document 60-7   Filed 01/14/20   Page 6 of 6 PageID #: 598