# EXHIBIT H



John B. Ennis Esq.
1200 RESERVOIR AVE
CRANSTON RI 02920-6012

USPS CERTIFIED MAIL

9407 1108 9876 5016 0617 15

Wells Fargo Home Mortgage
PO BOX 10335
DES MOINES IA 50306-0335

US POSTAGE AND FEES PAID
FIRST-CLASS
Aug 07 2018
Mailed from ZIP 02920
4 oz First-Class Mail Flats Rate

071S00777793

endicia.com

# John B. Ennis
*Attorney at Law*
**1200 Reservoir Avenue**
Cranston, Rhode Island 02920

Tel. (401) 943-9230             Fax (401) 679-0035

August 7, 2018
Wells Fargo Home Mortgage
Attn: Request for Information & Notice of Errors
P.O. Box 10335
Des Moines, IA 50306

Client: Diane Fitch (Estate)
Address: 73 Kay Street
Cumberland, RI 02864
Loan No.: ███████

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding mortgage loan servicing. Under these amendments, you must acknowledge receipt of this Notice within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise me of your responses to this notice within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays).

The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Under Section 1024.35(b) of Amended Regulation X, the term "error" means the following categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the borrower to follow in making payments.
(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law.
(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in violation of the prompt crediting provisions in 12 CFR 1026.36(c)(1).
(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as required by the escrow provisions of § 1024.34(a), or to refund an escrow account balance as required by § 1024.34(b).
(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the consumer, which includes, for example, a late fee for a payment that was not late, a charge you imposed for a service that was not provided, a default property-management fee for consumers

who are not in a delinquency status that would justify the charge, or a charge for force-placed insurance provisions.
(6) Failure to provide an accurate payoff balance amount upon a borrower's request pursuant to 12 CFR 1026.36(c)(3).
(7) Failure to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.39.
(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.
(9) Making the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).
(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).
(11) Any other error relating to the servicing of the consumer's mortgage loan. Please note "servicing" is defined in § 1024.2(b).

**The consumer in this case believes that you have committed an error by refusing to respond to a Notice of Error within thirty business days of receipt. This Notice of Error identified the following error:**

**The consumer in this case believes that you have committed error not responding to a Request for Information dated October 26, 2017 and received by you on November 6, 2017. This Request for Information requested the following information:**

**All periodic monthly statements which were prepared by you for the consumer's mortgage loan account from the time you commenced servicing of the consumer's mortgage loan to the present. Please include all statements which were generated but which were not sent to the consumer.**

In your November 15, 2017 response, you stated:

We've determined the items you requested are considered to be confidential, privileged and/or proprietary information of Wells Fargo. For this reason, we're unable to provide the documents requested.

**The consumer in this case believes that you have committed error by refusing to respond to a Request for Information seeking this information. Your contention that this request would not be provided because they are considered to be privileged, confidential and/or proprietary information of Wells Fargo is your standard generic response, which you regularly use, which is not specifically designed to respond to the particular request contained in the October 26, 2017 Request for Information.**

**The consumer has not received the periodic statements. The consumer is entitled to this information.**

**You received this Notice of Error on June 22, 2018. You mailed the consumer a letter dated July 20, 2018 in which you stated:**

> **We received an inquiry in our office, however the account is in active litigation. Here is the litigation information for your reference...**
> **We won't be providing a response to your inquiry because the issues raised are the same or very closely related to the issues in the pending litigation.**
> **The Request for Information was submitted to you by letter dated October 26, 2017, which was prior to any litigation. The Notice of Error was not an inquiry. Your generic response is the same response you provide to any Notices of Error or Requests for Information when there is pending litigation. However there is no litigation exception which exempts you from responding to Requests for Information or Notices of Error, when there is pending litigation.**

Please correct all of these errors and provide me with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrower through my firm with a notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information for further assistance.

Please be advised that for 60 days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to § 1024.35(i).

Sincerely,

John B. Ennis, Esq.



July 20, 2018

John B. Ennis
Attorney At Law
1200 Reservior Avenue
Cranston, RI 02920

Subject: Resolution to your inquiry about Dianne L. Fitch, account number

Dear John B. Ennis:

We received an inquiry in our office, however, the account is in active litigation. Here is the litigation information for your reference:

- Court: District Court for Rhode Island
- County: N/A
- Case Number:
- Date of Filing: April 19, 2018
- Case Name: : Kenneth Fitch Estate of Diane L. Fitch v. Federal Housing Financing Agency, Federal National Mortgage Association, Wells Fargo Bank, N.A., Harmon Law Offices, PC

We won't be providing a response to your inquiry because the issues raised are the same or very closely related to the issues raised in the pending litigation. We've forwarded your inquiry to our litigation counsel to review during the pending litigation.

**Going forward**

We value your feedback and appreciate the time and effort you took to contact us. It's been my goal to fully address the concerns you've brought to our attention.

If you have any questions, I'm here to help. You may reach me at 1-800-853-8516, extension 1335721072. I am available to assist you Monday through Friday, 8:00 a.m. to 5:00 p.m. Central Time. If you require immediate assistance and I am unavailable, other representatives are available to assist you at 1-800-853-8516, Monday through Friday, 7:00 a.m. to 7:00 p.m. Central Time.

Sincerely,

Christina Moss
Executive Resolution Specialist
Customer Care and Recovery Group

EX003/M62/NONO/cl000

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801

John B. Ennis
Attorney At Law
1200 Reservior Avenue
Cranston, RI 02920

This page was left intentionally blank

John B. Ennis Esq.
1200 RESERVOIR AVE
CRANSTON RI 02920-6012

US POSTAGE AND FEES PAID
FIRST-CLASS
Jun 19 2018
Mailed from ZIP 02920
2 oz First-Class Mail Letter



071S00777793

**USPS CERTIFIED MAIL**



9407 1108 9876 5013 4572 52

Wells Fargo Home Mortgage
Attn Notice of Error Request for Information
PO BOX 10335
DES MOINES IA 50306-0335

FOLD ALONG THIS LINE

# John B. Ennis
*Attorney at Law*
**1200 Reservoir Avenue**
Cranston, Rhode Island 02920

Tel. (401) 943-9230Fax (401) 679-0035

June 15, 2018

Wells Fargo Home Mortgage
Attn: Request for Information & Notice of Errors
P.O. Box 10335
Des Moines, IA 50306

Client:  Diane Fitch (Estate)
Address: 73 Kay Street
Cumberland, RI 02864
Loan No.: ███████
Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding mortgage loan servicing. Under these amendments, you must acknowledge receipt of this Notice within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise me of your responses to this notice within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays).

The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Under Section 1024.35(b) of Amended Regulation X, the term "error" means the following categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the borrower to follow in making payments.
(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law.
(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in violation of the prompt crediting provisions in 12 CFR 1026.36(c)(1).
(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as required by the escrow provisions of § 1024.34(a), or to refund an escrow account balance as required by § 1024.34(b).
(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the consumer, which includes, for example, a late fee for a payment that was not late, a charge you imposed for a service that was not provided, a default property-management fee for consumers

who are not in a delinquency status that would justify the charge, or a charge for force-placed insurance provisions.
(6) Failure to provide an accurate payoff balance amount upon a borrower's request pursuant to 12 CFR 1026.36(c)(3).
(7) Failure to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.39.
(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.
(9) Making the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).
(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).
(11) Any other error relating to the servicing of the consumer's mortgage loan. Please note "servicing" is defined in § 1024.2(b).

**The consumer in this case believes that you have committed error not responding to a Request for Information dated October 26, 2017 and received by you on November 6, 2017. This Request for Information requested the following information:**

**All periodic monthly statements which were prepared by you for the consumer's mortgage loan account from the time you commenced servicing of the consumer's mortgage loan to the present. Please include all statements which were generated but which were not sent to the consumer.**

**In your November 15, 2017 response, you stated:**

**We've determined the items you requested are considered to be confidential, privileged and/or proprietary information of Wells Fargo. For this reason, we're unable to provide the documents requested.**

**The consumer in this case believes that you have committed error by refusing to respond to a Request for Information seeking this information. Your contention that this request would not be provided because they are considered to be privileged, confidential and/or proprietary information of Wells Fargo is your standard generic response, which you regularly use, which is not specifically designed to respond to the particular request contained in the October 26, 2017 Request for Information.**

**The consumer has not received the periodic statements. The consumer is entitled to this information.**

Please correct all of these errors and provide me with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrower through my firm with a notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied

upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information for further assistance.

Please be advised that for 60 days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to § 1024.35(i).

Sincerely,

John B. Ennis, Esq.



Wells Fargo
PO Box 10335
Des Moines, IA 50306-0335

November 15, 2017

John B. Ennis
John B. Ennis Attorney at Law
1200 Reservoir Ave
Cranston, RI 02920

Subject: Status update to the inquiry for the Estate of Diane L. Fitch, account number ▮▮▮▮

Dear John B. Ennis and John B. Ennis Attorney at Law:

**We've completed our initial review of your inquiry sent to us on November 07, 2017.**

We appreciate your patience and understanding as we complete our research for the items below.

- Current status of the loan
- Request for loan validation
- Service transfer contact information
- Acceleration letter and default notification letters
- Servicing file request
- Mediation letters / documents with the Rhode Island Housing

We're unable to provide any further information because your remaining requests are too broad. If you'd like to provide us with more specific details about what you're seeking, we'll review your request again.

**Servicing and collection notes, inspection and legal fees, documents sent to Rushmore Loan Management**

We've completed our review of your request for documentation and information. We've determined the items you requested are considered to be confidential, privileged and/or proprietary information of Wells Fargo. For this reason, we're unable to provide the documents requested. Investor information

**Going forward**

We value your feedback and appreciate the time and effort you took to contact us. It's been my goal to fully address the requests you've brought to our attention. If you have any questions, I'm here to help. You may reach me at 1-800-853-8516, extension 1335621626. I am available to assist you Monday through Friday, 8:00 a.m. to 5:00 p.m. Central Time. If you require immediate assistance and I am unavailable, other representatives are available to assist you at 1-800-853-8516, Monday through Friday, 7:00 a.m. to 7:00 p.m. Central Time.

Sincerely,


Steven LeRoy
Executive Resolution Specialist
Customer Care and Recovery Group

CC:   Representative of Dianne L Fitch
      73 Kay St
      Cumberland, RI 02864


EX006/30E/co5455199/cl708

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801

John B. Ennis Esq.
1200 RESERVOIR AVE
CRANSTON RI 02920-6012

US POSTAGE AND FEES PAID
FIRST-CLASS
Nov 03 2017
Mailed from ZIP 02920
1 oz First-Class Mail Letter



071S00777793

**USPS CERTIFIED MAIL**



9407 1108 9876 5000 7741 57

Wells Fargo Home Mortgage
Attn Notice of Error Request for Information
PO BOX 10335
DES MOINES IA 50306-0335

FOLD ALONG THIS LINE

# John B. Ennis

*Attorney at Law*
**1200 Reservoir Avenue**
**Cranston, Rhode Island 02920**

Tel. (401) 943-9230                                                             Fax (401) 679-0035

October 26, 2017
Wells Fargo Home Mortgage
Attn: Request for Information & Notice of Errors
P.O. Box 10335
Des Moines, IA 50306

Client: Estate of Dianne L. Fitch
Address: 73 Kay Street
Cumberland, RI 02864
Loan No.: ▮▮▮▮▮▮▮
**Re: Request for Information Pursuant to Section 1024.36 of Regulation X**

Dear Sir or Madam:

This is a Request for Information relating to your servicing of the mortgage loan of the above-named client. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Pursuant to Section 1024.36(c) of Regulation X, you must within five (5) days (excluding legal public holidays, Saturdays and Sundays) provide our office with a response to this Request acknowledging receipt of this information request.

Pursuant to Section 1024.36(d), you must respond no later than thirty (30) days (excluding legal public holidays, Saturdays and Sundays) after you receive this request for information.
Please provide the following information within the time periods noted herein:
**All periodic monthly statements which were prepared by you for the consumer's mortgage loan account from the time you commenced servicing of the consumer's mortgage loan to the present. Please include all statements which were generated but which were not sent to the consumer.**
Sincerely,

*[signature]*
John B. Ennis, Esq.