# EXHIBIT J

John B. Ennis Esq.
1200 RESERVOIR AVE
CRANSTON RI 02920-6012

USPS CERTIFIED MAIL

9407 1108 9876 5016 0611 35

Wells Fargo Home Mortgage
PO BOX 10335
DES MOINES IA 50306-0335

US POSTAGE AND FEES PAID
FIRST-CLASS
Aug 07 2018
Mailed from ZIP 02920
4 oz First-Class Mail Flats Rate

071500777793

endicia.com



# John B. Ennis

*Attorney at Law*

**1200 Reservoir Avenue**
**Cranston, Rhode Island 02920**

Tel. (401) 943-9230                                                          Fax (401) 679-0035

August 7, 2018
Wells Fargo Home Mortgage
Attn: Request for Information & Notice of Errors
P.O. Box 10335
Des Moines, IA 50306

Client:  Diane Fitch (Estate)
Address:  73 Kay Street
Cumberland, RI 02864
Loan No.: ███████
Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding mortgage loan servicing. Under these amendments, you must acknowledge receipt of this Notice within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise me of your responses to this notice within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays).

The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Under Section 1024.35(b) of Amended Regulation X, the term "error" means the following categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the borrower to follow in making payments.
(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law.
(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in violation of the prompt crediting provisions in 12 CFR 1026.36(c)(1).
(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as required by the escrow provisions of § 1024.34(a), or to refund an escrow account balance as required by § 1024.34(b).
(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the consumer, which includes, for example, a late fee for a payment that was not late, a charge you imposed for a service that was not provided, a default property-management fee for consumers

who are not in a delinquency status that would justify the charge, or a charge for force-placed insurance provisions.

(6) Failure to provide an accurate payoff balance amount upon a borrower's request pursuant to 12 CFR 1026.36(c)(3).

(7) Failure to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.39.

(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.

(9) Making the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).

(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).

(11) Any other error relating to the servicing of the consumer's mortgage loan.  Please note "servicing" is defined in § 1024.2(b).

**The consumer in this case believes that you have committed an error by refusing to respond to a Notice of Error within thirty business days of receipt. This Notice of Error identified the  following error:**

**The consumer in this case believes that you have committed error not  responding to a Request for Information dated October 26, 2017 and received by you on November 6, 2017. This Request for Information requested the following information:**

**You were requested to provide the following information:**
**The consumer request that you provide all documents supporting any Property Inspections fees charged by you and provide documents which indicate:**

**a. the reason for each property inspection**
**b. the company or vendor which did the property inspection**
**c. the invoice for each property inspection**
**d. the payment to the vendor for each property inspection**
**e. the name of the vendor employee which did each property inspection**
**f. the transmittal of each property inspection information to the loan servicer**
**g. the order for each property inspection sent to the vendor**
**h. the reasonableness of each property inspection**
**i. the necessity for each property inspection**
**j. the person at the loan servicer who reviewed each property inspection**
**k. any written comments by the person who reviewed each property inspection**
**l. the relationship of each vendor which did the property inspection to the loan servicer**
**m. each written property inspection report**
**o.  all photographs of the subject property**

**In your November 15, 2017 response, you stated:**

We've determined the items you requested are considered to be confidential, privileged and/or proprietary information of Wells Fargo. For this reason, we're unable to provide the documents requested.

The consumer in this case believes that you have committed error by refusing to respond to a Request for Information seeking this information regarding any property inspection fees charged to the consumer's mortgage loan account. Your contention that this request would not be provided because they are considered to be privileged, confidential and/or proprietary information of Wells Fargo is your standard generic response, which you regularly use, which is not specifically designed to respond to the particular request contained in the October 26, 2017 Request for Information.

The consumer is entitled to be advised of any information relating to property inspection fees charged to the mortgage loan account.

You received this Notice of Error on June 22, 2018. You mailed the consumer a letter dated July 20, 2018 in which you stated:
We received an inquiry in our office, however the account is in active litigation. Here is the litigation information for your reference. . .
We won't be providing a response to your inquiry because the issues raised are the same or very closely related to the issues in the pending litigation.
The Request for Information was submitted to you by letter dated October 26, 2017, which was prior to any litigation. The Notice of Error was not an inquiry. Your generic response is the same response you provide to any Notices of Error or Requests for Information when there is pending litigation. However there is no litigation exception which exempts you from responding to Requests for Information or Notices of Error, when there is pending litigation.

Please correct all of these errors and provide me with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrower through my firm with a notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information for further assistance.

Please be advised that for 60 days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to § 1024.35(i).

Sincerely,

John B. Ennis, Esq.



Wells Fargo
P.O. Box 10335
Des Moines, IA 50306-0335

July 20, 2018

John B. Ennis
Attorney At Law
1200 Reservior Avenue
Cranston, RI 02920

Subject:  Resolution to your inquiry about Dianne L. Fitch, account number ████████

Dear John B. Ennis:

We received an inquiry in our office, however, the account is in active litigation. Here is the litigation information for your reference:

- Court: District Court for Rhode Island
- County: N/A
- Case Number: 1:8██████JJM-PAS
- Date of Filing: April 19, 2018
- Case Name: : Kenneth Fitch Estate of Diane L. Fitch v. Federal Housing Financing Agency, Federal National Mortgage Association, Wells Fargo Bank, N.A., Harmon Law Offices, PC

We won't be providing a response to your inquiry because the issues raised are the same or very closely related to the issues raised in the pending litigation. We've forwarded your inquiry to our litigation counsel to review during the pending litigation.

**Going forward**

We value your feedback and appreciate the time and effort you took to contact us. It's been my goal to fully address the concerns you've brought to our attention.

If you have any questions, I'm here to help. You may reach me at 1-800-853-8516, extension 13357210072. I am available to assist you Monday through Friday, 8:00 a.m. to 5:00 p.m. Central Time. If you require immediate assistance and I am unavailable, other representatives are available to assist you at 1-800-853-8516, Monday through Friday, 7:00 a.m. to 7:00 p.m. Central Time.

Sincerely,

Christina Moss
Executive Resolution Specialist
Customer Care and Recovery Group

EX003/M62/NONO/cl000

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801

John B. Ennis
Attorney At Law
1200 Reservior Avenue
Cranston, RI 02920

**This page was left intentionally blank**

John B. Ennis Esq.
1200 RESERVOIR AVE
CRANSTON RI 02920-6012

US POSTAGE AND FEES PAID
**FIRST-CLASS**
Jun 18 2016
Mailed from ZIP 02920
2 oz First-Class Mail Letter



071S00777793

## USPS CERTIFIED MAIL



**9407 1108 9876 5013 4623 86**

Wells Fargo Home Mortgage
Attn Notice of Error Request for Information
PO BOX 10335
DES MOINES IA 50306-0335

FOLD ALONG THIS LINE

# John B. Ennis

*Attorney at Law*

**1200 Reservoir Avenue**
**Cranston, Rhode Island 02920**

Tel. (401) 943-9230                                              Fax (401) 679-0035

June 15, 2018

Wells Fargo Home Mortgage
Attn: Request for Information & Notice of Errors
P.O. Box 10335
Des Moines, IA 50306

Client:  Diane Fitch (Estate)
Address:  73 Kay Street
Cumberland, RI 02864
Loan No.: ████████████
Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding mortgage loan servicing. Under these amendments, you must acknowledge receipt of this Notice within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise me of your responses to this notice within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays).

The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Under Section 1024.35(b) of Amended Regulation X, the term "error" means the following categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the borrower to follow in making payments.
(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law.
(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in violation of the prompt crediting provisions in 12 CFR 1026.36(c)(1).
(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as required by the escrow provisions of § 1024.34(a), or to refund an escrow account balance as required by § 1024.34(b).
(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the consumer, which includes, for example, a late fee for a payment that was not late, a charge you imposed for a service that was not provided, a default property-management fee for consumers

who are not in a delinquency status that would justify the charge, or a charge for force-placed insurance provisions.

(6) Failure to provide an accurate payoff balance amount upon a borrower's request pursuant to 12 CFR 1026.36(c)(3).

(7) Failure to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.39.

(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.

(9) Making the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).

(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).

(11) Any other error relating to the servicing of the consumer's mortgage loan. Please note "servicing" is defined in § 1024.2(b).

**The consumer in this case believes that you have committed error not responding to a Request for Information dated October 26, 2017 and received by you on November 6, 2017. This Request for Information requested the following information:**

**You were requested to provide the following information:**
**The consumer request that you provide all documents supporting any Property Inspections fees charged by you and provide documents which indicate:**

**a. the reason for each property inspection**
**b. the company or vendor which did the property inspection**
**c. the invoice for each property inspection**
**d. the payment to the vendor for each property inspection**
**e. the name of the vendor employee which did each property inspection**
**f. the transmittal of each property inspection information to the loan servicer**
**g. the order for each property inspection sent to the vendor**
**h. the reasonableness of each property inspection**
**i. the necessity for each property inspection**
**j. the person at the loan servicer who reviewed each property inspection**
**k. any written comments by the person who reviewed each property inspection**
**l. the relationship of each vendor which did the property inspection to the loan servicer**
**m. each written property inspection report**
**o. all photographs of the subject property**

**In your November 15, 2017 response, you stated:**

**We've determined the items you requested are considered to be confidential, privileged and/or proprietary information of Wells Fargo. For this reason, we're unable to provide the documents requested.**

The consumer in this case believes that you have committed error by refusing to respond to a Request for Information seeking this information regarding any property inspection fees charged to the consumer's mortgage loan account. Your contention that this request would not be provided because they are considered to be privileged, confidential and/or proprietary information of Wells Fargo is your standard generic response, which you regularly use, which is not specifically designed to respond to the particular request contained in the October 26, 2017 Request for Information.

The consumer is entitled to be advised of any information relating to property inspection fees charged to the mortgage loan account.

Please correct all of these errors and provide me with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrower through my firm with a notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information for further assistance.

Please be advised that for 60 days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to § 1024.35(i).

Sincerely,

John B. Ennis, Esq.

John B. Ennis Esq.
1200 RESERVOIR AVE
CRANSTON RI 02920-6012

US POSTAGE AND FEES PAID
**FIRST-CLASS**
Nov 03 2017
Mailed from ZIP 02920
1 oz First-Class Mail Letter


071S00777793
endicia.com

**USPS CERTIFIED MAIL**



**9407 1108 9876 5000 7734 33**

Wells Fargo Home Mortgage
Attn Notice of Error Request for Information
PO BOX 10335
DES MOINES IA 50306-0335

FOLD ALONG THIS LINE

# John B. Ennis

*Attorney at Law*

**1200 Reservoir Avenue**

**Cranston, Rhode Island 02920**

**Tel. (401) 943-9230**

October 26, 2017

Wells Fargo Home Mortgage

Attn: Request for Information & Notice of Errors

P.O. Box 10335

Des Moines, IA 50306

Client: Estate of Dianne L. Fitch

Address: 73 Kay Street

Cumberland, RI 02864

Loan No.: ■■■■■■■■

Dear Sir or Madam:

This is a Request for Information related your servicing of the mortgage loan of the above-named client. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act. Please note that these new Regulations became effective on January 10, 2014.

The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Pursuant to Section 1024.36(c) of Regulation X, you must within five (5) days (excluding legal public holidays, Saturdays and Sundays) provide my office with a response to this Request acknowledging receipt of the same.

Pursuant to Section 1024.36(d)(ii)(2)(A), not later than ten (10) days (excluding public holidays, Saturdays and Sundays) after you receive this request for information you must provide me with the identify of, and address or other relevant contact information for the owner of the mortgage loan identified herein. For all of the other information requested herein, and pursuant to Section 1024.36(d)(ii)(2)(B), you must respond not later than thirty (30) days (excluding legal public holidays, Saturdays and Sundays) after you receive this request for information.

**The consumer request that you provide all documents supporting any Property Inspections fees charged by you and provide documents which indicate:**

**a. the reason for each property inspection**

**b. the company or vendor which did the property inspection**

**c. the invoice for each property inspection**

**d. the payment to the vendor for each property inspection**

**e. the name of the vendor employee which did each property inspection**

f.  the transmittal of each property inspection information to the loan servicer
g. the order for each property inspection sent to the vendor
h. the reasonableness of each property inspection
i. the necessity for each property inspection
j. the person at the loan servicer who reviewed each property inspection
k. any written comments by the person who reviewed each property inspection
l. the relationship of each vendor which did the property inspection to the loan servicer
m. each written property inspection report
o.  all photographs of the subject property


Sincerely,

John B. Ennis, Esq.