**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| KENNETH FITCH and <br> ESTATE OF DIANNE L. FITCH <br><br> Plaintiffs, <br><br> V. <br><br> FEDERAL HOUSING FINANCE <br> AGENCY, FEDERAL NATIONAL <br> MORTGAGE ASSOCIATION, <br> WELLS FARGO BANK, N.A., <br> HARMON LAW OFFICES, P.C.. <br> 266 PUTNAM AVENUE, LLC <br> RUSHMORE LOAN MANAGEMENT <br> SERVICES, LLC, and US BANK <br> NATIONAL ASSOCIATION AS <br> TRUSTEE FOR RMAC TRUST, <br> SERIES 2016-CTT <br><br> Defendants. | Civil Action No. 1:18-cv-00214 |

## DEFENDANT 266 PUTNAM AVENUE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT AND CROSS CLAIM AGAINST FEDERAL NATIONAL MORTGAGE ASSOCIATION

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant 266 Putnam Avenue, LLC ("266 Putnam") hereby answers the Amended Complaint (hereinafter, the "Complaint") of Plaintiffs, Kenneth Fitch and the Estate of Dianne L. Fitch (together, "Plaintiffs") as follows:

1.     266 Putnam denies the averment that the Estate of Dianne L. Fitch and Kenneth Fitch are the owners of real property located at 73 Kay Street, Cumberland, Rhode Island.  As to the remaining allegations of paragraph 1, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 1 of the Complaint.

2.     266 Putnam denies the averment that Kenneth Fitch is the sole owner of the property.  266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 2 of the Complaint.

3.     266 admits the averment that Kenneth Fitch currently resides at 73 Kay Street, Cumberland, Rhode Island.

4.     Paragraph 4 of the Complaint is a characterization of Plaintiffs' Complaint and the relief sought therein to which no response is required.  Further answering, 266 Putnam states that the allegations of paragraph 4 are directed to Defendants Federal National Mortgage Association ("FNMA"), Federal Housing Finance Agency ("FHFA"), Wells Fargo Bank, N.A. ("Wells Fargo"), and Harmon Law Offices P.C. ("Harmon").  As such, no response is required by 266 Putnam.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 4 of the Complaint.

5.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 5 of the Complaint.

6.     Paragraph 6 of the Complaint contains a characterization of Plaintiffs' Complaint and the relief sought therein to which no response is required.  The remaining allegations of paragraph 6 set forth legal conclusions to which no response is required; however, to the extent a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.     Paragraph 7 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, 266 Putnam denies the allegations.

8.      Paragraph 8 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, 266 Putnam denies the allegations.

9.      Paragraph 9 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, 266 Putnam denies the allegations.

10.     Paragraph 10 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, 266 Putnam denies the allegations.

11.     Paragraph 11 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, 266 Putnam denies the allegations.

12.     Plaintiffs' Complaint does not contain a Paragraph 12.

13.     Paragraph 13 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, 266 Putnam denies the allegations.

14.     Paragraph 14 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, 266 Putnam denies the allegations.

15.     266 Putnam admits the allegation that Kenneth Fitch resides at 73 Kay Street, Cumberland, Rhode Island 02917, but denies that Kenneth Fitch resides there legally.  As to the remaining allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 15 of the Complaint.

16.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 16 of the Complaint.

17.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, 266 Putnam denies the allegations.

19.     Paragraph 19 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, 266 Putnam denies the allegations.

20.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 20 of the Complaint.

21.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 21 of the Complaint.

22.     266 Putnam admits that it is a limited liability company in the State of Rhode Island.

23.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 23 of the Complaint.

24.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 24 of the Complaint.

25.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 25 of the Complaint.

26.     The allegations in paragraph 26 of the Complaint, in part, reference or are evidenced by a document referred to as a press release.  This document speaks for itself, and any characterizations thereof are denied.  To the extent that the allegations contained in paragraph 26 contradict the written document, they are also denied.  As to the remaining allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 26 of the Complaint.

## GENERAL FACTUAL ALLEGATIONS

### *The Conservatorship of FHFA over Fannie Mae*

27.     Paragraph 27 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, 266 Putnam states that it lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 27 of the Complaint.

28.     Paragraph 28 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, 266 Putnam states that it lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 28 of the Complaint.

29.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 29 of the Complaint.

30.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 30 of the Complaint.

31.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 31 of the Complaint.

32.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 32 of the Complaint.

33.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 33 of the Complaint.

34.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 34 of the Complaint.

35.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 35 of the Complaint.

36.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 36 of the Complaint.

37.     Paragraph 37 of the Complaint sets forth conclusions of law to which no response is required.  Further responding, to the extent paragraph 37 contains factual allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 37 of the Complaint.

38.     Paragraph 38 of the Complaint sets forth conclusions of law to which no response is required.  Further responding, to the extent paragraph 38 contains factual allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 38 of the Complaint.

39.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 39 of the Complaint.

40.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 40 of the Complaint.

41.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 41 of the Complaint.

42.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 42 of the Complaint.

43.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint sets forth conclusions of law to which no response is required.  Further responding, to the extent paragraph 44 contains factual allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint sets forth conclusions of law to which no response is required.  Further responding, to the extent paragraph 45 contains factual allegations 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 45 of the Complaint.

46.     Paragraph 46 of the Complaint sets forth conclusions of law to which no response is required.  Further responding, to the extent paragraph 46 contains factual allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 46 of the Complaint.

47.     Paragraph 47 of the Complaint sets forth conclusions of law to which no response is required.  Further responding, to the extent paragraph 47 contains factual allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 47 of the Complaint.

48.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 48 of the Complaint.

49.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 49 of the Complaint.

50.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 50 of the Complaint.

51.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 51 of the Complaint.

52.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 52 of the Complaint.

53.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 53 of the Complaint.

54.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 54 of the Complaint.

55.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 55 of the Complaint.

56.     Paragraph 56 of the Complaint sets forth conclusions of law to which no response is required.  Further responding, to the extent paragraph 56 contains factual allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 56 of the Complaint.

### *The Agency Relationship between FHFA and Fannie Mae and Wells Fargo*

57.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 57 of the Complaint.

58.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 58 of the Complaint.

59.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 59 of the Complaint.

60.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 60 of the Complaint.

61.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 61 of the Complaint.

62.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 62 of the Complaint.

63.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 63 of the Complaint.

64.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 64 of the Complaint.

65.     The allegation that non-judicial foreclosure procedures "authorize the seizure of property without a pre-deprivation hearing as required by the Due Process Clause of the Fifth Amendment" is a legal conclusion to which no response is required.  266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 65 of the Complaint.

66.     The allegations in paragraph 66 of the Complaint, in part, reference or are evidenced by a document titled "Note." The Note is a document that speaks for itself, and any characterizations thereof are denied.  To the extent that the allegations contained in paragraph 66 contradict the written document, they are also denied.  As to the remaining allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 66 of the Complaint.

67.     The allegations in paragraph 67 of the Complaint, in part, reference or are evidenced by a document titled document titled "Mortgage." The Mortgage is a document that speaks for itself, and any characterizations thereof are denied.  To the extent that the allegations contained in paragraph 67 contradict the written document, they are also denied.  As to the

remaining allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 67 of the Complaint.

68.     The allegations in paragraph 68 of the Complaint, in part, reference or are evidenced by the Mortgage, which plaintiffs purport to attach to the Complaint as Exhibit A, and certain land records of the Town of Cumberland.  The Mortgage and said land records are documents that speaks for themselves, and any characterizations thereof are denied.  To the extent that the allegations contained in paragraph 68 contradict the written documents, they are also denied.  As to the remaining allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 68 of the Complaint.

69.     The allegations in paragraph 69 of the Complaint, in part, reference or are evidenced by a document referred to as an assignment, which Plaintiffs purport to attach to the Complaint as Exhibit B.  The assignment is a document that speaks for itself, and any characterizations thereof are denied.  To the extent that the allegations contained in paragraph 69 contradict any written documents, they are denied.  As to the remaining allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 69 of the Complaint.

70.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 70 of the Complaint.

71.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 71 of the Complaint.

72.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 72 of the Complaint.

73.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 73 of the Complaint.

74.     The allegations in paragraph 74 of the Complaint, in part, reference or are evidenced by a document referred to as the notice of sale of mortgage loan, which Plaintiffs purport to attach to the Complaint as Exhibit C.  The notice of sale of mortgage loan is a document that speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 74 contradict the written documents, they are denied.  As to the remaining allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 74 of the Complaint.

75.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 75 of the Complaint.

76.     The allegations in paragraph 76 of the Complaint, in part, reference or are evidenced by a document referred to as notice of foreclosure sale ("Notice").  The Notice is a document that speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 76 contradict the written documents, they are denied.  As to the remaining allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 76 of the Complaint.

77.     The allegations in paragraph 77 of the Complaint, in part, reference or are evidenced by a document referred to as notice of foreclosure sale ("Notice"), which Plaintiffs purport to attach to the Complaint as Exhibit D.  The Notice is a document that speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 77 contradict the written documents, they are denied.  As to the remaining allegations,

266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 77 of the Complaint.

78.     The allegations in paragraph 78 of the Complaint, in part, reference or are evidenced by a document referred to as notice of foreclosure sale ("Notice").  The Notice is a document that speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 78 contradict the written documents, they are denied.  As to the remaining allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 78 of the Complaint.

79.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 79 of the Complaint.

80.     Paragraph 80 of the Complaint sets forth conclusions of law to which no response is required.

81.     Paragraph 81 of the Complaint sets forth conclusions of law to which no response is required.

82.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 82 of the Complaint.

83.     Paragraph 83 of the Complaint sets forth conclusions of law to which no response is required.  Further responding, to the extent paragraph 83 contains factual allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 83 of the Complaint.

84.     Paragraph 84 of the Complaint sets forth conclusions of law to which no response is required.  Further responding, to the extent paragraph 84 contains factual allegations, 266

Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 84 of the Complaint.

85.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 85 of the Complaint.

86.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 86 of the Complaint.

87.    266 Putnam admits that Paul Balay made a bid in the amount of $188,000.00 to purchase the property and thereafter assigned said bid to 266 Putnam.

88.    266 Putnam admits the allegations set forth in paragraph 88 of the Complaint.

89.    266 Putnam denies the allegations set forth in paragraph 89 of the Complaint.

90.    The allegations in the paragraph 90 set forth legal conclusions to which no response is required.

91.    Plaintiffs' Complaint does not contain a paragraph 91.

92.    The allegations in paragraph 92 of the Complaint, in part, reference or are evidenced by a document referred to as the foreclosure deed ("Foreclosure Deed").  The Foreclosure Deed is a document that speaks for itself, and any characterization thereof is denied. To the extent that the allegations contained in paragraph 92 contradict the written documents, they are denied.

93.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 93 of the Complaint.

94.    The allegations in paragraph 94 of the Complaint, in part, reference or are evidenced by a document referred to as the foreclosure deed ("Foreclosure Deed").  The Foreclosure Deed is a document that speaks for itself, and any characterization thereof is denied.

To the extent that the allegations contained in paragraph 94 contradict the written documents, they are denied.

95.     The allegations in paragraph 95 of the Complaint, in part, reference or are evidenced by a document referred to as the Foreclosure Deed, which Plaintiffs purport to attach to the Complaint as Exhibit E.  The Foreclosure Deed is a document that speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 95 contradict the written documents, they are denied.

96.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 96 of the Complaint.

97.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 97 of the Complaint.

98.     266 Putnam admits the allegations of paragraph 98.

99.     266 Putnam denies the allegation that Plaintiffs will suffer irreparable harm if the eviction action is not enjoined.  As to the remaining allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 99 of the Complaint.

### COUNT I – DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS

100.     266 Putnam incorporates its responses to paragraphs 1 through 99 of this Answer as if set forth fully herein.

101.     The allegations in the first paragraph 101 set forth legal conclusions to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in the first paragraph 101 of the Complaint.

The allegations in the second paragraph 101 set forth legal conclusions to which no response is required.[2]  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in the second paragraph 101 of the Complaint.

102.    The allegations in paragraph 102 set forth legal conclusions to which no response is required.  To the extent that a response is required, the allegations in paragraph 102 are denied.

103.    The allegations in paragraph 103 set forth legal conclusions to which no response is required.  To the extent that a response is required, the allegations in paragraph 103 are denied.

104.    The allegations in paragraph 104 set forth legal conclusions to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 104 of the Complaint.

105.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 105 of the Complaint.

106.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 106 of the Complaint.

107.    The allegations in paragraph 107 set forth legal conclusions to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 107 of the Complaint.

108.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 108 of the Complaint.

---

[2] Plaintiffs' Complaint contains two paragraphs numbered 101.

109.   266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 109 of the Complaint.

110.   266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 110 of the Complaint.

111.   Plaintiffs' Complaint does not contain a paragraph 111.

112.   266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 112 of the Complaint.

113.   266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 113 of the Complaint.

114.   266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 114 of the Complaint.

115.   266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 115 of the Complaint.

## COUNT II – VIOLATION OF THE PROVISIONS OF RHODE ISLAND GENERAL LAWS § 34-27-3.2

116.   266 Putnam incorporates its responses to paragraphs 1 through 115 of this Answer as if set forth fully herein.

117.   The allegations in paragraph 117 set forth legal conclusions to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 117 of the Complaint.

118.   The allegations in paragraph 118 set forth legal conclusions to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or

information sufficient to form a belief as to the truth of the averments set forth in paragraph 118 of the Complaint.

119.    The allegations in paragraph 79 set forth legal conclusions to which no response is required.  To the extent that the allegations contained in paragraph 79 of the Complaint reference or are evidenced by written documents, the terms of such documents speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 79 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 79 of the Complaint.

120.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 120 of the Complaint.

121.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 121 of the Complaint.

122.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 122 of the Complaint.

123.    To the extent that the allegations contained in paragraph 123 of the Complaint reference or are evidenced by written documents, the terms of such documents speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 123 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 123 of the Complaint.

124.    The allegations in paragraph 124 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or

information sufficient to form a belief as to the truth of the averments set forth in paragraph 124 of the Complaint.

125.   266 Putnam denies the allegation that the foreclosure sale that occurred on July 26, 2018 was void.  The remaining allegations contain conclusions of law to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 125 of the Complaint.

126.   266 Putnam denies the allegation that the foreclosure sale that occurred on July 26, 2018 was void.  The remaining allegations contain conclusions of law to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 126 of the Complaint.

127.   The allegations in paragraph 127 contain conclusions of law to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 127 of the Complaint.

128.   266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 128 of the Complaint.

129.   266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 129 of the Complaint.

## COUNT III – BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

130.   266 Putnam incorporates its responses to paragraphs 1 through 129 of this Answer as if set forth fully herein.

131.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 131 of the Complaint.

132.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 132 of the Complaint.

133.    The allegations in paragraph 133 set forth legal conclusions to which no response is required.  To the extent that the allegations contained in paragraph 133 of the Complaint reference or are evidenced by written documents, the terms of such documents speak for themselves and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 133 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 133 of the Complaint.

134.    The allegations in paragraph 134 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 134 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 134 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 134 of the Complaint.

135.    The allegations in paragraph 135 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 135 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 135 contradict the written documents, they are denied.  To the extent that a further

response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 135 of the Complaint.

136.    The allegations in paragraph 136 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 136 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 136 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 136 of the Complaint.

137.    The allegations contained in paragraph 137 of the Complaint reference or are evidenced by a document referred to as a default notice, which Plaintiffs purport to attach to the Complaint as Exhibit F.  The default notice is a document that speaks for itself, and any characterizations thereof are denied.  To the extent that the allegations contained in paragraph 137 contradict the written document, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 137 of the Complaint.

138.    The allegations in paragraph 138 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 138 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 138 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 138 of the Complaint.

139.    The allegations in paragraph 139 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 139 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 139 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 139 of the Complaint.

140.    The allegations in paragraph 140 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 140 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 140 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 140 of the Complaint.

141.    The allegations in paragraph 141 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 141 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 141 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 141 of the Complaint.

142.    The allegations in paragraph 142 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 142 of the Complaint

reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 142 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 142 of the Complaint.

143.     The allegations contained in paragraph 143 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 143 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 143 of the Complaint.

144.     The allegations in paragraph 144 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 144 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 144 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 144 of the Complaint.

145.     The allegations contained in paragraph 145 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 145 contradict the written documents, they are denied.  To the extent that a further response is

required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 145 of the Complaint.

146.    The allegations contained in paragraph 146 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 146 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 146 of the Complaint.

147.    The allegations contained in paragraph 147 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 147 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 147 of the Complaint.

148.    The allegations contained in paragraph 148 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 148 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 148 of the Complaint.

149.    The allegations contained in paragraph 149 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 149

contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 149 of the Complaint.

150.    The allegations contained in paragraph 150 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 150 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 150 of the Complaint.

151.    The allegations in paragraph 151 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 151 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 151 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 151 of the Complaint.

152.    The allegations in paragraph 152 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 152 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 152 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 152 of the Complaint.

153.     The allegations in paragraph 153 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 153 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 153 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 153 of the Complaint.

154.     The allegations in paragraph 154 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 154 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 154 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 154 of the Complaint.

155.     The allegations in paragraph 155 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 155 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 155 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 155 of the Complaint.

156.     The allegations in paragraph 156 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 156 of the Complaint

reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 156 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 156 of the Complaint.

157.    The allegations in paragraph 157 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 157 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 157 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 157 of the Complaint.

158.    The allegations in paragraph 158 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 158 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 158 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 158 of the Complaint.

159.    The allegations in paragraph 159 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 159 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in

paragraph 159 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 159 of the Complaint.

160.    The allegations in paragraph 160 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 160 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 160 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 160 of the Complaint.

161.    The allegations in paragraph 161 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 161 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 161 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 161 of the Complaint.

162.    The allegations in paragraph 162 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 162 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 162 contradict the written documents, they are denied.  To the extent that a further

response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 162 of the Complaint.

163.    The allegations in paragraph 163 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 163 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 163 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 163 of the Complaint.

164.    The allegations in paragraph 164 set forth legal conclusions to which no response is required.

165.    The allegations in paragraph 165 set forth legal conclusions to which no response is required.

166.    The allegations in paragraph 166 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 166 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 166 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 166 of the Complaint.

167.    The allegations in paragraph 167 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 167 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves,

and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 167 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 167 of the Complaint.

168.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 168 of the Complaint.

169.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 169 of the Complaint.

170.    The allegations in paragraph 170 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 170 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 170 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 170 of the Complaint.

171.    The allegations in paragraph 171 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 171 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 171 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 171 of the Complaint.

172.     The allegations in paragraph 172 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 172 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 172 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 172 of the Complaint.

173.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 173 of the Complaint.

174.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 174 of the Complaint.

175.     The allegations contained in paragraph 175 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 175 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 175 of the Complaint.

176.     The allegations contained in paragraph 176 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 176 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 176 of the Complaint.

177.    The allegations in paragraph 177 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 177 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 177 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 177 of the Complaint.

178.    The allegations in paragraph 178 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 178 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 178 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 178 of the Complaint.

179.    The allegations in paragraph 179 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 179 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 179 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 179 of the Complaint.

180.    The allegations in paragraph 180 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 180 of the Complaint

reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 180 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 180 of the Complaint.

181.    The allegations in paragraph 181 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 181 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 181 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 181 of the Complaint.

182.    The allegations in paragraph 182 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 182 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 182 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 182 of the Complaint.

183.    The allegations in paragraph 183 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 183 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in

paragraph 183 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 183 of the Complaint.

184.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 184 of the Complaint.

185.    The allegations in paragraph 185 set forth legal conclusions to which no response is required

186.    The allegations in paragraph 186 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 186 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 186 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 186 of the Complaint.

187.    The allegations in paragraph 187 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 187 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 187 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 187 of the Complaint.

188.    266 Putnam denies that the sale at issue in this case was void.  As to the remaining allegations, the allegations in paragraph 188 set forth legal conclusions to which no

response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 188 of the Complaint.

189.    The allegations in paragraph 189 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 189 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 189 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 189 of the Complaint.

190.    The allegations in paragraph 190 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 190 of the Complaint.

191.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 191 of the Complaint.

192.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 192 of the Complaint.

193.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 193 of the Complaint.

194.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 194 of the Complaint.

195.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 195 of the Complaint.

196.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 196 of the Complaint.

197.    The allegations in paragraph 197 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 197 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 197 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 197 of the Complaint.

198.    The allegations in paragraph 198 set forth legal conclusions to which no response is required.

199.    The allegations in paragraph 199 set forth legal conclusions to which no response is required.

200.    The allegations in paragraph 200 set forth legal conclusions to which no response is required.

201.    The allegations in paragraph 201 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 201 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 201 contradict the written documents, they are denied.  To the extent that a further

response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 201 of the Complaint.

202.    The allegations in paragraph 202 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 202 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 202 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 202 of the Complaint.

203.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 203 of the Complaint.

204.    The allegations in paragraph 204 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 204 of the Complaint.

205.    The allegations in paragraph 205 set forth legal conclusions to which no response is required.  Further answering, the allegations contained in paragraph 205 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in paragraph 205 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 205 of the Complaint.

206.    The allegations in paragraph 206 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 206 of the Complaint.

207.    The allegations in paragraph 207 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 207 of the Complaint.

208.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 208 of the Complaint.

209.    266 Putnam denies the allegation that it was a "purported purchaser."  As to the remaining allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 209 of the Complaint.

210.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 210 of the Complaint.

211.    The allegations in paragraph 211 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 211 of the Complaint.

## COUNT IV – DECLARATORY JUDGMENT

212.    266 Putnam incorporates its responses to paragraphs 1 through 211 of this Answer as if set forth fully herein.

213.    Paragraph 213 of the Complaint sets forth conclusions of law to which no response is required.

214.    266 Putnam denies that the foreclosure was void.  As to the remaining allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 214 of the Complaint.

215.    266 Putnam denies that the foreclosure was void.  As to the remaining allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 215 of the Complaint.

216.    The allegations in paragraph 216 are denied.

217.    The allegations in the first paragraph 217 are denied.

[4]The allegations in the second paragraph 217 are denied.

218.    The allegations in paragraph 218 are denied.

219.    The allegations in paragraph 219 are denied.

220.    The allegations in paragraph 220 are denied.

221.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 221 of the Complaint.

222.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 222 of the Complaint.

## COUNT V – CLAIM FOR INJUNCTIVE RELIEF AND PRELIMINARY AND PERMANENT INJUNCTION

223.    266 Putnam incorporates its responses to paragraphs 1 through 222 of this Answer as if set forth fully herein.

---

[4] Plaintiffs' Complaint contains two paragraphs numbered as 217.

224.    To the extent that the allegations of paragraph 224 suggest that the sale should or must be voided, 266 Putnam denies said allegation.  The remaining allegations of paragraph 224 set forth legal conclusions to which no response is required; however, to the extent a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 224 of the Complaint.

225.    The allegations of paragraph 225 set forth legal conclusions to which no response is required; however, to the extent a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 225 of the Complaint.

226.    266 Putnam denies that the foreclosure was void.  The remaining allegations of paragraph 226 set forth legal conclusions to which no response is required; however, to the extent a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 226 of the Complaint.

227.    266 admits the averment that Kenneth Fitch currently resides at 73 Kay Street, Cumberland, Rhode Island.  As to the remaining allegations of paragraph 227, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 227 of the Complaint.

228.    The allegations of paragraph 228 set forth legal conclusions to which no response is required; however, to the extent a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 228 of the Complaint.

229.    The allegations of paragraph 229 set forth legal conclusions to which no response is required; however, to the extent a response is required, 266 Putnam lacks knowledge or

information sufficient to form a belief as to the truth of the averments set forth in paragraph 229 of the Complaint.

230.    266 Putnam denies that the foreclosure is void.  As to the remaining allegations, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 230 of the Complaint.

231.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 231 of the Complaint.

**COUNT VI – COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TRUTH IN LENDING ACT BY FANNIE MAE FAILURE TO SEND THE PLAINTIFFS A MONTHLY MORTGAGE STATEMENT EACH MONTH PURSUANT TO THE PROVISIONS OF 12 C.F.R. 1026.41 AND 15 U.S.C. 1638**

232.    266 Putnam incorporates its responses to paragraphs 1 through 231 of this Answer as if set forth fully herein.

233.    Paragraph 233 of the Complaint is a characterization of certain claims in Plaintiffs' Complaint and the relief sought therein to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 233 of the Complaint.

234.    Paragraph 234 of the Complaint is a characterization of certain claims in Plaintiffs' Complaint and the relief sought therein to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 234 of the Complaint.

235.    Paragraph 235 of the Complaint sets forth conclusions of law to which no response is required.

236.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 236 of the Complaint.

237.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 237 of the Complaint.

238.    Paragraph 238 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 238 of the Complaint.

239.    Paragraph 239 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 239 of the Complaint.

240.    Paragraph 240 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 240 of the Complaint.

241.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 241 of the Complaint.

242.    Paragraph 242 of the Complaint sets forth conclusions of law to which no response is required.  Further answering, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 242 of the Complaint.

243.    Paragraph 243 of the Complaint sets forth conclusions of law to which no response is required.  Further answering, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 243 of the Complaint.

244.     Paragraph 244 of the Complaint sets forth conclusions of law to which no response is required.  Further answering, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 244 of the Complaint.

245.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 245 of the Complaint.

## COUNT VII – VIOLATIONS OF REGULATION X FOR FAILURE TO CORRECT AN ERROR BY RESCINDING A FORECLOSURE AND REMOVING ANY LEGAL FEES FROM THE MORTGAGE LOAN ACCOUNT OF THE PLAINTIFFS

246.     266 Putnam incorporates its responses to paragraphs 1 through 245 of this Answer as if set forth fully herein.

247.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 247 of the Complaint.

248.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 248 of the Complaint.

249.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 249 of the Complaint.

250.     The allegations in paragraph 250 set forth legal conclusions to which no response is required.

251.     The allegations in paragraph 251 set forth legal conclusions to which no response is required.

252.     Paragraph 252 of the Complaint is a characterization of certain claims in Plaintiffs' Complaint and the relief sought therein to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 252 of the Complaint.

253.    Paragraph 253 of the Complaint is a characterization of certain claims in Plaintiffs' Complaint and the relief sought therein to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 253 of the Complaint.

254.    The first Paragraph 254 of the Complaint is a characterization of certain claims in Plaintiffs' Complaint and the relief sought therein to which no response is required.  To the extent that a response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in the first paragraph 254 of the Complaint.

266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in the second paragraph 254 of the Complaint.

255.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 255 of the Complaint.

256.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 256 of the Complaint.

257.    The allegations in paragraph 257 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 257 of the Complaint.

258.    The allegations in paragraph 258 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 258 of the Complaint.

259.     The allegations in paragraph 259 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 259 of the Complaint.

260.     The allegations in paragraph 260 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 260 of the Complaint.

261.     The allegations contained in the first paragraph 261 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in the first paragraph 261 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in the first paragraph 261 of the Complaint.

266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in the second paragraph 261 of the Complaint.

262.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 262 of the Complaint.

263.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 263 of the Complaint.

264.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 264 of the Complaint.

265.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 265 of the Complaint.

266.     The allegations contained in paragraph 266 of the Complaint reference or are evidenced by a written document referred to as the "Notice of Error," which Plaintiffs purport to attach to the Complaint as Exhibit G.  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 266 of the Complaint.

267.     The allegations in paragraph 267 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 267 of the Complaint.

268.     The allegations in paragraph 268 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 268 of the Complaint.

269.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 269 of the Complaint.

270.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 270 of the Complaint.

271.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 271 of the Complaint.

272.     The allegations contained in paragraph 272 of the Complaint reference or are evidenced by a written document referred to as a "letter dated November 30, 2017" which Plaintiffs purport to attach to the Complaint as Exhibit F-1.  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 272 of the Complaint.

273.     The allegations contained in paragraph 273 of the Complaint reference or are evidenced by a written document referred to as a "letter dated November 30, 2017" which Plaintiffs purport to attach to the Complaint as Exhibit F-1.  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 273 of the Complaint.

274.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 274 of the Complaint.

275.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 275 of the Complaint.

276.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 276 of the Complaint.

277.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 277 of the Complaint.

<u>**COUNT VIII – VIOLATIONS OF REGULATION X FOR FAILURE TO RESPOND TO A NOTICE OF ERROR TO CORRECT AN ERROR BY PROVIDING THE PLAINTIFFS PERIODIC STATEMENTS SENT BY THE WELLS FARGO TO THE CONSUMER ON THE GROUNDS THAT THERE IS A LITIGATION PRIVLEGE WHICH DOES NOT REQUIRE RESPONDING TO A NOTICE OF ERROR**</u>

278.    266 Putnam incorporates its responses to paragraphs 1 through 278 of this Answer as if set forth fully herein.

279.    The allegations contained in paragraph 279 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in the first paragraph 279 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 279 of the Complaint.

280.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 280 of the Complaint.

281.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 281 of the Complaint.

282.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 282 of the Complaint.

283.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 283 of the Complaint.

284.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 284 of the Complaint.

285.    The allegations contained in paragraph 285 of the Complaint reference or are evidenced by a written document referred to as the "Notice of Error," which Plaintiffs purport to

attach to the Complaint as Exhibit H.  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 285 of the Complaint.

286.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 286 of the Complaint.

287.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 287 of the Complaint.

288.    The allegations in paragraph 288 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 288 of the Complaint.

289.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 289 of the Complaint.

290.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 290 of the Complaint.

291.    The allegations contained in paragraph 291 of the Complaint reference or are evidenced by a written document referred to as a "letter dated July 20, 2018" which Plaintiffs purport to attach to the Complaint as Exhibit F-2.  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied.  To the extent that a further

response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 291 of the Complaint.

292.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 292 of the Complaint.

293.     The allegations in paragraph 293 set forth legal conclusions to which no response is required.

294.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 294 of the Complaint.

295.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 295 of the Complaint.

296.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 296 of the Complaint.

297.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 297 of the Complaint.

298.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 298 of the Complaint.

299.     The allegations in paragraph 299 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 299 of the Complaint.

300.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 300 of the Complaint.

301.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 301 of the Complaint.

**COUNT IX – VIOLATIONS OF REGULATION X FOR FAILURE TO RESPOND TO A NOTICE OF ERROR TO CORRECT AN ERROR BY PROVIDING THE PLAINTIFFS RECORDS REGARDING ALL LEGAL FEES CHARGED TO THE MORTGAGE LOAN ACCOUNT TO THE CONSUMER ON THE GROUNDS THAT THERE IS A LITIGATION PRIVILEGE WHICH DOES NOT REQUIRE RESPONDING TO A NOTICE OF ERROR**

302.    266 Putnam incorporates its responses to paragraphs 1 through 301 of this Answer as if set forth fully herein.

303.    The allegations contained in paragraph 303 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in the first paragraph 303 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 303 of the Complaint.

304.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 304 of the Complaint.

305.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 305 of the Complaint.

306.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 306 of the Complaint.

307.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 307 of the Complaint.

308.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 308 of the Complaint.

309.    The allegations contained in paragraph 309 of the Complaint reference or are evidenced by a written document referred to as the "Notice of Error," which Plaintiffs purport to attach to the Complaint as Exhibit I.  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 309 of the Complaint.[7]

301.    The allegations contained in paragraph 301 of the Complaint reference or are evidenced by a written document referred to as the "Request for Information."  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 301 of the Complaint.

302.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 302 of the Complaint.

303.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 303 of the Complaint.

304.    The allegations in paragraph 304 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 304 of the Complaint.

---

[7] Here Plaintiffs' Complaint restarted numbering at 301, and thus repeats paragraph numbers 301-309.

305.    The allegations in paragraph 305 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 305 of the Complaint.

306.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 306 of the Complaint.

307.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 307 of the Complaint.

308.    The allegations contained in paragraph 308 of the Complaint reference or are evidenced by a written document referred to as a "letter dated July 20, 2018" which Plaintiffs purport to attach to the Complaint as Exhibit F-2.  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 308 of the Complaint.

309.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 309 of the Complaint.

310.    The allegations in paragraph 310 set forth legal conclusions to which no response is required.

311.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 311 of the Complaint.

312.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 312 of the Complaint.[8]

313.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 313 of the Complaint.

314.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 314 of the Complaint.

315.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 315 of the Complaint.

316.    The allegations in paragraph 316 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 316 of the Complaint.

317.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 317 of the Complaint.

318.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 318 of the Complaint.

**COUNT X - VIOLATIONS OF REGULATION X FOR FAILURE TO RESPOND TO A NOTICE OF ERROR TO CORRECT AN ERROR BY PROVIDING THE PLAINTIFFS RECORDS REGARDING ALL PROPERTY INSPECTIONS CHARGED TO THE MORTGAGE LOAN ACCOUNT TO THE CONSUMER ON THE GROUNDS THAT THERE IS A LITIGATION PRIVILEGE WHICH DOES NOT REQUIRE RESPONDING TO A NOTICE OF ERROR**

319.    266 Putnam incorporates its responses to paragraphs 1 through 318 of this Answer as if set forth fully herein.

---

[8] Plaintiffs' Complaint numbers this paragraph as "32," but under the assumption this is an error, 266 Putnam responds to this paragraph as 312.

320.    The allegations contained in paragraph 320 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in the first paragraph 303 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 303 of the Complaint.

321.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 321 of the Complaint.

322.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 322 of the Complaint.

323.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 323 of the Complaint.

324.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 324 of the Complaint.

325.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 325 of the Complaint.

326.    The allegations contained in paragraph 326 of the Complaint reference or are evidenced by a written document referred to as the "Notice of Error," which Plaintiffs purport to attach to the Complaint as Exhibit J.  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 326 of the Complaint.

327.     The allegations contained in paragraph 327 of the Complaint reference or are evidenced by a written document referred to as the "Request for Information."  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied. To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 327 of the Complaint.

328.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 328 of the Complaint.

329.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 329 of the Complaint.

330.     The allegations in paragraph 330 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 330 of the Complaint.

331.     The allegations in paragraph 331 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 331 of the Complaint.

332.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 332 of the Complaint.

333.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 333 of the Complaint.

334.    The allegations contained in paragraph 334 of the Complaint reference or are evidenced by a written document referred to as a "letter dated July 20, 2018" which Plaintiffs purport to attach to the Complaint as Exhibit F-2.  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 334 of the Complaint.

335.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 335 of the Complaint.

336.    The allegations in paragraph 336 set forth legal conclusions to which no response is required.

337.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 337 of the Complaint.

338.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 338 of the Complaint.

339.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 339 of the Complaint.

340.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 340 of the Complaint.

341.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 341 of the Complaint.

342.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 342 of the Complaint.

343.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 343 of the Complaint.

**COUNT XI - VIOLATIONS OF REGULATION X FOR FAILURE TO RESPOND TO A NOTICE OF ERROR TO CORRECT AN ERROR BY PROVIDING THEPLAINTIFFS RECORDS REGARDING ALL THE LIFE OF THE LOAN TRANSACTIONAL HISTORY FOR THE MORTGAGE LOAN ACCOUNT TO THE CONSUMER ON THE GROUNDS THAT THERE IS A LITIGATION PRIVILEGE WHICH DOES NOT REQUIRE RESPONDING TO A NOTICE OF ERROR**

344.     266 Putnam incorporates its responses to paragraphs 1 through 343 of this Answer as if set forth fully herein.

345.     The allegations contained in paragraph 345 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in the first paragraph 345 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 345 of the Complaint.

346.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 346 of the Complaint.

347.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 347 of the Complaint.

348.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 348 of the Complaint.

349.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 349 of the Complaint.

350.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 350 of the Complaint.

351.    The allegations contained in paragraph 351 of the Complaint reference or are evidenced by a written document referred to as the "Notice of Error," which Plaintiffs purport to attach to the Complaint as Exhibit K.  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 351 of the Complaint.

352.    The allegations contained in paragraph 352 of the Complaint reference or are evidenced by a written document referred to as the "Request for Information."  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 352 of the Complaint.

353.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 353 of the Complaint.

354.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 354 of the Complaint.

355.    The allegations in paragraph 355 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 355 of the Complaint.

356.    The allegations in paragraph 356 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 356 of the Complaint.

357.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 357 of the Complaint.

358.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 358 of the Complaint.

359.    The allegations contained in paragraph 359 of the Complaint reference or are evidenced by a written document referred to as a "letter dated July 20, 2018" which Plaintiffs purport to attach to the Complaint as Exhibit F-2.  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 359 of the Complaint.

360.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 360 of the Complaint.

361.    The allegations in paragraph 361 set forth legal conclusions to which no response is required.

362.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 362 of the Complaint.

363.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 363 of the Complaint.

364.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 364 of the Complaint.

365.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 365 of the Complaint.

366.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 366 of the Complaint.

367.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 367 of the Complaint.

368.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 368 of the Complaint.

369.     266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 369 of the Complaint.

**COUNT XII - VIOLATIONS OF REGULATION X FOR FAILURE TO RESPOND TO A NOTICE OF ERROR TO CORRECT AN ERROR BY PROVIDING THE PLAINTIFFS RECORDS REGARDING ANY LETTER S REGARDING MEDIATION FOR THE MORTGAGE LOAN ON THE GROUNDS THAT THERE IS A LITIGATION PRIVILEGE WHICH DOES NOT REQUIRE RESPONDING TO A NOTICE OF ERROR**

370.     266 Putnam incorporates its responses to paragraphs 1 through 369 of this Answer as if set forth fully herein.[9]

372.     The allegations contained in paragraph 372 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in the first paragraph 372 contradict the written documents, they are denied.  To the extent that a further

---

[9] Plaintiff's Complaint skips paragraph 371.

response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 372 of the Complaint.

373.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 373 of the Complaint.

374.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 374 of the Complaint.

375.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 375 of the Complaint.

376.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 376 of the Complaint.

377.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 377 of the Complaint.

378.    The allegations contained in paragraph 378 of the Complaint reference or are evidenced by a written document referred to as the "Notice of Error," which Plaintiffs purport to attach to the Complaint as Exhibit L.  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 378 of the Complaint.

379.    The allegations contained in paragraph 379 of the Complaint reference or are evidenced by a written document referred to as the "Request for Information."  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied.

To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 379 of the Complaint.

380. 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 380 of the Complaint.

381. 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 381 of the Complaint.

382. The allegations in paragraph 382 set forth legal conclusions to which no response is required. To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 382 of the Complaint.

383. The allegations in paragraph 383 set forth legal conclusions to which no response is required. To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 383 of the Complaint.

384. 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 384 of the Complaint.

385. 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 385 of the Complaint.

386. The allegations contained in paragraph 386 of the Complaint reference or are evidenced by a written document referred to as a "letter dated July 20, 2018" which Plaintiffs purport to attach to the Complaint as Exhibit F-2. This document is a writing, which speaks for itself, and any characterization thereof is denied. To the extent that the allegations contained in

this paragraph contradict the written document, they are also denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 386 of the Complaint.

387.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 387 of the Complaint.

388.    The allegations in paragraph 388 set forth legal conclusions to which no response is required.

389.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 389 of the Complaint.

390.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 390 of the Complaint.

391.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 391 of the Complaint.

392.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 392 of the Complaint.

393.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 393 of the Complaint.

394.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 394 of the Complaint.

395.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 395 of the Complaint.

396.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 396 of the Complaint.

**COUNT XII[10] - VIOLATIONS OF REGULATION X FOR FAILURE TO RESPOND TO A NOTICE OF ERROR TO CORRECT AN ERROR BY PROVIDING THE PLAINTIFFS RECORDS REGARDING THE MORTGAGE LOAN SERVICING FILE FOR THE MORTGAGE LOAN ON THE GROUNDS THAT THERE IS A LITIGATION PRIVILEGE WHICH DOES NOT REQUIRE RESPONDING TO A NOTICE OF ERROR**

397.    266 Putnam incorporates its responses to paragraphs 1 through 396 of this Answer as if set forth fully herein.

398.    The allegations contained in paragraph 398 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in the first paragraph 398 contradict the written documents, they are denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 398 of the Complaint.

399.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 399 of the Complaint.

400.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 400 of the Complaint.

401.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 401 of the Complaint.

402.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 402 of the Complaint.

403.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 403 of the Complaint.

---

[10] Plaintiffs' Complaint contains two causes of action labeled "Count XII."

402.   [11]The allegations contained in paragraph 402 of the Complaint reference or are evidenced by a written document referred to as the "Notice of Error," which Plaintiffs purport to attach to the Complaint as Exhibit M.  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 402 of the Complaint.

403.   The allegations contained in paragraph 403 of the Complaint reference or are evidenced by a written document referred to as the "Request for Information."  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied. To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 403 of the Complaint.

404.   266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 404 of the Complaint.

405.   266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 405 of the Complaint.

406.   The allegations in paragraph 406 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 406 of the Complaint.

---

[11] Plaintiff's Complaint repeats paragraph number 402 and 403.

407.    The allegations in paragraph 407 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 407 of the Complaint.

408.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 408 of the Complaint.

409.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 409 of the Complaint.

410.    The allegations contained in paragraph 410 of the Complaint reference or are evidenced by a written document referred to as a "letter dated July 20, 2018" which Plaintiffs purport to attach to the Complaint as Exhibit F-2.  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 410 of the Complaint.

411.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 411 of the Complaint.

412.    The allegations in paragraph 412 set forth legal conclusions to which no response is required.

413.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 413 of the Complaint.

414.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 414 of the Complaint.

415.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 415 of the Complaint.

416.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 416 of the Complaint.

417.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 417 of the Complaint.

418.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 418 of the Complaint.

419.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 419 of the Complaint.

420.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 420 of the Complaint.

**COUNT XIII - VIOLATIONS OF REGULATION X FOR FAILURE TO RESPOND TO A NOTICE OF ERROR TO CORRECT AN ERROR WHICH ALLEGED THAT THE DEFENDANT HAD COMMITTED ERROR BY NOT RESPONDING TO A NOTICE OF ERROR BY CONDUCTING A PURPORTED FORECLOSURE AND CHARGING FEES AND EXPENSES WITHOUT A VALID DEFAULT NOTICE, A MEDIATION NOTICE OR WITHOUT FANNIE MAE OWNING THE MORTGAGE LOAN ON THE DAY OF THE PURPORTED SALE ON THE GROUNDS THAT THERE IS A LITIGATION PRIVILEGE WHICH DOES NOT REQUIRE RESPONDING TO A REQUEST FOR INFORMATION**

421.    266 Putnam incorporates its responses to paragraphs 1 through 420 of this Answer as if set forth fully herein.

422.    The allegations contained in paragraph 422 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied.  To the extent that the allegations contained in the first paragraph 422 contradict the written documents, they are denied.  To the extent that a further

response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 422 of the Complaint.

423.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 423 of the Complaint.

424.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 424 of the Complaint.

425.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 425 of the Complaint.

426.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 426 of the Complaint.

427.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 427 of the Complaint.

428.    The allegations contained in paragraph 428 of the Complaint reference or are evidenced by a written document referred to as the "Notice of Error," which Plaintiffs purport to attach to the Complaint as Exhibit O.  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 428 of the Complaint.

429.    The allegations contained in paragraph 429 of the Complaint reference or are evidenced by a written document referred to as the original "Notice of Error."  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied.

To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 429 of the Complaint.

430.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 430 of the Complaint.

431.    The allegations in paragraph 431 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 431 of the Complaint.

432.    The allegations in paragraph 432 set forth legal conclusions to which no response is required.  To the extent that a further response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 432 of the Complaint.

433.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 433 of the Complaint.

434.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 434 of the Complaint.

435.    The allegations contained in paragraph 435 of the Complaint reference or are evidenced by a written document referred to as a "letter dated July 20, 2018" which Plaintiffs purport to attach to the Complaint as Exhibit F-2.  This document is a writing, which speaks for itself, and any characterization thereof is denied.  To the extent that the allegations contained in this paragraph contradict the written document, they are also denied.  To the extent that a further

response is required, 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 435 of the Complaint.

436.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 436 of the Complaint.

437.    The allegations in paragraph 437 set forth legal conclusions to which no response is required.

438.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 438 of the Complaint.

439.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 439 of the Complaint.

440.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 440 of the Complaint.

441.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 441 of the Complaint.

442.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 442 of the Complaint.

443.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 443 of the Complaint.

444.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 444 of the Complaint.

445.    266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 445 of the Complaint.

**WHEREFORE**, Defendant 266 Putnam Avenue, LLC denies that Plaintiffs are entitled to any relief requested from, or involving, 266 Putnam Avenue, LLC and respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint as to 266 Putnam Avenue, LLC, with prejudice, and award Defendant 266 Putnam Avenue, LLC any and all further relief that this Court deems just and appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs are not entitled to any relief from 266 Putnam because 266 Putnam is a bona fide purchaser for value without notice.

### THIRD DEFENSE

Plaintiffs' claims are barred by the doctrines of estoppel, laches and/or waiver.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to mitigate their alleged damages.

### FIFTH DEFENSE

Plaintiffs' claims are barred because any harm to Plaintiffs was caused by intervening and superseding actions of Plaintiffs and/or third persons.

266 Putnam reserves the right to assert additional affirmative defenses, counterclaims, cross-claims, or third-party claims as may be revealed through discovery or otherwise.

**WHEREFORE**, Defendant 266 Putnam Avenue, LLC, demands that Plaintiffs' Complaint be dismissed with prejudice and with costs.


## CROSS-CLAIM

Defendant 266 Putnam Avenue, LLC ("266 Putnam") for its Cross-Claim against Defendant Federal National Mortgage Association ("FNMA"), states:

### PARTIES, JURISDICTION, AND VENUE

1.      266 Putnam is a limited liability company in the State of Rhode Island.

2.      FNMA is an entity that conducts business in the State of Rhode Island.

3.      This action and the instant Cross-Claim concern real property located at 73 Kay Street, Cumberland, Rhode Island and therefore venue is proper in this district.

### FACTUAL BACKGROUND

4.      The Plaintiffs in the above captioned action, Kenneth Fitch and the Estate of Dianne L. Fitch ("Plaintiffs"), filed a Complaint in this action in which they allege, *inter alia*, that as a result of the acts and/or omissions of FNMA, Federal Housing Finance Agency ("FHFA"), Wells Fargo Bank, N.A. ("Wells Fargo"), and Harmon Law Offices, P.C., a certain mortgage foreclosure sale that occurred on or about July 2017, which resulted in 266 Putnam taking title to real property located at 73 Kay Street, Cumberland, Rhode Island (the "Property"), is void and without legal effect.

5.      On or about July 2017, FNMA conducted a foreclosure sale of the Property ("Sale"), where an individual named Paul Balay made a bid to purchase the Property in the amount of $188,000.00, which was accepted by FNMA.

6.      Thereafter, Paul Balay validly assigned his bid to purchase the Property to 266 Putnam.

7.      Thereafter, by way of foreclosure deed, FNMA transferred its interest in and marketable title to the Property to 266 Putnam in exchange for 266 Putnam's payment of $188,000.00.

8.      In connection with FNMA's sale of the Property to 266 Putnam, FNMA represented that it had marketable title to the Property and that it had authority to convey the Property to 266 Putnam.

9.      266 Putnam has been named a defendant in the above-captioned action as a result of the fact that it is the current owner of the Property and Plaintiffs have requested declaratory relief concerning the Property.

10.     266 Putnam denies that Plaintiffs are entitled to declaratory relief in this action and denies that the Sale of the Property is void.  266 Putnam maintains that it is the rightful owner of the Property and that it was at all relevant times a bona fide purchaser of the Property for value without notice.

11.     For the purpose of this Cross-Claim only, the averments of Plaintiffs' Complaint, to the extent they pertain to FNMA, are incorporated by reference herein, *without* admission or adoption by 266 Putnam.

12.     In the event that it is judicially determined that Plaintiffs are entitled to declaratory relief in this action, 266 Putnam seeks to recover all fees paid to FNMA in connection with its purchase of the Property and to recover all other damages arising from FNMA's acts and omissions.

## COUNT I – UNJUST ENRICHMENT

13.     266 Putnam realleges and incorporates paragraphs 1 through 12 of its Cross-Claim.

14.     266 Putnam paid $188,000.00 to FNMA in exchange for the Property.

15.     FNMA accepted the money paid by 266 Putnam, appreciated the benefit thereof, and knew that it received such payment as valuable consideration for 266 Putnam's purchase of the Property.

16.     In the event that this Court or a jury determines that the Sale of the Property conducted on or about July 2017 is void and without legal effect, it would be inequitable for FNMA to retain the benefit of the money that 266 Putnam paid to FNMA without 266 Putnam ever having received actual ownership of the Property.

17.     Equity and good conscience require that FNMA fully pay 266 Putnam for the benefit that it received from 266 Putnam, in an amount to be proven at trial based on the facts alleged herein, but no less than $188,000.00 and including but not limited to any additional damages, interest, and costs, including attorneys' fees.

## COUNT II – INDEMNIFICATION

18.     266 Putnam realleges and incorporates paragraphs 1 through 17 of its Cross-Claim.

19.     266 Putnam has incurred, and will continue to incur, significant costs and legal fees in defending a lawsuit that is directly caused by FNMA's actions.

20.     To the extent that it is found that the Sale of the Property conducted on or about July 2017 is void and without legal effect, 266 Putnam will suffer significant damages due to the ineffective conveyance by FNMA.

21.     FNMA is required to indemnify 266 Putnam from the claims and demands alleged by the Plaintiffs herein.

22.     This duty to defend arises regardless of the outcome of the Plaintiffs' claims herein, and FNMA is responsible for 266 Putnam's costs and attorneys' fees associated with defending against Plaintiffs' lawsuit.

## RELIEF REQUESTED

1.     Should the Court determine that the Sale is void and without legal effect, with respect to Count I, that the Court find and adjudge that FNMA has been unjustly enriched and adjudge that FNMA is liable for the damages 266 Putnam has sustained as a result, in an amount to be determined, together with interest, costs, and attorneys' fees;

2.     Should the Court determine that the Sale is void and without legal effect, with respect to Count II, that the Court find and adjudge that FNMA is required to indemnify 266 Putnam in this litigation, and adjudge that FNMA is liable for the damages 266 Putnam has sustained as a result, in an amount to be determined, together with interest, costs, and attorneys' fees;

3.     That the Court award 266 Putnam its attorneys' fees; and

4.     That the Court grant such other and further relief as it deems just and appropriate.

**JURY DEMAND**

266 Putnam hereby demands a trial by jury on all claims so triable.


266 PUTNAM AVENUE, LLC

By its attorney,

_/s/ Zachary W. Berk_____
Zachary W. Berk (RI Bar No. 7453)
SAUL EWING ARNSTEIN & LEHR LLP
131 Dartmouth Street, Suite 501
Boston, MA 02116
T: (617) 912-0927
F: (617) 723-4151
DATED: February 3, 2020            Zachary.Berk@saul.com


**CERTIFICATE OF SERVICE**

I, Zachary W. Berk, counsel for Defendant 266 PUTNAM AVENUE, LLC, hereby certify that I served a true copy of the within document upon counsel of record by ecf on the date set forth below.

    _____02/03/2020_____            _____/s/ Zachary W. Berk_____
             Date                              Zachary W. Berk