UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KENNETH FITCH
ESTATE OF DIANNE L. FITCH,

          Plaintiffs,

v.

FEDERAL HOUSING FINANCE AGENCY,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, WELLS FARGO BANK,
N.A., HARMON LAW OFFICES, P.C., 266
PUTNAM AVENUE, LLC, RUSHMORE
LOAN MANAGEMENT SERVICES, LLC,
US BANK NATIONAL ASSOCIATION AS
TRUSTEE FOR RMAC TRUST, SERIES
2016-CTT,

          Defendants.

CIVIL ACTION NO. 1:18--cv-00214-JJM-PAS

## ANSWER OF DEFENDANTS FEDERAL HOUSING FINANCE AGENCY AND FEDERAL NATIONAL MORTGAGE ASSOCIATION TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Federal Housing Finance Agency ("FHFA") and Federal National Mortgage Association ("Fannie Mae," together with FHFA, the "Defendants") respond to the Plaintiff's Amended Complaint (ECF No. 60) as follows:

1.      Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 1 of Plaintiffs' Amended Complaint.

2.      Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 2 of Plaintiffs' Amended Complaint.

3.      Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 3 of Plaintiffs' Amended Complaint.

4.      Paragraph 4 of Plaintiffs' Amended Complaint introduces the case, asserts legal conclusions and requests for relief that do not require a response. To the extent a response is required, denied.

5.      Denied.

6.      Paragraph 6 of Plaintiffs' Amended Complaint introduces the case, asserts legal claims and remedies sought that do not require a response. To the extent a response is required, denied.

## JURISDICTION AND VENUE

7.      Paragraph 7 of Plaintiffs' Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants assent to the jurisdiction of this Court.

8.      Paragraph 8 of Plaintiffs' Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants assent to the jurisdiction of this Court.

9.      Paragraph 9 of Plaintiffs' Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants assent to the jurisdiction of this Court.

10.      Paragraph 10 of Plaintiffs' Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants assent to the jurisdiction of this Court.

11.      Paragraph 11 of Plaintiffs' Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants assent to the jurisdiction of this Court.

12.      [No allegation is included or labelled as Paragraph 12 of Plaintiffs' Amended Complaint].

13.      Paragraph 13 of Plaintiffs' Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants accept venue in this District.

14.      Paragraph 14 of Plaintiffs' Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the United States Code and Federal Rules of Civil Procedure apply in this Court.

15.      Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of Plaintiffs' Amended Complaint.

16.      Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of Plaintiffs' Amended Complaint.

17.      Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of Plaintiffs' Amended Complaint.

18.      Admitted.

1010708\304991238.v1
1010708\305459176.v1

19.     Fannie Mae is a corporation existing under the laws of the United States of America. Furthermore, 12 U.S.C. § 1716 speaks for itself. To the extent Paragraph 19 contains Plaintiffs' characterization of the cited statutory provision, those allegations are denied.

20.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of Plaintiffs' Amended Complaint.

21.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 21 of Plaintiffs' Amended Complaint.

22.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 22 of Plaintiffs' Amended Complaint.

23.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 23 of Plaintiffs' Amended Complaint.

24.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 24 of Plaintiffs' Amended Complaint.

25.     Fannie Mae sold the mortgage loan at issue in this case to U.S. Bank National Association as Trustee for the RMAC Trust, Series 2016-CTT.

26.     The press release referred to by Plaintiffs in Paragraph 26 of the Amended Complaint speaks for itself. To the extent Plaintiffs mischaracterize the release, those allegations are denied.

## GENERAL FACTUAL ALLEGATIONS

### *The Conservatorship of FHFA over Fannie Mae*

27.     The statutory provisions of the Housing and Economic Recovery Act of 2008 ("HERA") referred to in Paragraph 10 of Plaintiff's Complaint speak for themselves. To the extent that Paragraph 10 contains Plaintiff's characterization of the cited statutory provisions, those allegations are denied.

28.     The statutory provisions of HERA referred to in Paragraph 28 of Plaintiffs' Amended Complaint speak for themselves. To the extent that Paragraph 28 contains Plaintiff's characterization of the cited statutory provisions, those allegations are denied.

29.     The Statement of the FHFA Director referred to in Paragraph 29 of Plaintiffs' Amended Complaint speaks for itself. To the extent that Paragraph 29 contains Plaintiffs' characterization of the cited statement, those allegations are denied.

30.     The Congressional Budget Office ("CBO") Background Paper referred to in Paragraph 30 of Plaintiffs' Amended Complaint speaks for itself. To the extent that Paragraph 30 contains Plaintiff's characterization of the cited statement, those allegations are denied.

1010708\304991238.v1
1010708\305459176.v1

31.     The CBO Working Paper referred to in Paragraph 31 of Plaintiffs' Amended Complaint speaks for itself. To the extent that Paragraph 31 contains Plaintiffs' characterization of the cited statement or document, those allegations are denied.

32.     The CBO Working Paper referred to in Paragraph 32 of Plaintiffs' Amended Complaint speaks for itself. To the extent that Paragraph 32 contains Plaintiffs' characterization of the cited statement or document, those allegations are denied

33.     Freddie Mac's Annual Report, Form 10-K, for fiscal year 2015 (hereinafter the "2015 Annual Report") referred to in Paragraph 32 of Plaintiffs' Amended Complaint speaks for itself. To the extent that Paragraph 32 contains Plaintiffs' characterization of the 2015 Annual Report or any statements therein, those allegations are denied.

34.     Admitted.

35.     Paragraph 35 of Plaintiff's Amended Complaint states a legal conclusion to which no response is required.

36.     Paragraph 36 of Plaintiff's Amended Complaint states a legal conclusion to which no response is required.

37.     Paragraph 37 of Plaintiff's Amended Complaint states a legal conclusion to which no response is required.

38.     Paragraph 38 of Plaintiff's Amended Complaint states a legal conclusion to which no response is required.

39.     Paragraph 39 of Plaintiff's Amended Complaint states a legal conclusion to which no response is required.

40.     Denied.

41.     Denied.

42.     The Questions and Answers referred to in Paragraph 42 of Plaintiffs' Amended Complaint speaks for itself. To the extent Paragraph 42 contains Plaintiffs' characterization of the Questions and Answers, those allegations are denied.

43.     Denied.

44.     12 U.S.C. 4617(a)(4)(D) referred to in Paragraph 44 of Plaintiffs' Amended Complaint speaks for itself. To the extent Paragraph 44 contains Plaintiffs' characterizations of the statute, those allegations are denied.

45.     Denied.

46.     Denied.

47.     Denied.

4

48.     The senior preferred stock purchase agreement referred to in Paragraph 48 of Plaintiffs' Amended Complaint speaks for itself. To the extent Paragraph 48 contains Plaintiffs' characterizations of the agreement, those allegations are denied.

49.     Denied.

50.     The Fact Sheet referred to in Paragraph 50 of Plaintiffs' Amended Complaint speaks for itself. To the extent Paragraph 50 contains Plaintiffs' characterizations of the Questions and Answers, those allegations are denied.

51.     The senior preferred stock purchase agreement referred to in Paragraph 51 of Plaintiffs' Amended Complaint speaks for itself. To the extent Paragraph 51 contains Plaintiffs' characterizations of the agreement, those allegations are denied.

52.     Denied.

53.     The senior preferred stock purchase agreement referred to in Paragraph 53 of Plaintiffs' Amended Complaint speaks for itself. To the extent Paragraph 53 contains Plaintiffs' characterizations of the agreement, those allegations are denied.

54.     The CBO report referred to in Paragraph 54 of Plaintiffs' Amended Complaint speaks for itself. To the extent Paragraph 54 contains Plaintiffs' characterizations of the agreement, those allegations are denied.

55.     The senior preferred stock purchase agreement referred to in Paragraph 55 of Plaintiffs' Amended Complaint speaks for itself. To the extent Paragraph 55 contains Plaintiffs' characterizations of the agreement, those allegations are denied.

56.     Denied.

### *The Agency Relationship between FHFA and Freddie Mac and the Servicing Agent.*

57.     The FHFA Office of Inspector General Evaluation Report referred to in Paragraph 57 of Plaintiffs' Amended Complaint speaks for itself. To the extent that Paragraph 57 contains Plaintiffs' characterization of that document or any statements therein, those allegations are denied.

58.     The document referred to in Paragraph 58 of Plaintiffs' Amended Complaint speaks for itself. To the extent Paragraph 58 contains Plaintiffs' characterization of that document or any statements therein, those allegations are denied.

59.     The document referred to in Paragraph 59 of Plaintiffs' Amended Complaint speaks for itself. To the extent Paragraph 59 contains Plaintiffs' characterization of that document or any statements therein, those allegations are denied.

60.     The document referred to in Paragraph 60 of Plaintiffs' Amended Complaint speaks for itself. To the extent Paragraph 60 contains Plaintiffs' characterization of that document or any statements therein, those allegations are denied.

1010708\304991238.v1
1010708\305459176.v1

61.     The document referred to in Paragraph 61 of Plaintiffs Amended Complaint speaks for itself. To the extent Paragraph 61 contains Plaintiffs' characterization of that document or any statements therein, those allegations are denied.

62.     The document referred to in Paragraph 62 of Plaintiffs' Amended Complaint speaks for itself. To the extent Paragraph 62 contains Plaintiffs' characterization of that document or any statements therein, those allegations are denied.

63.     The document referred to in Paragraph 63 of Plaintiffs' Amended Complaint speaks for itself. To the extent Paragraph 63 contains Plaintiffs' characterization of that document or any statements therein, those allegations are denied.

64.     The document referred to in Paragraph 64 of Plaintiffs' Amended Complaint speaks for itself. To the extent Paragraph 64 contains Plaintiffs' characterization of that document or any statements therein, those allegations are denied.

65.     The document referred to in Paragraph 65 of Plaintiffs' Amended Complaint speaks for itself. To the extent Paragraph 65 contains Plaintiffs' characterization of that document or any statements therein, those allegations are denied.

66.     The promissory note referred to in Paragraph 66 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

67.     The written document referred to in Paragraph 67 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

68.     The written document referred to in Paragraph 68 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

69.     The written document referred to in Paragraph 69 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

70.     Paragraph 70 consists of a legal conclusion, to which no response is required. To the extent a response is required, Fannie Mae owned the mortgage and note that Wells Fargo serviced as of March 22, 2017.

71.     The written document referred to in Paragraph 71 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

72.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 72.

73.     The written document referred to in Paragraph 73 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

74.     The written document referred to in Paragraph 74 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

1010708\304991238.v1
1010708\305459176.v1

75.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 75.

76.     The written document referred to in Paragraph 76 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

77.     The written document referred to in Paragraph 77 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

78.     The written document referred to in Paragraph 78 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

79.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 79.

80.     Paragraph 80 consists of a statement of law, to which no response is required. To the extent a response is required, Defendants deny any wrongdoing in the foreclosure sale.

81.     Paragraph 81 consists of a statement of law, to which no response is required. To the extent a response is required, Defendants deny any wrongdoing in the foreclosure sale.

82.     Defendants are unaware of what notices Plaintiffs received.

83.     Paragraph 83 consists of a statement of law, to which no response is required. To the extent a response is required, Defendants any misconduct in the pursuit of foreclosure.

84.     The allegations in Paragraph 84 concern Rhode Island Housing and Mortgage Finance Company, which is not a party to this case. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 84.

85.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 85.

86.     Fannie Mae conducted a foreclosure sale on July 28, 2017.

87.     Admitted.

88.     The written document referred to in Paragraph 88 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

89.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 89.

90.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 90.

91.     [No allegation is included or labelled as Paragraph 91 of Plaintiffs' Amended Complaint].

1010708\304991238.v1
1010708\305459176.v1

92.     The written document referred to in Paragraph 92 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

93.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 93.

94.     The written document referred to in Paragraph 94 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

95.     The written document referred to in Paragraph 95 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

96.     Plaintiffs were not entitled to an evidentiary hearing.

97.     Plaintiffs were not entitled to an evidentiary hearing.

98.     The written document referred to in Paragraph 98 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

99.     Denied.

## COUNT I – DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS

100.    Defendants restate and reincorporate their responses to paragraphs 1 through 99 above as if fully set forth herein.

101.    Denied.

101.    Paragraph 101 consists of a statement of law, to which no response is required.[1] To the extent a response is required, denied.

102.    Paragraph 102 consists of a statement of law, to which no response is required. To the extent a response is required, denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

---

[1] The Amended Complaint contains two paragraphs numbered "101." For ease of review, the Answer utilizes the same numbering.

1010708\304991238.v1
1010708\305459176.v1

108.    Denied.

109.    Denied.

110.    The written document referred to in Paragraph 110 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

111.     [No allegation is included or labelled as Paragraph 111 of Plaintiffs' Amended Complaint].

112.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 112.

113.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 113.

114.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 114.

115.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 115.

WHEREFORE, the Defendants deny that Plaintiff is entitled to relief and respectfully requests that Plaintiff's claims be denied and dismissed in their entirety and that judgment enter in favor of Defendants and that Defendants be awarded costs, attorney's fees and such other relief as may be deemed appropriate.

## COUNT II – VIOLATION OF THE PROVISIONS OF RHODE ISLAND GENERAL LAWS § 34-27-3.2

116.    Defendants restate and reincorporate their responses to paragraphs 1 through 115 above as if fully set forth herein.

117.    Paragraph 117 consists of a statement of law, to which no response is required. To the extent a response is required, Defendants deny any violation of R.I. Gen. Laws § 34-27-3.2.

118.    Paragraph 118 consists of a statement of law, to which no response is required. To the extent a response is required, Defendants deny any violation of R.I. Gen. Laws § 34-27-3.2.

119.    Denied.

120.    Denied.

121.    Denied.

9

122.    Denied.

123.    The written document referred to in Paragraph 123 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

124.    Paragraph 124 consists of a statement of law, to which no response is required. To the extent a response is required, Defendants deny any violation of R.I. Gen. Laws § 34-27-3.2.

125.    Denied.

126.    Denied.

127.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 127.

128.    Denied.

129.    Denied.

WHEREFORE, the Defendants deny that Plaintiff is entitled to relief and respectfully requests that Plaintiff's claims be denied and dismissed in their entirety and that judgment enter in favor of Defendants and that Defendants be awarded costs, attorney's fees and such other relief as may be deemed appropriate.

## <u>COUNT III – BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND DEALING</u>

130.    Defendants restates and reincorporates their responses to paragraphs 1 through 129 above as if fully set forth herein.

131.    Denied.

132.    The court docket referred to in Paragraph 132 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

133.    The written document referred to in Paragraph 133 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

134.    The written document referred to in Paragraph 134 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

135.    Paragraph 135 consists of a statement of law, to which no response is required. To the extent a response is required, denied.

10

136.    Denied.

137.    The written document referred to in Paragraph 137 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

138.    Denied.

139.    The written document referred to in Paragraph 139 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

140.    The written document referred to in Paragraph 140 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document. Responding further, to the extent that paragraph 140 alleges that the letter at issue is deceptive, denied.

141.    Denied.

142.    The written document referred to in Paragraph 142 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

143.    The written document referred to in Paragraph 143 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

144.    Denied.

145.    The written document referred to in Paragraph 145 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

146.    Denied.

147.    The written document referred to in Paragraph 147 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

148.    The written document referred to in Paragraph 148 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

149.    The written document referred to in Paragraph 149 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

150.    Denied.

151.    The allegations in Paragraphs 151 (there are two paragraphs) refer to written documents (*i.e.*, the notice of default and a mortgage) that speaks for themselves and to which no response is required. To the extent a response is required, Defendants deny any allegations

1010708\304991238.v1
1010708\305459176.v1

inconsistent with these written documents. Responding further, to the extent that paragraphs 151 alleges wrongdoing by Defendants, denied.[2]

152. The written document referred to in Paragraph 152 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

153. The written document referred to in Paragraph 153 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

154. The written document referred to in Paragraph 154 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. The written document referred to in Paragraph 162 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

163. The written document referred to in Paragraph 163 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

164. Denied.

165. Paragraph 165 consists of a legal conclusion, to which no response is required. To the extent a response is required, denied.

166. Paragraph 166 consist of a legal conclusion, to which no response is required. To the extent a response is required, denied.

167. Denied.

168. Denied.

169. Denied.

---

[2] The Amended Complaint contains two paragraphs listed as "151."

12

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    The written document referred to in Paragraph 175 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

176.    The written document referred to in Paragraph 176 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

177.    The written document referred to in Paragraph 177 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document. Responding further, to the extent that Paragraph 177 alleges any wrongdoing by Defendants, denied.

178.    The written document referred to in Paragraph 178 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document. Responding further, to the extent that Paragraph 178 alleges any wrongdoing by Defendants, denied.

179.    Denied.

180.    The written document referred to in Paragraph 180 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document. Responding further, to the extent that Paragraph 180 alleges any wrongdoing by Defendants, denied.

181.    Denied.

182.    The written document referred to in Paragraph 182 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document. Responding further, to the extent that Paragraph 182 alleges any wrongdoing by Defendants, denied.

183.    Denied.

184.    Denied.

185.    Paragraph 185 consists of Plaintiff's interpretation of the law, to which no response is required. To the extent a response is required, denied.

1010708\304991238.v1
1010708\305459176.v1

186.    The written document referred to in Paragraph 186 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Paragraph 193 consists of a legal conclusion, to which no response is required. To the extent a response is required, denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Paragraph 200 consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny any wrongdoing.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Denied.

1010708\304991238.v1
1010708\305459176.v1

209.   Denied.

210.   Denied.

211.   Denied.

WHEREFORE, the Defendants deny that Plaintiff is entitled to relief and respectfully requests that Plaintiff's claims be denied and dismissed in their entirety and that judgment enter in favor of Defendants and that Defendants be awarded costs, attorney's fees and such other relief as may be deemed appropriate.

## COUNT IV – DECLARATORY JUDGMENT

212.   Defendants restate and reincorporate their responses to paragraphs 1 through 211 above as if fully set forth herein.

213.   Paragraph 213 consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any declaratory relief.

214.   Denied.

215.   Denied.

216.   Denied.

217.   Denied..

218.   Denied.

219.   Denied.

220.   Denied.

221.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 221.

222.   Denied.

WHEREFORE, the Defendants deny that Plaintiff is entitled to relief and respectfully requests that Plaintiff's claims be denied and dismissed in their entirety and that judgment enter in

favor of Defendants and that Defendants be awarded costs, attorney's fees and such other relief as may be deemed appropriate.

### COUNT V – CLAIM FOR INJUNCTIVE RELIEF AND PRELIMINARY AND PERMANENT INJUNCTION

223.    Defendants restate and reincorporate their responses to paragraphs 1 through 222 above as if fully set forth herein.

224.    Denied.

225.    Denied.

226.    Denied.

227.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 227.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

WHEREFORE, the Defendants deny that Plaintiff is entitled to relief and respectfully requests that Plaintiff's claims be denied and dismissed in their entirety and that judgment enter in favor of Defendants and that Defendants be awarded costs, attorney's fees and such other relief as may be deemed appropriate.

### COUNT VI – COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TRUTH IN LENDING ACT BY FANNIE MAE FAILURE TO SEND THE PLAINTIFF A MONTHLY MORTGAGE STATEMENT EACH MONTH PURSUANT TO THE PROVISIONS OF 12 C.F.R. 1026.41 AND 15 U.S.C. 1638

232.    Defendants restate and reincorporate their responses to paragraphs 1 through 231 above as if fully set forth herein.

1010708\304991238.v1
1010708\305459176.v1

233.    Paragraph 233 consists of Plaintiff's statement of the case, to which no response is required. To the extent Paragraph 233 may be construed to allege wrongdoing by Defendants, denied.

234.    Paragraph 234 consists of Plaintiff's statement of the case, to which no response is required. To the extent Paragraph 234 may be construed to allege wrongdoing by Defendants, denied.

235.    Paragraph 235 consists of a conclusion of law, to which no response is required.

236.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 236.

237.    Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 237.

238.    Paragraph 238 consists of a legal conclusion, to which no response is required.

239.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 239.

240.    Paragraph 240 consists of a statement of law, to which no response is required.

241.    Denied.

242.    Denied.

243.    Denied.

244.    Denied.

245.    Denied.

WHEREFORE, the Defendants deny that Plaintiff is entitled to relief and respectfully requests that Plaintiff's claims be denied and dismissed in their entirety and that judgment enter in favor of Defendants and that Defendants be awarded costs, attorney's fees and such other relief as may be deemed appropriate.

1010708\304991238.v1
1010708\305459176.v1

## COUNT VII – VIOLATIONS OF REGULATION X FOR FAILURE TO CORRECT AN ERROR BY RESCINDING A FORECLOSURE AND REMOVING ANY LEGAL FEES FROM THE MORTGAGE LOAN ACCOUNT OF THE PLAINTIFFS

246.    Defendants restate and reincorporate their responses to paragraphs 1 through 245 above as if fully set forth herein.

247.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 247.

248.    The written document referred to in Paragraph 248 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

249.    The written document referred to in Paragraph 249 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

250.    Paragraph 250 consists of a legal conclusion, to which no response is required. To the extent that Paragraph 250 may be construed to allege any wrongdoing by Defendants, denied.

251.    Paragraph 251 consists of a legal conclusion, to which no response is required. To the extent that Paragraph 251 may be construed to allege any wrongdoing by Defendants, denied.

252.    Paragraph 252 consists of Plaintiff's statement of the case, to which no response is required. To the extent that Paragraph 252 may be construed to allege any wrongdoing by Defendants, denied.

253.    Paragraph 253 consists of Plaintiff's statement of the case, to which no response is required. To the extent that Paragraph 253 may be construed to allege any wrongdoing by Defendants, denied.

254.    Paragraph 254 consists of Plaintiff's statement of the case, to which no response is required. To the extent that Paragraphs 254 may be construed to allege any wrongdoing by Defendants, denied. [3]

255.    Paragraph 255 consists of a statement of law, to which no response is required.

256.    Paragraph 256 consists of a statement of law, to which no response is required.

257.    Paragraph 257 consists of a legal conclusion, to which no response is required.

258.    Paragraph 258 consists of a legal conclusion, to which no response is required.

---

[3] The Amended Complaint contains two paragraphs marked "254."

1010708\304991238.v1
1010708\305459176.v1

259.    Paragraph 259 consists of Plaintiff's statement of the case, to which no response is required. To the extent that paragraph 259 may be construed to allege any wrongdoing by Defendants, denied.

260.    Paragraph 260 consists of a legal conclusion, to which no response is required.

261.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraphs 261.[4]

262.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 262.

263.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 263.

264.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 264.

265.    The written document referred to in Paragraph 265 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

266.    The written document referred to in Paragraph 266 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

267.    Paragraph 267 consists of a statement of law, to which no response is required.

268.    Paragraph 268 consists of a legal conclusion, to which no response is required.

269.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 269.

270.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 270.

271.    The written document referred to in Paragraph 271 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

272.    The written document referred to in Paragraph 272 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

273.    The written document referred to in Paragraph 273 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

274.    Denied.

---

[4] The Amended Complaint contains two paragraphs marked "261."

1010708\304991238.v1
1010708\305459176.v1

275.   Denied.

276.   Denied.

277.   Denied.

WHEREFORE, the Defendants deny that Plaintiff is entitled to relief and respectfully requests that Plaintiff's claims be denied and dismissed in their entirety and that judgment enter in favor of Defendants and that Defendants be awarded costs, attorney's fees and such other relief as may be deemed appropriate.

### COUNT VIII – VIOLATIONS OF REGULATION X FOR FAILURE TO RESPOND TO A NOTICE OF ERROR TO CORRECT AN ERROR BY PROVIDING THE PLAINTIFFS PERIODIC STATEMENTS SENT BY THE WELLS FARGO TO THE CONSUMER ON THE GROUNDS THAT THERE IS A LITIGATION PRIVILEGE WHICH DOES NOT REQUIRE RESPONDING TO A NOTICE OF ERROR

278.   Defendants restate and reincorporate their responses to Paragraphs 1 through 277 above as if fully set forth herein.

279.   The written document referred to in Paragraph 279 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

280.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 280.

281.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 281.

282.   Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 282.

283.   Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 283.

284.   The written document referred to in Paragraph 284 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

285.   The written document referred to in Paragraph 285 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

286.   The written document referred to in Paragraph 286 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

1010708\304991238.v1
1010708\305459176.v1

287.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 287.

288.    Paragraph 288 consists of a legal conclusion, to which no response is required.

289.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 289.

290.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 290.

291.    The written document referred to in Paragraph 291 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

292.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 292.

293.    Paragraph 293 consists of a legal conclusion, to which no response is required.

294.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 294.

295.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 295.

296.    Denied.

297.    Denied.

298.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 298.

299.    Denied.

300.    Denied.

301.    Denied.

WHEREFORE, the Defendants deny that Plaintiff is entitled to relief and respectfully requests that Plaintiff's claims be denied and dismissed in their entirety and that judgment enter in favor of Defendants and that Defendants be awarded costs, attorney's fees and such other relief as may be deemed appropriate.

1010708\304991238.v1
1010708\305459176.v1

**COUNT IX – VIOLATIONS OF REGULATION X FOR FAILURE TO RESPOND TO A NOTICE OF ERROR TO CORRECT AN ERROR BY PROVIDING THE PLAINTIFFS RECORDS REGARDING ALL LEGAL FEES CHARGED TO THE MORTGAGE LOAN ACCOUNT TO THE CONSUMER ON THE GROUNDS THAT THERE IS A LITIGATION PRIVILEGE WHICH DOES NOT REQUIRE RESPONDING TO A NOTICE OF ERROR**

302.    Defendants restate and reincorporate their responses to paragraphs 1 through 301 above as if fully set forth herein.

303.    The written document referred to in Paragraph 303 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

304.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 304.

305.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 305.

306.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 306.

307.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 307.

308.    The written document referred to in Paragraph 308 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

309.    The written document referred to in Paragraph 309 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

301.    The written document referred to in Paragraph 301 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.[5]

302.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 302.

303.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 303.

304.    Paragraph 304 consists of a legal conclusion, to which no response is required.

305.    Paragraph 305 consists of a legal conclusion, to which no response is required.

---

[5] The Amended Complaint contains paragraph numbering that skips or repeats. For ease of review, this Answer utilizes the same numbering.

1010708\304991238.v1
1010708\305459176.v1

306.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 306.

307.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 307.

308.   The written document referred to in Paragraph 308 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

309.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 309.

310.   Paragraph 310 consists of a legal conclusion, to which no response is required.

311.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 311.

32.   Denied.

313.   Denied.

314.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 314.

315.   The written document referred to in Paragraph 315 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

316.   Denied.

317.   Denied.

318.   Denied.

WHEREFORE, the Defendants deny that Plaintiff is entitled to relief and respectfully requests that Plaintiff's claims be denied and dismissed in their entirety and that judgment enter in favor of Defendants and that Defendants be awarded costs, attorney's fees and such other relief as may be deemed appropriate.

1010708\304991238.v1
1010708\305459176.v1

**COUNT X – VIOLATIONS OF REGULATION X FOR FAILURE TO RESPOND TO A NOTICE OF ERROR TO CORRECT AN ERROR BY PROVIDING THE PLAINTIFFS RECORDS REGARDING ALL PROPERTY INSPECTIONS CHARGED TO THE MORTGAGE LOAN ACCOUNT TO THE CONSUMER ON THE GROUNDS THAT THERE IS A LITIGATION PRIVILEGE WHICH DOES NOT REQUIRE RESPONDING TO A NOTICE OF ERROR**

319.    Defendants repeat and re-alleges their responses to paragraphs 1 through 318 above as if fully set forth herein.

320.    The written document referred to in Paragraph 320 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

321.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 321.

322.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 322.

323.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 323.

324.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 324.

325.    The written document referred to in Paragraph 325 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

326.    The written document referred to in Paragraph 326 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

327.    The written document referred to in Paragraph 327 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

328.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 328.

329.    Paragraph 329 consists of a legal conclusion, to which no response is required.

330.    Paragraph 330 consists of a legal conclusion, to which no response is required.

331.    Paragraph 331 consists of a legal conclusion, to which no response is required.

332.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 332.

333. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 333.

334. The written document referred to in Paragraph 334 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

335. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 335.

336. Paragraph 336 consists of a legal conclusion, to which no response is required.

337. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 337.

338. Denied.

339. Denied.

340. The written document referred to in Paragraph 340 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

341. Denied.

342. Denied.

343. Denied.

WHEREFORE, the Defendants deny that Plaintiff is entitled to relief and respectfully requests that Plaintiff's claims be denied and dismissed in their entirety and that judgment enter in favor of Defendants and that Defendants be awarded costs, attorney's fees and such other relief as may be deemed appropriate.

**COUNT VIOLATIONS OF REGULATION X FOR FAILURE TO RESPOND TO A NOTICE OF ERROR TO CORRECT AN ERROR BY PROVIDING THE PLAINTIFFS RECORDS REGARDING ALL TH E LIFE OF THE LOAN TRANSACTIONAL HISTORY FOR THE MORTGAGE LOAN ACCOUNT TO THE CONSUMER ON THE GROUNDS THAT THERE IS A LITIGATION PRIVILEGE WHICH DOES NOT REQUIRE RESPONDING TO A NOTICE OF ERROR**

344. Defendants restates and reincorporates their responses to paragraphs 1 through 343 above as if fully set forth herein.

1010708\304991238.v1
1010708\305459176.v1

345.    The written document referred to in Paragraph 345 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

346.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 346.

347.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 347.

348.    Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 348.

349.    Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 349.

350.    The written document referred to in Paragraph 350 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

351.    The written document referred to in Paragraph 351 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

352.    The written document referred to in Paragraph 352 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

353.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 353.

354.    Paragraph 354 consists of a legal conclusion, to which no response is required.

355.    Paragraph 355 consists of a legal conclusion, to which no response is required.

356.    Paragraph 356 consists of a legal conclusion, to which no response is required.

357.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 357.

358.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 358.

359.    The written document referred to in Paragraph 359 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

360.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 360.

361.    Paragraph 361 consists of a legal conclusion, to which no response is required.

362.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 362.

1010708\304991238.v1
1010708\305459176.v1

363.    Paragraph 363 consists of a legal conclusion, to which no response is required.

364.    Denied.

365.    Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 365.

366.    The written document referred to in Paragraph 366 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

367.    Denied.

368.    Denied.

369.    Denied.

WHEREFORE, the Defendants deny that Plaintiff is entitled to relief and respectfully requests that Plaintiff's claims be denied and dismissed in their entirety and that judgment enter in favor of Defendants and that Defendants be awarded costs, attorney's fees and such other relief as may be deemed appropriate.

**COUNT XII – VIOLATIONS OF REGULATION X FOR FAILURE TO RESPOND TO A NOTICE OF ERROR TO CORRECT AN ERROR BY PROVIDING THE PLAINTIFFS RECORDS REGARDING ANY LETTERS REGARDING MEDIATION FOR THE MORTGAGE LOAN ON THE GROUNDS THAT THERE IS A LITIGATION PRIVILEGE WHICH DOES NOT REQUIRE RESPONDING TO A NOTICE OF ERROR**

370.    Defendants restate and reincorporate their responses to paragraphs 1 through 369 above as if fully set forth herein.

371.    [No allegation is included or labelled under Paragraph 371 of Plaintiffs' Amended Complaint].

372.    The written document referred to in Paragraph 372 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.[6]

373.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 373.

---

[6] The Amended Complaint does not contain a paragraph marked "371." For ease of review, this Answer utilizes the same numbering.

27

374. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 374.

375. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 375.

376. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 376.

377. The written document referred to in Paragraph 377 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

378. The written document referred to in Paragraph 378 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

379. The written document referred to in Paragraph 379 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

380. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 380.

381. Paragraph 381 consists of a legal conclusion, to which no response is required.

382. Paragraph 382 consists of a legal conclusion, to which no response is required.

383. Paragraph 382 consists of a legal conclusion, to which no response is required.

384. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 384.

385. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 385.

386. The written document referred to in Paragraph 386 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

387. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 387.

388. Paragraph 388 consists of a legal conclusion, to which no response is required.

389. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 389.

390. Paragraph 390 consists of a legal conclusion, to which no response is required.

391. Denied.

1010708\304991238.v1
1010708\305459176.v1

392.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 392.

393.    The written document referred to in Paragraph 393 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

394.    Denied.

395.    Denied.

396.    Denied.

WHEREFORE, the Defendants deny that Plaintiff is entitled to relief and respectfully requests that Plaintiff's claims be denied and dismissed in their entirety and that judgment enter in favor of Defendants and that Defendants be awarded costs, attorney's fees and such other relief as may be deemed appropriate.

### COUNT XII[SIC] – VIOLATIONS OF REGULATION X FOR FAILURE TO RESPOND TO A NOTICE OF ERROR TO CORRECT AN ERROR BY PROVIDING THE PLAINTIFFS RECORDS REGARDING THE MORTGAGE LOAN SERVICING FILE FOR THE MORTGAGE LOAN ON THE GROUNDS THAT THERE IS A LITIGATION PRIVILEGE WHICH DOES NOT REQUIRE RESPONDING TO A NOTICE OF ERROR

397.    Defendants restate and reincorporate their responses to paragraphs 1 through 396 above as if fully set forth herein.

398.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 398.

399.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 399.

400.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 400.

401.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 401.

402.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 402.

403.    The written document referred to in Paragraph 403 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

1010708\304991238.v1
1010708\305459176.v1

404.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 404.

405.   Paragraph 405 consists of a legal conclusion, to which no response is required.

406.   Paragraph 406 consists of a legal conclusion, to which no response is required.

407.   Paragraph 407 consists of a legal conclusion, to which no response is required.

408.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 408.

409.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 409.

410.   The written document referred to in Paragraph 410 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

411.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 411.

412.   Paragraph 412 consists of a legal conclusion, to which no response is required.

413.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 413.

414.   Paragraph 414 consists of a legal conclusion, to which no response is required.

415.   Denied.

416.   Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 416.

417.   The written document referred to in Paragraph 417 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

418.   Denied.

419.   Denied.

420.   Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 420.

WHEREFORE, the Defendants deny that Plaintiff is entitled to relief and respectfully

requests that Plaintiff's claims be denied and dismissed in their entirety and that judgment enter in

1010708\304991238.v1
1010708\305459176.v1

favor of Defendants and that Defendants be awarded costs, attorney's fees and such other relief as

may be deemed appropriate.

**COUNT VIII – VIOLATIONS OF REGULATION X FOR FAILURE TO RESPOND TO A NOTICE OF ERROR TO CORRECT AN ERROR WHICH ALLEGED THAT THE DEFENDANT HAD COMMITTED ERROR BY NOT RESPONDING TO A NOTICE OF ERROR BY CONDUCTING A PURPORTED FORECLOSURE AND CHARGING FEES AND EXPENSES WITHOUT A VALID DEFAULT NOTICE, A MEDIATION NOTICE OR WITHOUT FANNIE MAE OWNING THE MORTGAGE LOAN ON THE DAY OF THE PURPORTED SALE ON THE GROUNDS THAT THERE IS A LITIGATION PRIVILEGE WHICH DOES NOT REQUIRE RESPONDING TO A REQUEST FOR INFORMATION**

421.    Defendants restates and reincorporates their responses to paragraphs 1 through 420 above as if fully set forth herein.

422.    The written document referred to in Paragraph 422 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

423.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 423.

424.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 424.

425.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 425.

426.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 426.

427.    The written document referred to in Paragraph 427 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

428.    The written document referred to in Paragraph 428 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

429.    The written document referred to in Paragraph 429 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

430.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 430.

431.    Paragraph 431 consists of a legal conclusion, to which no response is required.

31

432.    Paragraph 432 consists of a legal conclusion, to which no response is required.

433.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 433.

434.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 434.

435.    The written document referred to in Paragraph 435 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

436.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 436.

437.    Paragraph 437 consists of a legal conclusion, to which no response is required.

438.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 438.

439.    Paragraph 439 consists of a legal conclusion, to which no response is required.

440.    Denied.

441.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 441.

442.    The written document referred to in Paragraph 442 speaks for itself. To the extent a response is required, Defendants deny any allegation inconsistent with that written document.

443.    Denied.

444.    Denied.

445.    Denied.

WHEREFORE, the Defendants deny that Plaintiff is entitled to relief and respectfully requests that Plaintiff's claims be denied and dismissed in their entirety and that judgment enter in favor of Defendants and that Defendants be awarded costs, attorney's fees and such other relief as may be deemed appropriate.

1010708\304991238.v1
1010708\305459176.v1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint should be dismissed as it fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims alleged in the Amended Complaint, as he has suffered no damages.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiff has suffered any damages, such damages are attributable, in whole or in part, to Plaintiff's own actions or omissions.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered any damages, such damages are attributable, in whole or in part, to the actions or omissions of third parties for which Defendants are not liable.

### FIFTH AFFIRMATIVE DEFENSE

If Plaintiff have suffered any damages, Plaintiff has failed to mitigate his alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

At all relevant times, Defendants' actions or inactions were taken in good faith and in accordance with Rhode Island and federal law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because he is in breach of the mortgage contract.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to comply with Fed. R. Civ. P. 8 for lack of a short and plain statement of allegations, claims, and relief requested.

1010708\304991238.v1
1010708\305459176.v1

## NINTH AFFIRMATIVE DEFENSE

Defendants reserve their right to supplement their defenses as further information becomes available.

Respectfully submitted,

FEDERAL HOUSING FINANCE AGENCY
and FEDERAL NATIONAL MORTGAGE
ASSOCIATION

By: Their Attorneys

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Providence, RI 02903
401-751-0842
401-751-0072  (facsimile)

Dated:     March 27, 2020

## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 27, 2020.

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar #7075

1010708\304991238.v1
1010708\305459176.v1