UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KENNETH FITCH<br>ESTATE OF DIANNE L. FITCH,<br><br>    Plaintiffs,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION, WELLS FARGO BANK, N.A., HARMON LAW OFFICES, P.C., 266 PUTNAM AVENUE, LLC, RUSHMORE LOAN MANAGEMENT SERVICES, LLC, US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RMAC TRUST, SERIES 2016-CTT,<br><br>    Defendants. | CIVIL ACTION NO. 1:18--cv-00214-JJM-PAS |

## DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S ANSWER TO 266 PUTNAM AVENUE, LLC'S CROSSCLAIM

Defendant Federal National Mortgage Association ("Fannie Mae") responds to 266 Putnam Avenue, LLC's ("Putnam") Crossclaim (ECF No. 63) as follows:

### PARTIES, JURISDICTION AND VENUE

1.  Fannie Mae is without sufficient knowledge or information to admit or deny the allegations in paragraph 1.

2.  Admitted.

3.  Paragraph 3 consists of a statement of law, to which no response is required. To the extent a response is required, Fannie Mae denies any liability to Putnam.

### FACTUAL BACKGROUND

4.  The allegations in paragraph 4 refer to a written document (*i.e.*, the Complaint) that speaks for itself and to which no response is required. To the extent a response is required, Fannie Mae denies any allegations inconsistent with this written document.

5. Admitted.

6. Admitted.

7. Admitted.

8. Fannie Mae is without sufficient knowledge or information to admit or deny the allegations in paragraph 8.

9. The allegations in paragraph 9 concern a written document (*i.e.*, the Complaint) that speaks for itself and to which no response is required. To the extent a response is required, Fannie Mae denies any allegations inconsistent with this written document.

10. Paragraph 10 states Putnam's position in the present litigation and no response is required. To the extent that paragraph 10 can be construed to allege any wrongdoing by Fannie Mae, it is denied.

11. Paragraph 11 adopts claims from the Plaintiffs' Complaint and no response is required. To the extent that paragraph 11 can be construed to allege any wrongdoing by Fannie Mae, it is denied.

12. Paragraph 12 states Putnam's position in the present litigation and no response is required. To the extent that paragraph 12 can be construed to allege any wrongdoing by Fannie Mae, it is denied.

## COUNT I – UNJUST ENRICHMENT

13. Defendant repeats and re-alleges their responses to paragraphs 1 through 12 above as if fully set forth herein.

14. Admitted.

15. Fannie Mae is without sufficient knowledge or information to admit or deny the allegations in paragraph 15.

1010708\305195534.v1
1010708\305459336.v1

16. Paragraph 16 states Putnam's position in the present litigation and no response is required. To the extent paragraph 15 can be construed to allege any wrongdoing by Fannie Mae, it is denied.

17. Denied.

## COUNT II – INDEMNIFICATION

18. Defendant repeats and re-alleges their responses to paragraphs 1 through 17 above as if fully set forth herein.

19. Denied.

20. Paragraph 20 contains a statement of law to which no response is required. To the extent that Paragraph 20 alleges wrongdoing by Fannie Mae, it is denied.

21. Denied.

22. Paragraph 22 contains a statement of law to which no response is required. To the extent paragraph 22 alleges any wrongdoing by Fannie Mae, it is denied.

## RELIEF REQUESTED

1. Fannie Mae denies that Putnam is entitled to the relief requested.

2. Fannie Mae denies that Putnam is entitled to the relief requested.

3. Fannie Mae denies that Putnam is entitled to the relief requested.

4. Fannie Mae denies that Putnam is entitled to the relief requested.

WHEREFORE, the Defendants deny that 266 Putnam Avenue, LLC ("Putnam") is entitled to relief and respectfully requests that Putnam's claims be denied and dismissed in their entirety and that judgment enter in favor of Defendants and that Defendants be awarded costs, attorney's fees and such other relief as may be deemed appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Putnam's Crossclaim should be dismissed as it fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

At all times, Fannie Mae's actions or inactions were taken in good faith and in compliance with Rhode Island and federal law.

### THIRD AFFIRMATIVE DEFENSE

Putnam lacks standing to bring the present Crossclaim as it has suffered no damages.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Putnam has suffered damages, such damages are attributable, in whole or in part, to Putnam's own negligent acts or omissions.

### FIFTH AFFIRMATIVE DEFENSE

Fannie Mae reserves the right to supplement these affirmative defenses if and when additional information becomes available.

*[SIGNATURE PAGE FOLLOWS]*

Respectfully submitted,

FEDERAL NATIONAL MORTGAGE ASSOCIATION

By: Its Attorney

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Providence, RI 02903
401-751-0842
401-751-0072  (facsimile)

Dated:       March 27, 2020

## CERTIFICATE OF SERVICE

    I, Samuel C. Bodurtha, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 27, 2020.

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar #7075