UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| KENNETH FITCH<br>ESTATE OF DIANNE L. FITCH,<br><br>  Plaintiffs,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY,<br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION, WELLS FARGO BANK,<br>N.A., HARMON LAW OFFICES, P.C., 266<br>PUTNAM AVENUE, LLC, RUSHMORE<br>LOAN MANAGEMENT SERVICES, LLC, US<br>BANK NATIONAL ASSOCIATION AS<br>TRUSTEE FOR RMAC TRUST, SERIES<br>2016-CTT<br><br>  Defendants. | CA No.: 1:18-cv-00214-JJM-PAS |

**DEFENDANT WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Wells Fargo Bank, N.A. ("Wells Fargo") submits this Reply in support of its Motion to Dismiss the Amended Complaint.

**I.   THE COMPLAINT'S RESPA ALLEGATIONS FAIL TO SUFFICIENTLY PLEAD DAMAGES, WHICH IS REQUIRED TO PLEAD ARTICLE III STANDING.**

  **A.   The Complaint fails to plead cognizable actual damages.**

The first half of Plaintiff's brief simply rehashes their Amended Complaint's damages allegations. *See* ECF No. 88-1, Memorandum of Law in Response to Motion to Dismiss by Wells Fargo Bank, N.A. ("Pl. Opp.") at 2-14. From there, Plaintiffs attempt to distinguish this Court's decision in *Curtis v. Embrace Home Loans, Inc.*, No. 18-cv-057-JJM-PAS, 2020 WL 2115987 (D.R.I. May 4, 2020) and Judge William E. Smith's decision in *Cordeiro v. Carrington*

*Mortg. Svsc, LLC*, No. 19-cv-510 WES, 2020 WL 3404742 (D.R.I. June 19, 2020), by arguing that "[i]n *Curtis*, the specific allegations made relating to the Notice of Error were not specifically pleaded" and "[i]n *Cordeiro*, the damages were less specifically pleaded than in this case." Pl. Opp. at 16-17. But Plaintiffs do not actually show or explain *how* their alleged damages are really different or are, in fact, more specific. They are not. To the contrary, and as demonstrated in Wells Fargo's Motion to Dismiss, the Complaint's so-called "damages" are indistinguishable from those that this Court in *Curtis* and Judge Smith in *Cordeiro* ruled were insufficient to confer Article III standing under *Spokeo v. Robins*, 136 S. Ct. 1540 (2016). *See* ECF No. 81-1, Memorandum of Law in Support of Wells Fargo Bank, N.A.'s Motion to Dismiss all Claims Against Wells Fargo for Lack of Subject Matter Jurisdiction and/or for Failure to State a Claim ("MTD") at 6-9.

Plaintiffs also rely on several cases from other districts outside of the First Circuit which, they say, come out the other way. *See* Pl. Opp. at 17-27. But this Court and Judge Smith have already received and rejected nearly the same briefing on this issue from Plaintiff's counsel, John B. Ennis, who represented the plaintiffs in the *Curtis* and *Cordeiro* proceedings, as well as the Plaintiffs here. In *Curtis*, Attorney Ennis argued that the mortgage servicer's alleged failure to provide information in response to a RESPA request resulted in damages because the borrower discussed the matter with his attorney (incurring legal fees), incurred expenses sending further correspondence to the servicer, and devoted "time away from [his] usual activities speaking with [his] attorney" about the allegedly deficient response. *See Curtis*, 19-cv-057, Dkt. No. 36-1, Plaintiff's Memorandum of Law at 29-30. And in arguing that these types of alleged "damages" satisfy the injury-in-fact requirement, he relied on many of the out-of-circuit cases that he now cites to this Court. *Compare id.* at 32-34 *with* Pl. Opp. at 17-18, 22-23. This Court found

Attorney Ennis's argument unconvincing and ruled that gasoline costs incurred in visiting an attorney, cell phone calls to and from an attorney, electricity charges related to phone calls, attorney's fees and costs related to prosecuting the action, "mailing, paper, and postage costs for the mailing and transmittal of a Notice of Error[,]" improper fees and costs for property inspections, legal fees and costs, and stress, do not establish Article III jurisdiction of a RESPA claim under *Spokeo*.  2020 WL 2115987, at *3.

Attorney Ennis again argued in *Cordeiro* that the Plaintiff's damages included "the cost of postage and cop[y]ing costs in transmitting the Notice of Error to the loan servicer." *See Cordeiro*, 19-cv-510, Dkt. No. 23-1, Plaintiff's Memorandum of Law, at 31-32; *see also id.* at 35 ("Plaintiff has pleaded damages on both Regulation X Counts, particularly that he incurred the costs of mailing the Notices of Error.").  He also relied on many of the same cases that this Court had found unpersuasive in *Curtis*.  *See id.* at 35-38.  In addition, Attorney Ennis cited a summary judgment ruling from the Southern District of Ohio for the proposition that "actual damages consisted of the cost of preparing the notice of error, which was neither responded to nor corrected."  *Id.* at 37 (citing *Cameron v. Ocwen Loan Servicing, LLC*, CA No. 2:18-cv-428, 2020 WL 104981 (S.D. Ohio Jan. 9, 2020)).  *Cameron*—which Attorney Ennis also relies on here—is flawed because it relies entirely on pre-*Spokeo* caselaw to support its conclusion that "costs of preparing" a Notice of Error may constitute actual damages.  *Cameron*, 2020 WL 104981, at *3 (citing *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 721 (6th Cir. 2013) and *Marais v. Chase Home Fin. LLC*, 24 F. Supp. 3d 712, 728 (S.D. Ohio 2014)).  Like this Court, Judge Smith was not convinced by these out-of-circuit authorities, and concluded that the "injury-in-fact requirement [is] not satisfied by allegations of litigation-related expenses and [the] suggestion of anxiety related to [the] loss of [one's] home."  2020 WL 340472, at *4 (citing *Curtis*, *supra*).

Magistrate Judge Sullivan also undertook a searching look at this issue in another case where Plaintiff's attorney advanced a similar claim and argument under the Truth in Lending Act ("TILA"), in *Pemental v. Bank of New York Mellon for Holders of Certificates, First Horizon Mortg. Pass-Through Certificates Series FHAMS 2004-AA5*, No. CV 16-483 S-PAS, 2017 WL 3279015, at *8 (D.R.I. May 10, 2017). Judge Smith adopted Judge Sullivan's thoughtful report and recommendation, sub nom., *Pemental v. Bank of New York Mellon*, No. CV 16-483 S-WES, 2017 WL 3278872 (D.R.I. Aug. 1, 2017). The Court reasoned there that "attorneys' fees, costs and expenses incurred" in asserting a claim "are not a substitute for the injury-in-fact required by *Spokeo*" because, "[i]f they were, they would subsume the injury-in-fact requirement since, apart from pro se claims, every TILA complaint requires the expenditure of attorneys' fees." 2017 WL 3279015, at *8.

In *Curtis* this Court cited *Pemental* as supportive of the proposition that "a claim that alleges a violation of these federal laws [*i.e.*, TILA and RESPA], but fails to produce any evidence of a concrete or particularized injury, must be dismissed" in accordance with *Spokeo*. *Curtis*, 2020 WL 2115987, at *2 (citing *Pemental*, 2017 WL 3279015, at *7 and numerous other cases). This Court also found the Seventh Circuit's decision in *Diedrich v. Ocwen Loan Svsc, LLC*, 839 F.3d 583, 587-91 (7th Cir. 2016) persuasive, in which the Seventh Circuit affirmed the judgment of dismissal of a RESPA claim for failing to allege sufficient injury-in-fact. *See Curtis*, 2020 WL 2115987, at *2 (citing *Deidrich*, *supra*). Since deciding *Diedrich*, the Seventh Circuit has further reinforced and explained its view, persuasively recognizing and holding that Article III's injury-in-fact requirement is not satisfied where the damages "theory would allow a borrower to create a RESPA claim that pulls itself up by its own bootstraps, creating the required damages by pursuing the inquiry [*i.e.*, a QWR] itself, at least with the help of a lawyer." *Moore*

*v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1059 (7th Cir. 2018) (rejecting claim that paying "an attorney to review Wells Fargo's response to the qualified written request" constitutes actual damages causally connected to a RESPA violation).

Indeed, this Court's decision in *Curtis* that prefatory claim and litigation-related costs "do not replace the injury-in-fact required by *Spokeo*," and Judge Smith's conclusion in *Cordeiro* that a plaintiff's "alleged damages . . . confined to time and money related to bringing the . . . claims" fails to establish *Spokeo* standing, are both correct. *Curtis*, 2020 WL 3225987, at *3; *Cordeiro*, 2020 WL 3404742, at *3-4. Because preparing and sending a RESPA request, meeting with counsel to discuss the servicer's response, pursuing a claim, and the like are all part of the process of evaluating or bringing a RESPA *claim* and happen regardless of whether or not the asserted RESPA *violation* occurred or did not occur, such "damages" cannot be used to meet the plaintiff's burden to show a causal connection—"a critical element when bringing a RESPA claim"—between the alleged RESPA violations and Plaintiffs' damages. *See Moore*, 908 F.3d at 1059; *see also Lebeau v. U.S. Bank, N.A. as Tr. For Citigroup Mortg. Loan Tr. Inc.*, No. CV 17-329-JJM-PAS, 2019 WL 1077285, at *4 (D.R.I. Mar. 7, 2019) ("To properly allege a claim for actual damages, a plaintiff's harm must have accrued 'as a result of the [defendant's] failure' to comply with the Act. *See* 12 U.S.C. § 2605(f). RESPA requires that a plaintiff 'present specific evidence to establish a causal link between the financing institution's violation and [his] injuries.'"). This Court should apply its own and Judge Smith's past decisions to again hold that Attorney Ennis's damage theories are insufficient to confer Article III standing.

      **B.**    **Pleading statutory damages does not establish Article III jurisdiction.**

Plaintiffs argue that their Complaint passes Article III muster because it pleads that statutory damages are available due to Wells Fargo's alleged pattern and practice of noncompliance with RESPA. In their brief, Plaintiffs posit that their Complaint adequately

"demonstrated pattern and practice by alleging that Wells Fargo ignored [Plaintiffs'] eight Notices of Error . . . ." Pl. Opp. at 21. Plaintiffs made—and lost—this same, conclusory argument in *Curtis* and *Cordeiro*. *See Curtis*, 19-cv-57, Dkt. No. 36-1 at 29-30 ("In this case the Plaintiff has alleged three failures to respond to Requests for Information and Truth in Lending which establish entitlement to actual damages based on pattern and practice. Thus the Plaintiff has established causal connection, liability, actual damages and pattern and practice for statutory damages . . . ."); *Cordeiro*, 19-cv-510, Dkt. No. 23-1 at 39 ("In this case the Plaintiff has alleged 11 failures to respond to Requests for Information, which establish entitlement to actual damages based on pattern and practice. Thus the Plaintiff has plausibly alleged causal connection, liability, actual damages and pattern and practice for statutory damages on each count."). By dismissing the RESPA claims, this Court in *Curtis* and Judge Smith in *Cordeiro* rejected the notion that a plaintiff who fails to establish an Article III injury-in-fact may nevertheless recover statutory damages under RESPA.

*Curtis* and *Cordeiro* correctly decided this issue. *Spokeo* squarely held that a plaintiff may not "allege a procedural violation [of a statute], divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." 136 S.Ct. at 1548. Applying this requirement to RESPA, federal courts have held that a plaintiff must have suffered actual damages to have standing to seek statutory damages under RESPA. *See Diedrich*, 839 F.3d at 590-91 (citing *Spokeo, supra*); *see also In re Jackson*, 622 B.R. 321, 327 (Bankr. D. Mass. 2020) ("Liability for statutory damages, which can include damages due to 'a pattern or practice of noncompliance with the requirements' of RESPA, specifically requires that the plaintiff sustain an actual injury.") (citing 12 U.S.C. § 2605(f)(1) and *Diedrich*, 839 F.2d at 589). One of the New Jersey cases cited by Plaintiffs in their Opposition, *Schmidt v. Wells Fargo Bank, N.A.*,

makes this very point. *See* Pl. Opp. at 12, 21 (citing *Schmidt*, *supra*, No. 2:17-CV-01708, 2019 WL 4943756, at *4 n.3 (D.N.J. Oct. 8, 2019) (recognizing that "[s]tatutory damages are only permitted *in addition* to actual damages") (citing 12 U.S.C. § 2605 and three cases) (emphasis added by the Court). And Magistrate Judge Sullivan reached the same conclusion in *Pemental*, recommending dismissal of the plaintiff's claim for "statutory TILA damages" because the complaint failed to show an injury-in-fact and, under *Spokeo,* "a complaint that alleges a technical TILA violation, but fails to allege a concrete or particularized injury, must be dismissed." 2017 WL 3279015, at *7.

Here, because the Complaint does not adequately plead actual damages and a purported claim for statutory damages, standing alone, does not establish Article III jurisdiction, Plaintiff's RESPA allegations should be dismissed for failing to state a claim upon which relief may be granted. *See Lebeau*, 2019 WL 1077285, at *4-5 (dismissing RESPA claim under Rule 12(b)(6) where plaintiff's allegations did not show actual or statutory damages) (citing cases).

**II.     PLAINTIFFS' OPPOSITION CLARIFIES THAT THEIR COMPLAINT DOES NOT PURPORT TO STATE ANY TILA, R.I.G.L. § 32-27-3.2, OR DECLARATORY JUDGMENT CLAIMS AGAINST WELLS FARGO.**

Plaintiffs state in their opposition that "[e]ach of [the Complaint's] counts asserts separate violations of [RESPA] and Regulation X enacted thereunder for failure to correct errors asserted in either Notices of Error." Pl. Opp. at 1. They further state that, with respect to the Complaint's claims for a violation of the federal Truth in Lending Act ("TILA"), "Wells Fargo was not a named defendant in that [TILA] count and no damages were sought against it other than the eight RESPA claims." *Id.* at 2. Accordingly, Plaintiffs have clarified that the Complaint's TILA claims (Count VI), its claims under R.I.G.L. § 34-27-3.2 (Count II), and its declaratory judgment count (Count IV) are not directed against Wells Fargo. As such, the Court's decision on Wells

Fargo's motion to dismiss should expressly recognize that no claims were asserted against Wells Fargo in those counts.

                Respectfully submitted,

                WELLS FARGO BANK, N.A.,

                By its attorney,

                */s/ Michael E. Jusczyk*
                Michael E. Jusczyk (Bar No. 7791)
                mjusczyk@seyfarth.com
                SEYFARTH SHAW LLP
                Two Seaport Lane, Suite 300
                Boston, MA 02210
                Telephone: (617) 946-8343
                Facsimile: (617) 946-4801

Dated: February 4, 2021

## CERTIFICATE OF SERVICE

      I, Michael E. Jusczyk, hereby certify that this document has been filed electronically and is available for viewing and downloading from the ECF system. I further certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 4, 2021, and paper copies will be sent to those indicated as non-registered participants.

                /s/  Michael E. Jusczyk
                    Michael E. Jusczyk