UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KENNETH FITCH
ESTATE OF DIANNE L. FITCH

     VS.                            Civil Action No. 18-cv-214

FEDERAL HOUSING FINANCE
AGENCY,
FEDERAL NATIONAL
MORTGAGEASSOCIATION,
WELLS FARGO BANK, N.A.,
266 PUTNAM AVENUE, LLC
U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR RMAC TRUST 2016-CTT.

**MOTION TO EXTEND TIME PURSUANT TO FED. R. Civ. P. 56(d) WITH MEMORANDUM OF LAW INCORPORATED**

Plaintiffs, by their attorney, move this Court for an extension of time to May 18, 2021 to file a response to the Defendant 266 Putnam Avenue, LLC's Motion for Summary Judgment in order to obtain deposition testimony from Federal National Mortgage Association, Federal Housing Finance Agency, Wells Fargo Bank, N.A. and US Bank National Association as Trustee for RMAC Trust, Series 2016-CTT. The Plaintiff needs time to conduct these depositions to obtain facts to contradict the following assertions in the Motion for Summary Judgment:

1.    That Fannie Mae retained the mortgage and US Bank purchased only the note pursuant to the sale of the mortgage loan

1

2. That *only* the Estate's mortgage loan, i.e., the Note, was sold to Rushmore. (Compl., Ex. C.)

3. That is undisputed that Fannie Mae was that mortgagee after the Mortgage was assigned by Wells Fargo in March 2017

4. That there is no evidence in the record in the record that the Mortgage was assigned by Fannie Mae prior to the conveyance of the Foreclosure Deed.

5. That the foreclosure followed all procedures.

These issues are crucial to the Plaintiffs' complaint and Defendant raises these issues without affidavits and by not presenting any evidence that the mortgage remained with Fannie Mae. This Court has previously held in *Town of Johnston v MERSCORP*, 950 F.Supp.2d 379, 383-4 (D. RI., 2013) that a mortgage does not have to be recorded to be valid:

Moreover, courts have held that unrecorded mortgages are valid in Rhode Island. For example, a ruling by this federal district court almost 100 years ago supports such an interpretation. The court stated that a "mortgage as between parties, though unrecorded, is valid." *In re Anderson,* 252 F. 272, 273 (D.R.I.1918). *See also* R.I. Hosp. Trust Nat'l Bank v. Boiteau, 119 R.I. 64, 376 A.2d 323, 326 (1977) ("A deed, if delivered, is valid and binding against those who have knowledge of it even if not acknowledged or recorded."). In fact, the Rhode Island Supreme Court recently stated, albeit *in dicta,* that because of the way the MERS model works, "[w]henever a note is sold, assigned, or otherwise transferred to another MERSCORP member, MERS remains as the mortgagee of record. As a result, *there is no need to record an assignment of the mortgage in the land evidence records."* Bucci, 68 A.3d at 1073 (emphasis added). The validity of unrecorded mortgages as reflected in these decisions demonstrates that the legislature did not intend to mandate that all mortgages be recorded.

2

This Court dismissed the complaint by the Town of Johnston on the grounds that it incurred no damages because assignments did not need to be recorded.

Registration Systems, Inc:

The Town's claims fail, however, because Rhode Island law does not require that all mortgages and mortgage assignments be recorded. Absent a statutory requirement to record, there are no damages, and, therefore, there is no cause of action.

Since assignments are not required to be recorded, the argument of the Defendant that the lack of a recorded mortgage assignment does not establish that there was no assignment of the mortgage. To obtain the exact ownership of the mortgage, Plaintiff has noticed the Depositions of Federal National Mortgage Association ("Fannie Mae") and Federal Housing Finance Agency ("FHFA") to obtain evidence regarding the actual sale, the party to whom the mortgage and note were sold, the date of the sale and whether any rights were retained by Fannie Mae or FHFA after the sale. Defendant asserts that US Bank and a Rushmore entity purchased only the note as a basis for a significant portion of its Motion for Summary Judgment. If Fannie Mae had no interest in the note or the mortgage at the time that the foreclosure sale occurred, then it was neither the owner of the note or the mortgage and was not the agent for either. This would operate as a complete defense to the foreclosure. Thus, the Plaintiff needs a brief amount of time to obtain this information.

The Plaintiff on March 11, 2021 had requested that the Attorney for Fannie Mae and FHFA provide dates for a deposition in this regard and requested documents which indicate that the mortgage and note were included in the loan package when the sale occurred of these nonperforming loans. No response was made to this Request for Dates and these documents. Plaintiff also requested the original promissory note, which Fannie Mae's attorney suggested was in the possession of These deposition notices are attached to this Motion.

The Plaintiff also will schedule a deposition of Wells Fargo to determine if its affidavit in the foreclosure deed was accurate and whether Fannie Mae owned the mortgage on the day of the foreclosure as well as the amount due on the note and mortgage and the dates that the acceleration letter and default letter were mailed to Dianne Fitch after her death or to Kenneth Fitch. The Plaintiff will subpoena Wells Fargo for the life of the loan transactional history which will demonstrate all fees and expenses and the actual charges contained in the default notice and the acceleration notice as well as the date each letter was mailed.

Plaintiff's attorney just recently, on March 15, 2021 obtained an Acceleration Letter, dated March 31, 2017, which Harmon Law Offices, P.C., through its mail vendor in California, caused to be transmitted to

Dianne Fitch, the decedent.  Plaintiff has just obtained a copy of this document , which indicates that the Notice of Sale dated April 20, 2017 was mailed within thirty days of the acceleration letter.  The promissory note specifically provides in paragraph 10:

Paragraph 10 of the note provides the procedure for acceleration:

Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior the expiration of this period, Lender may invoke any remedies permitted by this Security instrument without further notice or demand on borrower.

The 30 day period to reinstate after acceleration expired at 12:00 AM on May 1, 2017. The earliest that a Notice of Sale could be transmitted to the Plaintiff, assuming that there was strict compliance with the terms of the note and the mortgage,  was My 1, 2017. However the Notice of Sale was mailed on April 20, 2017, thus not providing the Plaintiff the full thirty days to reinstate after acceleration. This recent information affords the Plaintiff another basis for challenging this foreclosure and he should be provided the opportunity to amend his complaint due to this claim.  Thus an extension of time should be granted in this regard as well. The mortgage in paragraph 19 states that the borrower has the right to reinstate after acceleration.

Paragraph 10 of the note provides for thirty days before any exercise of rights under the Security Instrument.

Finally Plaintiff will take a deposition of US Bank as Trustee to obtain the Pooling and Servicing Agreement of the Trust and of Rushmore Loan Management Services LLC to establish that when Rushmore purchased the mortgage loan it purchased the note and the mortgage pursuant to a purchase of loans from either Fannie Mae or FHFA which closed on July 26, 2017 and that Fannie Mae had no interest in either note or mortgage after the sale of both. A copy of the Fannie Mae notice of this sale and the anticipated closing date, from its website, is attached.

Without this information it cannot present facts essential to justify its opposition to the Motion for Summary Judgment. This brief extension is not a fishing expedition as the Defendant has raised contentions in its Motion that only the note was sold to Rushmore Loan Management Services and that mortgage was retained by Fannie Mae. In Nieves Romero v. United States, 715 F.3d 375, 381 (First Circuit, 2013)    the First Circuit detailed the procedure for invoking Rule 56(d):

Federal Rule of Civil Procedure 56(d) supplies a ready mechanism for a party to obtain more time to gather facts necessary to oppose a motion for summary judgment.[3] *See* Celotex Corp. v. Catrett, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (explaining that "[a]ny potential problem with [a] premature [motion for summary judgment] can be adequately dealt

with under [this rule]"). It provides, in relevant part, that if a party opposing summary judgment shows that "for specified reasons, [he] cannot present facts essential to justify [his] opposition," the district court may grant appropriate relief. Fed.R.Civ.P. 56(d). When properly deployed, this safety net guards against precipitous grants of summary judgment. *See Rivera-Torres v. Rey-Hernández,* 502 F.3d 7, 10 (1st Cir. 2007).

For present purposes, it is important to emphasize that Rule 56(d) is not self-executing. A party seeking the shelter of the rule must invoke it. *See Jones v. Secord,* 684 F.3d 1, 6 (1st Cir.2012); *C.B. Trucking, Inc. v. Waste Mgmt., Inc.,* 137 F.3d 41, 44 (1st Cir.1998). A party cannot have two bites at the cherry: he ordinarily cannot oppose a summary judgment motion on the merits and, after his opposition is rejected, try to save the day by belatedly invoking Rule 56(d). *See C.B. Trucking,* 137 F.3d at 44. Rather, he must stake his claim to protection under Rule 56(d) at the time he responds to the summary judgment motion (or, at least, at some time before the nisi prius court passes on that motion).

The plaintiff did not seasonably invoke the protection of Rule 56(d). To invoke Rule 56(d), a party must furnish the district court with a timely statement that "(i) explains his or her current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion." *Vélez,* 375 F.3d at 40.

The Plaintiff has demonstrated that these depositions are necessary to present evidence sufficient to oppose Summary Judgment and the reasons for them.  This will not extraordinarily extend the time.  The Defendant, states in a conclusory manner, without an affidavit, that "*only* the Estate's mortgage loan, i.e., the Note, was sold to Rushmore." The Notice of Sale of the mortgage loan (Exhibit D) indicated quite clearly that the Plaintiff was required to make mortgage payments:

7

Please continue to send your mortgage payments as directed by the servicer, and NOT to the new creditor.

It also stated quite succinctly that the mortgage lien had also been conveyed:

The transfer of the lien associated with your loan is currently recorded, or in the future may be recorded in the public records of the local County Recorder's office for the county where your property is located.

This language made it clear that the mortgage was also conveyed contrary to the assertions of the Defendant.

The Defendant in its answer to the allegations regarding the ownership of the mortgage loan at the time of the foreclosure did not deny the following allegations of the Amended Complaint:

191. Prior to July 26, 2017, Fannie Mae had already sold the Plaintiff's Mortgage and Note to Rushmore Loan Management Group.
Answer191. 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 191 of the Complaint

192. Subsequently and prior to the date of the purported foreclosure this loan was securitized and sold by Rushmore Loan Management Group, resulting in the transfer of the mortgage and note to US BankNational Association as trustee for an entity known as the RMAC Trust, Series 2016-CTT.

8

Answer 192. 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 192 of the Complaint.

193. Thus on July 28, 2017, Fannie Mae no longer was the owner of the mortgage or the holder of the mortgage.

Answer 193. 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 193 of the Complaint.

194. Wells Fargo and Fannie Mae knew before July 28, 2017 that neither Fannie Mae nor Wells Fargo possessed the right to exercise the statutory power of sale.

Answer194. 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 194 of the Complaint.

195. Wells Fargo and Fannie Mae knew that US Bank owned the mortgage note and mortgage on July 28, 2017 and that Fannie Mae had no interest in the mortgage on that date.

Answer 195. 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 195 of the Complaint.

196. Despite this knowledge that Fannie Mae had no interest in the note or the mortgage on July 28, 2017, Wells Fargo and Fannie Mae caused to be executed a purported foreclosure deed.

Answer 196. 266 Putnam lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 196 of the Complaint.

197. This deed contained a false affidavit dated August 12, 2017 by an employee of Wells Fargo, Rodney Lorrell Young, who falsely stated in the affidavit the following misstatements of material fact:

a. That the foreclosing mortgagee was Federal National Mortgage Association

b. That Notices of Default were given prior to acceleration and the content of the Notice of Default was in strict compliance with the notice requirements set forth in the mortgage.

Answer 197. The allegations in paragraph 197 set forth legal conclusions to which no response is required. Further answering, the allegations contained in paragraph 197 of the Complaint reference or are evidenced by written documents, the terms of such which speak for themselves, and any characterization thereof is denied. To the extent that the allegations contained in paragraph 197 contradict the written documents, they are denied. To the extent that a further response is required, 266 Putnam lacks

knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 197 of the Complaint.

It also did not admit or deny the allegations in paragraph 198 which alleged:

These statements were false as alleged above in this complaint.

Its answer was:

198. The allegations in paragraph 198 set forth legal conclusions to which no response is required.

Defendant has stood on its lack of knowledge in the answer, but now contrary to its pleadings, it has alleged facts, not contained in its answer. This conflict justifies the Motion to Extend Time.

     The Plaintiff seeks to obtain evidence to dispute the conclusory statements about the mortgage and note's history by a brief discovery. This reasonable extension of time is permitted by the First Circuit in its interpretation of FRCP 56(d).  The  Plaintiff has demonstrated the basis for this reasonable extension and the facts alleged in the affidavit support the theory of the Plaintiff's complaint to set aside this foreclosure.

.

For these reasons and the attached Declaration, the time to respond to the Motion for Summary Judgment to be extended to May 18, 2021 to complete these depositions to obtain the documents and evidence necessary to file affidavits in opposition to the Motion for Summary Judgment.

|  |  |
|---|---|
|  | KENNETH FITCH |
|  | ESTATE OF DIANNE L. FITCH<br>By their Attorney |
| March 25, 2021 | /s/ John B. Ennis<br>JOHN B. ENNIS, ESQ. #2135<br>1200 Reservoir Avenue<br>Cranston, Rhode Island 02920<br>(401) 943-9230<br>Jbelaw75@gmail.com |

CERTIFICATION

I hereby certify that I emailed a copy of the above Motion to Extend Time to the following on this 25th day of March, 2021 and by electronic filing:

Thomas Walsh, Esq.
Stephen Stoeher, Esq.
Samuel Bodurtha, Esq.
Michael Jusczyk, Esq.

12

Zachary W. Bork, Esq.
Rowdy Cloud, Esq.

                                                /s/ John B. Ennis