IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | )
|---|---|
| KENNETH FITCH and | ) |
| ESTATE OF DIANNE L. FITCH | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 1:18-cv-00214 |
| | ) |
| FEDERAL HOUSING FINANCE | ) |
| AGENCY, FEDERAL NATIONAL | ) |
| MORTGAGE ASSOCIATION, | ) |
| WELLS FARGO BANK, N.A., | ) |
| HARMON LAW OFFICES, P.C., and | ) |
| 266 PUTNAM AVENUE, LLC | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT 266 PUTNAM AVENUE, LLC'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXTEND TIME PURSUANT TO FED. R. CIV. P. 56(d)**

Defendant 266 Putnam Avenue, LLC ("Putnam") hereby objects to the Motion to Extend Time Pursuant to Fed. R. Civ. P. 56(d) (the "Motion to Extend") filed by Plaintiffs Estate of Dianne Fitch and Kenneth Fitch (collectively, "Plaintiffs"). Plaintiffs' Motion to Extend suffers from a glaring omission. Despite reciting several factors that the Court should consider when deciding whether to grant a motion for additional discovery pursuant to Fed. R. Civ. P. 56(d) (*see* Motion to Extend at 7), Plaintiffs ignore the critical requirement that "a litigant also must have exercised '**due diligence** both **in pursuing discovery before the summary judgment initiative surfaces** and in pursuing an extension of time thereafter.'" *Velez v. Awning Windows, Inc.*, 375 F.3d 35, 40 (1 st Cir. 2004) (quoting *Resolution Trust Corp. v. N. Bridge Assocs., Inc.*, 22 F.3d 1198, 1203 (1st Cir.1994)) (emphasis added). Plaintiffs' failure to acknowledge this fundamental

aspect of a Rule 56(d) motion is not surprising because their complete lack of diligence in pursuing discovery in this case is fatal to the Motion to Extend.

This case was filed three years ago and discovery closed more than a year and a half ago, on July 8, 2019. Plaintiffs, however, have not initiated a shred of discovery during that three-year period, sought to extend the discovery deadline, or offered any supposed justification for their lack of diligence in pursuing discovery. Plaintiffs' failure to take discovery is particularly egregious given that Putnam previously filed a motion to dismiss for failure to prosecute nearly seventeen months ago, in November 2019 (*see* Docket Entry ("Dkt.") 54), in which Putnam detailed Plaintiffs' inexcusable delay tactics and the resulting prejudice being caused to Putnam.

Ultimately, because Plaintiffs did not exercise "due diligence . . . in pursuing discovery before the summary judgment initiative surface[d][,]" *see Velez*, 375 F.3d at 40, they should not be permitted additional time to take discovery and their Motion to Extend should be denied.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiffs filed the Complaint in this case on April 19, 2018. (Dkt. 1.) In anticipation of Plaintiffs filing an amended complaint to join a party, Rushmore Loan Management Group ("Rushmore"), Plaintiffs granted several extensions for defendants to file their responses to the Complaint. (*See* Dkt. 19, 23, 26, 30, 32, and 34.) Then, during a December 7, 2018 telephone conference with the Court, the parties explained Plaintiffs' intent, and need, to file an amended complaint to join Rushmore as a party in the case. The parties further agreed that it did not make sense for the defendants to respond to the Complaint until an amended complaint was filed. As a result, the Court entered a text order on December 7, 2018 providing that "Plaintiff shall file an Amended Complaint to add new defendants within 30 days." (Dkt. 12/7/2018.) Subsequently, the

Court entered the Pretrial Scheduling Order setting a deadline for fact discovery of July 8, 2019. (Dkt. 37.)

Thereafter, the Estate filed requests for, and obtained, **four** extensions of the deadline to amend its Complaint. (*See* Dkt. 38-41.) The Court granted each extension, which ultimately resulted in a deadline of February 4, 2019 for the Estate to file an amended complaint. (Dkt. 1/31/2019.) Despite the extensions, months passed and Plaintiffs failed to file an amended complaint or take any discovery in the case. During this time, Putnam served document requests on the Plaintiffs on April 4, 2019, which went ignored by Plaintiffs—even after Putnam granted Plaintiffs several extensions to respond—and Putnam was forced to file a motion to compel on June 12, 2019. (Dkt. 43.)

Eventually, because of Plaintiffs' lack of diligence in prosecuting this case, Putnam filed a Motion to Dismiss for Failure to Join a Necessary Party, or, Alternatively, for Failure to Prosecute (the "Motion to Dismiss for Failure to Prosecute") (*see* Dkt. 54) on November 8, 2019, nine months after the deadline had passed for Plaintiffs to file the amended complaint, and four months after the close of fact discovery. Among other things, Putnam argued that "this case should be dismissed pursuant to Fed. R. Civ. P. 41(b) for the [Plaintiffs'] failure to prosecute because there is no justification for [their] substantial delay in filing an amended complaint, which has prejudiced, and continues to prejudice, Putnam."[1] (Dkt. 54-1 at p. 2.) Plaintiffs opposed the Motion to Dismiss for Failure to Prosecute not by offering any justification for the

---

[1] Putnam has been unable to evict Mr. Fitch from the property at issue in this case, despite purchasing the property in August 2017 and commencing an eviction proceeding in October 2017. In the meantime, Putnam has been caused to shoulder the financial burdens associated with the property, including the payment of real estate taxes and utilities, and is losing out on the opportunity to receive rent for the property and/or to renovate and sell the property for a profit. Putnam is also losing the opportunity cost of the money that is tied up in the real estate.

3

delay, but by claiming, for the first time, that an amended complaint was unnecessary for purposes of joining Rushmore as a party. (Dkt. 57.)

This Court then entered an Order on December 16, 2019 providing that "Plaintiff has thirty (30) days to file the amended complaint referenced in his opposition. No extension will be granted. If an amended complaint is not filed by the deadline, the Court will dismiss the complaint as to 266 Putnam Avenue LLC." (Dkt. 12/16/2019.) Plaintiffs finally filed their Amended Complaint on January 14, 2020. (Dkt. 60.) Putnam filed its Answer to the Amended Complaint and Crossclaim on February 3, 2020. (Dkt. 63.)

Nearly eleventh months after Plaintiffs filed their Amended Complaint, Putnam filed its Motion for Partial Summary Judgment on December 8, 2020. (Dkt. 87.) By that time, more than two and a half years had passed since the case was filed, it was a year and a half beyond the discovery deadline, and it was a year after Putnam filed the Motion to Dismiss for Failure to Prosecute arguing that it had been prejudiced by Plaintiffs' substantial delays, and yet Plaintiffs had not served any discovery in this case. Then, while Putnam's summary judgment motion was pending, this case was referred to mediation by agreement of the parties on January 12, 2021. (Dkt. 91.) Because of the scheduled mediation, this Court denied Putnam's Motion for Partial Summary Judgment without prejudice. (Dkt. 02/09/2021.) An unsuccessful mediation was then held on February 23, 2021,[2] and Putnam refiled its Motion for Partial Summary Judgment on

---

[2] Plaintiffs' agreement to participate in the mediation appears to have been nothing more than another delay tactic. Plaintiffs ignored the parties' agreement regarding a condition precedent to mediation concerning the settlement parameters that would be negotiated and then proposed and negotiated an alternative settlement arrangement that was dependent upon the participation of an unnamed third party. Accepting that Plaintiffs were negotiating in good faith, Putnam reached an agreement in principal with Plaintiffs to settle this case, but Plaintiffs backed out of the deal after the mediation and before the agreement was reduced to writing. Specifically, Plaintiffs reneged on the parties' agreement because, despite representations made to the contrary during the mediation, the unnamed third party was not willing to participate in the settlement.

March 11, 2021. (Dkt. 96.) Plaintiffs' Motion to Extend was then filed on March 25, 2021, claiming the need to take discovery to oppose the motion for summary judgment. (Dkt. 97.)

## ARGUMENT

### A. The Legal Standard Under Fed. R. Civ. P. 56(d) And Required Showing of Due Diligence in Discovery

Rule 56(d), which was previously embodied in Fed. R. Civ. P. 56(f), "comprises a procedural 'escape hatch' for a party who genuinely requires additional time to marshal 'facts essential to justify [its] opposition' when confronted by a summary judgment motion." *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988) (citing *Herbert v. Wicklund*, 744 F.2d 218, 221 (1st Cir. 1984)) (brackets in original). "[T]he purpose of Rule [56(d)] is to prevent 'railroading' the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery." *U.S. ex rel. Fisher v. Network Software Assocs.*, 227 F.R.D. 4, 9 (D.D.C. 2005) (citing *Dickens v. Whole Foods Market Group, Inc.*, 2003 WL 21486821, at *2 n. 5 (D.D.C. Mar.18, 2003) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986))).

In addition to demonstrating by affidavit "that (i) explains his or her current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion," *see Velez*, 375 F.3d at 40, a party seeking to invoke Rule 56(d) "**must demonstrate good cause** for failure to have conducted the discovery earlier." *Paterson-Leitch Co., Inc.*, 840 F.2d at 988 (emphasis added). As the First Circuit explained in *Resolution Trust Corp. v. North Bridge Assoc., Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994), the benefit of Rule 56(d) does not extend "to litigants who act lackadaisically." Indeed, the Court stated that "use of the rule not only requires meeting several

benchmarks, . . . but also requires due diligence both in pursuing discovery before the summary judgment initiative surfaces and in pursuing an extension of time thereafter." *Id.* The Court further noted that Rule 56(d) "is designed to minister to the vigilant, not to those who slumber upon perceptible rights." *Id.*

        **B.**       **Plaintiffs' Failure To Conduct Discovery For Three Years Is The Antithesis Of Due Diligence Or The Vigilance Required To Invoke Rule 56(d)**

If the "escape hatch" of Rule 56(d) were to be available to the Plaintiffs in this case, the due diligence requirement repeatedly emphasized by the First Circuit in the *Paterson-Leitch*, *Resolution Trust Corp.*, and *Velez* cases would be rendered meaningless. Nothing about the Plaintiffs conduct in this litigation could be described as "vigilant" or "diligent," especially with regard to their non-existent discovery efforts. Indeed, describing Plaintiffs' discovery efforts as "lackadaisical" would be generous.

The Plaintiffs have failed to serve any discovery in the three years since this case was filed. This is despite the fact that Putnam served discovery in April 2019, the fact that the Court set a discovery deadline of July 8, 2019, and the fact that Putnam filed its Motion to Dismiss for Failure to Prosecute in early November 2019 arguing that Plaintiffs' delays in prosecuting the case were causing it significant prejudice. Notably, not only do the Plaintiffs decline to offer any explanation for their total failure to pursue discovery at any point during the last three years (never mind attempt to establish "good cause" for that failure as is required for relief under Rule 56(d)), they entirely ignore this element of a request to take discovery pursuant to Rule 56(d) in the Motion to Extend.

Ultimately, Plaintiffs' Motion to Extend should be seen for what it is: another effort in a long line of delays to prevent Putnam from proceeding with an eviction. Plaintiffs did not respond to Putnam's document request, even after several extensions, until Putnam was forced to

file a motion to compel. Plaintiffs did not file their promised Amended Complaint until eleven months after the deadline set by this Court and only after it was prompted by Putnam's Motion to Dismiss for Failure to Prosecute. Then, Plaintiffs did not seek to take discovery for more than a year after the Amended Complaint was filed, and only did so after Putnam filed its Motion for Partial Summary Judgment a second time (it was previously dismissed, without prejudice, when the parties agreed to mediation).[3] Plaintiffs caused further delay by agreeing to mediation after Putnam first filed its Motion for Partial Summary Judgment in December 2020 and then ignoring the settlement terms that had been a precondition to the defendants' agreement to mediate.[4]

Accordingly, Plaintiffs have not displayed any diligence in pursuing discovery in this case, have not articulated any cause—never mind good cause—for their failure to pursue discovery to this point, and should not be afforded the benefit of the "escape hatch" that is Rule 56(d), which exists to prevent the "railroading" of diligent parties by a premature summary judgment motion, under these circumstances. *See Paterson-Leitch Co., Inc.*, 840 F.2d at 989-90 (affirming district court's denial of a Rule 56(f) motion to reopen discovery where the plaintiff's "conduct exemplified a lack of diligence totally at odds with the spirit, as well as the letter, of Rule 56(f)" and was "wholly bare of anything which smacked of 'good cause' to explain the long delay"); *Flanders & Medeiros Inc. v. Bogosian*, 868 F.Supp. 412, 424 (D.R.I. 1994) (denying defendant's Rule 56(f) motion and holding that defendant "failed to demonstrate good cause for her failure to obtain the expert evidence necessary to her counterclaim" where defendant did not

---

[3] Putnam agreed to an extension for Plaintiffs to respond to the Motion for Partial Summary Judgment when it was initially filed in December 2020, before the Court ordered this case to mediation.

[4] Again, Plaintiffs reneged on a condition precedent to the mediation and subsequently refused to consummate the agreement in principal that was reached with Putnam during the mediation on the alternative terms proposed by the Plaintiffs.

identify an expert witness until five months after the close of discovery or seek to take additional discovery until the motion for summary judgment was filed nearly a year after the counterclaim was asserted), *aff'd in part, rev'd in part on other grounds*, 65 F.3d 198 (1st Cir. 1995).

    **C.    While Plaintiffs' Inexcusable Delay In Seeking Discovery Should Be Dispositive As To The Motion To Extend, They Also Fail To Explain Their Inability To Adduce The Facts Essential To The Filing Of An Opposition**

In addition to completely ignoring their inexcusable three-year delay in serving any discovery in this case, Plaintiffs' Motion to Extend fails to explain their "current inability to adduce the facts essential to filing an opposition." *Velez*, 375 F.3d at 40. The facts that Plaintiffs supposedly need to develop to oppose the summary judgment (*see* Motion to Extend at pp. 1-2) relate to simple issues that should have been addressed years ago, and, in some cases, before this case was filed because Plaintiffs needed a good faith basis to assert certain claims in the first place—*e.g.,* "[t]hat the foreclosure followed all procedures." (*Id.* at p. 2.) Specifically, Plaintiffs claim they need evidence to determine whether "Fannie Mae retained the mortgage and US Bank purchased only the note," whether "Fannie Mae was the mortgagee after the Mortgage was assigned by Wells Fargo in 2017," and whether "the Mortgage was assigned by Fannie Mae prior to the conveyance of the Foreclosure Deed." Each of these issues was apparent from the time this case was filed and could have been investigated through targeted discovery years ago.

Plaintiffs also suggest that they need to obtain discovery to counter Putnam's assertion that "*only* the Estate's mortgage loan, i.e., the Note, was sold to Rushmore." (*Id.*) Putnam's motion for partial summary judgment, however, does not even suggest that the Note was sold to Rushmore. Rather, the motion asserts, as is clear from the face of the document attached to the Amended Complaint as Exhibit C, that Rushmore is a loan servicer and that the Note was sold to

8

U.S. Bank. (Dkt. 87-1 at p. 6.) Regardless, any information Plaintiffs allegedly need to counter Putnam's assertion should have been clear from the time the Complaint was filed in 2018.

Ultimately, Plaintiffs offer no justification for their supposed "inability to adduce the facts essential to filing an opposition" to the motion for partial summary judgment. Therefore, Plaintiffs' Motion to Extend should also be denied on this ground.

## CONCLUSION

Based on the foregoing, Plaintiffs should be precluded from further delaying this case, their Motion to Extend should be denied, and they should be ordered to file their opposition to Putnam's Motion for Partial Summary Judgment within seven (7) days given that the Motion to Extend was not filed until the date that the Plaintiffs' opposition to the Motion for Partial Summary Judgment was due.

266 PUTNAM AVENUE, LLC

By its attorney,

 /s/ Zachary W. Berk
Zachary W. Berk (RI Bar No. 7453)
Paige V. Schroeder (RI Bar No. 9165)
SAUL EWING ARNSTEIN & LEHR LLP
131 Dartmouth Street, Suite 501
Boston, MA 02116
T: (617) 912-0927
F: (617) 723-4151
Zachary.Berk@saul.com
Paige.Schroeder@saul.com

DATED: March 30, 2021

## CERTIFICATE OF SERVICE

I, Zachary W. Berk, counsel for Defendant 266 PUTNAM AVENUE, LLC, hereby certify that I served a true copy of the within document upon all counsel of record through the Court's electronic filing system.

| 03/30/21 | /s/ Zachary W. Berk |
|---|---|
| Date | Zachary W. Berk |