# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KENNETH FITCH; and <br> ESTATE OF DIANNE L. FITCH, <br><br> **PLAINTIFF,** <br> v. <br><br> FEDERAL HOUSING FINANCE AGENCY; <br> FEDERAL NATIONAL MORTGAGE ASSOCIATION; <br> WELLS FARGO BANK, N.A.; <br> HARMON LAW OFFICES, P.C.; <br> 266 PUTNAM AVENUE, LLC; <br> RUSHMORE LOAN MANAGEMENT SERVICES, LLC; and <br> US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RMAC TRUST, SERIES 2016-CTT, <br><br> **DEFENDANTS.** | Civil Action No. 1:18-CV-00214 |

**RUSHMORE LOAN MANAGEMENT SERVICES, LLC AND U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME PURSUANT TO FED. R. CIV. P. 56(d) AND MEMORANDUM**

The Defendants, Rushmore Loan Management Services, LLC ("Rushmore") and U.S. Bank National Association as Trustee for RMAC Trust, Series 2016-CTT ("RMAC Trust"), oppose Plaintiffs', Kenneth Fitch and Estate of Dianne L. Fitch (collectively, the "Plaintiffs"), March 25, 2021 Motion for Extension of Time Pursuant to Fed. R. Civ. P. 56(d) to the extent that Plaintiffs seek to obtain depose Rushmore or RMAC Trust because Plaintiffs have no plausible, good faith basis to do so. Furthermore, Plaintiffs have not indicated how the sought-after facts would influence the outcome of the pending motion because they lack standing to dispute the recorded assignment into Fannie Mae. For these reasons, this Court should deny Plaintiff's motion to extend time to respond to Defendant, 266 Putnam Avenue, LLC's ("Putnam") motion for partial summary judgment.

**ARGUMENT**

1. **THE PLAINTIFF'S LACK ANY PLAUSIBLE, GOOD FAITH BASIS FOR BELIEVING THAT THE SOUGHT-AFTER FACTS CAN BE ASSEMBLED WITHIN A REASONABLE TIME BECAUSE THEY RELY ON UNREASONABLE ALLEGATIONS THAT AN UNRECORDED ASSIGNMENT OF MORTGAGE EXISTS.**

A critical factor missing in Plaintiffs' motion to extend is the identification of a plausible, good faith basis for believing that the sought-after facts can be assembled. The First Circuit Court explained that in order for the protections of Rule 56(d) to be granted, the Plaintiff must furnish a timely statement, by affidavit or some other authoritative manner, that "(i) explains his or her current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion." *Velez v. Awning Windows, Inc.*, 375 F.3d 35, 40 (2004) (internal citations omitted). The moving party must demonstrate "good cause for failure to have conducted the discovery earlier[]" and ""due diligence both in pursuing discovery before the summary judgment initiative surfaces and in pursuing an extension of time thereafter." *Rivera-Almodovar v. Instituto Socioeconoimco Comunitario, Inc.*, 730 F.3d 23, 28 (1st Cir. 2013) (internal quotations omitted).

Here, the Plaintiffs' motion to extend time fails to provide any plausible, good faith basis for deposing Rushmore or RMAC Trust and such a discovery would amount to an unwarranted fishing expedition of proprietary information. In their motion, Plaintiffs focus on the transaction between RMAC Trust and Fannie Mae, asserting that Fannie Mae had no interest in the Mortgage when it foreclosed but Plaintiffs fail to address the recorded assignment of mortgage. *See* Dkt. 97 - Pls' Mot. to Extend ("Finally Plaintiff will take a deposition of [RMAC Trust]_to obtain the Pooling and Servicing Agreement of the Trust and of [Rushmore] to establish that when Rushmore purchased the mortgage loan it purchased the note and the mortgage pursuant to a purchase of

loans from either Fannie Mae or FHFA which closed on July 26, 2017…"). Although Plaintiffs allude to the existence of an unrecorded assignment of mortgage, they do not state as such nor do they provide any basis for such a claim. *See* Dkt. 97 – Pls' Mot. to Extend ("Since assignments are not required to be recorded, the argument of the Defendant that the lack of a recorded mortgage assignment does not establish that there was no assignment of the mortgage.").

Rather, Plaintiffs wish to engage in what would clearly be a futile "fishing expedition" without any particularized likelihood of discovering relevant information. *See Fennell v. First Step Designs, Ltd.*, 83 F.3d 526, 533 (1st Cir. 1996) (holding that plaintiff's request for late discovery did not "set forth a plausible basis for believing that the specified facts, susceptible of collection within a reasonable time frame, probably exist."). Plaintiff's claims are without any rational basis, but instead rely on circular reasoning to support an allegation that there might be an unrecorded assignment. Dkt. 97 – Pls' Mot. to Extend. The mere fact that something may occur without a rational basis amounts to unrestrained "fishing expeditions." *See Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 632 F.3d 762, 774 (1st Cir.Jan.20,2011). Plaintiffs can show no rational basis that the production of the Pooling and Servicing Agreement will result in the discovery of an unrecorded assignment of mortgage from Fannie Mae, but will provided unfettered access to third party contracts and/or proprietary information that are irrelevant to the instant case. *See Id.* As a result, the Plaintiffs' motion to extend should be denied or alternatively, denied to the extent that they will depose Rushmore or RMAC Trust.

2.  THE PLAINTIFFS FAIL TO SHOW HOW THE SOUGHT-AFTER FACTS WOULD INFLUENCE THE OUTCOME OF THE PENDING SUMMARY JUDGMENT BECAUSE SUCH EVIDENCE WOULD MERELY RENDER THE RECORDED ASSIGNMENT VOIDABLE AS OPPOSED TO VOID.

Secondly, Plaintiffs does not show how producing a copy of the Pooling and Servicing Agreement or any other documents relative to the purchase of the mortgage loan would influence

the pending motion because any such evidence would merely render the recorded assignment of mortgage held by Fannie Mae voidable, not void. As discussed in *Culhane v. Aurora Loan Servs. of Neb.*, the Constitution limits the federal courts judicial powers to actual cases and controversies, in which "the plaintiff has 'such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends.' " 708 F.3d 282, 289 (1st Cir.2013) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962); citing U.S. Const. art. III, § 2, cl. 1). The personal stake requirement is established by proving the three-part test: (1) a concrete and particularized injury that is actual or imminent, not conjectural or hypothetical, (2) direct causation between the challenged action and the identified harm, and (3) redressability of the harm. *See Id.* at 289-90 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). However, even when these elements are met, the prudential aspect of standing requires the "plaintiff to show that [their] claim is premised on [their] own legal rights (as opposed to those of a third party), that [their] claim is not merely a generalized grievance, and that it falls within the zone of interests protected by the law invoked." *Pagán v. Calderón*, 448 F.3d 16, 27 (1st Cir.2006).

The *Culhane* Court held that mortgagors have standing to challenge the validity of an assignment, unless the "shortcomings in an assignment [ ] render it merely voidable at the election of one party but otherwise effective to pass legal title." 708 F.3d at 291. The Court reasoned that a mortgagor has a legally cognizable right to challenge a foreclosing entity's status qua mortgagee, but only "to challenge a mortgage assignment as invalid, ineffective, or void (if, say, the assignor had nothing to assign or had no authority to make an assignment to a particular assignee)." *Id.* While interpreting Massachusetts law, the *Culhane* decision was adopted by the Rhode Island Supreme Court in holding that a "void" contract is one where "the assignor had nothing to assign

or had no authority to make an assignment to a particular assignee." *See Mruk v. Mortg. Elec. Registration Sys.*, 82 A.3d 527, n.8 (R.I.2013) (internal quotations omitted). No standing exists to challenge assignments that are "voidable" where the scope of authority can be legally ratified. *See Cruz v. Mortg. Elec. Registration Sys.*, 108 A.3d 992, 997-98 (R.I.2015) (citing *Wilson v. HSBC Mortgage Serv.*, 744 F.3d 1, 10 (1stCir.2014).

However, no such standing exists in third party contracts or the note holder status. *See, e.g.*, *DePetrillo v. Belo Holdings, Inc.*, 45 A.3d 485, 492 (R.I. 2012) (holding that the prospective purchaser lacked standing to challenge purchaser's exercise of right of first refusal where prospective purchaser was a stranger to a contract between the vendor and purchaser providing for first refusal rights); *Sousa v. Town of Coventry*, 774 A.2d 812, 815 n.4 (R.I. 2001) (rejecting the argument that "an individual who is not a party to a contract may assert the rights of one of the contracting parties in order to void a contract or have it declared unenforceable"); *US Bank Nat'l Assoc. v. Coulthard*, 2015 WL 8964358 at *6-7 (Mich.Ct.App.2015) (citing *Bowles v. Oakman*, 225 N.W. 613 (Mich.1929) in holding that the mortgagors had no standing to challenge assignment of the note); *In re Rinaldi*, 487 B.R. 516, 529-30, 532 (Bankr.E.D.Wisc.2013) ("Moreover, defects in the transfer of the Note … do not render the Mortgage unenforceable, the Note invalid or the proof of claim fraudulent."); *see also Bank of New York Mellon as Tr. v. Delaney*, 455 P.3d 42, 46 (Or.Ct.App.2019) (*aff'd on other grounds*, upholding trial court decision that mortgagor lacked standing to challenge the authenticity of the note indorsement); *Bank of New York Mellon v. Fisher*, Docket No. 108855, 2020 WL 5848108 at n. 3 (OhioCt.App.2020). The Rhode Island Supreme Court made it clear in *Pimentel v. Deutsche Bank Nat'l Trust Co.*, "[a]s we have said in a long line of cases stemming from *Bucci v. Lehman Brothers Bank, FSB*, 68 A.3d 1069 (R.I.2013), a mortgagee need not hold the note in order to foreclose on a property." 174 A.3d 740, 745

(R.I.2017) (additional citations omitted). The assignment of the mortgage interest transfers the statutory power of sale including the ability to foreclose, even if the assignor does not hold the promissory note. *Leone v. Mortg. Elec. Registration Sys.*, 101 A.3d 869, 874 (R.I. 2014) (upholding trial court decision granting summary judgment where MERS assigned the mortgage).

Here, the Plaintiffs have failed to show how the existence of an unrecorded assignment of mortgage would influence Fannie Mae's authority to foreclose because even assuming *arguendo* that the mortgage was transferred to RMAC Trust on July 26, 2017, the recorded assignment provided Fannie Mae with the apparent authority to foreclose on behalf of the note owner. *See Wilson* 744 F.3d at 10; *Cruz* 108 A.3d at 997-98; Dkt 60 – Pl's Compl., Ex. B. There is no question that Fannie Mae held the Mortgage by recorded assignment prior to this alleged event, only that it is "potentially voidable". *See Wilson* 744 F.3d at 14. As a result, Plaintiffs would have no standing to challenge the validity of the recorded assignment even if an unrecorded assignment were in existence because RMAC Trust has the option to void the unrecorded assignment. *See Id.*

Nor do Plaintiffs have standing to challenge the Pooling and Servicing Agreement or other third party agreements because they are not a party to the contract. *See DePetrillo* 45 A.3d at 492. RMAC Trust's status as the note holder does not preclude Fannie Mae from having authorization to foreclose the Mortgage because these do not have to be the same entity under Rhode Island law. *Pimentel* 174 A.3d at 745. The statutory power of sale contained in the Mortgage was conveyed to Fannie Mae by the recorded assignment, irrespective of the note holder status. *Leone* 101 A.3d at 874. For these reasons, this Court should deny Plaintiffs' motion to extend time to respond to summary judgment.

**WHEREFORE**, the Defendants, Rushmore Loan Management Services, LLC and US Bank National Association as Trustee for RMAC Trust, Series 2016-CTT, request that this Court deny Defendant's Motion for Extension of Time.

                    Respectfully submitted,
                    DEFENDANTS,
                    Rushmore Loan Management Services, LLC; and
                    U.S. Bank National Association as Trustee for
                    RMAC Trust, Series 2016-CTT,

                    */s/ Rowdy M. Cloud*_____
                    Rowdy M. Cloud, Esq. (#9383)
                    Attorney for Plaintiff
                    BENDETT & McHUGH, P.C.
                    23 Messenger Street, Second Floor
                    Plainville, MA 02762
                    Tel: (508) 919-8638
Date: March 31, 2021          E-mail: rcloud@bmpc-law.com

## CERTIFICATION

I, Rowdy M. Cloud, certify that, on this 31st day of March 2021, I filed the foregoing document through the ECF system, thereby serving it electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). The foregoing document is available for viewing and downloading from the ECF system.

                    */s/ Rowdy M. Cloud*_____
                    Rowdy M. Cloud, Esq. (#9383)