# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| KENNETH FITCH<br>ESTATE OF DIANNE L. FITCH,<br><br>          Plaintiffs,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION, WELLS FARGO BANK, N.A., HARMON LAW OFFICES, P.C., 266 PUTNAM AVENUE, LLC, RUSHMORE LOAN MANAGEMENT SERVICES, LLC, US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RMAC TRUST, SERIES 2016-CTT<br><br>          Defendants. | CA No.: 1:18-cv-00214-JJM-PAS |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WELLS FARGO BANK, N.A.'S RENEWED MOTION TO DISMISS ALL CLAIMS AGAINST WELLS FARGO FOR LACK OF SUBJECT MATTER JURISDICTION AND/OR FOR FAILURE TO STATE A CLAIM

Wells Fargo Bank, N.A. ("Wells Fargo") submits this memorandum of law in support of its renewed motion to dismiss all of the claims asserted against it in the Amended Complaint ("Complaint") filed by Plaintiffs Kenneth Fitch ("Fitch") and the Estate of Dianne L. Fitch (the "Dianne Fitch Estate") (jointly, "Plaintiffs").[1]  The Complaint alleges that the non-judicial foreclosure sale conducted by Wells Fargo in its capacity as the loan servicer for the mortgagee,

---

[1] Wells Fargo's renewed motion to dismiss addresses only the claims for relief directed against Wells Fargo.  Wells Fargo originally moved to dismiss the Complaint in June 2020, see ECF Nos. 81, 81-1 & 94, but the Court denied that motion expressly without prejudice in a "Text Order" entered on February 9, 2021, pending a Court-sponsored mediation that was conducted on and following February 23, 2021.  As the mediation did not result in a settlement, Wells Fargo is now renewing its motion to dismiss with minor briefing changes to reflect admissions made in Plaintiffs' memorandum of law in response to Wells Fargo's original motion, see ECF Nos. 88 & 88-1, and to cite additional case law.

Federal National Mortgage Association ("Fannie Mae"), failed to comply with certain statutory foreclosure requirements. The Complaint further alleges that Wells Fargo violated the federal Real Estate Settlement Procedures Act ("RESPA") because it failed to properly respond to requests for information and notices of error that Fitch sent to Wells Fargo after the foreclosure had been completed and the property conveyed to a third party.[2]

The Complaint fails to establish Plaintiffs' standing under *Spokeo* to bring suit against Wells Fargo because it does not allege an injury-in-fact attributable to Wells Fargo, and the RESPA and any remaining claims against Wells Fargo should be dismissed pursuant to Rule 12(b)(6) because they fail to set forth any plausible claims for relief against it.

## FACTS[3]

The Complaint alleges that Fitch was the owner of record of 73 Kay Street, Cumberland, RI (the "Property") at the time of the July 28, 2017 foreclosure sale at issue in this case, having been conveyed to him following Dianne L. Fitch's death in April 2014. Complaint ¶¶ 1-3, 5, ECF No. 60. On December 31, 2009, Dianne L. Fitch executed a promissory note in the amount of $96,648.00 along with a Mortgage, which secured repayment to the original lender, Wells Fargo. *Id.* ¶¶ 66-67; *see also id.*, Exhibit ("Ex.") A, Mortgage. Dianne L. Fitch executed the Mortgage as a "borrower" while Kenneth Fitch signed as a "non vested spouse." *Id.*, Ex. A, Mortgage at 14. The Complaint does not allege that Fitch assumed the Mortgage following

---

[2] The Complaint also contends that the non-judicial foreclosure is invalid because the foreclosing party—Fannie Mae—is a government entity and is prohibited by the U.S. Constitution's due process clause from conducting a non-judicial foreclosure sale. Wells Fargo does not address these allegations because they are not directed to it.

[3] Wells Fargo sets forth the basic facts below. Additional allegations of the Complaint relevant to specific claims against Wells Fargo are discussed in the appropriate Argument section.

Dianne L. Fitch's death or that there is any contractual relationship between Wells Fargo and Kenneth Fitch.

The Mortgage was recorded in Cumberland's land evidence records on January 13, 2010. *Id.*, Ex. A, Mortgage at 1.[4] On or about March 22, 2017, Wells Fargo executed a Corporate Assignment of Mortgage assigning the Mortgage to Fannie Mae and which was recorded on April 3, 2017. *Id.* ¶ 69 & Ex. B, Mortgage Assignment. Per the Complaint, "[o]n or about July 26, 2017 Fannie Mae sold Plaintiffs' mortgage loan to Rushmore Loan Management Service, LLC". *Id.* ¶ 25; *see also id.*, Ex. C (notice of sale of ownership of mortgage loan identifying Rushmore as the servicer and U.S. Bank, N.A., as Trustee as the new creditor).[5]

On August 16, 2016, Wells Fargo—which serviced the Mortgage on behalf of Fannie Mae, *see id.* ¶¶ 61, 254—sent a letter addressed to Dianne L. Fitch at the Property's address advising that the loan was in default, and that Wells Fargo would accelerate the loan if the arrearage was not cured on or before September 20, 2016 (the "Notice"). *See id.*, Ex. F. In addition, Wells Fargo obtained a Certificate of Compliance with Mediation Requirement from Rhode Island Housing confirming that Wells Fargo had provided Dianne L. Fitch and Kenneth Fitch with a notice of mediation required by R.I.G.L. § 34-27-3.2 and stating that "the "Mortgagee is authorized to proceed with the foreclosure auction, including recording of the foreclosure deed" in light of Dianne and Kenneth's failure to respond to the notice or participate

---

[4] The Complaint contains an apparent typographical error in that it alleges that the Mortgage was recorded on January 29, 2007. *Id.* ¶ 68.

[5] The Complaint later contradicts the allegations, claiming that U.S. Bank, N.A., as Trustee for the RMAC Trust, series 2016-CTT became the owner of the mortgage loan on July 26, 2017. *Id.* ¶ 73. While the documents trump the Complaint's inconsistent allegations, for purposes of this motion to dismiss, the identity of the loan's new owner is irrelevant to the issues raised.

in a Mediation Conference.  *Id.*, Ex. E, Foreclosure Deed at 13[6], ¶ 5.  The Complaint alleges that *Fannie Mae* was required to, but did not, provide a notice of mediation after it became the mortgagee on March 22, 2017.  *Id.* ¶¶ 119-122.

Wells Fargo continued to service the Mortgage on behalf of Fannie Mae.  *Id.* ¶ 236.  Wells Fargo, as Fannie Mae's servicer and on behalf of Fannie Mae as its attorney-in-fact, conducted a foreclosure sale on July 28, 2017.  *Id.*, Ex. E, Foreclosure Deed at 2-3.  The Complaint does not dispute that Fannie Mae was the mortgagee of record at the time of the foreclosure auction.  The high bid at the auction was submitted by Paul Balay, who thereafter assigned his bid to 266 Putnam Ave., LLC ("266 Putnam").  *Id.*, Ex. E, Foreclosure Deed at 9 (Book 1755, Page 135).  The foreclosure deed conveying the Property from Fannie Mae to 266 Putnam was executed on August 24, 2017 and recorded in Cumberland's Land Evidence Records on October 5, 2017 in Book 1755, Page 128.  *Id.*, Ex. E, Foreclosure Deed at 2.

The Complaint proceeds to allege that beginning on October 26, 2017—more than two months after the Property had been conveyed to 266 Putnam—Fitch sent various Notices of Error and Requests for Information to Wells Fargo, each asserting that Wells Fargo had made certain errors in its servicing and foreclosure of the Mortgage.  According to the Complaint, Wells Fargo's responses did not comply with the requirements of RESPA, resulting in alleged damages.

## STANDARD

### A.    SUBJECT MATTER JURISDICTION (RULE 12(b)(1))

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) is "[t]he proper vehicle for challenging a court's subject matter jurisdiction." *Lindsay v. Wells Fargo Bank, N.A.*, No.

---

[6] Page references to documents already on file with the Court are to the page numbers contained in the document's ECF header, not to the document's internal pagination.

- 4 -

CIV.A. 12-11714-PBS, 2013 WL 5010977, at *2 (D. Mass. Sept. 11, 2013) (quoting *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 362–63 (1st Cir. 2001)).  In considering a Rule 12(b)(1) motion, the Court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor."  *Ins. Brokers W., Inc. v. Liquid Outcome, LLC*, 241 F. Supp. 3d 339, 342 (D.R.I.), *aff'd*, 874 F.3d 294 (1st Cir. 2017) (quoting *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010)).  Nevertheless, a complaint's legal conclusions "are not taken as true and are not part of the factual record."  *Lindsay*, 2013 WL 5010977, at *2 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (footnote omitted).

### B.   FAILURE TO STATE A CLAIM (RULE 12(b)(6))

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id*. at 678 (quoting *Twombly*, 550 at 555).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id*. (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).  Thus, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief."  *Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico*, 628 F.3d 25, 29 (1st Cir. 2010).

## ARGUMENT

### I.  SUBJECT MATTER JURISDICTION (RULE 12(b)(1))

#### A.  The Complaint's RESPA allegations against Wells Fargo must be dismissed because the Complaint fails to establish an injury-in-fact required for Article III standing (Counts VII-XIII)

This Court has recognized in accordance with *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016), that because "[i]njury-in-fact is a bedrock constitutional requirement for federal jurisdiction" a plaintiff must "'allege [more than] a bare procedural violation, divorced from any concrete harm" to invoke a federal court's Article III subject matter jurisdiction.  *Curtis v. Embrace Home Loans, Inc.*, No. CV 18-057-JJM-PAS, 2020 WL 2115987, at *3 (D.R.I. May 4, 2020) (quoting *Spokeo, supra*, at 1549) (alteration in original).  As explained in *Spokeo*, "[i]njury in fact is a constitutional requirement," 136 S. Ct. at 1548, and to establish such injury "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical,'" *id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  Thus, a plaintiff may not "allege a procedural violation [of a statute], divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.*

Here, in Counts VII through XIII[7] Plaintiffs allege a litany of purported of RESPA and Regulation X violations against Wells Fargo,[8] each of which resulted in the same "damages":

- "costs for gasoline to visit his attorney";

- "the expense of using electricity to recharge his cell phone to call and receive calls from his attorney";

- "postage and copying costs";

- "time from his work schedule to discuss this matter with his attorney regarding this NOE";

- "time from his usual activities"; and

- "attorney fees and costs for the prosecution of this action."

*See, e.g.,* Compl. ¶ 276(a)-(f) (Count VII, Regulation X); ¶ 300(a)-(f) (Count VIII, Regulation X); ¶ 317(a)-(f) (Count IX, Regulation X); ¶ 342(a)-(f) (Count X, Regulation X); ¶ 368(a)-(f) (Count XI, Regulation X); ¶ 395(a)-(f) (Count XII, Regulation X); ¶ 419(a)-(f) (Count XII [sic][9], Regulation X); ¶ 444(a)-(f) (Count XIII, Regulation X).

The alleged damages set forth in the Complaint's TILA count, even though not asserted against Wells Fargo, are similar in nature:

---

[7] Wells Fargo does not move to dismiss Count VI because it is not directed to Wells Fargo and seeks no relief from Wells Fargo. Count VI seeks "Judgment against Fannie Mae . . . for each failure to send a monthly mortgage statement in conformity with TILA since April 20, 2017." *See* Complaint at 36, Count VI, WHEREFORE CLAUSE. Count VI's factual allegations include assertions that "Wells Fargo did not mail an accurate monthly statement in compliance with 12 C.F.R. [§] 1026.41 since April 20, 2017," *id.*, ¶ 239, and that Wells Fargo sent monthly statements on behalf of Fannie Mae that "did not comply" or "were not in conformity" with TILA requirements, *id.* ¶¶ 243-44. Plaintiffs have confirmed that Count VI solely seeks to hold codefendant Federal National Mortgage Association ("Fannie Mae") liable for the alleged TILA violations. *See* ECF No. 88-1, Memorandum of Law in Response to Motion to Dismiss by Wells Fargo Bank, N.A. ("Pl. Opp.") at 2.

[8] Regulation X "is issued by the Bureau of Consumer Financial Protection to implement" RESPA. 12 CFR § 1024.1.

[9] There are two counts labeled "Count XII."

- costs for gasoline to visit his attorney;

- costs to purchase postage, copying, stationery, and envelopes "for transmission to the Defendant regarding these inaccurate statements prior to commencing any litigation";

- having "been denied the opportunity to review an accurate periodic statement, thus frustrating the congressional purpose behind TILA to provide accurate information to consumers regarding their mortgage loan account";

- time for Kenneth Fitch's work and personal schedules to review the statements;

- improper charges on the statements and/or account; and

- "attorney fees and costs for the prosecution of this action."

*Id.* ¶ 245(a)-(f) (Count VI, TILA & Regulation X).

"Post-Spokeo decisions make clear that this [injury-in-fact] requirement applies to TILA and RESPA, that is, a claim that alleges a violation of these federal laws, but fails to produce any evidence of a concrete or particularized injury, must be dismissed." *Curtis*, 2020 WL 2115987, at *2 (citing cases). Thus, RESPA (and TILA) claims that fail to satisfy the injury-in-fact requirement are subject to dismissal. *Id.* (citing *Diedrich v. Ocwen Loan Servicing*, 839 F.3d 583, 587-91 (7th Cir. 2016) (dismissing RESPA claim) and *Pemental v. Bank of N.Y. Mellon*, C.A. No. 16-483S, 2017 WL 3279015, at *7 (D.R.I. May 10, 2017), report and recommendation adopted *sub nom. Pemental v. Bank of New York Mellon*, No. CV 16-483 S, 2017 WL 3278872 (D.R.I. Aug. 1, 2017) (dismissing TILA claim)). *Curtis*, *Pemental*, and other decisions from this Court are directly on point, and explain why Plaintiffs' RESPA claims against Wells Fargo must be dismissed.

In *Curtis*, the plaintiff alleged RESPA and TILA violations with damages that were identical or indistinguishable from those alleged here. Specifically, plaintiff claimed he had incurred "attorneys' fees, costs and expenses" in asserting his TILA claim, *Curtis*, 2020 WL

2115987, at *3, just as Plaintiffs do here.  *See* Discussion, *supra*.  With respect to RESPA, the plaintiff in *Curtis* asserted the following damages:

> (a) costs for gasoline to visit his attorney or at least five occasions; (b) cell phone to call and receive calls from his attorney; (c) electricity to recharge his cell phone calls when he spoke with his attorney; (d) attorney's fees and costs for the prosecution of this action; (e) mailing, paper, and postage costs for the mailing and transmittal of a Notice of Error; (f) his mortgage loan account has been charged unreasonable fees and costs for uncorroborated and unreasonable property inspections and improper legal fees and costs.

2020 WL 2115987, at *3.  This Court held that these types of alleged damages "do not replace the injury-in-fact required by *Spokeo*."  *Id.*  "With no evidence of an injury-in-fact other than the attorneys' fees, costs, and expenses in prosecuting the federal claims as his only actual injury, *Spokeo* bars [the plaintiff's] TILA and RESPA claims."  *Id.* (finding lack of subject matter jurisdiction at the summary judgment stage).

Similarly, in *Cordeiro v. Carrington Mortgage Services, LLC*, this Court held on a motion for judgment on the pleadings—which is analysed through the same lens as a motion to dismiss—that where "alleged damages are confined to expenditures of time and money related to bringing" a TILA or RESPA claim under Regulation X, "[s]uch allegations do not satisfy the injury-in-fact requirement."  2020 WL 3404742, at *3-4 (D.R.I. June 19, 2020) (granting motion for judgment on the pleadings).  And in *Pemental*, this Court found that the complaint's TILA claims failed to establish standing under *Spokeo* because the only alleged damages were "the attorneys' fees, costs and expenses [the plaintiff] incurred in asserting his TILA claim."  2017 WL 3279015, at *8; *see also St. Amour v. Fed. Home Loan Mortg. Corp.*, No. CV 18-254-WES, 2019 WL 1453055, at *2 (D.R.I. Apr. 2, 2019) (same, and ordering dismissal of TILA claim).  The Complaint's RESPA counts directed to Wells Fargo suffer from the same deficiencies as the claims in *Curtis*, *Cordeiro*, *Pemental*, and *St. Amour*, and should accordingly be dismissed under *Spokeo* for lack of standing.

Plaintiffs argued in their Opposition to Wells Fargo's prior motion to dismiss that their Complaint should pass Article III muster because it pleads that statutory damages are available due to Wells Fargo's alleged pattern and practice of noncompliance with RESPA. *See* Pl. Opp. at 21, ECF No. 88-1. But the plaintiffs made—and lost—this same, conclusory argument in *Curtis* and *Cordeiro*. *See Curtis*, 19-cv-57, Dkt. No. 36-1 at 29-30 ("In this case the Plaintiff has alleged three failures to respond to Requests for Information and Truth in Lending which establish entitlement to actual damages based on pattern and practice. Thus the Plaintiff has established causal connection, liability, actual damages and pattern and practice for statutory damages . . . ."); *Cordeiro*, 19-cv-510, Dkt. No. 23-1 at 39 ("In this case the Plaintiff has alleged 11 failures to respond to Requests for Information, which establish entitlement to actual damages based on pattern and practice. Thus the Plaintiff has plausibly alleged causal connection, liability, actual damages and pattern and practice for statutory damages on each count."). By dismissing the RESPA claims, this Court in *Curtis* and Judge William E. Smith in *Cordeiro* rejected the notion that a plaintiff who fails to establish an Article III injury-in-fact may nevertheless recover statutory damages under RESPA.

*Curtis* and *Cordeiro* decided this issue correctly. *Spokeo* squarely held that a plaintiff may not "allege a procedural violation [of a statute], divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." 136 S. Ct. at 1548. Applying this requirement to RESPA, federal courts have held that a plaintiff must have suffered actual damages to possess standing to seek statutory damages under RESPA. *See Diedrich*, 839 F.3d at 590-91 (citing *Spokeo, supra*); *see also In re Jackson*, 622 B.R. 321, 327 (Bankr. D. Mass. 2020) ("Liability for statutory damages, which can include damages due to 'a pattern or practice of noncompliance with the requirements' of RESPA, specifically requires that the plaintiff sustain

an actual injury.") (citing 12 U.S.C. § 2605(f)(1); *Diedrich*, 839 F.2d at 589).  One of the New Jersey cases cited by Plaintiffs in their Opposition to Wells Fargo's prior motion to dismiss, *Schmidt v. Wells Fargo Bank, N.A.*, makes this very point.  *See* ECF No. 88-1 at 12, 21 (citing *Schmidt*, *supra*, No. 2:17-CV-01708, 2019 WL 4943756, at *4 n.3 (D.N.J. Oct. 8, 2019) (recognizing that "[s]tatutory damages are only permitted *in addition* to actual damages") (citing 12 U.S.C. § 2605 and three cases) (emphasis added by the Court).

The Honorable Magistrate Judge Patricia A. Sullivan reached the same conclusion in *Pemental*.  Judge Sullivan recommended dismissal of the plaintiff's claim for "statutory TILA damages" because the complaint failed to show an injury-in-fact; under *Spokeo*, "a complaint that alleges a technical TILA violation, but fails to allege a concrete or particularized injury, must be dismissed."  2017 WL 3279015, at *7.  Here, the Complaint does not adequately plead actual damages and a purported claim for statutory damages, standing alone, does not establish Article III standing.  Plaintiffs' RESPA claims should accordingly be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

## II.     FAILURE TO STATE A CLAIM (RULE 12(b)6))

### A.     THE COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM THAT WELLS FARGO FAILED TO COMPLY STRICTLY WITH STATUTORY OR CONTRACTUAL FORECLOSURE NOTICE REQUIREMENTS

#### 1.     The Complaint fails to allege actual damages with respect to the RESPA claims asserted against Wells Fargo (Counts VII-XIII)[10]

If the Court does not dismiss the RESPA claims against Wells Fargo for lack of subject matter jurisdiction, the Court should dismiss them under Rule 12(b)(6) because of Plaintiffs' failure to allege any cognizable actual damages.  *See Lebeau v. U.S. Bank, N.A. as Tr. for*

---

[10] Although Count VII states that Plaintiffs are alleging damages for TILA violations, *see* Compl. ¶ 253, ECF No. 60, none of the other allegations in this Count mention or pertain to TILA.  *See id.* at ¶¶ 246-277.  It accordingly appears to be a drafting error.

*Citigroup Mortg. Loan Tr. Inc.*, No. CV 17-329-JJM-PAS, 2019 WL 1077285, at *4-5 (D.R.I. Mar. 7, 2019) (dismissing RESPA claim under Rule 12(b)(6) where plaintiff's allegations did not show actual or statutory damages); *see also Bradbury v. Deutsche Bank Nat'l Tr. Co. as Tr. for GSAMP Tr. 2005-WMC1*, No. CV 18-690WES, 2020 WL 1815897, at *7 (D.R.I. Apr. 10, 2020) (Report & Recommendation) (recommending dismissal of TILA claim that "contains only the vague and conclusory allegations that the [plaintiffs] 'have . . . incurred actual damages, costs and legal fees," with no facts to establish the foundational requirement that [the defendant] did something violative of TILA that caused them to experience an injury-in-fact" (internal citation omitted)).[11]

### 2. Plaintiffs have clarified that their Complaint does not state any TILA, R.I.G.L. § 32-27-3.2 or declaratory judgment claims against Wells Fargo.

Count II of the Complaint alleges that the foreclosure is void "because Fannie Mae and Wells Fargo on behalf of Fannie Mae did not provide Plaintiffs with a notice of mediation as required by R.I.G.L. § 34-27-3.2 (the "Mediation Statute"). Compl. Count II ¶¶ 125-126, ECF No. 60. With respect to Wells Fargo, the Complaint seeks declarations "that the foreclosure sale of the Plaintiff's Property on July 28, 2017, was invalid and void" and that "the foreclosure deed . . . is invalid and void." *See id.* at 17, WHEREFORE CLAUSE at ¶¶ A and B.[12] As regarding Wells Fargo, Count IV of the Complaint seeks a declaratory judgment that the foreclosure sale and foreclosure deed are void. Specifically, Fitch seeks "[a] declaration that the foreclosure deed

---

[11] On June 25, 2020, Judge Smith entered a Text Order adopting the Report and Recommendation in full and granting the defendant's motion to dismiss. *See Bradbury*, No. CV 18-690-WES, TEXT ORDER Entered 6/25/20.

[12] Count II also asks this Court to "[o]rder Fannie Mae and Rushmore to pay back to 266 Putnam Avenue, the sum of $188,000.00." *Id.*, WHEREFORE CLAUSE at ¶ C. As that claim for relief is not directed to Wells Fargo, this renewed motion to dismiss on behalf of Wells Fargo does not address it.

. . . is invalid and void" and "[a] declaration that there is no conveyance as an assignment of bid and that any purported assignment of bid is void." *Id.* Count IV, WHEREFORE CLAUSE at ¶¶ B and C.  And in Count VI, Plaintiffs assert their purported TILA claim.  *See id.* Count VI ¶¶ 232-245.

Plaintiffs stated in their Opposition to Wells Fargo's prior motion to dismiss that "[e]ach of [the Complaint's] counts asserts separate violations of [RESPA] and Regulation X enacted thereunder for failure to correct errors asserted in either Notices of Error."  Pl. Opp. at 1, ECF No. 88-1.  They further stated that, with respect to the Complaint's claim for a violation of TILA, "Wells Fargo was not a named defendant in that [TILA] count and no damages were sought against it other than the eight RESPA claims."  *Id.* at 2.  Accordingly, Plaintiffs have clarified that the Complaint's claim under R.I.G.L. § 34-27-3.2 (Count II), its declaratory judgment count (Count IV), and its TILA claim (Count VI) are not directed against Wells Fargo.

## **CONCLUSION**

WHEREFORE, based on the foregoing, Wells Fargo requests that its renewed Motion to Dismiss all Claims Against Wells Fargo be granted.  Plaintiffs have already been afforded and utilized an opportunity to amend their Complaint.  Wells Fargo requests the dismissal of any claim against Wells Fargo under Fed. R. Civ. P. 12(b)(6) be with prejudice.

Respectfully submitted,

WELLS FARGO BANK, N.A.,

By its attorney,

*/s/ Michael E. Jusczyk*
Michael E. Jusczyk (Bar No. 7791)
mjusczyk@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
Telephone: (617) 946-8343
Facsimile: (617) 946-4801

Dated: April 23, 2021

## CERTIFICATE OF SERVICE

I, Michael E. Jusczyk, hereby certify that this document has been filed electronically and is available for viewing and downloading from the ECF system. I further certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 23, 2021, and paper copies will be sent to those indicated as non-registered participants.

/s/ *Michael E. Jusczyk*
Michael E. Jusczyk