UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KENNETH FITCH, ESTATE OF DIANNE : 
L. FITCH, :
       Plaintiffs, :
:
v. :   C.A. No. 18-214JJM
:
FEDERAL HOUSING FINANCE :
AGENCY, FEDERAL NATIONAL :
MORTGAGE ASSOCIATION, WELLS :
FARGO BANK, N.A., HARMON LAW :
OFFICES, P.C., 266 PUTNAM AVENUE, :
LLC, RUSHMORE LOAN :
MANAGEMENT SERVICES, LLC, :
US BANK NATIONAL ASSOCIATION :
AS TRUSTEE FOR RMAC TRUST, :
SERIES 2016-CTT, :
       Defendants. :

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    Now pending before the Court is the motion for protective order (ECF No. 100) of Defendants Federal Housing Finance Agency ("FHFA") and Federal National Mortgage Association ("FNMA"). The motion asks the Court to preclude Plaintiffs[1] from pursuing discovery from FHFA and FNMA in aid of Plaintiff's opposition to the motion for partial summary judgment of Defendant 266 Putnam Avenue, LLC ("266 Putnam") pursuant to Fed. R. Civ. P. 56(d). For the reasons that follow, the motion for protective order is granted in part and denied in part without prejudice. Because this determination impacts the due date for Plaintiffs'

---

[1] Plaintiffs are Kenneth Fitch and the Estate of his deceased wife, Dianne Fitch. ECF No. 60. Apparently, only Dianne was the borrower on the mortgage loan in issue, although Kenneth signed the mortgage as a "non-vested spouse." ECF Nos. 96-1 at 3; 96-4; 96-5; 96-6. However, Kenneth is Dianne's administrator. ECF No. 60 ¶ 17. Because it is not relevant to the matter in issue on the motion for protective order, in the interest of simplicity, the Court uses "Plaintiffs" to refer to both or either of the Plaintiffs.

opposition to 266 Putnam's motion for summary judgment, the Court further orders that the Plaintiffs' opposition is due on June 21, 2021, and 266 Putnam's reply is due on July 2, 2021.

I.     **BACKGROUND**

Prior to July 28, 2017, Plaintiffs owned the real estate in issue ("Real Estate"). ECF No. 60 ¶ 1.[2] On December 31, 2009, Plaintiffs entered into a mortgage securing a loan from Defendant Wells Fargo Bank, N.A. ("Wells Fargo") in the amount of $96,648. Id. ¶¶ 66-67. At some point, Plaintiffs defaulted on their obligation to pay; Wells Fargo's notice of default is dated August 16, 2016. Id. ¶ 137. On March 22, 2017, record title to the mortgage was assigned by Wells Fargo to FNMA; the assignment was filed in the land records on April 3, 2017. Id. ¶ 69; ECF No. 60-2. The foreclosure sale of the Real Estate took place on July 28, 2017, by which FNMA gave a foreclosure deed to 266 Putnam's predecessor in interest in consideration for $188,000. Id. ¶¶ 86-92. The foreclosure deed vesting record title in 266 Putnam was filed in the land records on October 15, 2017. Id. ¶ 94.

The wrinkle revealed by the pleadings is that Plaintiffs also allege that, two days before the foreclosure sale, on July 26, 2017, the "mortgage loan" was sold by FNMA to Defendant U.S. Bank/Rushmore,[3] while Defendant Wells Fargo continued to be the servicer. ECF Nos. 60 ¶¶ 73-74; 60-3. As evidence, Plaintiffs attached a "notice of sale of ownership of mortgage loan" as Exhibit C to the amended complaint. ECF No. 60-3. After 266 Putnam's partial summary judgment motion was filed, Plaintiffs invoked Fed. R. Civ. P. 56(d) and served

---

[2] The original complaint was amended by the filing of the Amended Complaint, ECF No. 60, on January 14, 2020. The material allegations pertinent to this memorandum and order in both pleadings are substantially the same. In the interest of brevity, except as specifically indicated, the citations in the text are from the Amended Complaint.

[3] Defendants "Rushmore Loan Management Services, LLC and U.S. Bank National Association as Trustee for RMAC Trust, Serios 2016-CTT" are affiliated entities that are referred to as "U.S. Bank/Rushmore."

sweeping document requests on FNMA and Fed. R. Civ. P. 30(b)(6) deposition notices on FNMA and FHFA focused on whether FNMA was undisputedly the mortgagee on the day of the foreclosure sale. Buttressing this wave of foundational discovery, Plaintiffs filed various motions to extend time, continuing a pattern that had led to delay of this matter. FNMA and FHFA responded with the instant motion for protective order.

Two matters affect the procedural background that are material to the Court's approach to the motion for protective order.

First, looming large in the background is that a pivotal legal issue – the constitutionality of a non-judicial foreclosure (which is what happened here) by FNMA while it is under conservatorship by FHFA – is currently framed by another set of cases, which are briefed, recently argued, and awaiting decision by the First Circuit. See, e.g., Montilla v. Fed. Nat'l Mortg. Ass'n, 18-cv-00632-WES-LDA (D.R.I. May 26, 2020), appeal docketed, No. 20-1673 (1st Cir. July 20, 2020); Sisti v. Fed. Hous. Fin. Agency, 324 F. Supp. 3d 273 (D.R.I. 2018), appeals docketed, No. 20-2025 (1st Cir. Nov. 6, 2020), No. 20-2026 (1st Cir. Nov.13, 2020). Although the parties here have never moved to stay this case while Sisti and Montilla have been awaiting decision, 266 Putnam's summary judgment motion expressly reserves its right to move on Plaintiffs' due process argument, making clear that it may supplement the motion, depending on the outcome of these appeals. This still unresolved question of law has affected the pace of this case.

Second, this case was filed on April 19, 2018. At the Fed. R. Civ. P. 16 conference held on December 7, 2018, the Court set the pretrial schedule, ordering Plaintiffs to amend their complaint within thirty days (by January 6, 2019) and ordering all parties to complete fact discovery by July 8, 2019 – the latter order applies to all parties then joined (that is, Plaintiffs,

Wells Fargo, FHFA, FNMA and 266 Putnam). Plaintiffs did not comply with the order promptly to file the Amended Complaint; that was not done for more than another year.[4] And despite being fully aware of the July 26, 2017, sale of the "mortgage loan" to Defendant U.S. Bank/Rushmore, as well as having alleged in their original pleading that they seek to challenge FNMA's status as the mortgagee two days later, on the date of the foreclosure sale, ECF No. 1 ¶ 59, Plaintiffs sought no discovery at all during the Court-ordered period, which ended almost two years ago. Nor have they asked the Court to extend the fact discovery period. Instead, this case has been characterized by many Plaintiff-initiated extension motions (more than twenty), as well as some initiated by various of the Defendants (for example, three by 266 Putnam), affecting virtually every issue in the case[5] and resulting in substantial Court-sanctioned delay. Meanwhile, as confirmed by the Court during the hearing before me, this pattern of delay has and continues to inflict material prejudice on 266 Putnam, which paid a substantial sum ($188,000) for the Real Estate in 2017 and since has shouldered the financial burdens (taxes and utilities) associated with it, ECF No. 98 at 3 n.1, while Plaintiff Kenneth Fitch has benefited from the delay, continuing to live in the Real Estate and paying nothing.

II.     **LAW, ANALYSIS AND DETERMINATION**

---

[4] Plaintiff moved to extend the deadline to file an amended complaint four times; all such motions were granted by the Court, ultimately resetting the deadline to February 4, 2019. ECF Nos. 38-41. After that and until December 16, 2019, the Court's deadline was ignored. Then, by text order dated December 16, 2019, the Court again ordered that an amended pleading be filed in thirty days. The Amended Complaint was finally filed in January 2020.

[5] Some of these motions were assented to by other parties; some were not; some were vigorously resisted; virtually all were granted.

Plaintiffs are seeking now, almost two years after the close of fact discovery, to engage in broad ranging discovery, which sounds more like a judicially proscribed fishing expedition,[6] to overturn every rock and pebble under which they might find something bearing on the ownership or servicing or anything else related to the mortgage or related loan. Such disregard of the Court's Fed. R. Civ. P. 16 scheduling order justifies the issuance of a protective order. E.g., Healy v. U.S. Bank, N.A. for LSF9 Master Participation Tr., C.A. No. 16-11996-GAO, 2018 WL 3733934, at *1 (D. Mass. Aug. 3, 2018) (discovery requests served on the brink of close of scheduled fact discovery period untimely; motion for a protective order granted); see Wai Feng Trading Co. Ltd v. Quick Fitting, Inc., No. CV 13-33S, 2016 WL 4184014, at *1 (D.R.I. June 14, 2016) (discussing court's duty to police fact discovery consistent with Rules 1 and 26(b)). To the extent that Plaintiffs now seek to plow deeply into factual matters that were framed by their original 2018 pleading, in derogation of the Court's pretrial scheduling order, the motion for protective order should be and is granted.

Plaintiffs attempt to sidestep this problem by invoking Fed. R. Civ. P. 56(d), which permits the Court to allow discovery of "facts essential to justify [their] opposition" that they are otherwise unable to present. Fed. R. Civ. P. 56(d). However, it is well settled that a court may deny Fed. R. Civ. P. 56(d) discovery "if it concludes that the party opposing summary judgment is unlikely to garner useful evidence from supplemental discovery." Troiano v. Aetna Life Ins. Co., 844 F.3d 35, 45 (1st Cir. 2016) (quoting Hicks v. Johnson, 755 F.3d 738, 743 (1st Cir. 2014)). Further, the entitlement to pursue such discovery requires the requesting party to exercise "due diligence." Alicea v. Machete Music, 744 F.3d 773, 788 (1st Cir. 2014). As

---

[6] During the hearing before me, Plaintiffs confirmed that the pending discovery is only the beginning of what they now plan to seek. That is, they intend to follow the pending discovery with requests (including deposition notices) for all documents and information that may be referenced in whatever they get from the first wave of documents and testimony that they have asked FNMA and FHFA to provide.

Alicea explicates, Plaintiffs must establish the following three prongs to warrant Fed. R. Civ. P. 56(d) relief:

> (i) good cause for [their] inability to have discovered or marshalled the necessary facts earlier in the proceedings; (ii) a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time; and (iii) an explanation of how those facts, if collected, will suffice to defeat the pending summary judgment motion.

Id.  Rule 56(d) also requires the party seeking discovery to support the request by affidavit or declaration, which Plaintiffs have not done.

Plaintiffs argue that the Court's terse text order granting their motion (ECF No. 97) to extend time for them to file their opposition to 266 Putnam's summary judgment motion amounts to an order that effectively ruled that they are free to pursue wide ranging discovery that will take months, if not years, as loosely described in that motion (including depositions of various Defendants).  Citing McConaghy v. Sequa Corp., 294 F. Supp. 2d 151, 160 (D.R.I. 2003), FNMA and FHFA counter that the Court should not be constrained by its text order because it was not a decision on the merits of their motion for protective order; in any event such an interlocutory order is not final and may be subject to further review or reconsideration.  Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994).  ECF No. 106 at 2.  At bottom, the Court's text order contemplated only that Plaintiffs could pursue such Fed. R. Civ. P. 56(d) discovery as would be consistent with the filing of their opposition to the motion for summary judgment by May 18, 2021.  Text Order of Mar. 31, 2021.  That is, the Court construes its text order of March 31, 2021, as meaning only that Plaintiffs are entitled to some Fed. R. Civ. P. 56(d) discovery, with the scope of such discovery unspecified and cabined by the deadline (May 18, 2021) set by the Court.  Id.

Mindful of these principles, during the hearing before me, I questioned counsel for the interested parties regarding what is really "essential to justify" Plaintiffs' opposition to the summary judgment motion and how most efficiently (consistent with the proportionality requirement of Fed. R. Civ. P. 26(b)(1)) to provide that to Plaintiffs. The following information emerged:

- FNMA has a highly confidential "Master Loan" document that is the instrument that accomplished the conveyance of Plaintiffs' mortgage and loan on July 26, 2017, to U.S. Bank/Rushmore with the right to foreclose retained by FNMA;

- The "Master Loan" document can easily be produced with an authenticating affidavit within a week or less;

- This "Master Loan" document speaks for itself and there is no knowledgeable individual at FNMA who could amplify on its meaning;

- Apart from the foregoing, FHFA has no documents and no information bearing on FNMA's status as mortgagee;

- Plaintiffs were unable to articulate anything more that is essential for them to present FNMA's status as mortgagee (or not) to the Court in opposition to the motion for summary judgment.

Based on these representations of counsel and ignoring (at least for now) Plaintiffs' dereliction of their Fed. R. Civ. P. 56(d) obligation to include an affidavit or declaration to buttress a supplemental discovery request, the Court hereby orders that the motion for protective order is granted in part and denied in part. It is denied only to the extent that FNMA is ordered to produce by May 24, 2021, the "Master Loan" document, authenticated by affidavit or declaration. All parties are ordered to treat the "Master Loan" document as strictly confidential, to be accessible only to counsel for the parties and to be filed with the Court under seal.[7] The

---

[7] To the extent that a limited excerpt of the "Master Loan" document is all that is relevant to a court filing, and the excerpt contains no confidential information, the parties are urged to meet and confer to determine whether such excerpt may be filed by agreement without a motion to seal.

Court's granting of the motion for protective order is without prejudice to Plaintiffs seeking other limited discovery, provided that Plaintiffs are cautioned that fact discovery is closed and that they may not seek additional discovery, except as may be consistent with the Fed. R. Civ. P. 56(d) principles articulated above, including that they must clearly justify by affidavit or declaration why any additional discovery is "essential" for their opposition to the pending motion for summary judgment and that they must exercise due diligence to avoid further delay (particularly delay that further prejudices 266 Putnam), as well as that they must comply with the other requirements set out in Alicea, 744 F.3d at 788, and be mindful of proportionality as required by Fed. R. Civ. P. 26(b)(1). As L. Frank Baum wrote in The Marvelous Land of Oz, "everything has to come to an end, some time," so too with the discovery and dispositive motion briefing in this case. Wai Feng Trading Co. Ltd., 2016 WL 4184014, at *1 (quoting L. Frank. Baum, The Marvelous Land of Oz 182 (1904)).

### III.   CONCLUSION

As set forth above, the motion for protective order (ECF No. 100) is granted in part and denied in part without prejudice to Plaintiffs' seeking additional discovery. Because this determination impacts the due date for Plaintiffs' opposition to 266 Putnam's motion for summary judgment, the Court further orders that the Plaintiffs' opposition is due on June 21, 2021, and 266 Putnam's reply is due on July 2, 2021. Further extensions to these deadlines will not be lightly granted. Because Defendant Wells Fargo was not at the hearing, the Court did not address the due date for Plaintiffs' opposition to its motion to dismiss.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 18, 2021