UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| KENNETH FITCH<br>ESTATE OF DIANNE L. FITCH,<br><br>     Plaintiffs,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY,<br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION, WELLS FARGO BANK,<br>N.A., HARMON LAW OFFICES, P.C., 266<br>PUTNAM AVENUE, LLC, RUSHMORE<br>LOAN MANAGEMENT SERVICES, LLC, US<br>BANK NATIONAL ASSOCIATION AS<br>TRUSTEE FOR RMAC TRUST, SERIES<br>2016-CTT<br><br>     Defendants. | CA No.: 1:18-cv-00214-JJM-PAS |

**DEFENDANT WELLS FARGO BANK, N.A.'S REPLY BRIEF IN SUPPORT OF ITS RENEWED MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

  Defendant Wells Fargo Bank, N.A. ("Wells Fargo") submits this Reply Brief in support of its Renewed Motion to Dismiss the Amended Complaint, CM/ECF 102 & 102-1.

**I. THE AMENDED COMPLAINT'S RESPA ALLEGATIONS FAIL TO SUFFICIENTLY PLEAD DAMAGES, WHICH IS REQUIRED TO ESTABLISH ARTICLE III STANDING.**

  **A. The Amended Complaint fails to plead cognizable actual damages.**

  The first half of Plaintiffs' Opposition simply rehashes their Amended Complaint's damages allegations.  *See* ECF No. 114-1, Memorandum of Law in Response to Motion to Dismiss by Wells Fargo Bank, N.A. ("Pl. Opp." or "Opposition") at 2-14.  From there, Plaintiffs attempt to distinguish this Court's decision in *Curtis v. Embrace Home Loans, Inc.*, No. 18-cv-057-JJM-PAS, 2020 WL 2115987 (D.R.I. May 4, 2020), and the Honorable District Judge

William E. Smith's decision in *Cordeiro v. Carrington Mortg. Svsc, LLC*, No. 19-cv-510 WES, 2020 WL 3404742 (D.R.I. June 19, 2020), by arguing that "[i]n *Curtis*, the specific allegations made relating [to] the damages [from] the Notice of Error were not specifically pleaded", and "[i]n *Cordeiro*, the damages were less specifically pleaded than in this case." Pl. Opp. at 19. But Plaintiffs do not actually show or explain *how* their alleged damages are really different or are, in fact, more specific. They are not. To the contrary, and as demonstrated in Wells Fargo's Renewed Motion to Dismiss, the Amended Complaint's so-called "damages" are indistinguishable from those that this Court in *Curtis* and Judge Smith in *Cordeiro* ruled were insufficient to confer Article III standing under *Spokeo v. Robins*, 136 S. Ct. 1540 (2016). *See* ECF No. 102-1, Memorandum of Law in Support of Wells Fargo Bank, N.A.'s Renewed Motion to Dismiss all Claims Against Wells Fargo for Lack of Subject Matter Jurisdiction and/or for Failure to State a Claim ("Renewed MTD") at 6-9.

Plaintiffs also rely on numerous cases from other districts outside of the First Circuit which, they say, come out the other way. *See* Pl. Opp. at 19-32. But the majority of the cases, particularly those from the Southern District of Florida, do not address whether the type of costs and expenses pled by Plaintiffs here constitute a concrete injury-in-fact sufficient to establish jurisdictional standing under *Spokeo*. Rather, they are Rule 12(b)(6) cases that conclude for the most part that the cost of preparing a first Notice of Error is not a damage, but the cost of preparing a subsequent Notice of Error for a servicer's failure to respond or patently deficient response to a prior Notice of Error, is.[1] These cases, several of which grant motions to dismiss

---

[1] Several of these cases, which are cited in Plaintiffs' Opposition at 22-29, were decided before the Supreme Court released *Spokeo* in May 2016: *Miranda v. Ocwen Loan Servicing, LLC*, 148 F.Supp.3d 1349, 1354-55 (S.D. Fla. 2015); *Russell v. Nationstar Mortgage, LLC*, CASE NO. 14–61977–CIV–BLOOM/VALLE, 2015 WL 5029346, at *6-7 & n.1 (S.D. Fla. Aug. 26, 2015); *Rodriguez v. Seterus, Inc.*, Case No. 15-61253-Civ, 2015 WL 5677182, at *2-3 (S.D. Fla. Sept.

for failure to state a claim, are inapposite because they say nothing about whether Plaintiffs alleged actual damages to establish jurisdictional standing through an injury-in-fact.

Additionally, this Court and Judge Smith have previously rejected nearly identical briefing from Plaintiffs' counsel citing the out-of-district cases that do address *Spokeo*. Attorney John B. Ennis also represented the plaintiffs in the *Curtis* and *Cordeiro* proceedings. In *Curtis*, Attorney Ennis argued that the mortgage servicer's alleged failure to provide information in response to a RESPA request resulted in damages because the borrower discussed the matter with his attorney (incurring legal fees), incurred expenses sending further correspondence to the servicer, and devoted "time away from [his] usual activities speaking with [his] attorney" about the allegedly deficient response. *See Curtis*, 19-cv-057, Dkt. No. 36-1, Plaintiff's Memorandum of Law at 29-30. And in arguing that these types of alleged "damages" satisfy the injury-in-fact requirement, he relied on many of the out-of-district and circuit cases that he now cites in this case. *Compare id.* at 31-34 *with* Pl. Opp. at 19-22 & 32-33. This Court found Attorney Ennis's argument unconvincing and ruled that gasoline costs incurred in visiting an attorney, cell phone calls to and from an attorney, electricity charges related to phone calls, attorney's fees and costs related to prosecuting the action, "mailing, paper, and postage costs for the mailing and transmittal of a Notice of Error[,]" improper fees and costs for property inspections, legal fees

---

28, 2015); *O'Brien v. Seterus, Inc.*, Case No. 9:15–CV–80300–ROSENBERG, 2015 WL 4514512, at *3 (S.D. Fla. July 24, 2015); and *Soriano v. Countrywide Home Loans, Inc.*, No. 09-CV-02415-LHK, 2011 WL 1362077, at *5-7 (N.D. Cal. Apr. 11, 2011). Many of the other cited out-of-district decisions, while issued post-*Spokeo*, do not analyze whether the plaintiff alleged sufficient actual damages to establish jurisdictional standing through an injury-in-fact, because the defendant did not move to dismiss or for judgment on that ground: *Pimental v. Ocwen Loan Servicing, LLC*, Case No. 16-CV-62089-DIMITROULEAS, 2016 WL 6678523, at *2-3 (S.D. Fla. Nov. 8, 2016); *Kilpatrick v. Ocwen Loan Servicing, LLC*, CASE NO. 16-80317-CIV-MARRA, 2017 WL 564376, at *2-3 (S.D. Fla. Feb. 13, 2017); *Walker v. Branch Banking & Trust Co.*, 237 F.Supp.3d 1326, 1330-34 (S.D. Fla. 2017); *Inorio v. Wells Fargo Bank, N.A.*, __ F.Supp.3d __, 2021 WL 780714, at *1-3 (N.D. Ill. March 1, 2021); and *Tanasi v. CitiMortgage, Inc.*, 257 F.Supp.3d 232, 261-71 (D. Conn. 2017).

and costs, and stress, do not establish Article III jurisdiction for a RESPA claim under *Spokeo*. *Curtis*, 2020 WL 2115987, at *3.

Attorney Ennis again argued in *Cordeiro* that the Plaintiff's damages included "the cost of postage and cop[y]ing costs in transmitting the Notice of Error to the loan servicer." *See Cordeiro*, 19-cv-510, Dkt. No. 23-1, Plaintiff's Memorandum of Law, at 31-32; *see also id.* at 35 ("Plaintiff has pleaded damages on both Regulation X Counts, particularly that he incurred the costs of mailing the Notices of Error."). He also relied on many of the same cases that this Court had found unpersuasive in *Curtis*. *See id.* at 35-38. In addition, Attorney Ennis cited a summary judgment ruling from the Southern District of Ohio for the proposition that "actual damages consisted of the cost of preparing the notice of error, which was neither responded to nor corrected." *Id.* at 37 (citing *Cameron v. Ocwen Loan Servicing, LLC*, CA No. 2:18-cv-428, 2020 WL 104981 (S.D. Ohio Jan. 9, 2020)). *Cameron*—which Attorney Ennis also relies on here (*see* Pl. Opp. at 21-22)—is flawed because it relies entirely on pre-*Spokeo* case law to support its conclusion that "costs of preparing" a Notice of Error may constitute actual damages. *Cameron*, 2020 WL 104981, at *3 (citing *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 721 (6th Cir. 2013) and *Marais v. Chase Home Fin. LLC*, 24 F. Supp. 3d 712, 728 (S.D. Ohio 2014)). Like this Court, Judge Smith was not convinced by these out-of-district authorities, and concluded that the "injury-in-fact requirement [is] not satisfied by allegations of litigation-related expenses and [the] suggestion of anxiety related to [the] loss of [one's] home." *Cordeiro*, 2020 WL 340472, at *4 (citing *Curtis*, *supra*).

The Honorable Magistrate Judge Patricia A. Sullivan also undertook a searching look at this issue in another case where Plaintiffs' attorney advanced a similar claim and argument under the Truth in Lending Act ("TILA"), in *Pemental v. Bank of New York Mellon for Holders of*

*Certificates, First Horizon Mortg. Pass-Through Certificates Series FHAMS 2004-AA5*, No. CV 16-483 S-PAS, 2017 WL 3279015, at *8 (D.R.I. May 10, 2017).  Judge Smith adopted Judge Sullivan's thoughtful report and recommendation, sub nom., *Pemental v. Bank of New York Mellon*, No. CV 16-483 S-WES, 2017 WL 3278872 (D.R.I. Aug. 1, 2017).  They reasoned there that "attorneys' fees, costs and expenses incurred" in asserting a claim "are not a substitute for the injury-in-fact required by *Spokeo*" because, "[i]f they were, they would subsume the injury-in-fact requirement since, apart from pro se claims, every TILA complaint requires the expenditure of attorneys' fees."  2017 WL 3279015, at *8.

In *Curtis*, this Court cited *Pemental* as supportive of the proposition that "a claim that alleges a violation of these federal laws [*i.e.*, TILA and RESPA], but fails to produce any evidence of a concrete or particularized injury, must be dismissed" in accordance with *Spokeo*.  *Curtis*, 2020 WL 2115987, at *2 (citing *Pemental*, 2017 WL 3279015, at *7 and numerous other cases).  This Court also found the Seventh Circuit's decision in *Diedrich v. Ocwen Loan Svsc, LLC*, 839 F.3d 583, 587-91 (7th Cir. 2016), persuasive, in which the Seventh Circuit affirmed the judgment of dismissal of a RESPA claim for failing to allege sufficient injury-in-fact.  *See Curtis*, 2020 WL 2115987, at *2 (citing *Deidrich*, *supra*).  Since deciding *Diedrich*, the Seventh Circuit has further reinforced and explained its view, persuasively recognizing and holding that Article III's injury-in-fact requirement is not satisfied where the damages "theory would allow a borrower to create a RESPA claim that pulls itself up by its own bootstraps, creating the required damages by pursuing the inquiry [*i.e.*, a QWR] itself, at least with the help of a lawyer."  *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1059 (7th Cir. 2018) (rejecting claim that paying "an attorney to review Wells Fargo's response to the qualified written request" constitutes actual damages causally connected to a RESPA violation).

Indeed, this Court's decision in *Curtis* that prefatory claim and litigation-related costs "do not replace the injury-in-fact required by *Spokeo*," and Judge Smith's conclusion in *Cordeiro* that a plaintiff's "alleged damages . . . confined to time and money related to bringing the . . . claims" fails to establish *Spokeo* standing, are both correct. *Curtis*, 2020 WL 3225987, at \*3; *Cordeiro*, 2020 WL 3404742, at \*3-4. Because preparing and sending a RESPA request, meeting with counsel to discuss the servicer's response, pursuing a claim, and the like are all part of the process of evaluating or bringing a RESPA *claim* and happen regardless of whether or not the asserted RESPA *violation* occurred or did not occur, such "damages" cannot be used to meet the plaintiff's burden to show a causal connection—"a critical element when bringing a RESPA claim"—between the alleged RESPA violations and Plaintiffs' damages. *See Moore*, 908 F.3d at 1059; *see also Lebeau v. U.S. Bank, N.A. as Tr. For Citigroup Mortg. Loan Tr. Inc.*, No. CV 17-329-JJM-PAS, 2019 WL 1077285, at \*4 (D.R.I. Mar. 7, 2019) ("To properly allege a claim for actual damages, a plaintiff's harm must have accrued 'as a result of the [defendant's] failure' to comply with the Act. *See* 12 U.S.C. § 2605(f). RESPA requires that a plaintiff 'present specific evidence to establish a causal link between the financing institution's violation and [his] injuries.'"). This Court should follow its own and Judge Smith's past decisions to again conclude that Attorney Ennis's damage theories are insufficient to confer Article III standing.

      **B.**     **Pleading statutory damages does not establish Article III jurisdiction.**

Plaintiffs also argue that their Amended Complaint passes Article III muster because it pleads that statutory damages are available due to Wells Fargo's alleged pattern and practice of noncompliance with RESPA. In their Opposition, Plaintiffs posit that their Amended Complaint adequately "demonstrated pattern and practice by alleging that Wells Fargo ignored [Plaintiffs'] eight Notices of Error . . . ." Pl. Opp. at 31. Plaintiffs made—and lost—this same, conclusory argument in *Curtis* and *Cordeiro*. *See Curtis*, 19-cv-57, Dkt. No. 36-1 at 29-30 ("In this case the

Plaintiff has alleged three failures to respond to Requests for Information and Truth in Lending which establish entitlement to actual damages based on pattern and practice. Thus the Plaintiff has established causal connection, liability, actual damages and pattern and practice for statutory damages . . . ."); *Cordeiro*, 19-cv-510, Dkt. No. 23-1 at 39 ("In this case the Plaintiff has alleged 11 failures to respond to Requests for Information, which establish entitlement to actual damages based on pattern and practice. Thus the Plaintiff has plausibly alleged causal connection, liability, actual damages and pattern and practice for statutory damages on each count."). By dismissing the RESPA claims, this Court in *Curtis* and Judge Smith in *Cordeiro* rejected the notion that a plaintiff who fails to establish an Article III injury-in-fact may nevertheless recover statutory damages under RESPA. *See id.*

*Curtis* and *Cordeiro* correctly decided this issue. *Spokeo* squarely held that a plaintiff may not "allege a procedural violation [of a statute], divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." 136 S.Ct. at 1548. Applying this requirement to RESPA, federal courts have held that a plaintiff must have suffered actual damages to have standing to seek statutory damages under RESPA. *See Diedrich*, 839 F.3d at 590-91 (citing *Spokeo, supra*); *see also In re Jackson*, 622 B.R. 321, 327 (Bankr. D. Mass. 2020) ("Liability for statutory damages, which can include damages due to 'a pattern or practice of noncompliance with the requirements' of RESPA, specifically requires that the plaintiff sustain an actual injury.") (citing 12 U.S.C. § 2605(f)(1) and *Diedrich*, 839 F.2d at 589). One of the New Jersey cases cited by Plaintiffs in their Opposition, *Schmidt v. Wells Fargo Bank, N.A.*, No. 2:17-CV-01708, 2019 WL 4943756 (D.N.J. Oct. 8, 2019), makes this very point. *See* Pl. Opp. at 14, 31 (citing *Schmidt*, *supra*, at *4 n.3 (recognizing that "[s]tatutory damages are only permitted *in addition* to actual damages") (citing 12 U.S.C. § 2605 and three cases) (emphasis in original)).

Judge Sullivan reached the same conclusion in *Pemental*, recommending dismissal of the plaintiff's claim for "statutory TILA damages" because the complaint failed to show an injury-in-fact—under *Spokeo,* "a complaint that alleges a technical TILA violation, but fails to allege a concrete or particularized injury, must be dismissed." 2017 WL 3279015, at *7.

Here, because the Amended Complaint does not adequately plead actual damages and a purported claim for statutory damages, standing alone, does not establish Article III jurisdiction, Plaintiffs' RESPA allegations should be dismissed not only for lack of standing under Rule 12(b)(1), but also for failure to state a claim upon which relief may be granted. *See Lebeau*, 2019 WL 1077285, at *4-5 (dismissing RESPA claim under Rule 12(b)(6) where plaintiff's allegations did not show actual or statutory damages) (citing cases).

## II. PLAINTIFFS' OPPOSITION CLARIFIES THAT THEIR AMENDED COMPLAINT DOES NOT PURPORT TO STATE ANY TILA, R.I.G.L. § 32-27-3.2, OR DECLARATORY JUDGMENT CLAIMS AGAINST WELLS FARGO.

Plaintiffs state in their opposition that "[e]ach of [the Amended Complaint's] counts asserts separate violations of [RESPA] and Regulation X enacted thereunder for failure to correct errors asserted in either Notices of Error." Pl. Opp. at 1. They further state that, with respect to the Amended Complaint's claims for a violation of TILA, "Wells Fargo was not a named defendant in that [TILA] count and no damages were sought against it other than the eight RESPA claims." *Id.* at 2. Accordingly, Plaintiffs have clarified that the Amended Complaint's TILA claims (Count VI), its claims under R.I.G.L. § 34-27-3.2 (Count II), and its declaratory judgment count (Count IV) are not directed against Wells Fargo. As such, the Court's decision on Wells Fargo's Renewed MTD should expressly recognize that no claims were asserted against Wells Fargo in those counts.

        Respectfully submitted,

        WELLS FARGO BANK, N.A.,

        By its attorney,

        */s/ Michael E. Jusczyk*
        Michael E. Jusczyk (Bar No. 7791)
        mjusczyk@seyfarth.com
        SEYFARTH SHAW LLP
        Two Seaport Lane, Suite 300
        Boston, MA 02210
        Telephone: (617) 946-8343
        Facsimile: (617) 946-4801

Dated: June 24, 2021

## CERTIFICATE OF SERVICE

    I, Michael E. Jusczyk, hereby certify that this document has been filed electronically and is available for viewing and downloading from the ECF system. I further certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 24, 2021, and paper copies will be sent to those indicated as non-registered participants.

        /s/ *Michael E. Jusczyk*
        Michael E. Jusczyk