**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

|  |  |
|---|---|
| KENNETH FITCH<br>ESTATE OF DIANNE L. FITCH,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION, WELLS FARGO BANK, N.A., HARMON LAW OFFICES, P.C., 266 PUTNAM AVENUE, LLC, RUSHMORE LOAN MANAGEMENT SERVICES, LLC, US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RMAC TRUST, SERIES 2016-CTT<br><br>Defendants. | CA No.: 1:18-cv-00214-JJM-PAS |

**DEFENDANT WELLS FARGO BANK, N.A.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS RENEWED MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Pursuant to the Court's July 7, 2021 Text Order re: Scheduling, Defendant Wells Fargo Bank, N.A. (Wells Fargo) submits its Supplemental Brief in support of its Renewed Motion to Dismiss the Amended Complaint, CM/ECF 102, 102-1 & 116, addressing the impact the recent U.S. Supreme Court's decision in *TransUnion LLC v. Ramirez*, No. 20-297, 2021 WL 2599472, 141 S. Ct. 2190 (June 25, 2021), has on this case. The *TransUnion* decision requires dismissal of the Amended Complaint against Wells Fargo for lack of Article III standing.

In *TransUnion*, the Supreme Court addressed Article III standing, in particular the requirement that each plaintiff must have suffered a concrete harm. The case arose in the context of an action seeking statutory damages under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*., as the *Spokeo v. Robins*, 136 S. Ct. 1540 (2016) case had arisen, before it.

TransUnion is a credit reporting agency. Ramirez sued TransUnion, claiming on behalf of himself and a putative class "that TransUnion failed to use reasonable procedures to ensure the accuracy of their credit files, as maintained internally by TransUnion." 141 S.Ct. at 2200. The Supreme Court granted *certiorari* to consider whether all of the class members possessed Article III standing to assert the alleged FCRA statutory damages claims (as the Ninth Circuit had found on appeal, following trial). *Id.* at 2203. In reversing the Ninth Circuit, the Supreme Court succinctly held:

> No concrete harm, no standing. The 1,853 class members whose credit reports were provided to third-party businesses suffered a concrete harm and thus have standing as to the reasonable-procedures claim. The 6,332 class members whose credit reports were not provided to third-party businesses did not suffer a concrete harm and thus do not have standing as to the reasonable-procedures claim. As for the claims pertaining to the format of TransUnion's mailings, none of the 8,185 class members other than the named plaintiff Ramirez suffered a concrete harm.

*Id*. at 2214.

To reach its holding, the Court reasoned that "under Article III, a federal court may resolve only 'a real controversy with real impact on real persons.'" *Id*. at 2203 (quoting *American Legion v. American Humanist Assn.*, 588 U. S. __, __, 139 S. Ct. 2067, 2103 (2019)). "As *Spokeo* explained, certain harms readily qualify as concrete injuries under Article III. The most obvious are traditional tangible harms, such as physical harms and monetary harms. If a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III." *Id*. at 2204. "Importantly, [the Supreme] Court has rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Id*. (quoting *Spokeo*, 578 U. S., at 341). "As the Court emphasized in *Spokeo*, 'Article III standing requires a concrete injury even in the context of a statutory violation.'" *Id*. (quoting *Spokeo, ibid*.). "Congress may create causes of action for plaintiffs to

sue defendants who violate those legal prohibitions or obligations.  But under Article III, an injury in law is not an injury in fact.  Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id*. at 2205.  "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." *Id.*

*TransUnion*, which reaffirmed *Spokeo*, is controlling here.  Under the *Spokeo* decisions of this District, purported actual damages allegations like Plaintiffs' consisting of gasoline costs to visit their attorney, electricity used to recharge a cell phone to call their attorney, postage and copying costs, time spent discussing RESPA notices of error with their attorney, and attorney's fees and costs incurred for preparing and filing this action,[1] are not recognized as sufficiently cognizable money damages to satisfy the injury-in-fact required for Article III standing to permit suit in federal court for alleged RESPA violations.  *See Cordeiro v. Carrington Mortg. Svcs., LLC*, No. 19-cv-510 WES, 2020 WL 3404742 (D.R.I. June 19, 2020) (ruling that "Mr. Cordeiro's alleged damages are confined to expenditures of time and money related to bringing [Truth-in-Lending Act] claims.  Such violations do not satisfy the injury-in-fact requirement[,]" and dismissing RESPA claims for the same reasons) (internal citation omitted), *judgment withdrawn in part*, No. CV 19-510 WES, 2021 WL 673482 (D.R.I. Feb. 22, 2021) (ruling the court should have remanded to the state court after granting defendant's motion for judgment on the pleadings, rather than entering judgment of dismissal with prejudice); *Curtis v. Embrace Home Loans, Inc.*, No. 18-cv-057-JJM-PAS, 2020 WL 2115987 (D.R.I. May 4, 2020) (same on

---

[1] Am. Compl. ¶ 276(a)-(f); id. ¶ 300(a)-(f), ¶ 342(a)-(f); id. ¶ 368(a)-(f); id. ¶ 395(a)-(f); id. ¶ 419(a)-(f); id. ¶ 444(a)-(f).

summary judgment, and remanding remaining state claims to state court).[2]  "[A]ttorneys' fees, costs and expenses incurred" in asserting a claim "are not a substitute for the injury-in-fact required by *Spokeo*" because, "[i]f they were, they would subsume the injury-in-fact requirement since, apart from pro se claims, every TILA complaint requires the expenditure of attorneys' fees."  *Pemental v. Bank of New York Mellon*, No. CV 16-483 S-WES, 2017 WL 3278872, at *8 (D.R.I. Aug. 1, 2017).

Therefore, Plaintiffs alleged injuries are not cognizable money damages for a RESPA violation.  And because Plaintiffs allege no other injuries other than a bare procedural violation of RESPA, under the holding of *TransUnion*, which reaffirmed *Spokeo*'s holding, Plaintiffs—who have not alleged a real concrete harm—have no Article III standing to sue Wells Fargo in federal court for allegedly violating RESPA.

Accordingly, this Court should dismiss the Amended Complaint as to Wells Fargo for lack of subject matter jurisdiction (Article III standing) under Rule 12(b)(1).

Respectfully submitted,

WELLS FARGO BANK, N.A.,

By its attorney,

*/s/ Michael E. Jusczyk*
Michael E. Jusczyk (Bar No. 7791)
mjusczyk@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
Telephone: (617) 946-8343
Facsimile: (617) 946-4801

Dated: July 23, 2021

---

[2] The Court cannot remand the RESPA claims to state court because, unlike the *Cordeiro* and *Curtis* cases, this lawsuit did not originate in, and was not removed from, state court.

- 5 -

## CERTIFICATE OF SERVICE

      I, Michael E. Jusczyk, hereby certify that this document has been filed electronically and is available for viewing and downloading from the ECF system. I further certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 23, 2021, and paper copies will be sent to those indicated as non-registered participants.

                                                    /s/ *Michael E. Jusczyk*
                                                        Michael E. Jusczyk