UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KENNETH FITCH
ESTATE OF DIANNE L. FITCH

    VS.                                    Civil Action No. 18-cv-214

FEDERAL HOUSING FINANCE AGENCY
FEDERAL NATIONAL MORTGAGE ASSOCITION
WELLS FARGO BANK, N.A.
266 PUTNAME AVENUE, LLC
RUSHMORE LOAN MANAGEMENT SERVICES, LLC
US BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR RMAC TRUST
SERIES 2016-CTT

**SUPPLEMENTAL MEMORANDUM OF LAW IN RESPONSE TO MOTION TO DISMISS BY WELLS FARGO BANK, N.A.**

      This matter is before the Court on the Motion to Dismiss pursuant to F.R.C.P. 12(b)(1) by Wells Fargo. The Court requested that the parties file a supplemental brief in view of *Transunion LLC v. Ramirez*, 141 S.Ct. 2190 (2021**).** In Defendant's supplemental brief it contended that there was a deed for a concrete injury, which it contended was not available in the pleadings of this case. An analysis of this case indicates that under Ramirez and Spokeo, there was a concrete injury in each of he counts in which Plaintiffs have plausibley alleged that due to the failure of Wells Fargo to respond to the Notices of Error or to correct the errors asserted, Plaintiff incurred actual damages prior to the filing of this action for the costs of mailing each Notice

1

of Error, the cost of gasoline in driving to the his attorney's office to discuss the Notice of Error, the expense of using electgricity ot recharge his cell phone relating to calls made to and from his attorney to discuss each notice of error and to discuss the failure of Wells Fargo to correct each error and acquire he documents requested. Plaintiffs also incurred legal fees in preparing the Notices of Error, prior to the filing of this litigation. These legal fees were actual elements of damages in reviewing and responding the defective response under RESPA and were not legal fees related to this action. Each of these counts  asserts separate violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA") and Regulation X enacted thereunder for failure to correct errors asserted in eight Notices of Error

     Thus there were 8 plausibly pleaded counts relating to the failure of Wells Fargo to comply with its obligations under RESPA in responding to Notices of Error.  Plaintiffs for each count,  plausibly alleged the basis for statutory damages claiming that this was the pattern and practice of Wells Fargo to refuse to respond to any RESPA requests during litigation. Plaintiffs alleged that Wells Fargo's conduct has been the subject of a prior class action lawsuit filed in this Northern District of Ohio against Wells Fargo, as well as other individual lawsuits across the country. E.g., *Lieber v.*

*Wells Fargo Bank, N.A.*, Case No. 16-cv-02868-PAG (N.D. Ohio); *Schmidt,* 2:17-cv-01708 (D. N.J.). Thus the complaint pleaded that as a result of this lack of compliance by the Defendant as to each count, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error.

*Ramirez*, in fact provides support for the position of the Plaintiffs in this case. The Ramirez case arose when TransUnion, one of the "Big Three" nationwide consumer reporting agencies (CRAs or credit bureaus), issued a report identifying a car buyer, Sergio Ramirez, as a potential terrorist. TransUnion had done so based solely on the fact that the plaintiff had the same first and last name as a person on the federal government's terrorist watch list. TransUnion did not check any other identifying features, such as Ramirez's middle initial, date of birth, or address. Since federal law prohibits transacting any business with a person who is on this list, Ramirez was denied a car loan. Ramirez filed suit on his own behalf and on behalf of thousands of other individuals who had been wrongly labeled as terrorists due to TransUnion's appallingly sloppy matching criteria.

The Supreme Court agreed with Ramirez that TransUnion had failed to use reasonable procedures to ensure the accuracy of class members' credit reports. The Court held, however, that while Ramirez had suffered a

concrete injury, the other class members who were tagged as terrorists had standing only if their erroneous information in TransUnion's files was sent to third parties. Over a stinging dissent written by Justice Thomas, the Court held 5-4 that class members whose false information had not been published to a third party did not suffer concrete harm, and they had no standing to bring an FCRA action in federal court.

The Ninth Circuit had found that TransUnion also violated the FCRA by, in response to Ramirez's request for a copy of his credit file, sending him an incomplete version of his file that did not mention the terrorist alert. A day later, it sent him a second mailing that informed him of the terrorist match but did not include the required summary of his FCRA rights. The Supreme Court characterized these disclosure violations as mere format violations, and the majority held that the class members—other than Ramirez himself—did not have standing to raise these claims because they did not identify any "downstream consequences" that they suffered from failing to receive the required information.

    The Supreme Court in *Ramirez* noted:

As *Spokeo* explained, certain harms readily qualify as concrete injuries under Article III. The most obvious are traditional tangible harms, such as physical harms and monetary harms. **If a defendant has caused physical or**

4

**monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III.** *Ramirez* at p. 2204(Emphasis added.)

In this case, Plaintiff has alleged and in fact established a concrete financial injury as indicated by his allegations that Wells Fargo's failure to respond to the original Requests for Information and Notices of Error as required under RESPA, caused him to incur financial costs in mailing Notices of Error. These constitute actual damages and a concrete monetary injury under *Ramirez* and *Spokeo* to obtain information and to enforce Plaintiffs' rights under RESPA. To hold otherwise would render RESPA a nullity if the costs directly related and causally connected to the conduct of Wells Fargo in not complying with its obligations under RESPA in responding to Notices of Error did not constitute actual damages. To suggest otherwise would render RESPA a meaningless statute.

In *Spokeo* the Supreme Court clearly stated:

"[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016),

Plaintiff met all criteria for standing. Wells Fargo did not comply with RESPA and provided no information. His complaint alleged actual monetary damages in the form of postage for certified mail along with other concrete damages akin to damages for personal injury involving time incurred for

reviewing the Notices of Error along with costs of gasoline and recharging his cell phone to speak with the attorney regarding the Notice of Error prior to the case being filed. Plaintiff will file a Motion to Amend the Complaint in order to specifically allege the dollar amount of the damages incurred for postage, which will clearly delineate a monetary injury directly related to the harm incurred due to failure to comply with the statute.     He can obtain redress from this Court by this action.

Wells Fargo violated RESPA by not responding adequately and at all to Requests for Information and Notices of Error.  This failure to respond constitutes a violation of the Statute. One of the Notices of Error alleged that the actual damages were failure to rescind the foreclosure sale. Plaintiffs adequately pleaded actual damages in the form of postage and copying costs for the mailing of the Notices of Error after Wells Fargo failed to respond to the Requests for Information or the Notices of Error. Plaintiffs also pleaded that the Plaintiffs incurred legal fees for the review of and preparation of the Notices of Error.  The Defendant's position would essentially render the statutory rights under  RESPA a nullity, by suggesting that these related costs due to noncompliance with the statute and regulation should not be considered damages. RESPA and Regulation X require information to be provided. Here Plaintiffs have presented cogent argument and factual

allegations establishing monetary and other actual damages, creating a real case and controversy. If information is not provided without a valid excuse, after a Request for Information is submitted, a crucial element of damages is the costs of preparing the Notices of Error. Otherwise, the statute would be a nullity as to the obligation of a servicer to provide information to a consumer under Regulation X and RESPA. For all these reasons, the Motion should be denied.

        KENNETH FITCH

        ESTATE OF DIANNE L. FITCH
        By their Attorney

August 30, 2021        /s/ John B. Ennis
        JOHN B. ENNIS, ESQ. #2135
        1200 Reservoir Avenue
        Cranston, Rhode Island 02920
        (401) 943-9230
        Jbelaw75@gmail.com

## CERTIFICATION

    I hereby certify that I emailed a copy of the above Memorandum of Law to the following on this 30th day of August, 2021 by electronic filing:

Thomas Walsh, Esq.
Stephen Stoeher, Esq.
Samuel Bodurtha, Esq.
Michael Jusczyk, Esq.
Zachary W. Bork, Esq.
Rowdy Cloud, Esq.

                                                           /s/ John B. Ennis