UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-62089-DIMITROULEAS

RAUL PIMENTAL,

    Plaintiff,

vs.

OCWEN LOAN SERVICING, LLC,

    Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint [DE 7] ("Motion"). The Court has considered the Motion, Plaintiff's Response [DE 8], Defendant's Reply [DE 9], and the record in this case, and is otherwise advised in the premises. For the reasons stated herein, the Court will grant the Motion in part and dismiss the Complaint [DE 1-2] without prejudice.

### I. BACKGROUND

In this action, Plaintiff Raul Pimental brings two claims against his mortgage loan servicer, Defendant Ocwen Loan Servicing, LLC ("Ocwen"), for alleged violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"). *See* DE 1-2. Count I alleges that Defendant failed to timely respond to Plaintiff's request for the identity and contact information of the owner or assignee of Plaintiff's mortgage loan. *Id.* at 3–6. Count II alleges that Defendant failed to investigate Plaintiff's request or provide the requested information entirely. *Id.* at 6–9.

Plaintiff, through his counsel, prepared a written request for information ("RFI") about his loan pursuant to 12 C.F.R. § 1024 ("Regulation X"). *Id.*, Ex. A. The RFI requested, in pertinent part, "[t]he identity, address and telephone number of the current owner or assignee of [Plaintiff's] Loan." *Id.* Defendant received the RFI on January 25, 2016, and pursuant to Regulation X, Defendant was required to respond by February 8, 2016. DE 1-2 ¶ 13. Defendant admits that it inadvertently failed to acknowledge the RFI until March 8, 2016, when it sent an acknowledgement of receipt to Plaintiff's attorney. DE 7 at 2–3; DE 7-1. Defendant then sent Plaintiff's attorney a letter dated March 28, 2016, which identified the current owner and holder of the loan and the address and telephone number of that entity. DE 7 at 3; DE 7-2 at 4.

In response, Plaintiff's attorney sent to Defendant an undated Notice of Error ("NOE"), stating that Defendant had "failed to provide all relevant contact information for the owner and/or assignee of this loan." DE 1-2, Ex. C. Defendant received the NOE on April 11, 2016, and sent Plaintiff an acknowledgment of receipt three business days later. DE 7 at 3; DE 7-3. Defendant thereafter sent Plaintiff a series of additional responses, including a complete payoff quote. DE 7 at 3–4; DE 7-4.

On August 4, 2016, Plaintiff initiated this lawsuit, seeking actual damages "including but not limited to: photocopying costs, postage costs, and reasonable attorney's fees incurred following Defendant's breach, in connection with review of the insufficient response and for the drafting of the NOE." DE 1-2 ¶¶ 25, 40. Defendant responded by filing the instant Motion, seeking the dismissal of Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant contends that Plaintiff can show no actual damages under RESPA because Plaintiff incurred all costs related to the NOE *after* receiving Defendant's letter, which was entirely responsive to Plaintiff's request.

## II.     LEGAL STANDARD

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court must accept all facts set forth in the plaintiff's complaint as true, *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)), and draw all "reasonable inferences" in favor of the plaintiff, *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a Rule 12(b)(6) motion to dismiss, the complaint "does not need detailed factual allegations"; however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* The plaintiff must plead enough facts to "state a claim that is plausible on its face." *Id.* at 570.

The court's inquiry on a Rule 12(b)(6) motion is generally limited "to the pleadings and exhibits attached thereto." *Grossman*, 225 F.3d at 1231 (quoting *GSW*, 999 F.2d at 1510) (internal quotations omitted). However, "a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). In determining whether a document is central to the plaintiff's case, the court asks "whether the plaintiff would have to offer the document to prove his case." *Miranda v. Ocwen Loan Servicing, LLC*, 148 F. Supp. 3d

3

1349, 1353 (S.D. Fla. 2015) (citing *Lockwood v. Beasley*, 211 F. App'x. 873, 877 (11th Cir. 2006)).

### III. **DISCUSSION**

As a preliminary matter, the Court has considered the acknowledgements of receipt and response letters attached as exhibits to Defendant's Motion. These documents are central to Plaintiff's claims because Plaintiff would have to offer them to prove that Defendant's responses to the RFI were untimely and inadequate. Plaintiff also has not contested the authenticity of these documents. The communications therefore may be properly considered in determining whether dismissal is warranted.

Turning to the merits of the Motion, the Court agrees with Defendant that Plaintiff has failed to state a claim upon which relief may be granted. To state a RESPA claim for failure to respond to an RFI, a plaintiff must allege that: (1) the defendant is a loan servicer; (2) the plaintiff sent a written request to the defendant consistent with the requirements of the statute; (3) the defendant failed to respond adequately within the statutorily required timeframe; and (4) the plaintiff suffered actual or statutory damages. *See Miranda*, 148 F. Supp. 3d at 1354 (citations omitted). Defendant challenges the Complaint on the grounds that Plaintiff has failed to plead sufficient facts to support the fourth claim requirement relating to damages.

An individual may bring a claim for "any actual damages to the borrower as a result of the failure" of the defendant to meet its obligations to the borrower under § 2605.[1] 12 U.S.C. § 2605(f)(1)(A). "This language suggests there must be a 'causal link' between the alleged violation and the damages." *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016); *see also McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009),

---

[1] 12 U.S.C. § 2605(f)(1)(B) also allows individuals to recover statutory damages "in the case of a pattern or practice of noncompliance." However, Plaintiff has not sought statutory damages in this case.

aff'd, 398 F. App'x 467 (11th Cir. 2010) (explaining that plaintiff bears burden to prove that damages were "proximately caused" by loan servicer's failure to respond in accordance with RESPA requirements). Consequently, costs incurred after an incomplete or insufficient response are recoverable under RESPA, but costs incurred before the violation occurred, such as the expenses of preparing an initial RFI, cannot serve as the basis for actual damages. *See Miranda*, 148 F. Supp. 3d at 1355 (citations omitted).

      Plaintiff's Complaint does not state any factual basis for finding actual damages that Plaintiff incurred "as a result of" Defendant's untimely response to the RFI. The only actual damages claimed in the Complaint and Plaintiff's Response are those related to the NOE, which Plaintiff's counsel prepared and sent *after* receiving Defendant's response to the RFI. Plaintiff has not identified any way in which Defendant's response was inadequate other than its untimeliness. And Defendant clearly provided the relevant information requested —that is, the name and contact information of the owner or assignee of his mortgage loan—in its March 28th response letter. Thus, even drawing all reasonable inferences in favor of Plaintiff, one could not reasonably conclude under these circumstances that the expenses of preparing and sending the NOE were "causally linked" to the delay in Defendant's response to Plaintiff's RFI.

      In arguing that Plaintiff should be permitted to seek compensation for Defendant's untimely response, Plaintiff urges the Court to recognize the "liberality" for pleading actual damages in RESPA cases. *See* DE 8 at 8. The Court does acknowledge that it must construe the term "actual damages" broadly in the context of RESPA claims. *E.g.*, *McLean*, 398 F. App'x. at 471. However, the Court does not believe that "actual damages" may be construed so broadly as to encompass unnecessary costs intentionally incurred solely for the purpose of bringing a lawsuit. Those are the only type of damages sought in this action.

5

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim under RESPA because he has not identified any actual damages incurred as a result of Defendant's alleged violation of the statute. Because Plaintiff's alleged damages are based entirely upon expenses incurred after he received the specific information requested, any amendment to the Complaint would likely be futile. However, in an abundance of caution, the Court will grant Plaintiff an opportunity to amend the Complaint. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Complaint [DE 7] is **GRANTED IN PART**;

2. Plaintiff's Complaint [DE 1-2] is **DISMISSED WITHOUT PREJUDICE**;

3. Plaintiff has until **November 18, 2016** to filed an Amended Complaint if desired;

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of November, 2016.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:
Counsel of record