**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| KENNETH FITCH and ESTATE OF DIANNE L. FITCH<br><br>Plaintiffs,<br><br>V.<br><br>FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION, WELLS FARGO BANK, N.A., HARMON LAW OFFICES, P.C., and 266 PUTNAM AVENUE, LLC<br><br>Defendants. | Civil Action No. 1:18-cv-00214 |

<u>**DEFENDANT'S PUTNAM AVENUE, LLC'S RESPONSE TO PLAINTIFFS'
STATEMENT OF UNDISPUTED FACTS**</u>

Defendant 266 Putnam Avenue, LLC ("Putnam") hereby responds to Plaintiffs'

Statement of Undisputed Facts:

1.      Kenneth Fitch executed the mortgage along with Dianne L. Fitch to Wells Fargo

Bank, N.A. Exhibit A-2 Mortgage. Affidavit of Kenneth Fitch.

**Response:**      Disputed.  The Mortgage[1] evidences that Mr. Fitch executed the Mortgage

as a "non vested spouse;" he is not defined as a "Borrower" under the mortgage. (*See*

Berk Dec., Ex. B.)

2.      Kenneth Fitch was a mortgagor along with Dianne L. Fitch. Exhibit A-2

---

[1] "Mortgage" and any other defined terms used herein have the same meaning as in Defendant 266 Putnam Avenue, LLC's Memorandum in Support of its Motion for Partial Summary Judgment.

Mortgage. Affidavit of Kenneth Fitch.

> **Response:**   Disputed.  The Mortgage evidences that Mr. Fitch executed the Mortgage
> as a "non vested spouse," and he is not defined as a "Borrower" under the mortgage. (*See*
> Berk Dec., Ex. B.)

3.      Kenneth Fitch was not mailed a Notice of Default. Exhibit A-3. Affidavit of
Kenneth Fitch.

> **Response:**   Disputed.  The Notice of Default was mailed to the Property,[2] where
> Mr. Fitch admits he has resided "[a]t all times." (*See* Compl., Ex. F; Fitch Aff. ¶¶ 5, 12-
> 13.)

4.      Kenneth Fitch was not mailed a Notice of Acceleration. Exhibit A-4. Affidavit of
Kenneth Fitch.

> **Response:**   Disputed.  Harmon Law Offices, P.C. mailed the March 31, 2017 letter
> providing notice that the "note [was] . . . accelerated" to the Property, where Kenneth Fitch
> admits he has resided "[a]t all times." (*See* Compl., Ex. F; Fitch Aff. ¶¶ 5, 62-63.) Putnam
> further disputes the materiality of this fact because neither the Mortgage nor the Note required
> Wells Fargo to provide notice of acceleration.

5.      Kenneth Fitch was not mailed a Notice of Mediation by Fannie Mae. Affidavit of
Kenneth Fitch. Exhibit A-7.

> **Response:**   Admitted for purposes of Putnam's Motion for Partial Summary Judgment
> (the "Motion"), though this fact is not material to the  parties' dispute.  When Wells
> Fargo assigned the Mortgage to Fannie Mae, Fannie Mae acquired all of the rights and
> powers Wells Fargo had pursuant to the Mortgage. (Compl., Exs. B, C.)

---

[2] The "Property" refers to 73 Kay Street, Cumberland, Rhode Island.

6.      Kenneth Fitch was not mailed a Notice of Mediation by Wells Fargo Bank, N.A. Affidavit of Kenneth Fitch. Exhibit A-7.

**Response:**      Disputed.  The Mediation Coordinator certified that "Dianne L. Fitch and Kenneth P. Fitch [were] properly served with the Notice of Mediation Conference pursuant to R.I. Gen. Laws § 34-27-3.2." (Compl., Ex. E (Mediation Certificate).)

7.      Kenneth Fitch was not mailed any notices of mediation by Rhode Island Housing. Affidavit of Kenneth Fitch, Exhibit A-7.

**Response:**      Disputed.  The Mediation Coordinator certified that "Dianne L. Fitch and Kenneth P. Fitch [were] properly served with the Notice of Mediation Conference pursuant to R.I. Gen. Laws § 34-27-3.2." (Compl., Ex. E (Mediation Certificate).)

8.      Dianne L. Fitch died intestate on April 7, 2014. Exhibit 1.1 and Affidavit of Kenneth Fitch.

**Response:**      Admitted for purposes of Putnam's Motion.

9.      The sole heir at law of Dianne L. Fitch was her mother, Marrie Thompson Biggs. Exhibit 1.1 and Affidavit of Dianne L. Fitch.

**Response:**      Paragraph No. 9 asserts a legal conclusion to which no response is required.

10.      On August 16, 2016, no Estate for Dianne L. Fitch had been opened up in the Cumberland Probate Court. Affidavit of Kenneth Fitch.

**Response:**      Disputed.  Mr. Fitch's affidavit does not contain any representation concerning when he filed a petition to formally probate Dianne Fitch's estate, though the date of such a filing is irrelevant to the parties' dispute.

11.      On March 31, 2017, no Estate of Dianne L. Fitch no Estate for Dianne L. Fitch

[sic] had been opened up in the Cumberland Probate Court. Affidavit of Kenneth Fitch.

**Response:** Disputed. Mr. Fitch's affidavit does not contain any representation concerning when he filed a petition to formally probate Dianne Fitch's estate, though the date of such a filing is irrelevant to the parties' dispute.

12. On April 20, 2017 no Estate of Dianne L. Fitch no Estate for Dianne L. Fitch [sic] had been opened up in the Cumberland Probate Court. Affidavit of Kenneth Fitch.

**Response:** Disputed. Mr. Fitch's affidavit does not contain any representation concerning when he filed a petition to formally probate Dianne Fitch's estate, though the date of such a filing is irrelevant to the parties' dispute.

13. Kenneth Fitch was the sole owner of the property located at 71 Kay Street, Cumberland, RI 02864 at all times after May 30, 2014. Exhibit 1.1 and Affidavit of Kenneth Fitch.

**Response:** Admitted for purposes of Putnam's Motion.

14. The August 16, 2016 letter stated that: "If the funds are not received by the above referenced date, we will proceed with acceleration" Exhibit A-3.

**Response:** The August 16, 2016 Wells Fargo Default Notice speaks for itself and all of its provisions should be read as a whole.

15. The August 16, 2016 letter stated that: If foreclosure is initiated, you have the right to assert in the foreclosure proceedings, or to bring a court action to assert the non-existence of a default, to argue that you did keep your promises and agreements under the Mortgage Note and Mortgage and to present any other defenses you have. Exhibit A-3.

**Response:** The August 16, 2016 Wells Fargo Default Notice speaks for itself and all of its provisions should be read as a whole.

16.     The Plaintiff's mortgage and note were sold to Rushmore Loan Management Services, LLC on July 27, 2017. Exhibit A-5 and Mortgage Loan Purchase and Sales Agreement between Federal National Mortgage Association and Rushmore Loan Management Services, LLC on July 27, 2017.

> **Response:**     Disputed. The Mortgage Loan Purchase and Sales Agreement, previously filed by Plaintiffs' under seal (Docket Entry 109-3), does not support this proposition and evidences only Fannie Mae's sale of "Mortgage Loans." Wells Fargo sold the Note to U.S. Bank National Association, as trustee for RMAC Trust, Series 2016-CC ("RMAC Trust"), on July 26, 2017, but Fannie Mae was still the mortgagee of record. (Compl., Ex. C; *see also* Compl., Ex. E.)

17.     On July 28, 2017 Federal National Mortgage Association had no interest in the Plaintiffs' mortgage to Wells Fargo Bank, N.A. Exhibit A-5 and Mortgage Loan Purchase and Sales Agreement between Federal National Mortgage Association and Rushmore Loan Management Services, LLC On July 27, 2017.

> **Response:**     Disputed. Wells Fargo sold the Note to RMAC Trust on July 26, 2017, but Fannie Mae was still the mortgagee of record. (Compl., Ex. C; *see also* Compl., Ex. E.) Moreover, the referenced Mortgage Loan and Purchase Sale Agreement does not establish that Fannie Mae had no interest in the Plaintiffs' mortgage.

18.     After July 27, 2017 Wells Fargo Bank, N.A was no longer the loan servicer for Federal National Mortgage Association in regard to Plaintiffs' mortgage and note. Exhibit A-5 and Mortgage Loan Purchase and Sales Agreement between Federal National Mortgage Association and Rushmore Loan Management Services, LLC on July 27, 2017.

> **Response:**     Disputed. The Mortgage Loan Purchase and Sales Agreement, previously

filed by Plaintiffs' under seal (Docket Entry 109-3), does not support this proposition as

Wells Fargo was designated the "Interim Servicer" under the agreement. Furthermore, on

August 25, 2017, after the foreclosure sale and conveyance to Putnam, Rushmore Loan

Management Services sent a letter to the Property advising that a prior creditor had sold

the Estate's "mortgage loan" to RMAC Trust, with Wells Fargo Home Mortgage acting

as the servicer. (Compl., Ex. C.)

19.     Federal National Mortgage Association received consideration from Rushmore

Loan Management Services, LLC on July 27, 2017 for the sale of Plaintiffs' mortgage and note.

Federal National Mortgage Association and Rushmore Loan Management Services, LLC on July

27, 2017.

**Response:**     Disputed. The Mortgage Loan Purchase and Sales Agreement, previously

filed by Plaintiffs' under seal (Docket Entry 109-3), does not support this proposition and

evidences only an agreement regarding Fannie Mae's sale of "Mortgage Loans."  Wells

Fargo sold the Note to RMAC Trust on July 26, 2017, but Fannie Mae was still the

mortgagee of record. (Compl., Ex. C; *see also* Compl., Ex. E.)


266 PUTNAM AVENUE, LLC

By its attorney,

 /s/ Zachary W. Berk
Zachary W. Berk (RI Bar No. 7453)
Paige V. Schroeder (RI Bar No.9165)
SAUL EWING ARNSTEIN & LEHR LLP
131 Dartmouth Street, Suite 501
Boston, MA 02116
T: (617) 912-0927
F: (617) 723-4151
Zachary.Berk@saul.com
DATED: November 4, 2021     Paige.Schroeder@saul.com

## <u>CERTIFICATE OF SERVICE</u>

I, Zachary W. Berk, counsel for Defendant 266 PUTNAM AVENUE, LLC, hereby certify that I served a true copy of the within document upon all counsel of record through the Court's electronic filing system.

| | |
|---|---|
| <u>11/4/2021</u> | <u>*/s/ Zachary W. Berk*</u> |
| Date | Zachary W. Berk |