UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| KENNETH FITCH, and<br>ESTATE OF DIANNE L. FITCH,<br>    Plaintiffs,<br><br>    v.<br><br>FEDERAL HOUSING FINANCE<br>AGENCY, FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION,<br>WELLS FARGO BANK, N.A.,<br>HARMON LAW OFFICES, P.C.,<br>266 PUTNAM AVENUE, LLC,<br>RUSHMORE LOAN MANAGEMENT SERVICES,<br>LLC, US BANK NATIONAL ASSOCIATION AS<br>TRUSTEE FOR RMAC TRUST, SERIES 2016-CTT,<br>    Defendants. | Civil Action No. 18-cv-214 JJM-PAS |

**RESPONSE TO PLAINTIFF'S OBJECTION TO
MAGISTRATE JUDGE SULLIVAN'S REPORT AND RECOMMENDATION
GRANTING WELLS FARGO'S MOTION TO DISMISS**

Wells Fargo Bank, N.A. submits this response to the Plaintiff's Objection to the October 21, 2021 Report and Recommendation ("Report") by Magistrate Judge Sullivan granting Wells Fargo's motion to dismiss under Rule 12(b)(1) without prejudice, and, in the alternative, granting Wells Fargo's motion to dismiss under Rule 12(b)(6), with prejudice. For the reasons set forth herein, this Court should adopt the Report under either Rule.

## Introduction

Judge Sullivan's Report is a thorough and accurate application of modern constitutional standing case law to sprawling, poorly plead, and disingenuous RESPA/Regulation X claims. Since the Parties fully briefed the Motion, this response focuses on the fundamental problems with

the arguments in Plaintiff's 35-page, header-less Objection.[1] Put simply, the Magistrate Judge correctly applied the Supreme Court's clear directive "No concrete harm, no standing."

### Facts

The underlying facts of this case are thoroughly, accurately, and fairly presented in the Report. The most fundamental facts are:

**July 28, 2017** - FNMA foreclosed on 73 Kay Street, Cumberland RI. (266 Putnam Avenue LLC purchased Property).

**October 1, 2017** - Wells Fargo transferred loan servicing to Rushmore Loan Management Services, LLC.

**October 26, 2017** - Plaintiff's counsel sends 6 Requests for Information and 1 Notice of Error to Wells Fargo under RESPA. The Report refers to this as "NOE-1."

**November 15, 2017** - Wells Fargo responds to Plaintiff's counsel that it is gathering information.

**November 30, 2017** - Wells Fargo provides thorough, substantive response to NOE-1 to Plaintiff's counsel along with requested information/documents.

**April 19, 2018** - Plaintiff files Original Complaint in this Court (includes RESPA claims against Wells Fargo based upon NOE-1).

**June 15, 2018** - Plaintiff sends 6 duplicative Requests for Information, and 1 additional Notice of Error (falsely asserting that Wells Fargo failed to respond to NOE-1). The Report refers to these as the "June 2018 NOEs."

**July 20, 2018** - Wells Fargo objects to the duplicative June 2018 NOEs.

**August 7, 2018** - Plaintiff's counsel sends more 7 duplicative Notices of Error with one new assertion that Wells Fargo's objection to the June 2018 NOEs was improper. The Report refers to these as the "August 2018 NOEs."

**January 14, 2020** - Plaintiff files amended complaint including RESPA claims based upon all NOEs.

---

[1] The Parties' arguments are set forth in the Motion briefing: Memorandum of Law In Support of Defendant Wells Fargo Bank, N.A.'s Renewed Motion to Dismiss All Claims Against Wells Fargo For Lack of Subject Matter Jurisdiction and/or For Failure to State a Claim (ECF No. 102-1); Plaintiff's Memorandum of Law in Response to Motion to Dismiss, ECF No. 114-1; Defendant Wells Fargo Bank, N.A's Reply Brief In Support of Its Renewed Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 116); Defendant Wells Fargo Bank, N.A.'s Supplemental Brief in Support of Its Renewed Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 132); Plaintiff's Supplemental Memorandum of Law in Response to Motion to Dismiss by Wells Fargo Bank, N.A.

Plaintiff alleges in the amended complaint that based upon the various NOE responses he incurred damages for the cost to drive to visit his lawyer, the cost to recharge his cell phone to call his lawyer, unspecified time away from work and other activities, postage and copying, and attorney's fees and costs "for the prosecution of this action."

## Argument

The Magistrate Judge correctly found that Plaintiff has failed to meet his burden of demonstrating injury in fact standing and, as a result, the Court lacks subject matter jurisdiction. The Magistrate Judge also correctly found that Plaintiff's claim fails as a matter of law because he did not plead actual damages, an essential element of a RESPA claim. This Court should adopt the Report on either or both grounds.

### I.     No Concrete Harm, No Damages.

The Supreme Court of the United States has made standing crystal clear: "No concrete harm, no standing." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2214 (2021). To have standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent, (ii) that the injury was likely caused by the defendant, and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 141 S. Ct. at 2203 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). As this Court has recognized that "[i]njury-in-fact is a bedrock constitutional requirement for federal jurisdiction," a plaintiff cannot satisfy the requirements for Article III standing without alleging such an injury. *Curtis v. Embrace Home Loans, Inc.*, No. CV 18-057-JJM-PAS, 2020 WL 2115987, at *2 (D.R.I. May 4, 2020).

To establish injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560). That is, to have Article III standing, a plaintiff's alleged injury in fact must be

3

"real, and not abstract." *Spokeo*, 578 U.S. at 340. Through its decisions in *Spokeo* and *TransUnion*, the Supreme Court of the United States has unequivocally held that a plaintiff's mere allegation that a defendant transgressed a statutory prohibition is insufficient to satisfy the demands of Article III, unless the plaintiff can also show that the defendant's transgression resulted in "any physical, monetary, or cognizable harm traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion*, 141 S. Ct. at 2206; *see Spokeo*, 578 U.S. at 345 (Thomas, J, concurring); *see also Curtis*, 2020 WL 2115987, at *3. Put more simply, a plaintiff must allege more than "a bare procedural violation" in order to satisfy the demands of Article III's standing requirement. *Spokeo*, 578 U.S. at 341–43; *Curtis*, 2020 WL 2115987, at *3 (quoting *Spokeo*, *supra*, at 341).

As applied to RESPA and Regulation X, this Court has recognized that "post-*Spokeo* decisions make clear that this [injury-in-fact] requirement applies to…RESPA." *Curtis*, 2020 WL 2115987, at *2 (citing cases). That is, a plaintiff must be able to plausibly allege that they suffered a concrete injury in fact that is in addition to and traceable to the alleged statutory violation. *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 586 (7th Cir. 2016). As a result, "a claim that alleges a violation of [RESPA], but fails to produce any evidence of a concrete or particularized injury, must be dismissed." *Curtis*, 2020 WL 2115987, at *2 (citing *Diedrich*, 839 F.3d at 587–91 (dismissing RESPA claim) and *Pemental v. Bank of N.Y. Mellon*, No. CV 16-483S, 2017 WL 3278872 (D.R.I. May 10, 2017), report and recommendation adopted *sub nom. Pemental v. Bank of New York Mellon*, No. CV 16-483 S, 2017 WL 3278872 (D.R.I. Aug. 1, 2017) (dismissing TILA claim)). As the Magistrate Judge correctly found, this Court's decisions in *Curtis*, *Pemental*, and other cases, are directly on point, and explain why Plaintiff's RESPA claims against Wells Fargo must be dismissed.

### A.     Count VII Fails to Allege an Injury-in-Fact.

Plaintiff alleges in Count VII that Wells Fargo violated RESPA and Regulation X by failing to adequately response to NOE-1.  Compl. ¶ 272.  Plaintiff claims that these alleged violations caused him damages including: (i) "costs for gasoline to visit his attorney;" (ii) "the expense of using electricity to recharge his cell phone to call and receive calls from his attorney;" (iii) "postage and copying costs;" (iv) "time from his work schedule to discuss this matter with his attorney regarding this NOE;" (v) "time from his usual activities;" and (vi) "attorney fees and costs for the prosecution of this action."  Compl. ¶ 276(a)-(f).  Putting aside that Plaintiff's allegations that Wells Fargo did not adequately respond to NOE-1 are belied by Wells Fargo's facially compliant response attached as an exhibit to the amended complaint,[2] Plaintiff's Objection to the Report on the lack of concrete injury in fact completely miss the mark.  This Court has consistently held that the exact same damages alleged by Plaintiff are precisely the type of damages that have "been found insufficient to support Article III standing in post-*Spokeo* RESPA cases." *See* Report at 17, ECF No. 157 (citing cases).

First, Plaintiff's alleged damages for the cost to visit and talk with his attorney, the postage, copying and other expenses incurred in the preparation and sending of NOE-1, and the fees and costs associated with the foreclosure[3] are not plausibly traceable to Wells Fargo's alleged violation

---

[2] The Magistrate Judge correctly saw through Plaintiff's allegations of non-compliance which were belied by the amended complaint exhibits.  She found that, "[t]he Amended Complaint does not plausibly explain what the RESPA/Regulation X violation is, in that the Exhibits contradict its assertions and reveal that Wells Fargo did respond to NOE-1 with a letter that appears to be facially compliant with RESPA/Regulation X."  Report at 16, ECF No. 157. As a result of Wells Fargo's facially compliant response to NOE-1, the Magistrate Judge found that Plaintiff's allegations in Count VII were "conclusory" and "entirely lacking in plausibility."  *Id.*  Nonetheless, the Magistrate Judge assumed for purposes of the standing analysis that there was a RESPA/Regulation X violation.  *Id.*  Wells Fargo maintains that it complied with its statutory obligations by adequately responding to NOE-1 and that there was no RESPA or Regulation X violation.

[3] Plaintiff did not allege the foreclosure as damages in the amended complaint, but instead raised it at oral argument on the Motion.  Even if Plaintiff had made the allegation in his pleading, it still would not satisfy the injury in fact

of RESPA and Regulation X in Count VII. Plaintiff would have already incurred these costs *prior to* receiving Wells Fargo's response to NOE-1, and therefore they could not possibly have been caused by the subsequently received responses. As the Magistrate Judge correctly identified, there are a multitude of cases where courts have held that costs incurred by a plaintiff prior to a Defendant's alleged RESPA violation are not causally linked to the statutory violation, and therefore cannot constitute a concrete injury in fact. *See* Report, ECF No. 157, at 16–17 (citing *Baez v. Specialized Loan Servicing, LLC*, 709 F. App'x 979, 983 (11th Cir. 2017) (per curiam) (cost of preparing and mailing initial Request for Information not causally connected to later RESPA violation); *In re Jackson*, 622 B.R. 321, 327–28 (Bankr. D. Mass. 2020) (neither attorney's fees nor postage for preparing initial RESPA inquiry were damages caused by later RESPA violation); *Cameron v. Ocwen Loan Servicing, LLC*, Case No. 2:18-cv-428, 2020 WL 104981, at *3 (S.D. Ohio Jan. 29, 2020), *amended on reconsideration*, 2020 WL 467686 (S.D. Ohio Jan. 29, 2020) (fees and costs relating to foreclosure action incurred before deficient response not damages); *Pimental v. Ocwen Loan Servicing, LLC*, Case No. 16-CV-62089-DIMITROULESAS, 2016 WL 6678523, at *3 (S.D. of Fla. Nov. 8, 2016) (costs incurred preparing initial request for information not causally linked to subsequent RESPA violation)). In his Objection, Plaintiff fails to address any of these cases, and he does not cite a single post-*Spoke/TransUnion* that supports his position on concrete injury-in-fact. As a result, the Magistrate Judge properly found that Plaintiff failed to establish a concrete injury in fact for standing.

Plaintiff's only remaining alleged injury in Count VII is "attorney fees and costs for the prosecution of this action." Compl. ¶ 276(f). This Court, however, has repeatedly held under

---

requirement because the foreclosure had already occurred by the time of the first NOE. Thus, any harm associated with a foreclosure could not have been caused by a request or a response occurring after it.

*Spokeo* that conclusory claims of RESPA violations that merely result in alleged damages based on attorney's fees for prosecuting the underlying action, are insufficient to establish a plaintiff's burden of plausibly pleading a concrete injury in fact traceable to the alleged RESPA violation. *See Curtis*, 2020 WL 2115987, at *3 (attorney's fees and costs related to prosecution of action do "not replace the injury-in-fact required by *Spokeo*"); *Cordeiro v. Carrington Mortgage Services, LLC*, No. 19-510 WES, 2020 WL 3404742, at *3–4 (D.R.I. June 19, 2020) (plaintiff's alleged damages based on "expenditures of time and money" related to bringing RESPA claim were insufficient to establish injury in fact requirement for standing); *Pemental*, 2017 WL 3279015, at *8 (dismissing TILA claim where Plaintiff's only alleged injury was "attorneys' fees, costs and expenses he incurred in asserting his TILA claim" because such damages "are not a substitute for the injury-in-fact required by *Spokeo*"); *see also St. Amour v. Fed. Home Loan Mortg. Corp.*, No. CV 18-254-WES, 2019 WL 1453055, at *2 (D.R.I. Apr. 2, 2019) (dismissing TILA claim because Plaintiffs' sole damages were related to attorneys' "costs and fees incurred by Plaintiffs in bringing this action" which did not establish an injury in fact); *Viera v. Bank of New York Mellon as Tr. For Certificate Holders of Cwalt, Inc.*, C.A. No. 17-0523-WES-PAS, 2018 WL 4964545, at *4 (D.R.I. Oct. 12, 2018) (alleged damages of legal fees in prosecuting Fair Debt Collection Practices Act claim insufficient to establish Article III standing).  Likewise, attorney's fees are insufficient to establish standing here too.

If attorney's fees, costs, and expenses incurred in prosecuting any RESPA/Regulation X action were sufficient to establish Article III standing, they would be present in every case and would entirely subsume the injury-in-fact requirement and render the Supreme Court's decisions in *Spokeo* and *TransUnion* meaningless. *Pemental*, 2017 WL 3279015, at *8.  This cannot be the law after *Spokeo* and *TranUnion*.  Accordingly, the Magistrate Judge correctly recommended that Count VII be dismissed under Rule 12(b)(1).

B. **Counts VIII-XIII Also Fail to Allege an Injury-in-Fact.**

In Counts VIII-XIII, Plaintiff alleges that Wells Fargo violated RESPA and Regulation X by failing to substantively respond to Plaintiff's June and August 2018 NOEs sent *after Plaintiff had already filed this lawsuit*.[4] Compl. ¶ 278–445. Plaintiff's alleged damages for these counts are the same as he pled for Count VII. Compl. ¶ 300(a)-(f); Compl. ¶ 317(a)-(f); Compl. ¶ 342(a)-(f); Compl. ¶ 368(a)-(f); Compl. ¶ 395(a)-(f); Compl. ¶ 419(a)-(f); Compl. ¶ 444(a)-(f). Once again, the Magistrate Judge correctly ruled that Plaintiff failed to establish a sufficient injury in fact to support Article III standing under *Spokeo* and *TransUnion*.

As analyzed for Count VII, this Court has repeatedly found that damages identical to Plaintiff's alleged damages for the fees and costs relating to the prosecution of this action in Counts VIII-XIII are insufficient to establish a concrete injury in fact for Article III standing. *See* Discussion, *supra*. Similarly, as the Magistrate Judge correctly ruled, Plaintiff's remaining alleged damages are also insufficient to establish Article III standing. This is, in part, because Wells Fargo's response to NOE-1 in November 2017 was compliant and adequate under RESPA and Regulation X (notwithstanding Plaintiff's attempt to have this Court ignore it). *See Lebeau v. U.S. Bank, N.A. as Tr. For Citigroup Mort. Loan Trust, Inc.*, CA No. 17-329-JJM-PAS, 2019 WL 1077285, *4 (D.R.I. Mar. 7, 2019) (dismissing RESPA claim on alleged damages identical to those pled here, in part, because Plaintiff failed to demonstrate why Defendant's previous response was

---

[4] The Magistrate Judge was correct to pick up on the contrived nature of these claims. At the time of the second and third wave of NOEs Plaintiff had already filed this lawsuit against Wells Fargo and other defendants alleging the same defects that he asserted in the NOEs. Thus, the NOEs were disingenuous where he was already litigating the alleged errors in this Court. Despite the pending litigation, Plaintiff's counsel chose the all-too-familiar strategy of NOE bombardment, not for a legitimate purpose, but in hoping to drum up harmless, technical violations (or at least response from which he would assert violations). In communicating directly with a represented party, it is curious how Plaintiff's counsel does not run afoul of Rule 4.2 of the Rhode Island Disciplinary Rules of Professional Conduct, which states that "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to so by law or a court order."

8

inadequate).  Further, Plaintiff's remaining alleged damages are insufficient to establish injury in fact because Plaintiff fails to plausibly show any actual cognizable injury he suffered as a result of Wells Fargo's allegedly inadequate responses to the June and August 2018 NOEs.  *Id.*  (finding no causal link between alleged RESPA violation and Plaintiff's alleged damages, including costs to travel, call, and meet with counsel regarding subsequent NOEs, because Plaintiff failed to plausibly plead that the Defendant's initial response was inadequate); *see also* Report, ECF No. 157, at 19 (citing cases).  If Plaintiff's alleged damages were sufficient to establish standing, they would be present in every case and it would again entirely subsume the injury-in-fact requirement altogether thereby rendering *Spokeo* and *TransUnion* meaningless.  Further, the June and August 2018 NOEs were sent *after* Plaintiff had already sued Wells Fargo and was litigating his claims. So, not only was there no legitimate purpose for the NOEs themselves (because Plaintiff already had complete and thorough responses), but Plaintiff had already retained a lawyer who was prosecuting the claims for which he alleged errors.  Plaintiff's disingenuous conclusory statements of alleged injury are made solely to manufacture a claim for the same conduct he was already litigating.[5]  Consequently, the Magistrate Judge correctly ruled that Counts VIII-XIII fail to present a concrete injury in fact sufficient to sustain Article III standing.

## II.     Failure to State a Claim - Rule 12(b)(6)

Contrary to Plaintiff's assertion in the Objection, Wells Fargo very clearly raised the Rule 12(b)(6) argument in its motion to dismiss.  Rule 12(b)(6) is an expressly stated grounds for dismissal in the motion to dismiss (Doc. No. 102), and the argument appears on pages 11-12 of Wells Fargo initial brief (Doc. No. 102-1).  If the Court elects not to adopt the Magistrate Judge's

---

[5] Plaintiff's reference to other lawsuits also does not substitute for damages.  Not only are the mere filing of cases, or even the settlement of cases, relevant, but they do nothing to establish an injury in fact for Plaintiff.

recommendation to grant Wells Fargo's motion to dismiss under Rule 12(b)(1) for lack of standing, the Court should adopt the Magistrate Judge's recommendation to grant Wells Fargo's motion to dismiss under Rule 12(b)(6). Plaintiff's claims should be dismissed because he failed to allege any cognizable actual harms, an essential element of his claims. The Magistrate Judge correctly ruled, "all of the same plausibility flaws identified above are equally fatal pursuant to Fed. R. Civ. P. 12(b)(6)." Report, ECF NO. 157, at 21 (citing *Lebeau*, 2019 WL 1077285, at \*4).

## Conclusion

Based on the foregoing, Wells Fargo requests that this Court adopt the Report by Magistrate Judge Sullivan granting Wells Fargo's motion to dismiss under Rule 12(b)(1) without prejudice, or, in the alternative, granting Wells Fargo's motion to dismiss under Rule 12(b)(6), with prejudice.

Respectfully submitted,

WELLS FARGO BANK, N.A.

By its attorney,

*/s/ David E. Fialkow*
David E. Fialkow (Bar No. 9318)
david.fialkow@klgates.com
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
+1 617 261 3100
+1 617 261 3175 (f)

Dated: December 15, 2021

## CERTIFICATE OF SERVICE

      I, David E. Fialkow, certify that the foregoing filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 15th day of December, 2021.

                                               */s/ David E. Fialkow*
                                               David E. Fialkow