UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KENNETH FITCH
ESTATE OF DIANNE L. FITCH

  VS.          Civil Action No. 18-cv-214

FEDERAL HOUSING FINANCE
AGENCY,
FEDERAL NATIONAL
MORTGAGEASSOCIATION,
WELLS FARGO BANK, N.A.,
HARMON LAW OFFICES, P.C.
266 PUTNAM AVENUE, LLC
RUSHMORE
LOAN MANAGEMENT SERVICES, LLC,
US BANK NATIONAL ASSOCIATION AS
TRUSTEE FOR RMAC TRUST, SERIES
2016-CTT,

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO REPORT AND RECOMMENDATION**

  This matter is before the Court on the Objection to the Report and Recommendation of the Magistrate Judge recommending that this Court grant Summary Judgment against the Plaintiffs by Federal Housing Finance Agency as conservator for Federal National Mortgage Association, 266 Putnam Avenue, LLC and Federal National Mortgage Association ("Fannie Mae"). Plaintiffs objected to this Report and Recommendation for the

1

reasons stated in the objection and for the reasons stated in this Memorandum.

The most crucial argument against the Report and Recommendation is that due to the holding of the First Circuit of the Constitutional Due Process claim and the Dismissal of the RESPA claim for lack of jurisdiction, the Magistrate Judge committed clear error by acting on the Motion for Summary Judgment. The Magistrate Judge erroneously recommended that Summary Judgment be granted for 266 Putnam Avenue, LLC with prejudice despite the fact in the case of *Montilla v. Federal National Mortgage Association* 999 F.3d 751 (2021). The Supreme Court denied Certiorai in regard to this case on March 21, 2022 in case number 21- 688. Thus as of that date, it is factually determined that neither the Federal Housing Finance Agency as conservator for Fannie Mae nor Fannie Mae were Federal Actors for due process purposes. Thus since there cannot be a constitutional claim since there is no basis for a due process claim because FFHA as conservator is not a governmental actor as asserted by Fannie Mae and RHFA in their memoranda in this case and *Montilla*. In fact the Magistrate Judge in her opinion held that Montilla controlled without the Supeme Court taking affirmative action to reverse the First Circuit as to this issue:

Yellen does not hold that Fannie Mae and Freddie Mac were converted into governmental actors because Congress unconstitutionally restricted the President's power to remove FHFA's director; nor does it hold that a non-judicial foreclosure by Fannie Mae as mortgagee deprives the affected mortgagor of constitutional due process of law.

The First Circuit's denial of the Montilla Appellants' motion to recall the mandate and to rehear the case *en banc* in light of Yellen confirms this conclusion. Montilla, No. 20-1673, Order of Court at 1 (1st Cir. Aug. 9, 2021) (Yellen-based argument rejected; "[c]onstruing . . . [the] petition for rehearing and rehearing *en banc* as a motion to recall mandate, the motion is denied"). Because the circuit court opinion has issued and a petition for rehearing or rehearing *en banc* has been denied, the issue is now settled unless or until the Supreme Court takes contrary action.

The complaint and amended complaint alleged due process violations of the 5th Amendment, which states:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

The Fifth Amendment applies for due process purposes only when there is governmental action.

As noted above the Supreme Court did not grant a petition for certiorari to the *Montilla* case on March 21, 2022, thus effectively upholding *Montilla* that neither Fannie Mae nor FHFA were governmental actors for due process purposes requiring judicial foreclosures. Since they

3

were not governmental actors when foreclosing on property, there could not be a due process violation. *Montilla* and the Supreme Court's actions thus precluded the due process claim because there cannot be a due process claim without governmental actors. Therefore jurisdiction brought under constitutional claims could not be litigated in this Court under brought under in foreclosure There cannot be diversity jurisdiction in this case due to lack of diversity, since 266 Putnam Avenue, LLC is a Rhode Island Limited Liability Company. The only original potential bases for jurisdiction in the Federal Court in this case were the Due Process Claim against the Federal National Mortgage Association and Federal Housing Finance Agency as conservator, which pursuant to *Montilla* were not Federal Actors and the claim against Wells Fargo Bank, N.A. based on the Real Estate Settlement and Procedures Act. The RESPA count was dismissed pursuant to Fed. R. Civ Pr. 12(b)(1) for lack of jurisdiction on January 18, 2022. Thus a review of the pleadings as to the bases for the jurisdiction in this case clearly indicate the only bases were as follows in both the original complaint and the amended complaint, which is cited here. The two bases for jurisdiction was the Due Process Claim and the claim under the Real Estate Settlement and Procedures Act pursuant to 28 U.S.C. § 1331, which provides

jurisdiction for a case which arises under the Constitution and laws of the United States.

This claim was brought as a Due Process claim against FHFA as Conservator of Fannie Mae. Since *Montilla* stated that neither FHFA as conservator of Fannie Mae and Fannie Mae were not Federal Actors, this Court lacked jurisdiction to decide the state law count against 266 Putnam Avenue, LLC. Without Federal Claims and the lack of diversity jurisdiction, this Court cannot act on the merits of Plaintiffs' state law claims. Thus the Magistrate Judge committed error and should have dismissed the case without prejudice.

Article III of the Constitution and established case law support the Plaintiffs' position. In *San Francisco Arts and Athletics v. United States Olympic Committee* 483 U.S. 522 (1987) the Supreme Court held that the US Olympic Committee was not a governmental actor thus removing any basis for liability for constitutional claims. In a footnote the Court stated:

A District Court, confronted with the question whether the decision not to send athletes to the 1980 Olympics was state action, noted:
.

"The USOC is an independent body, and nothing in its chartering statute gives the federal government the right to control that body or its officers. Furthermore, the facts here do not indicate that the federal government was able to exercise any type of `*de facto*' control over the USOC. The USOC decided by a secret ballot of its House of Delegates. The federal government

5

may have had the power to prevent the athletes from participating in the Olympics even if the USOC had voted to allow them to participate, but it did not have the power to make them vote in a certain way. All it had was the power of persuasion. We cannot equate this with control. To do so in cases of this type would be to open the door and usher the courts into what we believe is a largely nonjusticiable realm, where they would find themselves in the untenable position of determining whether a certain level, intensity, or type of `Presidential' or `Administrative' or `political' pressure amounts to sufficient control over a private entity so as to invoke federal jurisdiction." *DeFrantz* v. *United States Olympic Committee,* 492 F. Supp. 1181, 1194 (DC), aff'd mem., 226 U. S. App. D. C. 210, 701 F. 2d 221 (1980).

Thus the Supreme Court has upheld the dismissal of a complaint against the US Olympic Committee on jurisdictional grounds since it was not a governmental actor and constitutional claims arise only when a governmental actor causes harm.

The Supreme Court in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) set forth the scope of Article III standing:

> To satisfy the requirements of Article III standing, a plaintiff must show that (1) he has suffered an actual or imminent injury in fact, which is concrete and particularized; (2) there is a causal connection between the injury and defendant's actions; and (3) it is likely that a favorable decision in the case will redress the injury. Id. at 560-61, 112 S.Ct. 2130. "The party invoking federal jurisdiction bears the burden of establishing these elements." Id. at 561, 112 S.Ct. 2130.

Thus the Plaintiffs lacked standing to file a constitutional claim against Fannie Mae or FHFA as conservator since they were not governmental

actors. There could be no constitutional claim since *Montilla* decided that no government actor was involved.

In *Sanchez v. United States*, 671 F.3d 86 (First Circuit, 2012) the Court upheld the dismissal of a Federal Tort Claims Act for lack of jurisdiction:

> The FTCA's waiver of sovereign immunity from suit is a "limited waiver." *Molzof v. United States,* 502 U.S. 301, 305, 112 S.Ct. 711, 116 L.Ed.2d 731 (1992); *Abreu,* 468 F.3d at 23. One exception to that waiver of immunity bars lawsuits "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). If this discretionary function exception applies, the FTCA's jurisdictional grant under 28 U.S.C. § 1346(b) does not, such that "the [government] is completely immune from suit, and the claim must be dismissed for lack of subject matter jurisdiction." *Abreu,* 468 F.3d at 25 (alteration in original) 93*93 (quoting *Santoni v. Potter,* 369 F.3d 594, 602 (1st Cir.2004)) (internal quotation marks omitted).

In *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89-90 (1998) the Supreme Court set forth the principal that if after established case law a claim was wholly frivolous, it should be dismissed without prejudice for lack of jurisdiction:

> It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i. e.,* the courts' statutory or constitutional *power* to adjudicate the case. See generally 5A C. Wright & A. Miller, Federal Practice and Procedure § 1350, p. 196, n. 8 and cases cited (2d ed. 1990). As we stated in *Bell* v. *Hood,* 327 U. S. 678, 682 (1946), "[j]urisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." Rather, the district court has jurisdiction if "the right of the petitioners to recover under their complaint

7

will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another," *id.,* at 685, unless the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.,* at 682-683; see also *Bray v. Alexandria Women's Health Clinic,* 506 U. S. 263, 285 (1993); *The Fair v. Kohler Die & Specialty Co.,* 228 U. S. 22, 25 (1913). Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Oneida Indian Nation of N. Y. v. County of Oneida,* 414 U. S. 661, 666 (1974); see also *Romero v. International Terminal Operating Co.,* 358 U. S. 354, 359 (1959).

Here once *Montilla* was decided and the Supreme Court did not grant the petition for certiorari, the Due Process claim was devoid of merit and insubstantial as not to involve a Federal Controversy. Thus as of March 22, 2022, there is no basis for any type of Federal Court jurisdiction.

The First Circuit cited *Steel Co.* in *US v. Lahey Clinic Hospital*, 399 F.3d 1, 15 (First Cir., 2005), quoting that case verbatim but noting that there was no such claim of devoid of merit:

The Supreme Court has stated that "[i]t is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional *power* to adjudicate the case." *Verizon, 535 U.S. at 642-43, 122 S.Ct. 1753* (quoting *Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)*).

Jurisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. Rather, the district court has jurisdiction if the right of the petitioners to

8

recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another, unless the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.

*Steel Co.,* 523 U.S. at 89, 118 S.Ct. 1003 (internal quotations and citations omitted). There is no allegation that the United States' claim is "wholly insubstantial and frivolous."

Montilla after March 22, 2022 makes it clear that any claim for Due Process is not valid and lacks merit and thus must be dismissed without prejudice

The First Circuit recently affirmed a dismissal without prejudice for lack of jurisdiction citing *Steel Co*. In *Amtax Holdings 227 v. Tenants Development II*, 15 F. 4th 551 (First Circuit, 2022) stating:

("A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 ... may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is `immaterial and made solely for the purpose of obtaining jurisdiction' or is `wholly insubstantial and frivolous.'" (quoting Bell v. Hood, 327 U.S. 678, 682-83, 66 S.Ct. 773, 90 L.Ed. 939 (1946))). To the extent that the appellants' bid for federal jurisdiction rests on this theory — and the preponderance of their 558*558 briefing suggests that it rests exclusively there — the proposed federal issue also lacks substantiality.

As stated previously the due process claim is no longer colorable after March 22, 2022 and thus it must be dismissed without prejudice. Without this claim, the Court lacks jurisdiction to decide any portion of this case and it must be dismissed in total without prejudice.

In *Austin v. City of Montgomery* No. 09-12558 (November 16, 2009, 11th Circuit), the Court affirmed the dismissal pursuant to 12(b)(1) for lack of jurisdiction of a 1983 action stating:

A claim is "insubstantial" and may be dismissed if it "has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir.1998) (quotation marks omitted). "The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover. Rather, the test is whether the cause of action alleged is so patently without merit as to justify the court's dismissal for want of jurisdiction." McGinnis v. Ingram Equip. Co., Inc., 918 F.2d 1491, 1494 (11th Cir.1990) (en banc) (quotation marks and ellipsis omitted

In *McGiness v. Ingram,* 918 F.2d 1491, 1501 (1990) the Eleventh Circuit held that if there was not a factual predicate for a civil rights action due to the defendant not being a person and thus the Court lacked jurisdiction:

This conclusion is also consistent with the treatment of the jurisdictional issue under another civil rights statute, 42 U.S.C.A. § 1983 (West 1981). In *Howlett v. Rose,* ___ U.S. ___, 110 S.Ct. 2430, 2443, 110 L.Ed.2d 332 (1990), the Supreme Court noted that "[s]ince this Court has construed the word `person' in § 1983 to exclude States, neither a federal court nor a state court may entertain a § 1983 action against such a defendant." A federal court thus does not have subject matter jurisdiction if a defendant does not fall within the Supreme Court's definition of "person" in section 1983. Just as section 1983 gives rise to a civil cause of action and 28 U.S.C.A. § 1343(3) & (4) (West 1976) grant jurisdiction to the federal courts to entertain and decide such cases, section 1981 gives rise to a civil cause of action and 28 U.S.C. § 1343(4) grants jurisdiction to the federal courts to entertain and decide those cases. If section 1981 does not give a plaintiff a civil cause of action because the defendant's conduct is not covered by the

language of the statute, then as under section 1983, the federal courts may not entertain such cases.

The Supreme Court by denying cert to *Montilla*, effectively affirned that case and held that neither FHFA or Fannie Mae were governmental actors thus rendering any due process claim meritless.

In *Lerner v. Colman* (20-1984, February 17, 2022) the First Circuit upheld the dismissal without prejudice of State law claims without prejudice after a dismissal of Federal Claims. Similar to this case, in *Cruz-Arce v. Management Services* (20-1509, December 6, 2021) the First Circuit upheld the dismissal of a Federal Civil Rights Action under Section 1984 and upheld the dismissal of the Puerto Rico law claims without prejudice.

In *Kamal v. J. Crew Group, Inc.* 918 F.3d 102 (3rd Cir., 2019), the Third Circuit addressed this exact point when it reversed a dismissal with prejudice as to a case alleging violation of the Fair and Accurate Credit Transactions Act of 2003 (FACTA) . The District Court had dismissed a Second Amended Complaint alleging such a violation based on *Spokeo,* but made the dismissal with prejudice, based on the failure to allege concrete harm and only a technical violation of FACTA. In reversing this dismissal with prejudice, the Court held:

Nonetheless, the case should be dismissed without prejudice because the District Court lacked jurisdiction. See Cottrell v. Alcon Labs., 874 F.3d 154,

11

164 n.7 (3d Cir. 2017) (stating that "[b]ecause the absence of standing leaves the court without subject matter jurisdiction to reach a decision on the merits, dismissals `with prejudice' for lack of standing are generally improper"). Accordingly, we will remand for this limited purpose. *Kamal* at p. 119.

The First Circuit has clearly indicated that dismissals, due to lack of Article III standing are based on lack of jurisdiction on the part of the Federal Court to hear the case.

In *Barros v. Inter American University*, 535 F.2d 1330 (1976) upheld the dismissal of a Section 1983 Constitutional claim for lack of jurisdiction:

> In *Berrios,* a three-judge court was convened,[2] and in both cases the district court allowed defendants' motions to dismiss for lack of jurisdiction, finding that the action of the University in suspending plaintiffs was not state action under 42 U.S.C. § 1983. 409 F.Supp. 769 (D.P.R. 1975).

In *Reddy v. Foster*, 845 F.3d 493 (1st Cir., 2017) , the Court applied the *Spokeo* requirement of actual harm for Article III standing:

> The "[f]irst and foremost" concern in standing analysis is the requirement that the plaintiff establish an injury in fact, Spokeo, 136 S.Ct. at 1547 (alteration in original) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)), which "helps to ensure that the plaintiff has a `personal stake in the outcome of the controversy,'" SBA List, 134 S.Ct. at 2341 (quoting Warth, 422 U.S. at 498, 95 S.Ct. 2197). To satisfy Article III, the injury "must be `concrete and particularized' and `actual or imminent, not "conjectural" or "hypothetical."'" Id. (quoting Lujan, 504 U.S. at 560, 112 S.Ct. 2130). *Reddy* at p. 500.

As a result it affirmed the dismissal of the case without prejudice:

> The district court dismissed without prejudice, for lack of Article III standing, this pre-enforcement challenge to a New Hampshire statute that has

not been activated or enforced since its enactment in mid-2014. We agree that the challenge is not ripe and that there is no present Article III case or controversy before the court. We affirm the dismissal without prejudice.

The Court referenced a previous First Circuit opinion which held that dismissals for lack of jurisdiction of the Court would be without prejudice. In *Hochendoner v. Genzyme Corp*. 823 F. 3d 724(1st. Cir., 2016), the First Circuit remanded a case dismissed under *Spokeo f*or lack of concrete harm and lack of Article III standing and held that it should be dismissed without prejudice:

> The plaintiffs rail against the prejudicial effect of the district court's order of dismissal. There is good reason for this concern: although the district court's order does not specify whether it is to operate with or without prejudice, the normal presumption is that a Rule 12(b)(6) dismissal is with prejudice. *See* Fed.R.Civ.P. 41(b); Karvelas, 360 F.3d at 241. After all, such a judgment constitutes "a final decision on the merits." Karvelas, 360 F.3d at 241.
> By contrast, a dismissal for lack of subject matter jurisdiction normally operates without prejudice. *See* Torres-Fuentes v. Motorambar, Inc., 396 F.3d 474, 475 (1st Cir.2005). This approach makes eminently good sense since a want of jurisdiction deprives a court of the authority to enter a judgment on the merits of the claims sub judice. *See* Mills v. Harmon Law Offices, P.C., 344 F.3d 42, 45-46 (1st Cir.2003); Christopher v. Stanley-Bostitch, Inc., 240 F.3d 95, 100 (1st Cir.2001) (per curiam). Courts routinely apply this principle to dismissals for lack of Article III standing. *See, e.g.,* S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir.2013); *Stalley ex rel.* United States v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232, 1234-35 (11th Cir.2008) (per curiam); Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216 (10th Cir.2006); County of Mille Lacs v. Benjamin, 361 F.3d 460, 464-65 (8th Cir. 2004). Following this line of authority, we hold that a dismissal for lack of Article III standing must operate without prejudice.

Supplemental Jurisdiction was available only in the event that there were viable Federal Claims. *Montilla* and the denial of the Petition for certiorari established that FHFA and Fannie Mae were not Federal Actors, thus removing Constitutional and Federal Question Jurisdiction. This Court could not possess jurisdiction over purported constitutional claims when the defendants in the Constitutional Claims were held not to be governmental actors. Since a constitutional claim can only be brought against the government, the Court lacked jurisdiction to decide such claim on the merits because of the lack of jurisdiction under 28 U.S.C. § 1331. The Court dismissed the RESPA claim for lack of Article III jurisdiction providing the Court no jurisdiction over this case.

There is no diversity jurisdiction due to the Rhode Island residency of 266 Putnam Avenue, LLC. Thus this Court could not exercise jurisdiction over this conflict, after *Montilla* and thus he case must be dismissed without prejudice. Fannie Mae and FHFA and 266 Putnam Avenue, LLC all contended that no due process claim existed because the entities were not governmental actors. This Court could thus not provide redress to a Plaintiff who filed a Due Process claim under the Fifth Amendment against a private entity, such as FHFA acting as conservator. The Report and Recommendation of the Magistrate Judge did not take this into account in

ruling on the state law claim. With the RESPA claim dismissed for lack of jurisdiction and the inability of this Court to invoke jurisdiction over a due process claims after *Montilla* and the denial of the Petition for Certiorai, this Court lacks any jurisdiction over this matter and cannot rule on the merits of a state law breach of contract claim where there is no diversity.

The Plaintiffs have already addressed the merits of the litigation which this Court cannot consider due to the dismissal of the RESPA claim and the finding that this Court lacked jurisdiction to decide a due process claim when the defendants were not governmental actors and when the Federal Claim was not colorable. In view of the lack of Article III standing the Report and Recommendation must be rejected and the case dismissed without prejudice for lack of jurisdiction.

                                                          KENNETH FITCH

                                                          ESTATE OF DIANNE L. FITCH
                                                          By their Attorney

March 29, 2022                        /s/ John B. Ennis
                                                          JOHN B. ENNIS, ESQ. #2135
                                                          1200 Reservoir Avenue
                                                          Cranston, Rhode Island 02920
                                                          (401) 943-9230
                                                          Jbelaw75@gmail.com

## CERTIFICATION

I hereby certify that I emailed a copy of the above Memorandum of Law to the following on this 29th day of March, 2022 and by electronic filing:

Thomas Walsh, Esq.
Stephen Stoeher, Esq.
Samuel Bodurtha, Esq.
Michael Jusczyk, Esq.
Zachary W. Bork, Esq.
Rowdy Cloud, Esq.

/s/ John B. Ennis