UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KENNETH FITCH and ESTATE OF DIANNE L. FITCH, <br>     Plaintiffs, <br><br> v. <br><br> FEDERAL HOUSING FINANCE AGENCY; FEDERAL NATIONAL MORTAGE ASSOCIATION; WELLS FARGO BANK, N.A.; 266 PUTNAM AVENUE, LLC; RUSHMORE LOAN MANAGEMENT SERVICES LLC; US BANK NATIONAL ASSOCIATION as Trustee for RMAC TRUST, SERIES 2016-CTT, <br>     Defendants. | C.A. No. 18-214-JJM-PAS |

## ORDER

The Court has reviewed the full briefing on Defendant 266 Putnam Avenue, LLC's ("Putnam") two Motions for Partial Summary Judgment. ECF Nos. 96, 117. The Court has also reviewed Magistrate Judge Patricia A. Sullivan's Report and Recommendation ("R&R) (ECF No. 184) and Plaintiffs' Objections (ECF Nos. 185, 188).

The Court accepts the thorough and well-reasoned R&R for the reasons stated in it. Plaintiffs' claims seeking to void the foreclosure center mainly on notice, but the Court agrees that Putnam's notices were adequate; specifically, the Default Notice that Putnam mailed to Plaintiffs strictly complied with Paragraph 22 of the Mortgage as set forth in *Woel v. Christiana Tr. as Tr. for Stanwich Mortg. Loan Tr. Series 2017-17*, 228 A.3d 339 (R.I. 2020); the Foreclosure Notice was not sent

prematurely; other notices, including the Notice of Mediation, were properly addressed because Kenneth Fitch was undisputedly not the Borrower. Moreover, Fannie Mae had standing to foreclose.

The Court also agrees that Plaintiffs' constitutional due process claim in Count I fails because the First Circuit Court of Appeals recently determined that Fannie Mae is not a government actor. *Montilla v. Fed. Nat'l Mortg. Ass'n*, 999 F.3d 751 (1st Cir. 2021), *cert. denied sub nom. Montilla v. Fannie Mae*, No. 21-688, 2022 WL 827863 (U.S. Mar. 21, 2022).

In objecting to the R&R, Plaintiffs argue that applying *Montilla* and dismissing the constitutional claim deprives the Court of jurisdiction as no federal claims remain in the case and the parties are not diverse. Plaintiffs argue that the R&R errs by failing to consider the jurisdictional issue and urge the Court to dismiss the case for lack of jurisdiction. The Court declines to do so. "[O]nce [] supplemental jurisdiction has attached, the mere fact that the anchoring federal claim subsequently goes up in smoke does not, without more, doom all pendent state-law claims." *Lawless v. Steward Health Care Sys., LLC*, 894 F.3d 9, 19 (1st Cir. 2018) (citing *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995); 28 U.S.C. § 1367(a), (c)). The Court considers "'judicial economy, convenience, fairness, and comity'" in deciding whether to exercise pendant jurisdiction. *Lawless*, 894 F.3d at 20 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). This litigation has been marked by extensive motion practice and, after a rigorous review of the briefing and oral argument, the R&R gives fair consideration to the breach of

contract claim, which is rooted in a common nucleus of facts as the federal claims. The Court has also reviewed record in this case and does not believe that judicial economy, convenience, or fairness is served by relinquishing the case at this stage of the litigation.

The R&R's reasoning is sound on all bases and the Court accepts it in full. The Court GRANTS Putnam's Partial Motions for Summary Judgment. ECF Nos. 96, 117. The Court enters judgment in favor of Putnam terminating it as a party in this case, and against Plaintiffs as to all his claims against Putnam. Because *Montilla* is dispositive of all issues pertinent to Count I, the Court enters judgment against Plaintiffs and in favor of all Defendants with respect to Count I (due process) of the Amended Complaint.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

March 31, 2022

3