UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KENNETH FITCH, ESTATE OF DIANNE L. FITCH, | : |
| Plaintiffs, | : |
| | : |
| v. | : C.A. No. 18-214JJM |
| | : |
| FEDERAL HOUSING FINANCE AGENCY, FEDERAL NATIONAL MORTGAGE ASSOCIATION, WELLS FARGO BANK, N.A., 266 PUTNAM AVENUE, LLC, RUSHMORE LOAN MANAGEMENT SERVICES, LLC, US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RMAC TRUST, SERIES 2016-CTT, | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court are two partial motions for summary judgment, one filed by Plaintiff[1] (Kenneth Fitch and the Estate of Dianne L. Fitch) (ECF No. 160) and the other a cross-motion for summary judgment filed by Defendant Federal National Mortgage Association ("Fannie Mae") (ECF No. 172). These motions follow closely the Court's granting of analogous motions for summary judgment brought by Defendant 266 Putnam Avenue, LLC ("Putnam"); in the decision on the Putnam motions, the Court rejected as a matter of law Plaintiff's claim that the foreclosure of his residence is void or violated his right to due process of law. Fitch v Fed. Hous. Fin. Agency, C.A. No. 18-214JJM, 2022 WL 684083 (D.R.I. Mar. 8, 2022), adopted, 2022 WL 980743 (D.R.I. Mar. 31, 2022) ("Fitch I"). Both of the latest motions have been referred to me for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Based on Fitch I and

---

[1] In using "Plaintiff" to refer collectively to the Fitches and/or singularly to each of them, the Court adopts a convention it has used previously in this case.

the following analysis, I recommend that Plaintiff's motion be denied and Fannie Mae's motion be granted. If adopted, these recommendations terminate all remaining issues for trial, ending this case.

I.   BACKGROUND, LAW AND ANALYSIS

Plaintiff's motion asks the Court to enter judgment in his favor against Defendants Fannie Mae, Rushmore Loan Management Services, LLC ("Rushmore"), and U.S. Bank National Association as Trustee for RMAC Trust Series 2016-CTT ("U.S. Bank").[2] ECF No. 160. Plaintiff contends that application of the law to the undisputed facts establishes that the July 28, 2017, foreclosure sale of the Fitch residence at 73 Kay Street, Cumberland, Rhode Island ("Real Estate"), by Fannie Mae to Putnam is void because (a) the default notice and the acceleration notice both failed strictly to comply with Paragraph 22 of the mortgage; (b) the notice of foreclosure was sent prematurely; (c) the various notices (including the notice of mediation required by R.I. Gen. Laws § 34-27-3.2) were sent to Diane Fitch/Dianne L. Fitch, who had died, and therefore were not directed to a properly named mortgagor/borrower; and (d) Fannie Mae was not the mortgagee at the time of the foreclosure because the associated loan had been sold prior to the foreclosure and there might have been an unrecorded assignment of the mortgage. ECF No. 160-1.

Fannie Mae's cross motion addresses the same issues, but it argues that application of the law to the undisputed facts compels the opposite conclusion – that the foreclosure is not void –

---

[2] Fannie Mae and Putnam both filed oppositions to Plaintiff's motion for summary judgment. ECF Nos. 172, 175. Rushmore and U.S. Bank did not. However, Plaintiff's claims against Rushmore and U.S. Bank are derivative of the allegations in Counts II, IV and V, each of which asserts that the foreclosure is void; among other remedies, Plaintiff seeks an order directing Rushmore and/or U.S. Bank to return to Putnam the consideration that it paid ($188,000) to purchase the Real Estate following the foreclosure sale. ECF No. 60. To the extent that the substantive allegation that the foreclosure is void fails as a matter of law, as the Court has already held as to Putnam, Fitch I, at *5-17, and as I now recommend it should hold as to Fannie Mae, Plaintiff's claims against Rushmore and U.S. Bank also fail as a matter of law.

and requires that judgment should enter in its favor on Counts II through V.  ECF No. 173 at 2 n.1.  Fannie Mae further contends that it is entitled to judgment as a matter of law on Plaintiff's claims arising under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, in Count VI because Plaintiff lacks Article III standing due to his failure to establish concrete injury as required by Spokeo, Inc. v. Robins, 578 U.S. 330 (2016), and confirmed by TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021).  ECF No. 173 at 16-17.

Plaintiff filed no objection to Fannie Mae's motion for summary judgment.  Mindful of the Court's obligation to inquire, even when the motion is unopposed, whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law, Airway Leasing, LLC v. MTGLQ Invs., L.P., C.A. No. 18-516JJM, 2021 WL 1166517, at *2 (D.R.I. Mar. 26, 2021), adopted, 2021 WL 1910811 (D.R.I. May 12, 2021), I have considered Plaintiff's argument in support of his own motion as if asserted as an opposition to Fannie Mae's motion.

      A.      **Plaintiff's Claims that the Foreclose is Void**

In Fitch I, all the issues related to Plaintiff's claim that the foreclosure is void have already been addressed by a report and recommendation that has been adopted by the Court, albeit in the context of Putnam's motion for partial summary judgment.  Putnam's motion asserted essentially the same arguments that Fannie Mae is asserting now in its opposition to Plaintiff's motion and in support of its own cross motion.  In opposition to Putnam's motion, Plaintiff relied on essentially the same facts and made essentially the same arguments that he is asserting now in support of his motion for summary judgment.  Therefore, Fitch I is now the law of this case and my recommendations are also essentially the same; in the interest of efficiency, I incorporate into this report and recommendation all the Background, the Standard of Review and

3

the Analysis of the motion for partial summary judgment that is set out in Fitch I.  See Naser Jewelers, Inc. v. City of Concord, N.H., 538 F.3d 17, 20 (1st Cir. 2008) ("when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case") (quoting Arizona v. California, 460 U.S. 605, 618 (1983)); McConaghy v. Sequa Corp., 294 F. Supp. 2d 151, 160 (D.R.I. 2003) ("legal determinations, or rulings of law, are properly regarded as law of the case governing the same issue in subsequent proceedings"). Specifically, I make all the same proposed findings regarding the undisputed facts and the same recommendations as follows:

First, I find that the Default Notice[3] strictly complied with Paragraph 22 of the Mortgage, that it was not deficient in any respect and that all of Plaintiff's claims that the foreclosure is void because of a deficiency in the Default Notice fail as a matter of law.  Fitch I, at *5-8.

Second, I find that Plaintiff has waived his undeveloped argument that the Notice of Acceleration's reference to the amount implicated by the right of reinstatement is improper so as to void the foreclosure.  Id. at *6 n.12.  Alternatively, I find that nothing in the Mortgage mandates that a mortgagee must send a separate notice of acceleration that sets out a specific amount for exercise of the right of reinstatement, that Woel v. Christiana Trust, as Trustee for Stanwich Mortgage Loan Trust Series 2017-17, 228 A.3d 339 (R.I. 2020), does not hold that a foreclosure is void if such a notice is not sent and that Plaintiff's claim that the wording of the Notice of Acceleration voids the foreclosure fails as a matter of law.  Fitch I, at *9.

Third, I find Plaintiff's contention that this foreclosure is void because it was not preceded by a sequence of notices punctuated by at least two thirty day waiting periods fails as a

---

[3] Because I am incorporating into this report and recommendation everything from Fitch I, related to Putnam's motion for partial summary judgment, I am using various terms (such as "Note," "Mortgage," "Default Notice") as they were defined in that decision.

matter of law because nothing in the Note, the Mortgage, Woel or other applicable law imposes such a requirement. Id. Plaintiff's related argument that the two adjournments of the foreclosure sale were handled incorrectly, thereby voiding the foreclosure, also fails because the undisputed facts establish that the adjournments were handled consistent with the applicable statutory requirement. Id. at *9 n.16.

Fourth, I find that the contractually required notices sent pursuant to the Note and the Mortgage leading up to the foreclosure were appropriately addressed and sent in accordance with the terms of the applicable documents. Id. at *10-11. Therefore, Plaintiff's claim that the foreclosure is void because the contractual notices were not addressed and/or sent separately to him fails as a matter of law. Id.

Fifth, consistent with the requirements of the mediation statute, R.I. Gen. Laws § 34-27-3.2, I find that the statutory notice of the mediation conference was appropriately sent and addressed to Dianne L. Fitch, as "mortgagor," and that R.I. Gen. Laws § 34-27-3.2(d) does not require that notice be separately sent to the husband of a mortgagor who signs the instrument as a "non vested" spouse. Fitch I, at *11-13. I further find that the mediation statute did not require a second notice of mediation to be sent after the Mortgage was assigned to Fannie Mae. Id. at *13 n.20. Therefore, I find that Plaintiff's claim that the foreclosure is void because of noncompliance with the statutory notice requirement in the mediation statute fails as a matter of law.[4] Id. at *11-13.

---

[4] In connection with the Putnam motion, I alternatively found that Plaintiff's claim based on an allegedly deficient mediation notice fails because the failure to provide statutory notice pursuant to R.I. Gen. Laws § 34-27-3.2 renders a foreclosure voidable, not void; therefore, as to Putnam, an innocent *bona fide* purchaser, noncompliance with the notice requirement does not void the foreclosure. Fitch I, at *13. This finding applies uniquely to Putnam and is not incorporated into this report and recommendation.

Sixth, I find that the undisputed facts unequivocally establish that, at the time of the foreclosure, Fannie Mae was the mortgagee of record with standing and the authority under law and the pertinent documents to proceed with the foreclosure. Id. at *13-15. Plaintiff's contention that the foreclosure is void because of a secret assignment fails because it is based on speculation and, in any event, fails as a matter of law. Id.

In light of these recommendations, I further recommend that the Court enter judgment against Plaintiff and in favor of Fannie Mae, Rushmore and U.S. Bank on Counts II through V of the Amended Complaint. If the Court adopts these recommendations all that remains in this case[5] is Count VI, which is based on the allegation that Fannie Mae violated TILA. I turn to that claim next.

### B.     Plaintiff's TILA Claim

Pointing to the requirements in Regulation Z, 12 C.F.R. § 1026.41, Plaintiff has asserted a TILA claim based on the allegation that Fannie Mae was the holder of both the Note and the Mortgage yet failed to provide monthly statements during the three-month period from April 20, 2017, until July 26, 2017, and/or supplied inaccurate statements by including charges due to the foreclosure. ECF No. 60, Count VI. In the Amended Complaint, Kenneth Fitch alleged that this breach caused him actual damages in that he had to take time to review the inaccurate statements and that they (as well as the missing statements) caused him to drive to see his attorney at least three times to discuss them, as well as that he incurred the fees and costs to prosecute this case.[6] ECF No. 60 ¶ 245. As this Court has already held at an earlier phase of this case, Fitch v. Fed.

---

[5] Fitch I disposed of Count I as to all Defendants. Id. at *17.

[6] Plaintiff also alleges that TILA was violated by the inclusion of fees, costs and expenses associated with the foreclosure, which were improper because the foreclosure was improper. ECF No. 60 ¶¶ 242-43. Because the Court has already rejected the proposition that the foreclosure was improper, Fitch I, at *15-17, and consistent with my recommendation *supra* regarding Counts II through V, this aspect of his TILA claim fails as a matter of law for this alternative reason.

Hous. Fin. Agency, C.A. No. 18-cv-214JJM, 2021 WL 4901909, at *6-9 (D.R.I. Oct. 21, 2021) (rejecting Plaintiff's Real Estate Settlement Procedures Act claims, "such alleged damages are insufficient to support Article III standing"), adopted, 2022 WL 159287 (D.R.I. Jan. 18, 2022), it is well settled that these damage allegations are insufficient to support Article III standing as required by Spokeo, 578 U.S. 330, and as reinforced by TransUnion, 141 S. Ct. 2190. Plaintiff's TILA claim still rests on nothing more than these legally insufficient allegations – despite being the party bearing the burden, he has filed nothing in response to Fannie Mae's challenge to his TILA claim.  See Joseph v. Lincare, Inc., 989 F.3d 147, 157 (1st Cir. 2021) (party opposing summary judgment bears "the burden of producing specific facts sufficient to deflect the swing of the summary judgment scythe") (quoting Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003)).

For these reasons, I find that Plaintiff's TILA claims against Fannie Mae in Count VI have reached the summary judgment phase, yet he has failed to present specific facts sufficient to establish Article III standing. Accordingly, I recommend that judgment should enter in favor of Fannie Mae and against Plaintiff on all TILA claims in Count VI.

## II.     CONCLUSION

Based on the foregoing analysis, I recommend that the motion for partial summary judgment (ECF No. 172) of Defendant Federal National Mortgage Association be GRANTED and that Plaintiff's motion for partial summary judgment (ECF No. 160) be DENIED. I further recommend that the Court enter final judgment against Plaintiff and in favor of all remaining Defendants (Federal National Mortgage Association, Federal Housing Finance Agency, Rushmore Loan Management Services, LLC, and U.S. Bank National Association as Trustee for

7

RMAC Trust Series 2016-CTT) on all remaining Counts (II through VI) in the Amended Complaint, terminating this action.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan  
PATRICIA A. SULLIVAN  
United States Magistrate Judge  
April 14, 2022